UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br>*Plaintiff,*<br><br>v.<br><br>INFOSYS LIMITED,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§ Civil Action No. 3:24-CV-2158-X<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Infosys Limited's (Infosys) motion for leave to file under seal. (Doc. 35). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. After reviewing the motion (no response was filed), the Court **DENIES** the motion.

### I.   Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." But to seal documents on the judicial record involves a much more demanding standard.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] If the Court seals information, it must give sufficient reasons to allow for appellate review.[6] Finally, "[p]ublicly available information cannot be sealed."[7]

## II. Infosys's Motion for Leave to Seal

Infosys requests the Court to seal six of its exhibits in support of its motion to dismiss. It argues that four of the exhibits are nondisclosure agreements that contain

---

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

confidentiality provisions and which plaintiff Cognizent Software Group, Inc. marked confidential in its production. However, a "confidential" marking on a document is insufficient to overcome the public right to access court filings. After reviewing the four nondisclosure agreements, the Court finds nothing commercially sensitive, confidential, or trade secret. The contracts contain typical terms for nondisclosure agreements, such as the general categories of information covered by the agreement and the limited uses the signor may use that information for.[8] Defining the categories of confidential information is not in itself confidential like the underlying information might be.

Similarly, the letters, Exhibits 15 and 16, that Infosys requests leave to file with redactions contain no confidential or trade secret information. They cite to the nondisclosure agreements, but they do not provide any trade secret or proprietary information about either party's products or services.

Some of the agreements' attachments and the two letters do contain names and general information about some of Cognizant's clients. But Infosys did not provide the Court with any information or argument that Cognizant's client list is confidential or trade secret, and Cognizant didn't file a brief to argue for the sealing of its own documents. Therefore, the Court has no reason to overcome the public's right to access these filings.

---

[8] *See Blue Yonder Grp., Inc. v. Kinaxis Inc.*, 2024 U.S. Dist. LEXIS 195224, at *77–78 (N.D. Tex. Oct. 28, 2024) (denying motion to seal a nondisclosure agreement because merely "contains terms that are very typical for this type of agreement").

Infosys argues it was obligated to file the agreements under seal because of the confidentiality provisions the agreements themselves contain, citing the Fifth Circuit case *Toon v. Wackenhut Corrective Corp.*, 250 F.3d 950 (5th Cir. 2001). Unlike *Toon*, in which the court determined a party publicly filed the terms of a confidential settlement agreement in bad faith,[9] Infosys did seek to file Cognizant's agreements under seal. But that doesn't make the documents confidential.

### III.   Conclusion

Given that the Court finds Infosys failed to meet the sealing standard to show its exhibits contain confidential or trade secret information, the Court **DENIES** Infosys's motion to seal. (Doc. 35). Moreover, the Court **INSTRUCTS** the Clerk of Court to file Doc. 35 and additional exhibits on the public record. The Court's instructions are the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[10]

**IT IS SO ORDERED** this the 18th day of November, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] *Toon v. Wackenhut Corrective Corp.*, 250 F.3d 950, 953–54 (5th Cir. 2001).

[10] *June Med. Servs.*, 22 F.4th at 521.

4