# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**INFOSYS LIMITED'S MOTION
(1) TO COMPEL PROPER TRADE SECRET IDENTIFICATION AND
(2) FOR PROTECTIVE ORDER SEQUENCING DISCOVERY
<u>DEPENDENT ON THE IDENTITY OF THE TRADE SECRETS AT ISSUE</u>**

Pursuant to Federal Rules of Civil Procedure 16, 26, and 37 and the Court's inherent power to control the matters on its docket,[1] Defendant Infosys Limited ("Infosys") respectfully moves the Court for an order (i) compelling Plaintiff Cognizant TriZetto Software Group, Inc. ("Cognizant") to serve a proper response to Infosys's Interrogatory No. 1, identifying with reasonable particularity the alleged trade secrets that Cognizant contends Infosys misappropriated,

---

[1] *Landis v. N. Am. Co.*, 299 U.S. 248, 253–55 (1936).

and (ii) sequencing discovery appropriately to protect Infosys from responding to discovery dependent on Cognizant's alleged trade secrets until they are properly defined. The requested relief is appropriate for the following reasons, as set forth in detail in the accompanying memorandum:

*First*, Cognizant refuses to identify the purported trade secrets it alleges Infosys misappropriated in any of its filings or discovery, including in response to Infosys's Interrogatory No. 1 specifically asking that it do so. It instead relies on vague and overbroad definitions of "Trade Secret and Confidential Information" that identify every aspect of two decades-old software products, QNXT and Facets, and everything related to them as the purported trade secrets of Cognizant that were allegedly misappropriated by Infosys. That is wrong both factually and legally. A cursory internet search reveals public information about these software applications, and an enormous number of healthcare, insurance, and IT services workers have access to QNXT and Facets. Infosys has received a lot of information about both products without the protections of NDAAs, and actually helped develop one of the products long before Cognizant acquired it. The details of what Infosys allegedly misappropriated are important. And there is no universe in which every aspect of QNXT and Facets is a trade secret, as Cognizant claims.

Many courts, including this Court, have also deemed Cognizant's approach faulty as a matter of law, identifying several important reasons that "plaintiffs bringing claims of trade secret misappropriation [must] identify, with reasonable particularity, the alleged trade secrets at issue" before conducting discovery. *See StoneEagle Servs., Inc., v. Valentine*, No. 12-1687, 2013 WL 9554563, at *2 (N.D. Tex. June 5, 2013) (Horan, M.J.). Each of those reasons applies forcefully here. Infosys accordingly requests an order compelling Cognizant to serve a proper response to Interrogatory No. 1, identifying with reasonable particularity the trade secrets Cognizant contends Infosys misappropriated.

1

*Second*, at the same time that it refuses to identify the purported trade secrets allegedly at issue, Cognizant is demanding that Infosys respond to overbroad and burdensome discovery seeking competitively sensitive information about its own competing software products and services. Cognizant claims it plans to serve a "supplemental trade secret disclosure" that 'will streamline discovery," but said it will do so only *after* Infosys produces discovery. That is patently improper for the reasons discussed in *StoneEagle* and its progeny, which recognize the Court's broad discretion to manage discovery appropriately and efficiently. Infosys respectfully requests that this Court sequence discovery to protect Infosys from responding to discovery that turns on the alleged trade secrets until they are identified. Infosys accordingly requests an order sustaining its objections to Cognizant's trade secret discovery on the ground that Cognizant has not yet identified the purported trade secrets at issue, and directing Infosys to serve amended responses and objections within 30 days after Cognizant properly identifies the alleged trade secrets.

| | |
|---|---|
| Dated: January 17, 2025 | Respectfully submitted, |
| | JENNER & BLOCK LLP |
| | By: /s/ Brent Caslin |
| | Brent Caslin (*pro hac vice*) |
| | Nick Saros (*pro hac vice* pending) |
| | Kelly M. Morrison (*pro hac vice*) |
| | 515 S. Flower Street, Suite 3300 |
| | Los Angeles, CA 90071 |
| | Tel.: (213) 239-5100 |
| | BCaslin@jenner.com |
| | NSaros@jenner.com |
| | KMorrison@jenner.com |
| | |
| | Shoba Pillay (*pro hac vice*) |
| | Paul B. Rietema (Bar. No. 24133324) |
| | Laura E. Pelanek (*pro hac vice*) |
| | Lindsey A. Lusk (*pro hac vice*) |
| | 353 N. Clark Street |

2

```
```

Chicago, IL 60654
Tel.: (312) 222-9350
SPillay@jenner.com
PRietema@jenner.com
LPelanek@jenner.com
LLusk@jenner.com

Douglas E. Litvack (*pro hac vice* pending)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
DLitvack@jenner.com

*Attorneys for Defendant and Counterclaim Plaintiff Infosys Limited*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of January, 2025, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

Dated: January 17, 2025                                                /s/ Brent Caslin