# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>INFOSYS LIMITED,<br><br>   Defendant.<br><br>INFOSYS LIMITED,<br><br>   Counterclaim Plaintiff,<br><br>  v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,<br><br>   Counterclaim Defendants. | Case No. 3:24-cv-02158-X<br><br>The Honorable Brantley Starr |

### DECLARATION OF LINDSEY A. LUSK

I, Lindsey A. Lusk, hereby declare as follows:

 1. My name is Lindsey A. Lusk. I am over the age of 18 years of age. I am fully competent to make this declaration. Unless otherwise stated, all the facts stated herein are within my personal knowledge and are true and correct.

 2. I am an attorney with the law firm Jenner & Block LLP. I am licensed to practice in Illinois and am admitted *pro hac vice* to this Court for this matter.

 3. On October 24, 2024, Infosys Limited ("Infosys") and Cognizant TriZetto Software Group, Inc. ("Cognizant") held their initial discovery planning conference pursuant to Federal

Rule of Civil Procedure 26. At that conference, I raised the issue of the need for Cognizant to further specify its trade secrets before discovery could proceed. In particular, I advised that Infosys was concerned that Cognizant's initial discovery requests could be overly broad given the lack of specificity of their trade secrets in the Complaint. I noted that understanding the trade secrets was important because it would shape the scope of discovery. Counsel for Cognizant stated that Cognizant disagreed with Infosys's position about the specificity of Cognizant's trade secrets and that discovery should proceed.

4. On October 25, 2024, Infosys served its first set of interrogatories ("Infosys's Interrogatories") and first set of Requests for Production ("Infosys's RFPs") on Cognizant. On November 13, 2024, counsel for Cognizant contacted me and requested a three-week extension to respond to Infosys's discovery requests. Cognizant's counsel advised that Cognizant would be shortly serving its own discovery requests and offered to give Infosys the same extension to respond to Cognizant's requests. On November 14, 2024, I agreed to giving Cognizant the requested extension. Attached as **Exhibit 1** is a true and correct copy of my November 2024 email exchange with Cognizant's counsel regarding the extension.

5. Also, on November 14, 2024, Cognizant served its first set of interrogatories ("Cognizant's Interrogatories") and its first set of requests for production ("Cognizant's RFPs") on Infosys. Attached as **Exhibits 2 and 3** are true and correct copies of Cognizant's Interrogatories and Cognizant's RFPs, respectively.

6. On November 18, 2024, I confirmed with Cognizant's counsel that Infosys would accept the same three-week extension to respond to Cognizant's requests. Attached as **Exhibit 4** is a true and correct copy of my November 18, 2024 email to Cognizant's counsel regarding the extension.

7. On December 9, 2024, the Parties exchanged initial disclosures, pursual to Federal Rule of Civil Procedure 26. Attached as **Exhibit 5** is a true and correct copy of Cognizant's December 9, 2024 initial disclosures.

8. On December 11, 2024, I contacted Cognizant's counsel and asked whether Cognizant would agree to a mutual two-week extension to respond to discovery requests. Cognizant's counsel contacted me on December 12, 2024, and proposed a mutual one-week extension instead. That same day, I confirmed that Infosys agreed to the mutual one-week extension and that it was my understanding that Cognizant's discovery responses were now due December 23, 2024, and Infosys's discovery responses were now due January 13, 2025.

9. On December 17, 2024, I emailed counsel for Cognizant requesting to meet and confer to discuss deficiencies with Cognizant's initial disclosures. Attached as **Exhibit 6** is a true and correct copy of my December 17, 2024 email requesting to meet and confer.

10. On December 23, 2024, Cognizant served amended initial disclosures. Attached as **Exhibit 7** is a true and correct copy of Cognizant's amended initial disclosures.

11. On December 23, 2024, Cognizant also served its responses to Infosys's Interrogatories and RFPs. Attached as **Exhibits 8 and 9** are true and correct copies of Cognizant's responses to Infosys's Interrogatories and Infosys's RFPs, respectively.

12. On December 24, 2024, I emailed Cognizant's counsel requesting a meet and confer to discuss both Cognizant's discovery responses and the discovery Cognizant had served on Infosys. Attached as **Exhibit 10** is a true and correct copy of my December 24, 2024 email requesting to meet and confer.

13. On December 31, 2024, I followed up my request that the Parties meet and confer with a letter detailing Infosys's concerns with both Cognizant's discovery responses and

Cognizant's discovery requests to Infosys. Attached as **Exhibit 11** is a true and correct copy of my December 31, 2024 letter to Cognizant's counsel.

14. On January 3, 2025, the Parties participated in a meet and confer. At the meet and confer, I again raised the issue of the need for Cognizant to specify its trade secrets. Cognizant's counsel took the position that its trade secret disclosure is proper. I stated that it was Infosys's position that the definitions of trade secret and confidential information both in the Complaint and in Cognizant's discovery responses and discovery requests were vague and overly broad. I asked whether Cognizant would be willing to amend its response to Infosys's Interrogatory No. 1 to provide more clarity and specificity about its trade secrets. Cognizant's counsel stated that Cognizant would not do that at this point but that it would later serve a "supplemental trade secret disclosure" that will "streamline discovery" after Infosys responds to Cognizant's discovery. I asked whether Cognizant would agree to extend Infosys's deadline to respond to Cognizant's discovery until after Cognizant serves its amended response to Infosys's Interrogatory No. 1 further specifying its trade secrets. Cognizant's counsel stated that Cognizant would not agree to that, insisting that its trade secret identification should not "hold up" discovery and that Cognizant will not identify its specific trade secrets until after receiving discovery from Infosys.

15. During the parties' January 3, 2025 meet and confer, Cognizant's counsel represented that Cognizant has around 350,000 employees.

16. On January 9, 2025, I sent a letter to Cognizant's counsel memorializing my understanding of the Parties' positions as stated at the January 3, 2025 meet and confer, including Cognizant's position on its trade secret specification. Attached as **Exhibit 12** is a true and correct copy of my January 9, 2025 letter to Cognizant's counsel.

17. On January 10, 2025, the Parties participated in another meet and confer. During

that meeting, the Parties again discussed the need for Cognizant to further specify the trade secrets at issue. We discussed, in particular, the lack of clarity around Cognizant's allegations related to test cases. We explained that it was not clear, for example, whether Cognizant was alleging that all test cases are trade secrets, versus just certain test cases related to Facets and QNXT. Or, as another example, was Cognizant alleging that Infosys had misappropriated Cognizant's test cases that are trade secrets or that Infosys's test cases were based on access to Facets and QNXT and portions of them are misappropriated trade secrets? Cognizant's counsel stated that Cognizant believes that its allegations are "very clear" and reiterated Cognizant's position that it adequately identified its trade secrets.

18. On January 13, 2025, Infosys served its responses to Cognizant's first sets of Interrogatories and RFPs. Attached as **Exhibits 13 and 14** are true and correct copies of Infosys's responses to Cognizant's Interrogatories and Cognizant's RFPs, respectively.

19. On January 15, 2025, I sent a letter to Cognizant's counsel memorializing my understanding of the Parties' positions as stated at the January 10, 2025 meet and confer, including Cognizant's position on its trade secret specification. Attached as **Exhibit 15** is a true and correct copy of my January 15, 2025 letter.

20. That same day, Cognizant's counsel advised that it disagreed with Infosys's understanding of certain of Cognizant's positions, as described in Infosys's January 9 and January 15 letters. Cognizant's counsel did not challenge that the Parties were at an impasse regarding the trade secret specification dispute, and how it impacts other issues in the case, which the Parties had been discussing since October 2024. On January 16, 2025, I responded to Cognizant's counsel thanking them for the clarification and asking Cognizant's counsel to identify any positions not identified in their January 15, 2025 email that they believe we misstated, as well as to promptly

provide Cognizant's final positions on any request for which it has not yet done so. Attached as **Exhibit 16** is a true and correct copy of the January 15 and 16 email exchange with Cognizant's counsel.

21. At the Parties' Rule 26 conference in October 2024, Cognizant's counsel represented that they were drafting a confidentiality protective order as well as an ESI protocol for the Parties and would provide it to us soon. On December 6, 2024, I emailed Cognizant's counsel asking about the status of those drafts as we had not yet received them. Cognizant's counsel provided drafts on December 12, 2024. On December 26, 2024, we provided Cognizant's counsel with revised drafts of the confidentiality protective order and ESI protocol and requested that Cognizant's counsel advise us if the Parties needed to discuss any revisions. Attached as **Exhibits 17, 18, and 19** are true and correct copies of the December 6, December 12, and December 26 emails, respectively.

22. On January 9, 2025, I emailed Cognizant's counsel advising them that we would like to finalize the confidentiality protective order promptly and inquired whether Cognizant had any further revisions or needed to discuss anything. *See* **Exhibit 20**. To date, Cognizant's counsel has not responded.

I declare under penalty of perjury under the laws of the United States that the foregoing information is to the best of my knowledge true and correct.

Executed in Chicago, Illinois, on January 17, 2025.

By: /s/ Lindsey A. Lusk
Lindsey A. Lusk