# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158 <br><br> **PLAINTIFF COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT INFOSYS LIMITED** |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and all applicable rules and orders of the Court, Plaintiff Cognizant TriZetto Software Group, Inc. ("TriZetto") requests that Defendant Infosys Limited ("Infosys") respond in writing and under oath to the following Interrogatories. Infosys is directed to respond to the Interrogatories within thirty (30) days in the manner prescribed by the Federal Rules and the Local Rules, and in accordance with the definitions and instructions below.

## DEFINITIONS

1. The term "Action" means the above-captioned action, currently pending in the Northern District of Texas.

2. The term "Complaint" means the operative complaint filed by TriZetto in this Action.

3. The term "CRM" means customer relationship management system, such as Salesforce.

4. The terms "Infosys," "You," and "Your" mean Defendant Infosys Limited and its current and former officers, directors, agents, employees, managers, contractors, consultants,

1

21

representatives, or any other persons acting or purporting to act on Infosys's behalf.

5. The term "TriZetto" means Plaintiff Cognizant TriZetto Software Group, Inc. and its current and former officers, directors, agents, employees, managers, contractors, consultants, and representatives.

6. The term "QNXT" refers to TriZetto's QNXT™ software product, which is described in paragraphs 13 to 14 of the Complaint.

7. The term "TriZetto Confidential Information" means TriZetto information that is not public, including TriZetto Trade Secret Information.

8. The term "TriZetto Trade Secret Information" means information that TriZetto maintains as a trade secret, as described in paragraphs 17 to 25 of the Complaint.

9. The term "Test Cases" means test cases for testing software. *See, e.g.*, Compl., ¶¶ 17-21.

10. The term "QNXT Adapter" refers to any connector tool for exchanging data between the QNXT software and Infosys software, as further described in paragraph 42 of the Complaint.

11. The term "person" means and includes natural persons and entities.

12. The term "communication" means every exchange of information of any nature discoverable within the scope of Federal Rule of Civil Procedure 33, whether oral or written, from one person or entity to another, and any evidence of such exchange, including but not limited to any correspondence, memorandum, messages, postings, or comments on online services, product development repositories (e.g., Jira and Confluence), or other portals, notes or logs of meetings, diaries, daily calendars, or other records of exchanges between people or entities.

13. The term "document," as used herein, is used in its broadest sense and includes every tangible thing from which information can be obtained, perceived, reproduced, or communicated, either directly or with the aid of a machine or device, including all documents, writings, electronically stored information, or things within the scope of Federal Rule of Civil Procedure 33, including, but not limited to, the following items: all manners of correspondence; communications; pages in product development repositories (e.g., Jira and Confluence), or other portals; memoranda; summaries; statements; records; reports; books; diagrams; photographs; specifications; sketches; contracts; forecasts; plans; appraisals; orders; bills; invoices; checks; statistical statements; books of account; studies; graphs; charts; accounts; indexes; data sheets; data processing cards; analytical records; brochures; lists; periodicals; pamphlets; circulars; trade letters; newspaper clippings; press releases; projections; copies; marginal notations; drawings; tape recordings; calendars; diaries; telegrams; emails; notes; working papers; drafts; reports and/or opinions of consultants; records, reports, summaries and/or minutes of meetings and conferences; records, reports, and/or summaries of interviews; records, reports, and/or summaries of negotiations; records, reports, and/or summaries of telephone conversations; and records, reports, and/or summaries of personal conversations. "Document" includes every copy of a document that is not identical to the original, whether because of notes made on or attached to such copy, or otherwise; and all other handwritten, typed, printed, recorded or graphic matter or sound reproductions, however produced or reproduced, and whether copies or originals, as well as any electronically stored documents, recordings, or files (including but not limited to those stored on laptop computers), such as, for example, emails, and other documents stored on audiotape, magnetic tape, computer disks, computer hard-drives, CDROMS, videotapes, or optical forms of storage.

14. 16. The terms "all," "any," "each," and "every" shall be construed to mean "all, any, each, and every," as necessary to bring within the scope of these Interrogatories any information, documents, or things that might otherwise be construed to be outside their scope. In no event shall the use of the term "all," "any," "each," or "every" be construed to narrow the scope of any Interrogatory.

15. The terms "concerning" and "relating to" shall include within its meaning "containing," "alluding to," "responding to, "commenting upon," "discussing," "explaining," "mentioning," "analyzing," "constituting," "memorializing," "compromising," "reporting," "incorporating," "confirming," "listing," "evidencing," "setting forth," "summarizing," or "characterizing," either directly or indirectly, in whole or in part.

16. The terms "include" or "includes" or "including" are used in their broadest sense and are not meant to be limiting. Any list following these terms contains partial and/or illustrative examples of the type of information or documents responsive to the Interrogatory, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of information or document responsive to the Interrogatory.

17. The terms "identify," "identity," and "identification" mean:

    a. as applied to an individual, to state the individual's full name, present or last known residential address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his or her present and/or past employment responsibilities;

b. as applied to a person other than a natural person (including but not limited to any business or other entity), to state the entity's full name, place and date of incorporation or formation, principal place of business or activity, and the identity of the natural persons within that entity having knowledge of the matter with respect to which that entity is named;

c. as applied to a document (whether or not any claim of privilege is made in respect thereof), to state the type of document, the date of creation of the document, the date of communication of the document, the names and identities of the individuals who drafted, authored, or signed the document or to whom a copy thereof was addressed or sent, a summary of the subject matter and content of the document, the number of pages of the document, the present whereabouts of the document, including without limitation all originals and copies, and the name and address of the present or last-known custodian of the document;

d. as applied to a communication, to state the type of communication, a summary of the subject matter of the communication, the date of the communication and the parties to the communication, and if such communication existed in or has been recorded in documentary form, to identify all such documents embodying or recording such communication; or

e. as applied to an act or event, to state a description of the act or event, including the circumstances that gave rise to such act or event, the date(s) on/over which the act or event occurred, the person(s) who performed or

contributed to the act or were involved in the event, the person(s) who have knowledge or information about the act or event, how and when the circumstances of such act or event became known by you, and any document(s) memorializing or describing such act or event.

## INSTRUCTIONS

1. Each Interrogatory shall be answered pursuant to Federal Rules of Civil Procedure 26 and 33 and supplemented as required by Federal Rule of Civil Procedure 26(e).

2. You have a continuing duty to supplement your responses to these Interrogatories in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Any additional information relating in any way to these Interrogatories that You acquire, or that becomes known to You, shall be furnished promptly after such information is acquired by You or becomes known to You.

3. Restate in full each Interrogatory, followed immediately by Your written response to the Interrogatory.

4. If You object to any part of an Interrogatory, answer all parts of the Interrogatory to which You do not object, and, as to each part to which You do object, set forth the basis for the objection.

5. If You do not answer an Interrogatory because You claim the information requested is privileged or protected from disclosure, as to each such Interrogatory, state the privilege or protection claimed, and set forth the basis for Your claim of privilege or protection and the general subject matter of the information for which the privilege or protection is claimed.

6. If You find any Interrogatory or any term used in any Interrogatory to be vague, ambiguous, subject to varying interpretations, or unclear, state what portion of the Interrogatory

6

26

or term you find to be vague, ambiguous, subject to varying interpretations, or unclear and state the construction employed by You in responding to the Interrogatory.

7. References to any non-natural person (e.g., corporation, partnership, etc.) shall be deemed to include any of that entity's affiliates, agents, assigns, departments, divisions, parents, predecessors, subsidiaries, and successors, and its and their respective current and former employees.

8. Each Interrogatory calls not only for Your knowledge, but also for the knowledge that is available to You by reasonable inquiry and due diligence.

9. In responding to the Interrogatories, You are required to furnish all information available to You, including, but not limited to, information in the possession of any of Your attorneys, agents, and representatives.

10. If, after exercising due diligence, You cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information You have been able to locate.

11. If the answer to any Interrogatory is that You lack knowledge of some or all of the requested information, describe all efforts made by You to obtain the information necessary to answer the Interrogatory.

12. Unless otherwise specified, each Interrogatory seeks information for the time period spanning January 1, 2016 through the present, unless the parties agree to a different time period or the Court orders a different time period, in which case that time period will control.

## INTERROGATORIES

1. Identify each individual affiliated with Infosys (including, without limitation, any employee, contractor, officer, director, attorney, and agent) that has or had access to any TriZetto

7

27

Confidential Information, and for each individual, identify the date that he or she was provided with access, the reason that individual was provided with access, the duration of such access, and how access was provided and terminated.

2. For each individual identified in Your response to Interrogatory No. 1, describe (i) the individual's role with Infosys, (ii) the type of TriZetto Confidential Information the employee had access to, and (iii) whether the individual was involved in developing, managing, marketing, testing, or selling Infosys commercial software products that are or were ever competitive with TriZetto products.

3. Identify all central network locations, including within product development document repositories (e.g., Jira or Confluence) within Infosys containing TriZetto Confidential Information, and for each location, identify all individuals that were authorized to access such location.

4. Identify all Test Cases related to any TriZetto software that were included in the Infosys Business Assurance Store at any period of time, and for each Test Case, identify the date the Test Case was first added to the Infosys Business Assurance Store.

5. For every Test Case identified in Your response to Interrogatory No. 4, identify all persons involved in the creation or development of such Test Case.

6. Identify the individuals most knowledgeable about the development, creation, marketing, and promotion of Test Cases related to any TriZetto software that are contained in the Infosys Business Assurance Store.

7. Identify all tools created by Infosys to integrate any TriZetto software with any Infosys software, and the circumstances surrounding the creation of each such tool.

8

28

8. Identify each individual affiliated with Infosys that was involved in any way in the development, sale, or marketing of the QNXT Adaptor or any other tool identified in Your response to Interrogatory No. 7, and identify the individuals most knowledgeable.

Dated: November 14, 2024

*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer
Elizabeth McCloskey
Betty Yang
Ahmed ElDessouki
Christina Myrold

GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Plaintiff Cognizant TriZetto Software Group, Inc.*

9

29

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2024, a true and correct copy of the foregoing document was served on all counsel of record.

*/s/ Christina Myrold*
Christina Myrold
