# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158 <br><br> **PLAINTIFF COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INFOSYS LIMITED** |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and all applicable rules and orders of the Court, Plaintiff Cognizant TriZetto Software Group, Inc. ("TriZetto") requests that Defendant Infosys Limited ("Infosys") produce and make available for inspection and copying the documents described below in Infosys's possession, custody, or control. Unless otherwise agreed upon by counsel, production of responsive documents and other materials shall be made at the law offices of Gibson, Dunn, & Crutcher, One Embarcadero Center, Suite 2600, San Francisco, California 94111, or at such other place mutually agreeable to counsel.

## DEFINITIONS

1. The term "Action" means the above-captioned action, currently pending in the Northern District of Texas.

2. The term "Complaint" means the operative complaint filed by TriZetto in this Action.

3. The term "CRM" means customer relationship management system, such as Salesforce.

4. The terms "Infosys," "You," and "Your" mean Defendant Infosys Limited and its

1

32

current and former officers, directors, agents, employees, managers, contractors, consultants, and representatives, or any other persons acting or purporting to act on Infosys's behalf.

5. The term "TriZetto" means Plaintiff Cognizant TriZetto Software Group, Inc. and its current and former officers, directors, agents, employees, managers, contractors, consultants, and representatives.

6. The term "Facets" refers to TriZetto's Facets® software product, which is described in paragraphs 13 to 14 of the Complaint.

7. The term "QNXT" refers to TriZetto's QNXT™ software product, which is described in paragraphs 13 to 14 of the Complaint.

8. The term "TriZetto Confidential Information" means TriZetto information that is not public, including TriZetto Trade Secret Information.

9. The term "TriZetto Trade Secret Information" means information that TriZetto maintains as a trade secret, as described in paragraphs 17 to 25 of the Complaint.

10. The term "Test Cases" means test cases for testing software. *See, e.g.*, Compl., ¶¶ 17-21.

11. The term "QNXT Adapter" refers to any connector tool for exchanging data between the QNXT software and Infosys software, as further described in paragraph 42 of the Complaint.

12. The term "Request(s)" means the document requests enumerated below under the heading "Document Requests."

13. The term "person" means and includes natural persons and entities.

14. The term "communication" means every exchange of information of any nature discoverable within the scope of Rule 33 of the Federal Rules of Civil Procedure, whether oral or

written, from one person or entity to another, and any evidence of such exchange, including but not limited to any correspondence, memorandum, messages, postings, or comments on online services, product development repositories (e.g., Jira and Confluence), or other portals, notes or logs of meetings, diaries, daily calendars, or other records of exchanges between people or entities.

15. The term "document," as used herein, is used in its broadest sense and includes every tangible thing from which information can be obtained, perceived, reproduced, or communicated, either directly or with the aid of a machine or device, including all documents, writings, electronically stored information, or things within the scope of Rule 33 of the Federal Rules of Civil Procedure, including, but not limited to, the following items: all manners of correspondence; communications; pages in product development repositories (e.g., Jira and Confluence), or other portals; memoranda; summaries; statements; records; reports; books; diagrams; photographs; specifications; sketches; contracts; forecasts; plans; appraisals; orders; bills; invoices; checks; statistical statements; books of account; studies; graphs; charts; accounts; indexes; data sheets; data processing cards; analytical records; brochures; lists; periodicals; pamphlets; circulars; trade letters; newspaper clippings; press releases; projections; copies; marginal notations; drawings; tape recordings; calendars; diaries; telegrams; emails; notes; working papers; drafts; reports and/or opinions of consultants; records, reports, summaries and/or minutes of meetings and conferences; records, reports, and/or summaries of interviews; records, reports, and/or summaries of negotiations; records, reports, and/or summaries of telephone conversations; and records, reports, and/or summaries of personal conversations. "Document" includes every copy of a document that is not identical to the original, whether because of notes made on or attached to such copy, or otherwise; and all other handwritten, typed, printed, recorded or graphic matter or sound reproductions, however produced or

reproduced, and whether copies or originals, as well as any electronically stored documents, recordings, or files (including but not limited to those stored on laptop computers), such as, for example, emails, and other documents stored on audiotape, magnetic tape, computer disks, computer hard-drives, CDROMS, videotapes, or optical forms of storage.

      16.     The terms "all," "any," "each," and "every" shall be construed to mean "all, any, each, and every," as necessary to bring within the scope of these Requests any information, documents, or things that might otherwise be construed to be outside their scope. In no event shall the use of the term "all," "any," "each," or "every" be construed to narrow the scope of any Request.

      17.     The terms "concerning" and "relating to" shall include within its meaning "containing," "alluding to," "responding to, "commenting upon," "discussing," "explaining," "mentioning," "analyzing," "constituting," "memorializing," "compromising," "reporting," "incorporating," "confirming," "listing," "evidencing," "setting forth," "summarizing," or "characterizing," either directly or indirectly, in whole or in part.

      18.     The terms "include" or "includes" or "including" are used in their broadest sense and are not meant to be limiting. Any list following these terms contains partial and/or illustrative examples of the type of information or documents responsive to the Request, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of information or document responsive to the Request.

## **INSTRUCTIONS**

      1.     All Requests must be responded to fully and in writing in accordance with Federal Rule of Civil Procedure 34.

2. You must produce all documents responsive to the Requests herein that are in Your actual or constructive possession, custody, or control, including all documents within the actual or constructive possession, custody, or control of any of Your agents or any persons who at any time or otherwise acted on Your behalf.

3. Documents and communications in electronic form, including, but not limited to, e-mail shall be produced electronically in a form to be agreed upon by the parties, replete with agreed upon metadata.

4. If You withhold any document or communication, or any portion of any document or communication, under a claim of confidentiality, privilege, or any other protection from production including, but not limited to, attorney work product or attorney-client privilege, You shall produce, in accordance with Federal Rule of Civil Procedure 26, a written privilege log that sets forth: (i) the author(s) and sender(s) of the document or communication; (ii) the type of document or communication, e.g., letter or memorandum; (iii) the dates associated with the document or communication (the date it bears, the date it was sent, and the date it was received); (iv) all recipients of the document or communication; (v) the number of pages of the document or communication; (vi) the identity of each person who has custody or control over the document or communication and each copy thereof; (vii) such other information as is sufficient to identify the document or communication; and (viii) the nature of the privilege asserted.

5. If You object to a Request for any reason, then You must also state whether You are withholding any documents because of those objections.

6. If You are withholding any document or category of documents responsive to a particular Request on the basis of any objection(s), then You must identify which objection(s)

You believe justify Your decision to withhold each particular document or category of documents.

7. If there are no documents or communications responsive to a particular request, You shall so state in writing.

8. If You know of the existence, past or present, of any document requested herein, but are unable to produce such document or portion thereof because it is not presently in Your possession, custody, or control, or in the possession, custody, or the control of Your agents, accountants, attorneys, or representatives, then You must so state in Your response and identify (by title, if any, nature of the document, and subject matter of the document) such document and identify (by name, address, and/or telephone number) the person in whose possession, custody, or control the document was last known to reside.

9. If any document requested herein has been lost, discarded, or destroyed, You must identify the document so lost, discarded, or destroyed as completely as possible in Your response to the Request, including, without limitation, the following information: date, content, author(s), and recipient(s) of the document(s); date of disposal; manner of disposal; and person(s) disposing of the document(s). You must further identify in Your response to the Request the name, address, and telephone number of the person in whose possession, custody, or control the document was last known to reside.

10. If any document requested herein was amended or otherwise modified at any time, You must provide both the original and amended versions of the document.

11. If, in responding to any Request herein, You assert that there is any ambiguity (in either the Request or in a definition or an instruction applicable thereto), You must not use Your

assertion as a basis for refusing to respond to the Request but must set forth as part of Your response the language You claim is ambiguous and Your interpretation of such language.

12. No specific Request should be construed to limit the scope of any other Request, or of any term defined herein, and no subpart of any Request should be construed to limit the scope of any other subpart of such Request.

13. These Requests are continuing in nature and require prompt and further supplemental production if You obtain additional responsive information.

14. Unless otherwise specified, each Request seeks documents and/or information for the time period spanning January 1, 2016 through the present, unless the parties agree to a different time period or the Court orders a different time period, in which case that time period will control.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All TriZetto Confidential Information in Your possession.

**REQUEST FOR PRODUCTION NO. 2:**

All communications attaching, including, forwarding, referencing, or discussing TriZetto Confidential Information.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify each individual affiliated with Infosys that was provided with access to TriZetto Confidential Information.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show all Test Cases in Your custody, possession, or control that relate to any TriZetto software application, including copies of all such Test Cases and relevant

source code, technical documentation, engineering notes, manuals, instructions, and guides.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning the development, creation, marketing, and promotion of the "repository . . . of 1 million test cases" that Infosys advertised on its website, as described in paragraph 51 of the Complaint.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning the development, creation, marketing, and promotion of the Infosys Business Assurance Store.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning the creation or development of Test Cases for any TriZetto software application, including but not limited to Your decision to create such Test Cases and the materials or information You used to create such Test Cases.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning the advertisement, marketing, promotion, distribution, commercialization, or sale of Your capability to provide Test Cases, testing services, and/or test tools for any TriZetto software application.

**REQUEST FOR PRODUCTION NO. 9:**

All agreements and draft agreements between You and any third party concerning any Test Cases relating to any TriZetto software.

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to any agreements between You and any third party concerning any Test Cases relating to any TriZetto software, including documents concerning the negotiations of such agreements and provision of services under such agreements.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning Your use of any Test Case related to any TriZetto software application, including to provide any services to any customer.

**REQUEST FOR PRODUCTION NO. 12:**

All communications concerning any Test Cases relating to any TriZetto software application, including internal communications and external communications with customers or other third parties.

**REQUEST FOR PRODUCTION NO. 13:**

A copy of all source code, all technical documentation, all user manuals, instructions, and guides relating to the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning the creation and development of the QNXT Adaptor, including but not limited to Your decision to create the QNXT Adaptor and the materials or information You used to create the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning the advertisement, marketing, promotion, distribution, commercialization, or sale of the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning the use of the QNXT Adaptor by You, Molina Healthcare, Inc., or any third party, including without limitation documents concerning any assistance that You provided related to the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 17:**

All communications concerning the QNXT Adaptor, including internal communications

and external communications with customers, prospective customers, or other third parties.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the data model for the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the data model for any database components of Infosys's Helix platform that is designed to receive data from the QNXT Adaptor, whether directly or indirectly.

**REQUEST FOR PRODUCTION NO. 20:**

All technical and user-facing documentation concerning any Infosys APIs suitable for invoking TriZetto APIs.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show all revenue and profits related to Infosys's testing services, Test Cases, and/or test tools for TriZetto software, including without limitation services and/or test tools offered through the Infosys Business Assurance Store or by the Infosys Validation Solutions team.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show all revenue and profits related to any customer engagements where Infosys considered using, or used, the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all customers and prospective customers of Infosys's testing services, Test Cases, and/or test tools for TriZetto software, including without limitation services and/or test tools offered through the Infosys Business Assurance Store or by the Infosys Validation Solutions team, and for the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning Your costs to develop Test Cases for TriZetto software and the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 25:**

All CRM entries related to TriZetto software, including Your provision of testing services, Test Cases, and/or test tools for TriZetto software, including without limitation services and/or test tools offered through the Infosys Business Assurance Store or by the Infosys Validation Solutions team, and the provision of any connector tool, such as the QNXT Adaptor.

**REQUEST FOR PRODUCTION NO. 26:**

All agreements concerning the QNXT Adaptor, including but not limited to any contracts between You and Molina Healthcare, Inc.

**REQUEST FOR PRODUCTION NO. 27:**

All documents related to any agreements concerning the QNXT Adaptor, including the documents concerning the negotiations of such agreements and provision of services under such agreements.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, including communications, related to or concerning any agreement between Infosys and TriZetto.

**REQUEST FOR PRODUCTION NO. 29:**

All agreements between You and any third party concerning the provision of services, tools, or software related to any TriZetto software application.

**REQUEST FOR PRODUCTION NO. 30:**

All documents related to any agreements between You and any third party concerning the

provision of services, tools, or software related to any TriZetto software application, including the documents concerning the negotiations of such agreements and provision of services under such agreements.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show Your corporate organization and departmental structure.

**REQUEST FOR PRODUCTION NO. 32:**

All non-privileged documents and communications relating to TriZetto's claims or allegations in this Action.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning any contention by You that the TriZetto Trade Secret Information was known or reasonably ascertainable at the time of the alleged acts of trade secret misappropriation in the Complaint.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning any contention by You that You did not misappropriate TriZetto Trade Secret Information.

**REQUEST FOR PRODUCTION NO. 35:**

All documents identified or referenced in Your responses to any Interrogatory served by TriZetto in this Action.

**REQUEST FOR PRODUCTION NO. 36:**

All documents produced in this Action by any third-party or non-party, whether by subpoena or otherwise.

**REQUEST FOR PRODUCTION NO. 37:**

All documents provided to any expert witness whom You have retained or plan to retain

either to testify at trial or to provide an opinion relating to the matters at issue in this Action.

**REQUEST FOR PRODUCTION NO. 38:**

All documents reviewed or prepared in connection with this Action by any person that You expect to call as a witness (including both fact and expert witnesses) at any hearing or at trial in this Action.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that You may rely upon or introduce at a deposition, proceeding, or hearing in this Action.

Dated:  November 14, 2024

*/s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer
Elizabeth McCloskey
Betty Yang
Christina Myrold
Ahmed ElDessouki

GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Plaintiff Cognizant TriZetto Software Group, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2024, a true and correct copy of the foregoing document was served on all counsel of record.

*/s/ Christina Myrold*
Christina Myrold
