# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158 <br><br> **PLAINTIFF COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S AMENDED INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Cognizant TriZetto Software Group, Inc. ("TriZetto") provides its Amended Initial Disclosures to Defendant Infosys Limited ("Infosys").

TriZetto's investigation is ongoing.  These Initial Disclosures are preliminary in nature and based upon information reasonably available to TriZetto at this time.  TriZetto reserves the right to supplement and/or amend these Initial Disclosures as appropriate under Rule 26(e).  In particular, and without limitation, TriZetto reserves the right to add to or amend these Initial Disclosures as appropriate and necessary as additional information becomes available through the course of further investigation and analysis, discovery, and trial preparation.  In particular, and without limitation, TriZetto reserves the right to identify additional individuals, to identify and produce additional documents, to identify other such information as it becomes known or available, and to include individuals not identified in these Initial Disclosures in TriZetto's list of trial witnesses.

By making these Initial Disclosures, TriZetto does not concede the relevance or admissibility of any of the information provided, nor does it represent that it is identifying every

1

individual or document possibly relevant to this lawsuit. Rather, TriZetto has identified individuals and information it reasonably believes at this time may be used to support its claims, as Rule 26(a)(1) requires.

TriZetto submits these Initial Disclosures without waiver of the attorney-client privilege, attorney-work-product doctrine, or any other applicable privilege or doctrine, or defense against discoverability of any kind. TriZetto reserves the right to object to the production and/or introduction in evidence of any document or evidence within the categories described herein or testimony by any of the disclosed witnesses on the basis of privilege, relevance, or otherwise, as appropriate. TriZetto also reserves the right to seek a protective order for any information to be provided in discovery in this case.

### I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

TriZetto identifies the following individuals who TriZetto presently has reason to believe are likely to have discoverable information that TriZetto may use to support its claims. TriZetto reserves the right to amend or supplement this list if additional or different information is later obtained.

By indicating the general subject matter of information the following individuals may possess, TriZetto does not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of any particular information for any purpose, nor does TriZetto in any way limit its right to call any individual or entity to testify concerning these or other subjects. Specifically, the below list does not include expert witnesses, and TriZetto reserves the right to designate such experts pursuant to Fed. R. Civ. P. 26(a)(2) and to call these witnesses at any trial of this action. TriZetto also reserves the right to designate or otherwise call as a witness at trial any witness identified in any of TriZetto's or Infosys's discovery responses in this action. TriZetto also reserves the right to call as a witness at trial or

present the testimony of any witnesses deposed during the course of this litigation. By stating the general subject matter of the information these individuals may possess, TriZetto is in no way limiting its right to call any individual listed to testify concerning other subjects.

TriZetto does not authorize communication by Infosys, or any other individual or entity, with current or former employees or consultants of TriZetto, and nothing herein should be construed to authorize Infosys, or any other individual or entity, to contact any individual where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement.

| Name | Contact Information | Role |
|---|---|---|
| Craig Mengert | c/o Counsel for TriZetto | Knowledge of the claims as set forth in the Complaint, including that Infosys misappropriated TriZetto's Confidential Information and Trade Secret Information to create an interface called the "QNXT Adapter" and the repository of 1 million test cases that Infosys used to unfairly compete with TriZetto, and Infosys's breaches of the NDAAs, as set forth in the Complaint.<br><br>Knowledge of the damage caused to TriZetto as a result of Infosys's wrongful conduct. |
| Michael Stock | c/o Counsel for TriZetto | Knowledge of certain claims as set forth in the Complaint, including knowledge of TriZetto's Confidential Information and Trade Secret Information, included information related to TriZetto's QNXT software system; and knowledge of Infosys's breach of certain NDAAs, as set forth in the Complaint. |
| Viswanathan Vaidyanathan | c/o Counsel for TriZetto | Knowledge of certain claims as set forth in the Complaint, including knowledge of TriZetto's Confidential Information and Trade Secret Information, included information related to TriZetto's QNXT software system; and knowledge of Infosys's breach of certain NDAAs, as set forth in the Complaint. |

| Name | Contact Information | Role |
|---|---|---|
| Hardik Patel | c/o Counsel for TriZetto | Knowledge of certain claims as set forth in the Complaint, including knowledge of TriZetto's Confidential and Trade Secret Information related to TriZetto's Facets software system, as described in the Complaint. |
| Matt Dziedzic | c/o Counsel for TriZetto | Knowledge of certain claims as set forth in the Complaint, including TriZetto relationships with certain customers; and knowledge of the relationship and competition between TriZetto and Infosys. |

## II. CATEGORIES AND LOCATIONS OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS THAT MAY BE USED TO SUPPORT TRIZETTO'S CLAIMS

TriZetto identifies the following categories of documents, electronically stored information, and/or tangible things that it may use to support its claims. TriZetto reserves the right to amend or supplement this list if additional or different information is later obtained. By identifying the following categories of information, TriZetto makes no representation as to the existence of documents, electronically stored information, or tangible things or the admissibility of any such item and specifically reserves the right to object to the introduction of any and all information at any time during these proceedings.

Pursuant to Rule 26(a)(1)(A)(ii), TriZetto identifies the following documents, electronically-stored information, and tangible things potentially in its possession, custody, or control that TriZetto may use to support its claims:

1. Documents related to contractual agreements between TriZetto and Infosys, including the Non-Disclosure and Access Agreements ("NDAAs") described in the Complaint;

2. Documents related to Infosys's improper acquisition, use, and/or disclosure of Plaintiff's Confidential Information and Trade Secret Information;

3. Documents related to Infosys's development of the "QNXT Adapter";

4. Documents related to Infosys's advertisement of the "QNXT Adapter";

5. Documents related to Infosys's use of the "QNXT Adapter" to interface with its own products;

6. Documents related to Infosys's development of a repository of test cases; and

7. Documents related to Infosys's advertisement of its repository of test cases.

### III. DAMAGES

TriZetto estimates damages in an amount to be determined as the case progresses, including, but not limited to, actual damages, damages for unjust enrichment, avoided development costs, damages measured as a reasonable royalty, exemplary damages, pre- and post-judgment interest, and attorneys' fees and costs.

TriZetto will provide Infosys with an expert damages report in accordance with the scheduling order in this case. TriZetto's damages continue to accrue.

### IV. INSURANCE AGREEMENT

TriZetto does not have an insurance agreement applicable to this litigation.

//
//
//
//
//
//

Dated: December 23, 2024

/s/ *Ahmed ElDessouki*
L. Kieran Kieckhefer (pro hac vice)
Elizabeth McCloskey (pro hac vice)
Christina Myrold (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
TEL: 415.393.8200
KKieckhefer@gibsondunn.com
EMcCloskey@gibsondunn.com
CMyrold@gibsondunn.com

Betty Yang (State Bar No. 24088690)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923 USA
TEL: 214.698.3226
byang@gibsondunn.com

Ahmed ElDessouki (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave.
New York, NY 10166
(212) 351-2345
aeldessouki@gibsondunn.com

*Attorneys for Plaintiff Cognizant TriZetto Software Group*

## **CERTIFICATE OF SERVICE**

      I, Ahmed ElDessouki, hereby certify that this was served on December 23, 2024 via electronic mail to all counsel of record.

                                              */s/ Ahmed ElDessouki*