# EXHIBIT 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> *Defendant*. | Case No. 3:24-cv-02158-X <br><br> The Honorable Brantley Starr |

# PLAINTIFF TRIZETTO'S RESPONSES AND OBJECTIONS TO DEFENDANT INFOSYS LIMITED'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26 and 34.1, Plaintiff Cognizant TriZetto Software Group, Inc. ("TriZetto" or "Plaintiff") hereby provides the following objections and responses to Defendant Infosys Limited's ("Infosys" or "Defendant") First Set of Interrogatories ("Interrogatories").

TriZetto's responses are based on information currently available to TriZetto. TriZetto reserves all rights to supplement, revise, and/or amend these responses should additional information become available through the discovery process or by other means. TriZetto also reserves the right to produce or use any information or documents that are discovered after service of these responses in support of or in opposition to any motion, in depositions, or at hearings or trial. In responding to Defendant's First Set of Interrogatories, TriZetto does not waive any objection on the grounds of privilege, confidentiality, competency, relevance, materiality, authenticity, admissibility of the information contained in these responses, or any other objection.

1

**GENERAL OBJECTIONS**

The following General Objections apply to Infosys's Interrogatories. Each response provided below is made subject to these General Objections, as well as subject to any specific objections to any Interrogatory, without waiver of any such objection.

1. TriZetto objects to the Interrogatories as well as the Definitions and Instructions to the extent they seek to impose obligations beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedures and the Local Rules of this Court.

2. TriZetto objects to the Interrogatories as being overly broad and unduly burdensome to the extent they seek or purport to require information that is (a) irrelevant to the claims or defenses of any party; and/or (b) not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. TriZetto objects to the Interrogatories to the extent they seek disclosure of information protected from disclosure by the attorney-client privilege and/or the work-product doctrine, the joint defense privilege, the common interest privilege, any other evidentiary or discovery privilege, or are otherwise protected from disclosure.

4. TriZetto objects to the Interrogatories to the extent they are unlimited in time and thus unduly burdensome.

5. TriZetto objects to the Interrogatories to the extent they seek information that TriZetto believes is sensitive, proprietary, constitutes trade secrets, or is otherwise confidential. To the extent TriZetto produces any such confidential material, they will do so

subject to the Protective Order that will be entered in this action.

6. TriZetto objects to the Interrogatories to the extent they seek information or documents that are the subject of a protective order in another action or similar restriction. TriZetto objects to providing any such information that is confidential or proprietary, or covered by a confidentiality agreement between TriZetto and the third party. TriZetto will work in good faith to address any such restrictions as and when appropriate.

7. TriZetto objects to the Interrogatories to the extent they seek information or documents that are subject to protective orders issued by courts, agencies, or arbitral tribunals prohibiting production of the requested information or documents.

8. TriZetto objects to the Interrogatories to the extent they assume facts not in evidence.

9. TriZetto's willingness to respond to any such Interrogatories shall not be construed as a concession or agreement that any implications or conclusions, factual or otherwise, may be drawn from such Interrogatories.

10. TriZetto objects to the Interrogatories to the extent that they call for, purport to call for, or otherwise seek documents and information that are not in TriZetto's knowledge, possession, custody, or control. TriZetto further objects to the Interrogatories to the extent that they seek information from TriZetto beyond a reasonable search of TriZetto's files where information responsive to the Interrogatories would reasonably be expected to be found and from a reasonable inquiry of TriZetto's employees likely to have information relevant to a claim or defense of a party or to the subject matter of this litigation. These objections and responses provided are based on information and documents within TriZetto's possession, custody, or control based on a reasonable search.

11. TriZetto objects to the Interrogatories to the extent the information requested is publicly available and/or equally available to Infosys.

12. TriZetto objects to the Interrogatories to the extent they are cumulative and/or duplicative or seek information that is equally or more readily available to Infosys through public sources or records or can be obtained from Infosys or some other source that is more convenient, less burdensome, or less expensive.

13. TriZetto objects to the Interrogatories to the extent they are overly broad and unduly burdensome as seeking all documents, communications, and/or things from all custodians, associated individuals, or related entities "related to," "relating to," "relate to," or "regarding" the requested materials, regardless of relevance, volume, or time.

14. TriZetto's responses herein, and its disclosures or production of documents, do not in any way constitute an adoption of Infosys's purported definitions of words or phrases contained in the Interrogatory. TriZetto objects to the definitions to the extent they (a) are unclear, ambiguous, overly broad, or unduly burdensome; (b) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (c) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules of this Court; (d) seek to require TriZetto to conduct unreasonable searches for responsive materials from an impermissible number of custodians, associated individuals, or related entities; (e) include assertions of purported fact that are inaccurate or at the very least are disputed by the parties to this action; and/or (f) incorporate other purported definitions that suffer from such defects.

15. TriZetto further objects to the Interrogatories as premature to the extent that they seek expert testimony and/or information that is properly the subject of expert discovery before

expert discovery has commenced in this action. Expert discovery has not yet begun. TriZetto will disclose such information in accordance with the governing Scheduling Order.

16. TriZetto objects to the Interrogatories to the extent that TriZetto would have to draw a legal conclusion, engage in legal or expert analysis, and/or render expert opinions prior to identifying potentially responsive materials.

17. TriZetto objects to the Interrogatories to the extent that they are vague and ambiguous, including because they fail to state with reasonable particularity the items or category of items sought.

18. TriZetto objects to Infosys's definitions of the terms "Cognizant," "You" and "Your" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and seeking the production of information that is not within TriZetto's possession, custody, or control and is not reasonably accessible to TriZetto upon reasonable diligence. In particular, TriZetto objects to these definitions to the extent they seek to require TriZetto to answer on behalf of any other party or entity. TriZetto responds to the Interrogatory on its own behalf only.

19. TriZetto objects to the definition of "communications" to the extent it seeks to impose on TriZetto any obligation beyond those required by the Court's orders, and any other applicable rule or regulation.

20. TriZetto objects to the Interrogatories to the extent that they contain any factual or legal misrepresentations.

21. TriZetto objects to Infosys's Instructions to the extent they render the Interrogatories unclear and/or unduly burdensome. TriZetto also objects to the Instructions to

5

71

the extent they seek to improperly expand TriZetto's obligations beyond the scope required by the Federal Rules of Civil Procedure, seek information that is not relevant to the claim or defense of any party and is not proportional to the needs of the case, and seek the production of information that is not within TriZetto's possession, custody, or control, and not reasonably accessible to TriZetto upon reasonable diligence.

22. Each of TriZetto's objections and responses is based on its understanding of Infosys's Interrogatories. To the extent that Infosys asserts an interpretation of any Interrogatory inconsistent with TriZetto's interpretation, TriZetto reserves the right to supplement, correct, or amend its objections and/or response to that Interrogatory.

23. By responding to Infosys's Interrogatories, TriZetto does not concede the relevancy or materiality of any Interrogatory or of the subject to which they refer. TriZetto's responses are made subject to, and without waiving, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses given, or of the subject matter, in any proceeding in this action or in any other subsequent proceeding. Such responses are made specifically subject to the right to object to any discovery proceeding involving or relating to the subject matter of any Interrogatory.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify with specificity each trade secret you contend Infosys Limited misappropriated.

**RESPONSE TO INTERROGATORY NO. 1:**

TriZetto incorporates by reference its General Objections. TriZetto objects to this Interrogatory as premature because discovery in this matter has just begun, and Infosys has not yet produced any documents or information in this litigation. TriZetto also objects to this Interrogatory as prematurely

calling for expert opinions and legal conclusions regarding Infosys's misappropriation, and which will be subject to the procedural schedule in this litigation.

Subject to and without waiver of the foregoing objections, and reserving its right to supplement this Response, TriZetto responds as follows based upon the information known to it as of the date of this Response:

TriZetto's Trade Secret information includes the Facets® and QNXT™ software applications, and the workflows and functionality implemented by the proprietary software (the "Proprietary Software"); source materials relating to the Proprietary Software, including the source code, technical documentation, product release notes, link libraries, and development toolkits ("Source Materials"); test cases for testing the Proprietary Software ("Test Cases"); interfaces, connectors and adaptors for the Proprietary Software, as well as tools for creating such interfaces, connectors, and adaptors ("Interfaces"); the database, database schema, file structures, data dictionaries, and other information relating to the storage of data by the Proprietary Software ("Data Model"); and the terms of the contracts between TriZetto and its clients, including the pricing for TriZetto products and services ("Commercial Secrets"), as well as documentation related to each item previously listed. *See* Compl., ¶¶ 17–26.

Discovery in this matter has just begun, and TriZetto's investigation and analysis are ongoing. Accordingly, TriZetto's responses herein are preliminary, and TriZetto reserves the right to supplement and/or amend its response as discovery proceeds, including to incorporate documents produced at later stages in the litigation, taking into account the status of discovery and the procedural schedule in this case.

**INTERROGATORY NO. 2:**

Please Identify all persons who have at any point in time accessed the information you identify as trade secrets in response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 2:**

TriZetto incorporates by reference its General Objections. TriZetto objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including to the extent that it seeks information as to "all persons . . . at any point in time." TriZetto further objects to this Interrogatory as vague and ambiguous, including based on its use of the undefined term "accessed." TriZetto further objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period.

TriZetto further objects to this Interrogatory as overly broad, unduly burdensome, calling for irrelevant information, and not designed to seek discovery that is proportional to the needs of the case, including because it requests the identification of persons whose access to the Trade Secrets is subject to Non-Disclosure Agreements, access restrictions, and other security measures.

Based on the foregoing objections, TriZetto will not respond further to this Interrogatory as drafted, but TriZetto is willing to meet and confer with Infosys to understand what information Infosys seeks, why Infosys believes that information is relevant and proportional, and whether a reasonable compromise is possible.

**INTERROGATORY NO. 3:**

Please describe in detail all measures that have been taken to protect the confidentiality of the information you identify as trade secrets in response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 3:**

TriZetto incorporates by reference its General Objections. TriZetto objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege and/or attorney work-product protection. TriZetto further objects to this Interrogatory as overly broad, unduly burdensome, and not designed to seek discovery that is proportional to the needs of the case, including to the extent

8

that it seeks "all measures" that TriZetto has taken to protect the confidentiality of its Trade Secrets. TriZetto further objects to this Interrogatory as vague and ambiguous, including based on its use of the undefined term "measures." TriZetto further objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it does not identify a relevant time period.

Subject to and without waiver of the foregoing objections, and reserving its right to supplement this Response, TriZetto responds as follows based upon the information known to it as of the date of this Response:

TriZetto protects its trade secrets from public disclosure. *See* Compl., ¶¶ 27–29. These efforts include requiring employees who have access to the trade secret information to sign confidentiality agreements; restricting physical and digital access to only authorized users with valid credentials; and limiting access only to those users with a legitimate business purpose for accessing TriZetto's trade secret information. Other measures TriZetto has taken to protect its trade secret information include, but are not limited to, computer and server passwords, watermarks applied to documents, security access cards, confidentiality agreements, letters notifying departing employees to return all property belonging to TriZetto, distribution of information on a need-to-know basis, and non-compete and non-solicitation agreements with its high-level employees.

For example, TriZetto's confidential and proprietary documents are stored on and are accessible only via secure servers located within TriZetto's facilities. No person may enter without the facilities without a security badge, and visitors must be accompanied by a TriZetto employee. A security badge must be used to enter non-public areas of TriZetto's facility, where its trade secrets and confidential information are stored, and entryways to non-public areas are monitored by cameras and TriZetto's security personnel.

Additionally, TriZetto limits digital access to its software files, code files, documentation, manuals, guides, data dictionaries, and other trade secrets and confidential information only to approved and authorized users who have a legitimate business purpose and valid access credentials, and such access is subject to confidentiality obligations. New users are also required to take corporate compliance training prior to access. Users are regularly informed and reminded that they are accessing TriZetto's confidential information and trade secrets, and of their responsibilities and obligations with regards to such confidential information and trade secrets. The digital repositories cannot be accessed without a secure terminal and connection, and logins, document downloads, and other digital access activities on these digital repositories are recorded and monitored by TriZetto. Certain documents containing TriZetto's trade secrets or confidential information are also watermarked as confidential.

At times, it is necessary for TriZetto to disclose trade secret information to customers or vendors for legitimate business purposes, such as enabling a vendor to provide services to companies who are mutual clients of TriZetto and the vendor. In these situations, TriZetto requires such customers and vendors to sign NDAAs that strictly prohibit disclosure of confidential and trade secret information, except to employees of the vendor that are authorized recipients. Under the terms of the NDAA, authorized recipients of confidential and trade secret information are only permitted access if they require access to the information to perform services for the benefit of TriZetto's customer. Moreover, authorized recipients of TriZetto's trade secret information must agree to the terms of the NDAA and are only permitted access to trade secret information for the limited and legitimate purposes outlined in the NDAAs, for example, to perform certain services for the benefit of TriZetto's customer. Further, authorized recipients of technical trade secret information must not be involved in development, testing, or marketing of competitive software.

Discovery in this matter has just begun, and TriZetto's investigation and analysis are ongoing.

Accordingly, TriZetto's responses herein are preliminary, and TriZetto reserves the right to supplement and/or amend its response as discovery proceeds, including to incorporate documents produced at later stages in the litigation, taking into account the status of discovery and the procedural schedule in this case.

**INTERROGATORY NO. 4:**

Please Identify all persons with knowledge of any facts Relating to Your contention that Infosys Limited misappropriated Your trade secrets.

**RESPONSE TO INTERROGATORY NO. 4:**

TriZetto incorporates by reference its General Objections. TriZetto objects to the Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not designed to seek discovery that is proportional to the needs of the case, including to the extent that it seeks "any facts" and requires the identification of "all persons." TriZetto further objects to this Interrogatory to the extent it requires TriZetto to draw a legal conclusion or provide premature expert opinion regarding the "misappropriated" Trade Secrets.

Subject to and without waiver of the foregoing objections, and reserving its right to supplement this Response, TriZetto responds as follows based upon the information known to it as of the date of this Response: Michael Stock and Viswanathan Vaidyanathan may have knowledge of information responsive to this Interrogatory.

Discovery in this matter has just begun, and TriZetto's investigation and analysis are ongoing. Accordingly, TriZetto's responses herein are preliminary, and TriZetto reserves the right to supplement and/or amend its response as discovery proceeds, including to incorporate documents produced at later stages in the litigation, taking into account the status of discovery and the procedural schedule in this case.

**INTERROGATORY NO. 5:**

Please state all facts supporting Your contention that Infosys Limited misappropriated Your trade secrets.

**RESPONSE TO INTERROGATORY NO. 5:**

TriZetto incorporates by reference its General Objections. TriZetto objects to this Interrogatory as premature because discovery in this matter has just begun, and Infosys has not yet produced any documents or information in this litigation. TriZetto also objects to this Interrogatory as prematurely calling for expert opinion and legal conclusions regarding Infosys's misappropriation, which will be subject to the procedural schedule in this litigation. TriZetto objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege and/or attorney work-product protection. TriZetto further objects to the Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not designed to seek discovery that is proportional to the needs of the case, including to the extent that it seeks "all facts."

Subject to and without waiver of the foregoing objections, and reserving its right to supplement this Response, TriZetto responds as follows based upon the information known to it as of the date of this Response:

As explained in the Complaint, for Infosys to have created Facets® Test Cases and QNXT™ interfaces, Infosys necessarily required access to the TriZetto's trade secret information. Infosys would not have been able to develop a repository of Facets® Test Cases or the QNXT™ Adaptor without improper use of TriZetto's trade secret information. *See* Compl., § E.

Discovery in this matter has just begun, and TriZetto's investigation and analysis are ongoing. Accordingly, TriZetto's responses herein are preliminary, and TriZetto reserves the right to supplement and/or amend its response as discovery proceeds, including to incorporate documents produced at later

stages in the litigation, taking into account the status of discovery and the procedural schedule in this case.

**INTERROGATORY NO. 6**

Please state all facts supporting Your contention that the November 19, 2018 Non-Disclosure and Access Agreement between You and Infosys Limited relating to Molina Healthcare, Inc. did not authorize Infosys Limited to create the QNXT Adaptor for Molina Healthcare, Inc.

**RESPONSE TO INTERROGATORY NO. 6:**

TriZetto incorporates by reference its General Objections. TriZetto objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege and/or attorney work-product protection. TriZetto further objects to this Interrogatory as premature, including on the ground that it calls for premature expert discovery. TriZetto further objects to this Interrogatory to the extent it requires TriZetto to draw a legal conclusion regarding the November 19, 2018 Non-Disclosure and Access Agreement. TriZetto further objects to the Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not designed to seek discovery that is proportional to the needs of the case, including to the extent that it seeks "all facts."

Subject to and without waiver of the foregoing objections, and reserving its right to supplement this Response, TriZetto responds as follows based upon the information known to it as of the date of this Response:

As explained in the Complaint, while Infosys and TriZetto have executed a number of Non-Disclosure and Access Agreements ("NDAA") between one another, such agreements only allow a limited set of Infosys's employees to receive access to TriZetto's confidential and trade secret for specific limited purposes. *See also* Compl., §§ D, E.1.

Discovery in this matter has just begun, and TriZetto's investigation and analysis are ongoing. Accordingly, TriZetto's responses herein are preliminary, and TriZetto reserves the right to supplement and/or amend its response as discovery proceeds, including to incorporate documents produced at later stages in the litigation, taking into account the status of discovery and the procedural schedule in this case.

**INTERROGATORY NO. 7**

Please explain why You waited until August 2024 to assert legal claims against Infosys based on marketing that referred to test cases posted on the Infosys website beginning in 2018.

**RESPONSE TO INTERROGATORY NO. 7:**

TriZetto incorporates by reference its General Objections. TriZetto objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege and/or attorney work-product protection. TriZetto further objects to this Interrogatory as argumentative to the extent it assumes facts not established in this action, including that Infosys's marketing was "posted on the Infosys website beginning in 2018." TriZetto further objects to this Interrogatory as vague and ambiguous, including based on its use of the undefined terms "assert" and "legal claims."

Subject to and without waiver of the foregoing objections, and reserving its right to supplement this Response, TriZetto responds as follows based upon the information known to it as of the date of this Response:

As explained in the Complaint, in December 2023, TriZetto discovered that Infosys was purporting to offer access to products through the "Infosys Business Assurance Store" that were derived from and contain TriZetto's confidential and Trade Secret information, including information derived from TriZetto's Facets® and QNXT™ offerings. Specifically, TriZetto detected that Infosys had purportedly created a repository of Test Cases for Facets® and QNXT™ products, using information

14

that Infosys only had access to under the strict limitations of the NDAAs it had entered with TriZetto. *See* Compl., ¶ 58.

Also, as explained in the Complaint, promptly after detecting Infosys's misuse of its confidential information and misappropriation of its trade secret information, TriZetto wrote to Infosys and demanded that Infosys cease and desist all unauthorized use, advertisement, and distribution of any Test Cases related to any of TriZetto's products, identify all of TriZetto's materials used by Infosys, and immediately collect and quarantine all copies of materials containing TriZetto's confidential or trade secret information. *See* Compl., ¶ 59.

Discovery in this matter has just begun, and TriZetto's investigation and analysis are ongoing. Accordingly, TriZetto's responses herein are preliminary, and TriZetto reserves the right to supplement and/or amend its response as discovery proceeds, including to incorporate documents produced at later stages in the litigation, taking into account the status of discovery and the procedural schedule in this case.

**INTERROGATORY NO. 8**

Please explain why You waited until August 2024 to assert legal claims against Infosys based on the QNXT Adaptor that You have known about for several years.

**RESPONSE TO INTERROGATORY NO. 8:**

TriZetto incorporates by reference its General Objections. TriZetto objects to this Interrogatory to the extent that it predominantly seeks information subject to the attorney-client privilege and/or attorney work-product protection. TriZetto further objects to this Interrogatory because it assumes facts not established in this action, including that TriZetto has allegedly known about the QNXT Adaptor for "several years." TriZetto further objects to this Interrogatory as vague and ambiguous, including based on its use of the undefined terms "assert" and "legal claims."

Based on the foregoing objections, TriZetto will not respond further to this Interrogatory as drafted, but TriZetto is willing to meet and confer with Infosys to understand what information Infosys seeks, why Infosys believes that information is relevant and proportional, and whether a reasonable compromise is possible.

**INTERROGATORY NO. 9**

Please state all facts supporting Your contention that You own each purported trade secret identified in response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 9:**

TriZetto incorporates by reference its General Objections. TriZetto objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege and/or attorney work-product protection. TriZetto further objects to the Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not designed to seek discovery that is proportional to the needs of the case, including to the extent that it seeks "all facts."

Subject to and without waiver of the foregoing objections, and reserving its right to supplement this Response, TriZetto responds as follows based upon the information known to it as of the date of this Response:

In 2000, TriZetto acquired Erisco Managed Care Technologies, Inc., including its proprietary Facets software. In 2007, TriZetto acquired Quality Care Solutions, Inc., including its proprietary QNXT software. Following the acquisitions, TriZetto continued creating and developing the Facets and QNXT software systems and associated trade secrets.

Discovery in this matter has just begun, and TriZetto's investigation and analysis are ongoing. Accordingly, TriZetto's responses herein are preliminary, and TriZetto reserves the right to supplement and/or amend its response as discovery proceeds, including to incorporate documents produced at later

stages in the litigation, taking into account the status of discovery and the procedural schedule in this case.

Dated: December 23, 2024

/s/ *L. Kieran Kieckhefer*
L. Kieran Kieckhefer (pro hac vice)
Elizabeth McCloskey (pro hac vice)
Christina Myrold (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
TEL: 415.393.8200
KKieckhefer@gibsondunn.com
EMcCloskey@gibsondunn.com
CMyrold@gibsondunn.com

Betty Yang (State Bar No. 24088690)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923 USA
TEL: 214.698.3226
byang@gibsondunn.com

Ahmed ElDessouki (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave.
New York, NY 10166
(212) 351-2345
aeldessouki@gibsondunn.com

*Attorneys for Plaintiff Cognizant TriZetto Software Group*

**CERTIFICATE OF SERVICE**

      I, Ahmed ElDessouki, hereby certify that this was served on December 23, 2024 via electronic mail to all counsel of record.

<em>/s/ Ahmed ElDessouki</em>