# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  3:24-cv-2158 |
| vs. | ) | |
| | ) | The Honorable Brantley Starr |
| INFOSYS LIMITED | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT INFOSYS LIMITED'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Cognizant TriZetto Software Group, Inc. ("TriZetto"), by and through the undersigned counsel, hereby submits these objections and responses to Defendant Infosys Limited's ("Infosys") Requests for Production of Documents, which were served on October 25, 2024 (collectively, the "Requests").

TriZetto asserts each of the following General Objections to the Requests, Objections to Definitions, and Objections to Instructions, which are incorporated into each of the Specific Objections and Responses below. TriZetto reserves the right to supplement its responses and objections and to change any and all objections and responses herein as necessary. The fact that an objection is not contained herein does not constitute a waiver of that objection or preclude TriZetto from raising that objection at a later time. To the extent that TriZetto produces documents, data, or information in response to the Requests, the production is not an admission by TriZetto that such documents, data, or information are relevant or admissible as evidence in the above-captioned litigation (the "Action").

86

## GENERAL OBJECTIONS

1.      TriZetto objects to the Requests (including the Definitions and Instructions), on the grounds and to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of Texas, any other applicable federal or state law, the Court's December 2, 2024 Scheduling Order (the "Scheduling Order"), and any agreements between the Parties (collectively, the "Applicable Authorities"). TriZetto will construe and respond to the Requests in accordance with the Applicable Authorities.

2.      TriZetto objects to each Request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, doctrine, or immunity. Nothing contained in these responses is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent disclosure of such documents shall not be deemed, nor shall it constitute, a waiver of any such privilege or of any other ground for objecting to the discovery or admissibility of such material, its subject matter, or the information contained therein. Any inadvertent disclosure also shall not constitute a waiver of TriZetto's rights to object to the use of such documents during this or any other proceeding.

3.      TriZetto objects to the Requests to the extent they do not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

4.      TriZetto objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and/or call for documents/information that are neither relevant to any

2

Party's claims or defenses nor proportional to the needs of the case, including Requests for "any" and "all" materials pertaining to the information sought.

5.      TriZetto objects to the Requests to the extent that they seek the production of proprietary, competitively sensitive, or confidential business, commercial, financial, personal, consumer, regulatory, or trade secret information of TriZetto or other entities and persons that are not Parties to the Action, including private or confidential information about TriZetto's officers, directors, and employees. TriZetto further objects to the Requests as premature prior to the entry of an appropriate protective order in this Action.

6.      TriZetto objects to the Requests to the extent that they seek the production of materials covered by non-disclosure or confidentiality agreements with third parties or that would violate the privacy interests of others. To the extent TriZetto produces such materials, it will do so subject to any right or obligation to provide affected third parties with notice and an opportunity for them to object to the production.

7.      TriZetto objects to the Requests to the extent that they require TriZetto to provide information not in TriZetto's possession, custody, or control.

8.      TriZetto objects to the Requests to the extent that they purport to impose a burden on TriZetto to produce documents beyond those that might reasonably be located through a good-faith search of locations likely to contain relevant and responsive documents.

9.      TriZetto objects to the Requests to the extent that they seek documents or information that is (i) publicly available, (ii) already in Defendant's possession, custody, or control, and/or (iii) otherwise available from sources to which Defendant already has access.

10.      TriZetto objects to the Requests to the extent that they are argumentative, lack foundation, assume the existence of facts that do not exist or the occurrence of events that did not

take place, or incorporate allegations or characterizations of facts, events, and circumstances that are disputed or erroneous. In objecting and responding to the Requests, TriZetto does not admit the accuracy of any such allegations or characterizations.

11.    TriZetto objects to the Requests to the extent that the expense of the productions sought outweighs their likely benefit, including because such discovery is not proportional to the needs of the case.

12.    TriZetto objects to the Requests to the extent they seek the production of documents, data, or information that is located in jurisdictions subject to data privacy, confidentiality, or other laws that limit or prohibit the transfer of such documents, data, or information outside of the jurisdiction.

13.    Counsel for TriZetto is willing to meet and confer with counsel for Plaintiff to discuss its objections and responses to the Requests in a good-faith attempt to resolve any disagreements between the Parties. To the extent TriZetto responds that it will produce documents in response to any of these Requests, TriZetto is not making an admission that the documents exist or are discoverable. Rather, TriZetto is agreeing to undertake a reasonable, good-faith search for responsive documents, as agreed by the Parties or ordered by the Court, as the documents are maintained in the ordinary course of business, and to produce only those documents that are responsive, not privileged, and not otherwise subject to any objection. TriZetto is not offering or promising to search for and produce every document or piece of information that may exist in its possession, custody, or control, and/or to search for all documents arguably responsive to a particular topic. Subject to privilege and other applicable objections, TriZetto will produce non-privileged documents identified by reasonable searches for documents/information responsive to

the Requests, including searches of the files of specific agreed-upon custodians and/or searches using agreed search terms.

14.     TriZetto will follow any applicable ESI Protocol Order and Protective Order in searching for and producing documents responsive to the Requests.

15.     TriZetto's responses and objections are based upon information presently known to TriZetto. TriZetto reserves all of its rights, and preserves all objections to the Requests, and may assert additional General Objections, Objections to Definitions, Objections to Instructions, and/or Specific Objections to the Requests if or when it supplements its responses and objections.

## OBJECTIONS TO DEFINITIONS

1.     TriZetto objects to all of the Definitions to the extent that they seek to impose obligations that are beyond or different from those imposed by the Applicable Authorities.

2.     TriZetto objects to the definition of "Plaintiff" as vague, ambiguous, overly broad, and unduly burdensome to the extent that the definition purports to include people or entities beyond Plaintiff Cognizant TriZetto Software Group, Inc. These objectionable definitions encompass persons and entities that are neither relevant to any Party's claims or defenses nor proportional to the needs of the case, or that are outside of the named Plaintiff's control. In responding to these Requests, TriZetto will construe the term "Plaintiff" to refer solely to Plaintiff Cognizant TriZetto Software Group, Inc. during the time period relevant to each Request.

3.     TriZetto objects to the definition of "refer" and "relate" as overly broad and unduly burdensome to the extent it expands the scope of a Request to include irrelevant information, and/or purports to impose obligations on TriZetto that are beyond or different from those imposed by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

4.     TriZetto objects to the definition of "Communication(s)" as overly broad and unduly burdensome to the extent that it purports to impose obligations on TriZetto that are beyond

5

or different from those imposed by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

5.      TriZetto objects to the definition of "Document" as overly broad and unduly burdensome to the extent that it purports to impose obligations on TriZetto that are beyond or different from those imposed by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

6.      TriZetto objects to the definition of "Person(s)" as overly broad and unduly burdensome to the extent that it purports to impose obligations on TriZetto that are beyond or different from those imposed by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

7.      TriZetto objects to the definition of "Relating to" as overly broad and unduly burdensome to the extent it expands the scope of a Request to include irrelevant information, and/or purports to impose obligations on TriZetto that are beyond or different from those imposed by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

8.      TriZetto objects to the definition of "You," "Your," and "Cognizant," as vague, ambiguous, overly broad, and unduly burdensome to the extent that the definition purports to include people or entities beyond Plaintiff Cognizant TriZetto Software Group, Inc. These objectionable definitions encompass persons and entities that are neither relevant to any Party's claims or defenses nor proportional to the needs of the case, or that are outside of the named Plaintiff's control. In responding to these Requests, TriZetto will construe the terms "Cognizant," "You," and "Your" to refer solely to Plaintiff Cognizant TriZetto Software Group, Inc. during the time period relevant to each Request.

9.    TriZetto objects to the definition of "QNXT" as vague, ambiguous, overbroad, and seeking irrelevant information unlikely to lead to the discovery of admissible information, in part, because it incorporates undefined aspects of QCSI's "software platform" through its reference to an acquisition that occurred in or around 2006, and further because the definition appears to incorporate aspects of QCSI's software platform that may be unrelated to this litigation.

10.    TriZetto objects to the definition of "Facets" as vague, ambiguous, overbroad, and seeking irrelevant information unlikely to lead to the discovery of admissible information, in part, because it incorporates undefined aspects of the "software platform" that was "acquired" in or around 2000, and further because the definition appears to incorporate aspects of Erisco Managed Care Technologies, Inc.'s ("Erisco") software platform that may be unrelated to this litigation.

11.    TriZetto objects to the definition of "QNXT Adaptor" as vague, ambiguous, overbroad, and seeking irrelevant information unlikely to lead to the discovery of admissible information, in part, because it incorporates vague, ambiguous, and undefined terms, including "interface," "move," and "instances."   TriZetto further objects to the definition of "QNXT Adaptor" to the extent it assumes, mischaracterizes, or misstates certain facts.

## OBJECTIONS TO INSTRUCTIONS

1.    TriZetto objects to all of the Instructions to the extent that they seek to impose obligations on TriZetto that are beyond or different from those imposed by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

2.    TriZetto objects to Instruction No. 2 and to each specific Request incorporating that instruction as overly broad and unduly burdensome to the extent it seeks to impose an obligation on TriZetto to search for and produce documents that are neither relevant to any Party's claims or defenses nor proportional to the needs of the case. TriZetto further objects to Instruction No. 2 and to each specific Request incorporating that instruction to the extent that it purports to impose

obligations on TriZetto beyond those required by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

3.      TriZetto objects to Instruction No. 3 and to each specific Request incorporating that instruction to the extent that it purports to impose obligations on TriZetto beyond those required by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

4.      TriZetto objects to Instruction No. 4 and to each specific Request incorporating that instruction to the extent that it seeks documents that are exempt from discovery or protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, confidentiality agreements, or any other applicable privilege, doctrine, protection, or immunity. Such documents will not be knowingly disclosed. TriZetto further objects to Instruction No. 4 and to each specific Request incorporating that instruction to the extent that it purports to impose obligations on TriZetto beyond those required by the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

5.      TriZetto objects to Instruction No. 5 and to each specific Request incorporating that instruction as overly broad and unduly burdensome, including, but not limited to, the extent that it differs from the Applicable Authorities. TriZetto will comply with the Applicable Authorities.

6.      TriZetto objects to Instruction No. 6 and to each specific Request incorporating that instruction to the extent that it purports to impose obligations on TriZetto that are beyond or different from those imposed by the Applicable Authorities. As noted above and consistent with the Federal Rules of Civil Procedure, TriZetto reserves the right to supplement its responses and objections and to change any and all objections and responses herein as necessary as fact discovery proceeds. The fact that an objection is not contained herein does not constitute a waiver of that objection or preclude TriZetto from raising that objection at a later time.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

All Documents Relating to Your contention that Infosys Limited misappropriated Your trade secret information.

### RESPONSE TO REQUEST NO. 1:

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 2 and 5. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request to the extent that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents responsive to this Request to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

### REQUEST NO. 2:

All Documents Relating to Your contention that Infosys Limited misappropriated Your confidential information.

### RESPONSE TO REQUEST NO. 2:

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1 and 5. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request to the extent that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents responsive to this Request to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 3:**

All Documents Relating to measures Cognizant has taken to protect the confidentiality of its alleged trade secret information.

**RESPONSE TO REQUEST NO. 3:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to the specific trade secret information that Infosys misappropriated. TriZetto further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not

10

**95**

limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request as vague and ambiguous, including because the word "measures," and the phrase "trade secret information," are undefined and uncertain as used in this Request. TriZetto further objects to this Request because it is duplicative of Request Nos. 16, 17, and 18. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the scope of this Request, including specifically what types of documents Infosys is seeking and the relevant time period.

**REQUEST NO. 4:**

All Documents Relating to measures taken by any party other than Cognizant to protect the confidentiality of the trade secret information allegedly misappropriated by Infosys Limited.

**RESPONSE TO REQUEST NO. 4:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret information. TriZetto further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects

to this Request to the extent it purports to require TriZetto to identify and account for "part[ies] other than Cognizant." TriZetto further objects to this Request as vague and ambiguous, including because the word "measures," and the phrase "trade secret information," are undefined and uncertain as used in this Request. TriZetto further objects to this Request on the grounds it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 5:**

All Documents Relating to Your investigation into whether Infosys Limited misappropriated Your supposed trade secrets.

**RESPONSE TO REQUEST NO. 5:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1 and 2. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection, including because it seeks documents relating to TriZetto's "investigation" of its legal claims against Infosys.

TriZetto incorporates by reference its responses to Request Nos. 1 and 2.

**REQUEST NO. 6:**

All Documents Relating to Your contention that Infosys Limited breached the Customer A NDAA.

**RESPONSE TO REQUEST NO. 6:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." For purposes of these responses, TriZetto will construe "Customer A" to mean the Customer A referenced in the Complaint filed by TriZetto in this Action on August 23, 2024. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents responsive to this Request to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 7:**

All Documents Relating to Your contention that Infosys Limited breached the Customer B NDAA.

**RESPONSE TO REQUEST NO. 7:**

13

**98**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." For purposes of these responses, TriZetto will construe "Customer B" to mean the Customer B referenced in the Complaint filed by TriZetto in this Action on August 23, 2024. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents responsive to this Request to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 8:**

All Documents Relating to Your contention that Infosys Limited breached the Customer C NDAA.

**RESPONSE TO REQUEST NO. 8:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." For purposes of these responses, TriZetto will construe "Customer C" to mean the Customer C referenced in the Complaint filed by TriZetto in this Action on August 23, 2024.

TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents responsive to this Request to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 9:**

All Documents Relating to Your contention that Infosys Limited breached the Customer D NDAA.

**RESPONSE TO REQUEST NO. 9:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." For purposes of these responses, TriZetto will construe "Customer D" to mean the Customer D referenced in the Complaint filed by TriZetto in this Action on August 23, 2024. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's

15

**100**

possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents responsive to this Request to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 10:**

All Documents Relating to the drafting and negotiation of the Customer A NDAA.

**RESPONSE TO REQUEST NO. 10:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 11:**

All Documents Relating to the drafting and negotiation of the Customer B NDAA.

**RESPONSE TO REQUEST NO. 11:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 12:**

All Documents Relating to the drafting and negotiation of the Customer C NDAA.

**RESPONSE TO REQUEST NO. 12:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in

TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 13:**

All Documents Relating to the drafting and negotiation of the Customer D NDAA.

**RESPONSE TO REQUEST NO. 13:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 14:**

All Documents Relating to Your contention that Infosys Limited engaged in unfair competition in violation of the Lanham Act.

18

**RESPONSE TO REQUEST NO. 14:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it requests "[a]ll Documents." TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents responsive to this Request to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 15:**

All Communications Relating to Infosys Limited's Helix product.

**RESPONSE TO REQUEST NO. 15:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Communications." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's

possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

## REQUEST NO. 16:

All written agreements (including but not limited to non-disclosure agreements and confidentiality agreements, and service agreements) that require confidential treatment of information or documentation Relating to QNXT or Facets.

## RESPONSE TO REQUEST NO. 16:

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request to the extent it seeks information not relevant to any party's claim or defense. TriZetto further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case. TriZetto further objects to this Request because it is duplicative of Request Nos. 3, 17, and 18.  TriZetto further objects to this Request as vague and ambiguous, including because the terms "treatment," "information," and "documentation" are uncertain and undefined. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the scope of this Request, including specifically what types of documents Infosys is seeking and the relevant time period.

**REQUEST NO. 17:**

All written agreements (including but not limited to non-disclosure agreements and confidentiality agreements, and service agreements) that govern or restrict access to QNXT or Facets.

**RESPONSE TO REQUEST NO. 17:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense. TriZetto further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case. TriZetto further objects to this Request because it is duplicative of Request Nos. 3, 16, and 18.  TriZetto further objects to this Request as vague and ambiguous, including because the terms "govern," "restrict," and "access" are uncertain and undefined. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the scope of this Request, including specifically what types of documents Infosys is seeking and the relevant time period.

**REQUEST NO. 18:**

All Documents Relating to intellectual property or protection of confidential information included in the closing documents from the November 2014 agreement that resulted in Cognizant acquiring QNXT and Facets.

**RESPONSE TO REQUEST NO. 18:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense. TriZetto objects to this Request as irrelevant and unduly burdensome because it is seeking documents and information concerning matters that occurred more than ten years ago. TriZetto further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 3, 16, and 17.  TriZetto further objects to this Request as vague and ambiguous, including because the terms "closing set of documents," "intellectual property," "protection," and "acquiring" and the phrase "confidential information" are uncertain and undefined. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 19:**

All Documents Relating to Your acquisition of confidential or trade secret information Relating to QNXT.

**RESPONSE TO REQUEST NO. 19:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request as vague and ambiguous, including because the term "acquisition" and the phrase "confidential or trade secret information" are uncertain and undefined. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

**108**

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 20:**

All Documents Relating to Your acquisition of confidential or trade secret information Relating to Facets.

**RESPONSE TO REQUEST NO. 20:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request as vague and ambiguous, including because the term "acquisition" and the phrase "confidential or trade secret information" are uncertain and undefined. TriZetto further objects to this Request to the extent that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 21:**

All Documents Relating to Your contention that the information identified in response to Interrogatory No. 1 constitutes trade secrets.

**RESPONSE TO REQUEST NO. 21:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Documents." TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to the Request as vague and ambiguous, including to the extent it fails to describe the information sought by this Request with reasonable particularity. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show the trade secrets identified in response to Interrogatory No. 1 and supplementations thereto, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 22:**

All Documents Relating to the independent economic value of the information identified as trade secrets in response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 22:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Documents." TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to the Request because it is duplicative of Request No. 21. TriZetto further objects to the Request as vague and ambiguous, including to the extent it fails to describe the information sought by this Request with reasonable particularity. TriZetto further objects to the phrase "independent economic value" as ambiguous and for the purpose of responding to this Request, TriZetto will interpret the phrase in a manner consistent with the applicable law. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show the value of the trade secrets identified in response to Interrogatory No. 1 and supplementations thereto, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 23:**

All Documents reflecting or Relating to Infosys Limited's access to the information identified as trade secrets in response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 23:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll Documents." TriZetto further objects to the Request as vague and ambiguous, including because the terms "reflecting" and "access" are uncertain and undefined. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show trade secret information that Infosys acquired directly from TriZetto to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 24:**

All Documents reflecting or Relating to ownership of the information identified as trade secrets in response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 24:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not

relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to the Request as vague and ambiguous, including because the terms "reflecting" and "ownership" are uncertain and undefined. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

## REQUEST NO. 25:

All Documents Relating to the QNXT Adaptor, including documents reflecting or Relating to any investigation regarding the same.

## RESPONSE TO REQUEST NO. 25:

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to the Request as vague and ambiguous, including because the terms

"reflecting" and "investigation" are uncertain and undefined. TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, and 5. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 26:**

All Documents Relating to Your allegation that "Infosys created the QNXT Adaptor improperly and without authorization."

**RESPONSE TO REQUEST NO. 26:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, and 25. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information

protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 27:**

All Documents Relating to Your allegation that "Infosys created a replica of the QNXT database or a modified version of the QNXR database."

**RESPONSE TO REQUEST NO. 27:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, 25, and 26. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 28:**

All Documents Relating to Your allegation that "Infosys could not have created a replica of the QNXT database, nor a modified version of the QNXT database" "[w]ithout access to TriZetto Confidential Information and Trade Secret Information."

**RESPONSE TO REQUEST NO. 28:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, 25, 26, and 27. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 29:**

All Documents Relating to Your allegation that "Infosys used the replica of the QNXT database to store information extracted from QNXT."

**RESPONSE TO REQUEST NO. 29:**

31

**116**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, and 25-28. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 30:**

All Documents Relating to Your allegation that "Infosys created a mapping of database tables from QNXT to Helix entities."

**RESPONSE TO REQUEST NO. 30:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, and 25-29. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to

this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 31:**

All Documents Relating to Your allegation that "Infosys exceeded its authorized access to TriZetto's Confidential Information and Trade Secret Information in the development of The QNXT Adaptor."

**RESPONSE TO REQUEST NO. 31:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, and 25-30. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

33

**118**

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 32:**

All Documents Relating to Your allegation that "Infosys obtained an unfair commercial advantage in competing against TriZetto, thereby harming TriZetto."

**RESPONSE TO REQUEST NO. 32:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, and 25-31. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 33:**

All Documents Relating to Your allegation that the "QNXT Adaptor caused reputational harm to TriZetto in the market and will continue to do so."

**RESPONSE TO REQUEST NO. 33:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, and 25-32. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 34:**

All Documents Relating to Your allegation that Customer B attributed "technical difficulties" with the QNXT Adaptor to TriZetto's technology.

**RESPONSE TO REQUEST NO. 34:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, and 25-33. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to

this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 35:**

All Documents Relating to Your allegation that Infosys Limited offered the QNXT Adaptor to clients other than the client identified as Customer B in the Complaint.

**RESPONSE TO REQUEST NO. 35:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, 5, and 25-34. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 25.

**REQUEST NO. 36:**

All Documents Relating to any analysis regarding the impact that Infosys Limited's Helix product will have on future sales of QNXT or Facets.

**RESPONSE TO REQUEST NO. 36:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request as vague and ambiguous, including because the terms "analysis" and "impact" are uncertain and undefined. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show any analysis regarding the impact that Infosys's Helix product will have on future sales of QNXT or Facets to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 37:**

All Documents Relating to whether Infosys Limited's Helix product is a "competitive" software product or "software that is marketed in the health care industry for purposes of processing health care claims and associated functionality."

**RESPONSE TO REQUEST NO. 37:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, in particular, because this Request seeks information concerning Infosys's own product, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show whether Infosys's Helix product is a "competitive" software product to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 38:**

All Documents Relating to the Infosys Business Assurance Store, including documents reflecting or Relating to any investigation into the same.

**RESPONSE TO REQUEST NO. 38:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request because it is duplicative of Request No. 39. TriZetto further objects to this Request as vague and ambiguous, including because the terms "reflecting" and "investigation" are uncertain and undefined. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, in particular, because this Request seeks information concerning Infosys's own product, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

39

**124**

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 39:**

All Communications Relating to the Infosys Business Assurance Store, including but not limited to any investigation into, evaluation of, or response to the Business Assurance Store.

**RESPONSE TO REQUEST NO. 39:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Communications." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request because it is duplicative of Request No. 38. TriZetto further objects to this Request as vague and ambiguous, including because the terms "investigation," "evaluation," and "response" are uncertain and undefined. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

**REQUEST NO. 40:**

All Documents reflecting or Relating to Your "discovery" of the Business Assurance Store, including as alleged in Paragraph 58 of the Complaint.

**RESPONSE TO REQUEST NO. 40:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request as vague and ambiguous, including because the term "reflecting" is uncertain and undefined. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents supporting the allegations in paragraph 58 of TriZetto's Complaint in this

Action, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 41:**

All Documents Relating to Your allegation that Infosys Limited "would not have been able to develop" the Business Assurance Store "without improper access to and use of TriZetto's Confidential Information and Trade Secret Information."

**RESPONSE TO REQUEST NO. 41:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, and 5. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1 and 2.

**REQUEST NO. 42:**

All Documents Relating to Your allegation that "Infosys is now utilizing, offering, selling and distributing to third parties, including TriZetto's current and potential Facets and QNXT customers, the Test Cases that Infosys created."

**RESPONSE TO REQUEST NO. 42:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, and 5. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, in particular, because this Request seeks information concerning Infosys's own product, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1 and 2.

**REQUEST NO. 43:**

All Documents Relating to Your allegation that the Business Assurance Store repository "is highly valuable to Infosys and its prospective and current customers."

**RESPONSE TO REQUEST NO. 43:**

43

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, in particular, because this Request seeks information concerning Infosys's own product, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show the value of the Infosys Business Assurance Store, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 44:**

All Documents Relating to Your allegation that "TriZetto's customers and prospective customers would not have considered Infosys a legitimate competitor to TriZetto for testing without" the Business Assurance Store.

**RESPONSE TO REQUEST NO. 44:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request because it is duplicative of Request Nos. 1, 2, and 5. TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 1, 2, and 5.

**REQUEST NO. 45:**

All Documents Relating to Your allegation that "Infosys posted the advertisement for the 'Infosys Business Assurance Store' in or around 2020."

**RESPONSE TO REQUEST NO. 45:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it mischaracterizes the allegations in the Complaint, or takes the allegations out of context. TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, in particular, because this Request seeks information concerning Infosys's own acts, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show information responsive to this Request, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 46:**

All Documents Relating to any harm, loss, or damages allegedly suffered by Cognizant due to the alleged misappropriation of trade secret information by Infosys Limited.

**RESPONSE TO REQUEST NO. 46:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show any TriZetto customer of the relevant software and/or services that has transitioned its software and/or services to Infosys, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 47:**

All Documents Relating to any harm, loss, or damages allegedly suffered by Cognizant due to alleged breach of contract by Infosys Limited.

**RESPONSE TO REQUEST NO. 47:**

47

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show TriZetto customers of the relevant software and/or services that has transitioned its software and/or services to Infosys, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 48:**

All Documents Relating to any harm or loss suffered by Cognizant due to Infosys Limited's alleged Lanham Act violations.

**RESPONSE TO REQUEST NO. 48:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not

48

in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show any TriZetto customer of the relevant software and/or services that has transitioned its software and/or services to Infosys, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 49:**

All Documents Relating to any analysis of the value of the supposed trade secret information identified in Your response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 49:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request as vague and ambiguous, including because the term "analysis" is uncertain and undefined. TriZetto further objects to this Request to the extent it seeks

information not in TriZetto's possession, custody, or control, and to the extent it seeks information

that is publicly available or is equally available to Infosys. TriZetto further objects to this Request

on the grounds that it calls for the disclosure of information protected from disclosure by the

attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense

privilege, or other applicable privilege or protection. TriZetto further objects to this Request to the

extent it would require the production of information as to which TriZetto owes a duty of

confidentiality or nondisclosure under Texas and/or federal law. TriZetto further objects to this

Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that

are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto will produce non-

privileged documents relating to TriZetto's analysis of the value of the trade secrets identified in

response to Interrogatory No. 1, to the extent such documents are within its possession, custody,

or control, and subject to a reasonable search.

**REQUEST NO. 50:**

All Documents Relating to any unprotected disclosure by any party of the supposed trade

secret information identified in Your response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 50:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to

this Request as overly broad, unduly burdensome, and not proportional to the needs of the case,

including because it is not limited by a time period relevant to the merits of this case and seeks

"[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not

relevant to any party's claim or defense, including to the extent it calls for information that is

unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information.

50

TriZetto further objects to this Request as vague and ambiguous, including because the term "unprotected" is uncertain and undefined. TriZetto further objects to this Request because it is duplicative of Request No. 3. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection. TriZetto further objects to this Request on the grounds that it prematurely calls for legal contentions and/or expert opinions that are more appropriately the subject of expert disclosure and discovery in this litigation.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the scope of this Request, including specifically what types of documents Infosys is seeking and the relevant time period.

**REQUEST NO. 51:**

All Documents containing or Relating to any of Your company policies that relate to the protection of confidential or trade secret information.

**RESPONSE TO REQUEST NO. 51:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information.

51

TriZetto further objects to this Request as vague and ambiguous, including because the terms "containing" and "protection" and the phrase "confidential or trade secret information" are uncertain and undefined. TriZetto further objects to this Request because it is duplicative of Request No. 3. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents sufficient to show TriZetto's policies related to the protection of confidential and trade secret information for the period of January 1, 2016 to the present, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

**REQUEST NO. 52:**

All Documents Relating to any allegation by You that any party has improperly disclosed confidential or trade secret information Relating to QNXT.

**RESPONSE TO REQUEST NO. 52:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information.

TriZetto further objects to this Request as vague and ambiguous, including because the terms "improperly" and "disclosed" and the phrase "confidential or trade secret information" are uncertain and undefined. TriZetto further objects to this Request because it is duplicative of Request Nos. 3 and 50. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 3 and 50.

**REQUEST NO. 53:**

All Documents Relating to any allegation by You that any party has improperly disclosed confidential or trade secret information Relating to Facets.

**RESPONSE TO REQUEST NO. 53:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request as vague and ambiguous, including because the terms "improperly" and "disclosed" and the phrase "confidential or trade secret information" are

uncertain and undefined. TriZetto further objects to this Request because it is duplicative of Request Nos. 3 and 50. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 3 and 50.

**REQUEST NO. 54:**

All Documents Relating to any efforts by Quality Care Solutions, Inc. to protect confidential or trade secret information Relating to QNXT.

**RESPONSE TO REQUEST NO. 54:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request as vague and ambiguous, including because the phrase "confidential or trade secret information" is uncertain and undefined. TriZetto further objects to this Request because it is duplicative of Request No. 3. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent

54

**139**

it seeks information that is publicly available or is equally available to Infosys. TriZetto further

objects to this Request on the grounds that it calls for the disclosure of information protected from

disclosure by the attorney-client privilege, attorney work product doctrine, common interest

doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows:

TriZetto incorporates by reference its responses to Request No. 3.

**REQUEST NO. 55:**

All Documents Relating to any efforts by TriZetto Group, Inc. (or any related TriZetto

company) to protect confidential or trade secret information Relating to QNXT or Facets.

**RESPONSE TO REQUEST NO. 55:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to

this Request as overly broad, unduly burdensome, and not proportional to the needs of the case,

including because it is not limited by a time period relevant to the merits of this case and seeks

"[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not

relevant to any party's claim or defense, including to the extent it calls for information that is

unrelated to Infosys's misappropriation of TriZetto's trade secret information. TriZetto further

objects to this Request as vague and ambiguous, including because the term "efforts" and the

phrases "related TriZetto company" and "confidential or trade secret information" are uncertain

and undefined. TriZetto further objects to this Request because it is duplicative of Request Nos. 3,

51, 53, and 54. TriZetto further objects to this Request to the extent it seeks information not in

TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly

available or is equally available to Infosys. TriZetto further objects to this Request on the grounds

that it calls for the disclosure of information protected from disclosure by the attorney-client

privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto responds as follows: TriZetto incorporates by reference its responses to Request Nos. 3, 51, 53, and 54.

**REQUEST NO. 56:**

All Documents that constitute communications between You and any of Your customers Relating to Your allegation that Infosys Limited misappropriated Your trade secret information.

**RESPONSE TO REQUEST NO. 56:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by a time period relevant to the merits of this case and seeks "[a]ll Documents." TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request to the extent it seeks information not in TriZetto's possession, custody, or control, and to the extent it seeks information that is publicly available or is equally available to Infosys. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto is willing to meet and confer to discuss the relevance and scope of this Request, including specifically what types of documents Infosys is seeking.

56

**141**

**REQUEST NO. 57:**

All Documents identified in, or relied on in connection with, Your responses to any Interrogatories served by Infosys, to the extent not produced in response to any of the above requests.

**RESPONSE TO REQUEST NO. 57:**

TriZetto incorporates its General Objections as if fully set forth herein. TriZetto objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. TriZetto further objects to this Request to the extent it seeks information not relevant to any party's claim or defense, including to the extent it calls for information that is unrelated to Infosys's misappropriation of TriZetto's trade secret or confidential information. TriZetto further objects to this Request on the grounds that it calls for the disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, TriZetto will produce non-privileged documents responsive to this Request, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search.

Dated:  December 23, 2024

GIBSON DUNN, & CRUTCHER LLP

*/s/ L. Kieran Kieckhefer*

L. Kieran Kieckhefer (*admitted pro hac vice*)
Elizabeth McCloskey (*admitted pro hac vice*)
Christina E. Myrold (*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: 415.393.8200
kkieckhefer@gibsondunn.com
emcCloskey@gibsondunn.com
cmyrold@gibsondunn.com

Betty Yang (State Bar No. 24088690)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: 214.698.3226
byang@gibsondunn.com


Ahmed ElDessouki (*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: 212.351.2345
aeldessouki@gibsondunn.com

*Attorneys for Plaintiff Cognizant TriZetto*
*Software Group, Inc.*

**143**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2024, a true and correct copy of the foregoing

document was served on all counsel of record.

<u>*/s/ Ahmed ElDessouki*</u>

59