# EXHIBIT 11

353 N. CLARK STREET CHICAGO, IL 60654-3456                                    JENNER&BLOCK LLP

December 31, 2024

Lindsey Lusk
Tel +1 312 840 7367
LLusk@jenner.com

**VIA EMAIL**

Ahmed ElDessouki
Gibson Dunn
200 Park Avenue
New York, NY 10166

Re:   *Cognizant v. Infosys*, Case No. 3:24-cv-2158 (N.D. Tex. 2024)

Dear Ahmed:

In advance of the discovery meet and confer discussion requested by Infosys, we write to address certain deficiencies in Cognizant's discovery responses as well as to raise concerns with certain discovery requests Cognizant served to Infosys.

## Cognizant's Amended Rule 26 Disclosures

On December 17, 2024, Infosys requested to meet and confer regarding Cognizant's deficient Rule 26 Initial disclosures, which identified only a single witness with purported knowledge, a handful of categories of documents, and declined to provide a calculation of damages, contrary to the Rule's requirements. On December 23, 2024, Cognizant amended its initial disclosures to include additional witnesses with "knowledge of certain claims." The amendment remains deficient.

## Cognizant's Responses to Requests for Production

**Request for Production Nos. 3, 4, 10-13, 15-20, 24, 25, 38, 39, 50, 52-54 and 56:** In responding to these Requests, Cognizant refused to agree to produce responsive documents and instead offered to meet and confer, or incorporated responses to other Requests that only offered to meet and confer, to further discuss these Requests. Infosys requests the Parties now meet and confer on each of these Requests.

**Request for Production Nos. 5, 26-35, 41, 42, 44, and 55:** In responding to these Requests, Cognizant incorporated by reference responses to other Requests. But these incorporated responses are not fully responsive to each new Request.

December 31, 2024
Page 2

**Request for Production Nos. 21-23, 36, 37, 43, 45-48, and 51[1]:** In response to these Requests, Cognizant only offers to produce documents "sufficient to show," or a subset of the requested documents, despite the fact that each Request asked for "all documents."

**Request for Production No. 40:** In its response to this Request, Cognizant agrees only to produce "non-privileged documents *supporting* the allegations in paragraph 58 of TriZetto's Complaint in this Action, to the extent such documents are within its possession, custody, or control, and subject to a reasonable search." (Emphasis added.) Infosys is also entitled to everything "Relating" to the requested information, whether that information supports or undermines Cognizant's allegations.

**Request for Production Nos. 21-23, and 49:** In responding to these Requests, Cognizant refers Infosys to Cognizant's response to Infosys's Interrogatory No. 1. As set forth below, Cognizant's response to Interrogatory No. 1 is deficient because Cognizant has failed to properly identify its purported trade secrets. Thus, any response referring to the Interrogatory No. 1 response is meaningless.

**Cognizant's Interrogatory Responses[2]**

**Interrogatory No. 1**: This Interrogatory requested that Cognizant "identify with specificity each trade secret you contend Infosys Limited misappropriated." In responding to this Interrogatory, Cognizant cites to and quotes allegations from its Complaint. It provides no new or additional information. Further, Cognizant continues to identify every aspect of Cognizant software as a trade secret, extending that definition even to "contracts between TriZetto and its clients." We have repeatedly raised this issue, including in Infosys's Motion to Dismiss under Rule 12 and at our initial Rule 26 meet and confer on October 24, 2024. Cognizant is obviously sticking with its improper assertion that all aspects of its products are trade secrets misappropriated by Infosys. This continued approach is improper and fails to identify what is truly at issue in the case.

**Interrogatory No. 2**: This Interrogatory requested that Cognizant "Identify all persons who have at any point in time accessed the information you identify as trade secrets in response to Interrogatory No. 1." Cognizant declined to respond to this interrogatory on the basis that, among other things, it was overly broad and not calculated to lead to the discovery of relevant information. The accessibility of Cognizant's alleged trade secrets is clearly relevant as it goes directly to the question of whether the information was in fact maintained as secret. Cognizant has the burden to show it took reasonable precautions to protect its alleged trade secrets, as you know.

---

[1] Cognizant's response also improperly limits the time period to January 1, 2016 to present, despite the fact that, as explained in Infosys's Motion to Dismiss, the information is relevant for the life of the supposed trade secret.

[2] To date, Infosys has not received verified Interrogatory responses from Cognizant. Thus, these responses as a whole are deficient.

150

December 31, 2024
Page 3

**Interrogatory No. 3:** This Interrogatory requested that Cognizant "describe in detail all measures that have been taken to protect the confidentiality of the information you identify as trade secrets in response to Interrogatory No. 1." Again, as you know, Cognizant has the burden to show it took reasonable precautions to protect its alleged trade secrets. In responding to this Interrogatory, Cognizant cites to and/or verbatim quotes allegations from its Complaint. It provides little, if any, new or additional information. Please confirm there is no additional responsive information in Cognizant's possession, custody, or control. Further, Cognizant's response appears to speak only to current measures. It does not describe the measures Cognizant has taken over time and when those measures were taken.

**Interrogatory No. 4:** This Interrogatory requested that Cognizant "Identify all persons with knowledge of any facts Relating to Your contention that Infosys Limited misappropriated Your trade secrets." In responding to this Interrogatory, Cognizant cites only two names of people who "may have knowledge of information responsive to this Interrogatory." Infosys requests that Cognizant confirm that it is not aware of any other individuals with knowledge of the misappropriation alleged in the Complaint.

**Interrogatory No. 5:** This Interrogatory requested that Cognizant "state all facts supporting Your contention that Infosys Limited misappropriated Your trade secrets." In responding to this Interrogatory, Cognizant cites to and/or verbatim quotes allegations from its Complaint, which is vague and based on assumptions. It provides little, if any, new or additional information. Please confirm there is no additional responsive information in Cognizant's possession, custody, or control.

**Interrogatory No. 6:** This Interrogatory requested that Cognizant "state all facts supporting Your contention that the November 19, 2018 Non-Disclosure and Access Agreement between You and Infosys Limited relating to Molina Healthcare, Inc. did not authorize Infosys Limited to create the QNXT Adaptor for Molina Healthcare, Inc." In responding to this Interrogatory, Cognizant cites to and/or verbatim quotes allegations from its Complaint, which does not include responsive information. Cognizant's answer is thus vague and non-responsive.

**Interrogatory No. 8:** This Interrogatory requested that Cognizant "explain why You waited until August 2024 to assert legal claims against Infosys based on the QNXT Adaptor that You have known about for several years." This Interrogatory is relevant to Infosys's potential defenses, including waiver and estoppel, among others. In responding to this Interrogatory, Cognizant declined to respond, instead offering to meet and confer while failing to explain why Cognizant does not understand the Interrogatory or why it is objectionable such that an outright refusal to answer is appropriate.

**Interrogatory No. 9:** This Interrogatory requested that Cognizant "state all facts supporting Your contention that You own each purported trade secret identified in response to Interrogatory No. 1." In responding to this Interrogatory, Cognizant only states that it acquired various companies

December 31, 2024
Page 4

who purportedly own the information at issue. Cognizant failed to identify any agreements governing those acquisitions or explain why those acquisitions included ownership of all intellectual property.

**Cognizant's Discovery Requests**

**Interrogatory Nos. 1-4, 7, and 8:** These Interrogatories contain compound and distinct requests. Infosys would like to understand whether Cognizant wants it to answer each distinct subpart, which would count toward the 25-interrogatory limit, set forth by Federal Rule of Civil Procedure 33, or if Cognizant would like to narrow the scope of requested information in each interrogatory.

**Request for Production Nos. 4-12, 21, 24, and 28:** These Requests seek documents far beyond the relevant scope of the claims and defenses in this case, including documents relating to Infosys's confidential business operations.

**Request for Production Nos. 32-35, 36, 38, and 39:** These Requests fail to satisfy the particularity standards required by the Federal Rules of Civil Procedure and the Northern District of Texas.

Finally, as discussed above, Cognizant improperly asserts that every aspect of its software is a trade secret at issue in this case. Cognizant's overbroad definition makes Cognizant's discovery requests overbroad, unduly burdensome, and disproportionate to the needs of the case. The improper definition also causes the requests to seek irrelevant documents.

- **Interrogatory Nos. 1-3:** Cognizant's use of its overbroad definition of trade secret in these Interrogatories make them over broad and unduly burdensome. The improper definition also causes the request to seek irrelevant information.

- **Requests for Production Nos. 1-3, and 32-34:** Cognizant's use of its overbroad definition of Confidential Information in these Requests make them over broad and unduly burdensome. The improper definition also causes the request to seek irrelevant documents.

- **Request for Production Nos. 13-20, 26, and 27:** In these Requests, Cognizant seeks broad details about Infosys's Helix software as well the adaptor constructed for Molina. Such broad requests to disclose significant amounts of competitively sensitive information are improper until Infosys knows what is actually at issue in this case. The improper scope of the request also causes the request to seek irrelevant documents.

- **Request for Production Nos. 23, 25, 29, and 30:** In these Requests, Cognizant seeks broad details about Infosys's customers / competition for IT services. Such broad requests to disclose significant amounts of competitively sensitive information are improper until Infosys knows what is actually at issue in this case.

152

December 31, 2024
Page 5

Infosys remains willing to meet and confer on these issues, as is its duty, in hopes of finding amicable solutions.

Sincerely,

Lindsey Lusk