# EXHIBIT 12

353 N. CLARK STREET CHICAGO, IL 60654-3456                    JENNER & BLOCK LLP

January 9, 2025

Lindsey Lusk
Tel +1 312 840 7367
LLusk@jenner.com

**VIA EMAIL**

Ahmed ElDessouki
Gibson Dunn
200 Park Avenue
New York, NY 10166

Re:   *Cognizant v. Infosys*, Case No. 3:24-cv-2158 (N.D. Tex. 2024)

Ahmed:

I'm following up on our meet and confer from January 3, 2025. Given that we did not make it through all of the issues we need to meet and confer on, we agreed to continue the meet and confer this week, which we have scheduled for tomorrow, January 10, 2025.

With respect to the issues we were able to discuss, below is our understanding of those issues and the Parties' positions.

**Cognizant's Amended Initial Disclosures.**

We stated that it is our position that Cognizant's disclosures remain deficient because Cognizant (1) fails to identify clearly relevant categories of documents it may have in its possession, and (2) Cognizant has failed to disclose its computation of damages, as required by Rule 26. It is our understanding that you are discussing the documents disclosure with your team but that you believe your damages disclosure is sufficient. Given that Rule 26 requires a computation of each category of damages claimed by the disclosing party, we disagree.

**Cognizant's Responses to Infosys's RFPs Offering to Meet and Confer**

Cognizant did not dispute the relevance of any of Infosys's requests during our January 3 meet and confer.[1] Instead, it baldly asserted that Infosys's requests are overbroad and burdensome and sought to shift the burden to Infosys to narrow its requests by identifying the specific documents it is seeking in response to each request. As we explained, we will not do that. To the extent Cognizant is refusing to produce documents on the ground that the requests are overly burdensome, it is Cognizant's burden to explain and justify its objection. As we repeatedly explained, to the

---

[1] The January 3, 2025, meet and confer specifically covered Infosys's RFP Nos. 3-4, 10-13, 15-20, 24-25, and 38.

January 9, 2025
Page 2

extent you have concrete examples of the specific burden with respect to any particular request, and why you believe it renders the request disproportionate, we encourage you to share that information with us so that we can work with you to tailor the request, to the extent appropriate. For example, your assertion that there are more than 350,000 employment agreements responsive to Request No. 24 was helpful, so that we could explain we were not seeking production of each individual employment agreement and are willing to work with you on potential alternative approaches such as exemplars or copies of the company's various form agreements. In contrast, general claims of burden or hypotheticals are unhelpful. With respect to the Requests we discussed, we understand the following:

- **Request for Production No. 3:** You stated that this Request was overbroad on its face. We disagree given that the requested documents are directly relevant to a key element of Cognizant's trade secret claims, on which Cognizant bears the burden of proof. We asked you to justify your claim of burden with facts but recognized that the Parties may be at an impasse on this request.

- **Request for Production No. 4:** We confirmed that this Request is limited to documents within Cognizant's possession, custody, or control, including documents relating to measures taken by prior owners of the purported trade secrets. You said you would take that clarification back to your team and follow up with us on your position.

- **Request for Production Nos. 10-13:** You asked us whether these Requests would encompass documents relating to revisions to form NDAAs that Cognizant creates and maintains in the ordinary course of business, and which may form the basis of the specifically referenced NDAAs or are limited to negotiations concerning the specific NDAAs with Infosys's name on them. You maintain that the former is more burdensome than the latter. We are discussing further internally and will follow up with you on this Request.

- **Request for Production No. 15:** You claimed that this Request is overly burdensome and insisted that we identify what specifically related to Helix Infosys is looking for, suggesting the request would otherwise require a company-wide search of more than 350,000 email accounts. Your alternative proposal, a search limited to the four custodians identified in Cognizant's Rule 26 disclosures, was equally unreasonable.  We made clear that we are asking Cognizant to conduct a reasonable search for responsive documents. We asked for you to confirm whether Cognizant is willing to do that and noted that the Parties could further discuss what a reasonable search might look like with respect to custodians and search terms. You advised us that you would take this back to your team to discuss.

- **Request for Production Nos. 16 and 17:** You stated that these Requests are burdensome with respect to the number of agreements Cognizant would have to collect and an obligation to provide third-party notices before production. We agreed to consider whether

156

January 9, 2025
Page 3

samples would be sufficient, but also asked you to provide additional information as to Cognizant's claims of burden.

- **Request for Production No. 18:** You stated that this Request was vague as to "intellectual property" and asked whether it would include internal analyses or drafts. We explained that it is limited on its face to the closing documents from the November 2014 transaction in which Cognizant acquired QNXT and Facets. We asked whether you would produce the closing documents. You said you would take that back to your team to discuss further.

- **Request for Production Nos. 19 and 20:** You stated that these Requests are broad on their face. We asked you to explain the specific burden, given the clear relevance to Cognizant's claims. You stated generally that M&A deals involve voluminous documents and emails. We asked you to explain to us what types of responsive documents exist, and whether certain categories of relevant documents may be maintained in centralized files or repositories (e.g., an M&A file, a data room, etc.) so we could better understand the purported burden. You agreed to look into that so we can further discuss this Request.

- **Request for Production No. 24:** You asked how this Request differs from RFP No. 18. We explained that it would include other agreements (besides the 2014 acquisition agreements), or documents related to the ownership of the purported trade secrets. You indicated that the employment agreement of every company employee would be responsive and repeatedly expressed concerns about burden and confidentiality. As explained during our meeting and above, Infosys is not insisting on production of 350,000+ individual employment agreements. To the extent a large number of employment agreements (or all) are responsive, Infosys would likely agree to production of copies of the various employment agreement iterations used by the company, along with any other agreements or documents that relate to ownership of the alleged trade secrets that form the basis of Cognizant's claims. Please let us know if this resolves the issue and whether you will amend your response to agree to produce responsive documents located after a reasonable search.

- **Request for Production Nos. 25 and 38:** You expressed concern that there may be overlap between these Requests and others. We explained that these Requests go to the heart of the case and the existence of a potential overlap is not a basis to withhold production of responsive documents. Aside from being purportedly duplicative, you appeared to agree that these requests seek discoverable information. It is our understanding that Cognizant will amend its responses to confirm that it agrees to produce responsive documents located after a reasonable search.

157

January 9, 2025
Page 4

**Cognizant's Specification of Trade Secrets**

We reiterated our concern that Cognizant has not sufficiently specified its purported trade secrets in its response to Infosys's Interrogatory No. 1. Relatedly, Cognizant takes an equally broad and improper approach to defining Confidential Information and Trade Secrets in its discovery requests to Infosys, and in Cognizant's Complaint. We asked if Cognizant would agree to amend its response to Interrogatory No. 1 to identify the purported trade secrets it alleges Infosys misappropriated. You advised that Cognizant's position is that it has sufficiently identified its trade secrets. You also stated that Cognizant intends to serve a supplemental trade secret disclosure and acknowledged that would "streamline discovery"—but refused to state when Cognizant will do so, except to say that it will be after Infosys responds to discovery served by Cognizant. We asked whether you would agree to extend Infosys's current deadline to respond to Cognizant's discovery until after Cognizant serves its amended response to Interrogatory No. 1. You declined, insisting Cognizant's trade secret identification should not "hold up" discovery. As we communicated during the meet and confer discussion, previously stated during our prior meet and confer, and briefed in our Rule 12 motion, we respectfully disagree with Cognizant's position.

Please let me know if we misunderstood your position with respect to any of the above. We look forward to continuing our meet and confer tomorrow.

Sincerely,

Lindsey Lusk

158