# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INFOSYS LIMITED,<br><br>Defendant.<br><br>INFOSYS LIMITED,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,<br><br>Counterclaim Defendants. | Case No. 3:24-cv-2158-X<br><br><br>**INFOSYS LIMITED'S ANSWERS AND OBJECTIONS TO COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S FIRST SET OF INTERROGATORIES TO INFOSYS LIMITED** |

Defendant Infosys Limited ("Infosys"), by and through its attorneys, pursuant to Federal Rule of Civil Procedure 33, hereby provides its objections and answers to the First Set of Interrogatories served to Infosys by Plaintiff Cognizant TriZetto Software Group, Inc. ("Cognizant"). Infosys objects to and respectfully rejects the instructions contained in the interrogatories, particularly to the extent that they seek to impose obligations on Infosys beyond what is required by the Federal Rules of Civil Procedure. Infosys will instead comply with the instructions in Federal Rule of Civil Procedure 33, as well as other relevant rules and case law.

1

Interrogatory No. 1

Identify each individual affiliated with Infosys (including, without limitation, any employee, contractor, officer, director, attorney, and agent) that has or had access to any TriZetto Confidential Information, and for each individual, identify the date that he or she was provided with access, the reason that individual was provided with access, the duration of such access, and how access was provided and terminated.

Response to Interrogatory No. 1

Infosys objects on the ground that this interrogatory calls for the disclosure of information subject to the attorney-client privilege and attorney work-product doctrine. Infosys will not, in response to this interrogatory, identify legal counsel or expert witnesses or consultants who have access to information, including information Cognizant wrongly alleges in its Complaint is confidential or trade secret information of Cognizant. Infosys, including its legal counsel and experts, will comply with the expert discovery disclosure schedule and any disclosure obligations imposed by the Federal Rules of Civil Procedure and the Confidentiality Protective Order entered by the Court in this case.

Infosys objects to this interrogatory as vague and overbroad because it seeks to force Infosys to identify persons who have had access to Cognizant's supposed confidential and trade secret information as those terms are improperly defined in Cognizant's interrogatories, Complaint, and Cognizant's improper response to Infosys's Interrogatory No. 1. Cognizant's Complaint and discovery papers allege wrongly that all information related to its products is confidential and trade secret information of Cognizant. Much of the information related to those products is not confidential or trade secret information of Cognizant, such as information that has been or is publicly available, information that was provided to Infosys and others without any confidentiality

protections, and information that has no value. Identifying all Infosys employees who have accessed Cognizant's products at any point in time would place a substantial burden on Infosys, cost a large amount of money and time, and lead largely to irrelevant information while providing Cognizant with a confidential list of Infosys employees. The burden of compliance is not proportionate to the needs of the case and far outweighs the benefit of the interrogatory as drafted, based on the improper identification of Cognizant's supposed trade secret as all information related to two products that have been around for decades. Infosys will not respond to this interrogatory until Cognizant has properly identified the supposed trade secrets at issue in this case.

Infosys objects that this interrogatory is vague and overbroad as to time period because it is unclear that alleged trade secrets are actually at issue in this case. The Parties can negotiate the appropriate time period once Cognizant properly specifies its alleged trade secrets.

Infosys objects that this interrogatory is compound because the "first subpart can be answered fully and completely without answering the [other] subpart[s]," thus "they are considered [] separate interrogatories." *Garza v. Altaire Pharmaceuticals, Inc.*, 2021 WL 3809102, at *3 (N.D. Tex. 2021). These compound requests are distinct and count toward the limit on the total number of interrogatories a party may propound, which is 25 as set forth in Federal Rule of Civil Procedure 33. Cognizant's Interrogatory No. 1 is, in reality, six distinct interrogatories. After Cognizant properly identifies the supposed trade secrets actually at issue in this case, Infosys will respond to the first interrogatory within Interrogatory No. 1 and, through the meet and confer process, inquire as to whether Cognizant wants to limit Interrogatory No. 1 to its first distinct subpart, or seek answers to all of the six distinct interrogatories and count Interrogatory No. 1 as six interrogatories of the 25 interrogatory limit in Federal Rule of Civil Procedure 33.

Infosys objects to this interrogatory as overbroad and vague because it seeks information regarding any party that is affiliated with Infosys, including contractors and other so-called affiliates that are not identified in the interrogatory. This interrogatory is also objectionable because it seeks information in the hands of third parties, such as contractors or other third parties affiliated with Infosys, whatever that means. After Cognizant properly identifies the supposed trade secrets actually at issue in this case, Infosys's response will identify Infosys employees who have accessed the particular information Cognizant alleges constitutes the supposed trade secrets of Cognizant misappropriated by Infosys.

Infosys objects that Interrogatory No. 1 was served at the outset of the discovery process before the parties have produced any documents. Infosys's investigation into the vague allegations made by Cognizant in its Complaint is ongoing, as is its review of documents, and the company reserves the right to supplement its answer to Interrogatory No. 1 as more information becomes available.

Interrogatory No. 2

For each individual identified in Your response to Interrogatory No. 1, describe (i) the individual's role with Infosys, (ii) the type of TriZetto Confidential Information the employee had access to, and (iii) whether the individual was involved in developing, managing, marketing, testing, or selling Infosys commercial software products that are or were ever competitive with TriZetto products.

Response to Interrogatory No. 2

Infosys objects that Interrogatory No. 2, by incorporating Interrogatory No. 1, similarly calls for the disclosure of information subject to the attorney-client privilege and attorney work-product doctrine. Infosys will not, in response to Interrogatory No. 2 or Interrogatory No. 1,

identify legal counsel or expert witnesses or consultants who have accessed information that Cognizant has wrongly claimed to be confidential or trade secret information of Cognizant. Infosys, and its legal counsel and experts, will comply with the expert discovery disclosure schedule and any disclosure obligations imposed by the Federal Rules of Civil Procedure and the Confidentiality Protective Order entered by the Court in this case.

Infosys objects to Interrogatory No. 2 as vague and overbroad because it incorporates Interrogatory No. 1, which asks Infosys to identify persons who have had access to Cognizant's supposed confidential and trade secret information as those terms are defined in Cognizant's interrogatories, Complaint, and Cognizant's improper response to Infosys's Interrogatory No. 1. But the definitions of those terms crafted by Cognizant are improperly vague and overbroad, asserting for example that all information regarding two products is confidential or trade secret information. Much of the information related to the products plainly is not the confidential or trade secret information of Cognizant. In addition, the allegations of misappropriation in the Complaint relate solely to test cases and an adaptor product provided to a single customer. There are no misappropriation claims in the Complaint other than those. The burden of compliance is not proportionate to the needs of the case and far outweighs the benefit of the interrogatory as drafted, based on the improper identification of Cognizant's supposed trade secret as all information related to two products that have been around for decades. Infosys will not respond to this interrogatory until Cognizant has properly identified the supposed trade secrets at issue in this case.

Infosys objects that Interrogatory No. 1 is overbroad as to time, is incorporated into Interrogatory No. 2, and both are thus overbroad and seek information not relevant to the claims or defenses in the case.

Infosys objects that Interrogatory No. 2 is compound because the "first subpart can be answered fully and completely without answering the [other] subpart[s]," thus "they are considered [] separate interrogatories." *Garza v. Altaire Pharmaceuticals, Inc.*, 2021 WL 3809102, at *3 (N.D. Tex. 2021). These compound requests are distinct and each distinct interrogatory within Interrogatory No. 2 counts toward the 25 interrogatory limit as set forth in Federal Rule of Civil Procedure 33. Interrogatory No. 2 is, in reality, three interrogatories. After Cognizant properly identifies the supposed trade secrets actually at issue in this case, Infosys will respond to the first subpart of Interrogatory No. 2 and, through the meet and confer process, inquire as to whether Cognizant wants to limit Interrogatory No. 2 to its first subpart, or count Interrogatory No. 2 as three interrogatories toward the 25-interrogatory limit contained in Federal Rule of Civil Procedure 33.

Infosys objects that Interrogatory No. 2 is overbroad and vague because it incorporates Interrogatory No. 1 and thus seeks information regarding any party affiliated with Infosys, including contractors and others, as the objection is explained above. After Cognizant properly identifies the supposed trade secrets actually at issue in this case, Infosys's response will provide information related to any Infosys employees it identifies in response to Interrogatory No. 1

Infosys also objects that this interrogatory was served at the outset of the discovery process. Infosys's investigation into the vague allegations made by Cognizant is ongoing. Infosys is still reviewing documents related to Cognizant's allegations. It reserves the right to supplement its answer to this interrogatory as more information becomes available.

Interrogatory No. 3

Identify all central network locations, including within product development document repositories (e.g., Jira or Confluence) within Infosys containing TriZetto Confidential Information, and for each location, identify all individuals that were authorized to access such location.

Response to Interrogatory No. 3

Infosys objects to Interrogatory No. 3 on the ground it is vague and ambiguous as to the terms "product development document repositories" and "TriZetto Confidential Information." Infosys further objects that this interrogatory is vague and overly broad based on its use of definitions that are overly broad and its reference to Cognizant's Complaint, which is similarly vague and overbroad in asserting which information is supposedly confidential and trade secret information of Cognizant. Cognizant's Complaint, and discovery papers, alleges wrongly that all information related to its products is confidential and trade secret information of Cognizant. Much of the information related to those products is not confidential or trade secret information of Cognizant. In addition, the allegations of misappropriation in the Complaint relate solely to test cases and an adaptor product provided to a single customer.

Infosys also objects to Interrogatory No. 3 to the extent that it seeks confidential information that is not relevant to the claims or defenses in this case, including the location of information unrelated to Facets or QNXT or the test cases or adaptor discussed in the Complaint. Infosys's response is limited to the subject areas addressed in the Complaint, such as test cases and the adaptor it created for a single customer.

Infosys further objects that this interrogatory is compound because the "first subpart can be answered fully and completely without answering the [other] subpart[s]," thus "they are considered [] separate interrogatories." *Garza v. Altaire Pharmaceuticals, Inc.*, 2021 WL 3809102,

at *3 (N.D. Tex. 2021). These compound requests are distinct, and each distinct subpart counts toward the 25 interrogatory limit in Federal Rule of Civil Procedure 33. Interrogatory No. 3 is, in reality, two interrogatories. Infosys will respond to the first subpart of Interrogatory No. 3 and, through the meet and confer process, inquire as to whether Cognizant wants to limit Interrogatory No. 3 to its first subpart, or count Interrogatory No. 3 as two interrogatories toward the 25 interrogatory limit in Federal Rule of Civil Procedure 33.

Infosys also objects that Interrogatory No. 3 was served at the outset of the discovery process. Infosys's investigation into the vague allegations made by Cognizant is ongoing and it is still reviewing relevant documents. Infosys reserves the right to supplement its answer to this interrogatory as more information becomes available.

Based on the foregoing, Infosys will not respond to this Interrogatory. After Cognizant properly identifies the supposed trade secrets actually at issue in this case, Infosys's response will identify central locations within Infosys containing the particular information Cognizant alleges constitutes the supposed trade secrets of Cognizant misappropriated by Infosys.

Interrogatory No. 4

Identify all Test Cases related to any TriZetto software that were included in the Infosys Business Assurance Store at any period of time, and for each Test Case, identify the date the Test Case was first added to the Infosys Business Assurance Store.

Response to Interrogatory No. 4

Infosys objects to Interrogatory No. 4 because it is overly broad and unduly burdensome to the extent it seeks identification of "*all* Test Cases related to *any* TriZetto software . . . at *any* period of time*" (emphasis added). Infosys similarly objects as to relevancy. The allegations of misappropriation in the Complaint relate solely to test cases and an adaptor product provided to a

single customer. There are no misappropriation claims in the Complaint other than those. The only software implicated by these allegations are QNZT and Facets. Accordingly, Infosys's answer to Interrogatory No. 4 will likewise address test cases related to those two products. Infosys also objects to the term "Test Cases" as vague and ambiguous, particularly because it is circular.

Infosys further objects to Interrogatory No. 4 as compound because the "first subpart can be answered fully and completely without answering the [other] subpart[s]," thus "they are considered [] separate interrogatories." *Garza v. Altaire Pharmaceuticals, Inc.*, 2021 WL 3809102, at *3 (N.D. Tex. 2021). Interrogatory No. 4 is, in reality, two interrogatories. Infosys will respond to the first subpart of Interrogatory No. 4 and, through the meet and confer process, inquire as to whether Cognizant wants to limit Interrogatory No. 4 to its first subpart, or count Interrogatory No. 4 as two interrogatories toward the 25 interrogatory limit in Federal Rule of Civil Procedure 33.

Infosys also objects that its investigation and document review are ongoing, and it reserves the right to supplement its answer to this interrogatory as more information becomes available.

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status off the proposed order. Following the entering of a Confidentiality Protective Order in this case, Infosys will identify test cases related to Facets or QNXT were created by Infosys employees and posted to the Business Assurance Store, which it has identified based on a reasonable search to date.

Interrogatory No. 5

For every Test Case identified in Your response to Interrogatory No. 4, identify all persons involved in the creation or development of such Test Case.

Response to Interrogatory No. 5

Infosys objects to Interrogatory No. 5 on the grounds it is vague and ambiguous as to the term "involved." Infosys further objects to this Interrogatory to the extent that it, when combined with Interrogatory No. 4, seeks information that is not relevant to the claims or defenses in this case, including information regarding test cases unrelated to Facets. Infosys also objects to the term "Test Cases" as vague and ambiguous, particularly because it is circular.

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status off the proposed order. Following the entering of a Confidentiality Protective Order in this case, Infosys will identify Infosys employees that were primarily responsible for curating the test cases identified in response to Interrogatory No. 4, which Infosys has located after a reasonable search to date.

Interrogatory No. 6

Identify the individuals most knowledgeable about the development, creation, marketing, and promotion of Test Cases related to any TriZetto software that are contained in the Infosys Business Assurance Store.

Response to Interrogatory No. 6

Infosys objects to Interrogatory No. 6 on the grounds that it seeks identification of persons with the most knowledge related to test cases unrelated to the products identified in Cognizant's Complaint. The interrogatory is overbroad and seeks information not relevant to the claims or defenses in this case. Infosys also objects to Interrogatory No. 6 as duplicative of Interrogatory No. 5. Infosys further objects that this interrogatory was served as discovery has just begun. Infosys's investigation and document review is ongoing, and it reserves the right to supplement its answer to this interrogatory as more information becomes available. Infosys also objects to the term "Test Cases" as vague and ambiguous, particularly because it is circular.

Based on a reasonable investigation to date, Infosys employees with substantial knowledge regarding the development, creation, marketing, and promotion of test cases related to Facets or QNXT contained in the Business Assurance Store include, but are not limited to, Ravi Kumar S, Rajneesh Malviya, Manisha Saboo, and Aparna Ekambaram.

Interrogatory No. 7

Identify all tools created by Infosys to integrate any TriZetto software with any Infosys software, and the circumstances surrounding the creation of each such tool.

Response to Interrogatory No. 7

Infosys objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous as to the terms "tools" and "circumstances." Infosys further objects to this interrogatory as overly broad,

11

170

unduly burdensome, and seeking information not relevant to the claims or defenses in this case, to the extent it seeks "*all*" "tools" (whatever that means) related to "*any* TriZetto software" at any point in time (emphasis added). The only allegations in Cognizant's Complaint relate to test cases for Facets and QNXT and an adaptor Infosys developed at the request of its client, Molina, and Infosys's responses are limited to those two subjects s.

Infosys similarly objects on the ground that Infosys objects on the ground that Cognizant has refused to properly state which trade secret information is supposedly at issue in this case. Cognizant has instead asserted wrongly that all information regarding two products is confidential or trade secret information. Much of the information related to the products plainly is not the confidential or trade secret information of Cognizant. Infosys respectfully reserves the right to amend its response after Cognizant provides a proper specification of the supposed trade secrets at issue in this case.

Infosys further objects that this interrogatory is compound because the "first subpart can be answered fully and completely without answering the [other] subpart[s]," thus "they are considered [] separate interrogatories." *Garza v. Altaire Pharmaceuticals, Inc.*, 2021 WL 3809102, at *3 (N.D. Tex. 2021). These compound requests are distinct, and each distinct subpart counts toward the 25 interrogatory limit in Federal Rule of Civil Procedure 33. Interrogatory No. 7 is, in reality, two interrogatories. Infosys will respond to the first subpart of Interrogatory No. 7 and, through the meet and confer process, inquire as to whether Cognizant wants to limit Interrogatory No. 7 to its first subpart, or count it as two interrogatories toward the 25 interrogatory limit in Federal Rule of Civil Procedure 33.

Infosys developed a system integration tool, which has been referred to as an adaptor, at Molina's request to allow Molina's version of QNXT to interface with Molina's version of Infosys Helix, used for member enrollment.

Interrogatory No. 8

Identify each individual affiliated with Infosys that was involved in any way in the development, sale, or marketing of the QNXT Adaptor or any other tool identified in Your response to Interrogatory No. 7, and identify the individuals most knowledgeable.

Response to Interrogatory No. 8

Infosys objects to Interrogatory No. 8 on the grounds that it is vague and ambiguous as to the terms "affiliated," "involved," and "tool," and because it does not specify the topic as to which it seeks "individuals most knowledgeable." Infosys further objects to this Interrogatory as overly broad and unduly burdensome, and not seeking information within the possession of Infosys, to the extent it seeks identification of individuals who have been "affiliated' with Infosys and involved in "*any* way" in the "development, marketing, or sale" of not only the Adaptor," but also "*any* other tool" (emphasis added). The interrogatory also seeks information not relevant to the claims or defenses in this case because it seeks information beyond the test cases and adaptor and two Cognizant products discussed in the Complaint. There are no misappropriation claims in the Complaint other than those two vague claims regarding test cases and an adaptor made for a single client, and thus Infosys's interrogatory response is properly limited to those subject areas.

Infosys further objects that Interrogatory No. 8 is compound because the "first subpart can be answered fully and completely without answering the [other] subpart[s]," thus "they are considered [] separate interrogatories." *Garza v. Altaire Pharmaceuticals, Inc.*, 2021 WL 3809102, at *3 (N.D. Tex. 2021). These compound requests are distinct, and each distinct subpart

counts toward the 25 interrogatory limit in Federal Rule of Civil Procedure 33. Interrogatory No. 8 is, in reality, five interrogatories. Infosys will respond to the first subpart of Interrogatory No. 8 and, through the meet and confer process, inquire as to whether Cognizant wants to limit Interrogatory No. 8 to its first subpart, or count Interrogatory No. 8 as multiple interrogatories toward the 25 interrogatory limit in Federal Rule of Civil Procedure 33.

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status off the proposed order. Following the entering of a Confidentiality Protective Order in this case, Infosys will identify the Infosys employees involved in the development of the adaptor developed for Molina, which it has located based on a reasonable search to date.

Dated: January 13, 2025

Respectfully submitted,

JENNER & BLOCK LLP

By: _/s/ Brent Caslin_
Brent Caslin (*pro hac vice*)
Nick Saros (*pro hac vice* pending)
Kelly M. Morrison (*pro hac vice*)
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel.: (213) 239-5100
BCaslin@jenner.com
NSaros@jenner.com
KMorrison@jenner.com

Shoba Pillay (*pro hac vice*)
Paul B. Rietema (Bar. No. 24133324)
Laura E. Pelanek (*pro hac vice*)
Lindsey A. Lusk (*pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
SPillay@jenner.com
PRietema@jenner.com
LPelanek@jenner.com
LLusk@jenner.com

Douglas E. Litvack (*pro hac vice* pending)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
DLitvack@jenner.com

*Attorneys for Defendant and Counterclaim Plaintiff Infosys Limited*

## **VERIFICATION**

I, Vadiraj Guttal, am Vice President & Business Head of Helix at Infosys Limited. I have read the document titled **INFOSYS LIMITED'S ANSWERS AND OBJECTIONS TO COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S FIRST SET OF INTERROGATORIES TO INFOSYS LIMITED**. I believe, based on reasonable inquiry, that the answers in the document are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct. Executed on January 13, 2025.



_____
Vadiraj Guttal

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2025, I caused a true and correct copy of the foregoing **INFOSYS LIMITED'S ANSWERS AND OBJECTIONS TO COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S FIRST SET OF INTERROGATORIES TO INFOSYS LIMITED**, to be served by electronic mail to all counsel of record.

/s/ *Brent Caslin*
Brent Caslin (*pro hac vice*)
