# EXHIBIT 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158-X <br><br><br> **DEFENDANT INFOSYS LIMITED'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

Defendant Infosys Limited ("Infosys"), by and through its attorneys, hereby provides its Responses and Objections to the First Set of Requests for Production of Documents from Plaintiff Cognizant TriZetto Software Group, Inc. ("Cognizant").

Infosys objects to and respectfully rejects the instructions contained in the requests for production, particularly to the extent that they seek to impose obligations on Infosys beyond what is required by the Federal Rules of Civil Procedure. Infosys will comply with Federal Rule of Civil Procedure 34, as well as other relevant rules and case law.

178

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All TriZetto Confidential Information in Your possession.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Infosys objects to the phrase "TriZetto Confidential Information" as used in Request No. 1. The phrase is defined overbroadly and further includes the defined phrase "TriZetto Trade Secret Information," which incorporates the vague and overbroad references to supposed confidential and trade secret information in Cognizant's Complaint. Using these overbroad definitions, this request for production seeks documents related to *every* aspect of Facets or QNXT as supposed confidential or trade secret information, including information that is not confidential or trade secret information of Cognizant, such as publicly available information, information with no value, and information developed by Infosys. The improper definitions also cause the request for production to seek documents irrelevant to the issues in this case because the Complaint only contains allegations regarding test cases related to Facets or QNXT and an adaptor product created for one mutual client. The request is thus vague, ambiguous, overbroad, and burdensome, and seeks documents neither relevant to nor proportional to the actual claims and defenses in the case. Before responding to this request for production, Infosys sought a meet-and-confer discussion with Cognizant and requested again that Cognizant properly define the supposed trade secret information at issue in this case. Cognizant refused to do so. Infosys will not produce documents in response to Request No. 1 until Cognizant properly identifies the supposed trade secret information at issue in the case so the parties know what the actual issues are and can determine what information and documents are relevant and proportional to the needs of the case.

2

Infosys objects to the extent that Request No. 1 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. While Request No. 1 appears on its face to seek documents containing the supposedly confidential information of Cognizant, the request's use of the improperly defined phrase "TriZetto Confidential Information," which incorporates another improperly defined phrase and through it the faulty trade secret description in the Complaint (which wrongly claims all information related to multiple Cognizant products is trade secret information), requests the production of all documents related to multiple products that have been in the market for decades. Much of that information is not confidential or trade secret information of Cognizant and includes documents containing attorney-client communications and attorney work-product regarding Infosys's business and its work for customers. Infosys will not produce any privileged documents in response to Request No. 1.

Infosys objects to Request No. 1 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 1 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 1 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 2:**

All communications attaching, including, forwarding, referencing, or discussing TriZetto Confidential Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Infosys objects that Request No. 2 is duplicative of Request No. 1.

Infosys objects to the phrase "TriZetto Confidential Information" as used in Request No. 2. The phrase is defined overbroadly and further includes the defined phrase "TriZetto Trade Secret Information," which incorporates the vague and overbroad references to supposed confidential and trade secret information in Cognizant's Complaint. Using these overbroad definitions, this request for production seeks documents related to *every* aspect of Facets or QNXT as supposed confidential or trade secret information, including information that is not confidential or trade secret information of Cognizant such as publicly available information, information with no value, and information developed by Infosys. The improper definitions also cause the request for production to seek documents irrelevant to the issues in this case because the Complaint only contains allegations regarding test cases related to Facets or QNXT test cases and an adaptor product created for one mutual client. The request is thus vague, ambiguous, overbroad, and burdensome, and seeks documents neither relevant to nor proportional to the actual claims and defenses in the case. Before responding to this request for production, Infosys sought a meet-and-confer discussion with Cognizant and requested again that Cognizant properly define the supposed trade secret information at issue in this case. Cognizant refused to do so. Infosys will not produce documents in response to Request No. 2 until Cognizant properly identifies the supposed trade secret information at issue in the case so the parties know what the actual issues are and can determine what information and documents are relevant and proportional to the needs of the case.

4

Infosys objects to the extent that Request No. 2 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. While Request No. 2 appears on its face to seek documents containing the supposedly confidential information of Cognizant, the request's use of the improperly defined phrase "TriZetto Confidential Information," which incorporates another improperly defined phrase and through it the faulty trade secret description in the Complaint (which wrongly claims all information related to multiple Cognizant products is trade secret information), requests the production of all documents related to multiple products that have been in the market for decades. Much of that information is not confidential or trade secret information of Cognizant and it includes documents containing attorney-client communications and attorney work-product regarding Infosys's business and its work for customers. Infosys will not produce any privileged documents in response to Request No. 2.

Infosys objects to Request No. 2 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 2 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 2 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify each individual affiliated with Infosys that was provided with access to TriZetto Confidential Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Infosys objects that Request No. 3 is duplicative of Interrogatory Nos. 1 and 2, which will result (after Cognizant properly defines its supposed trade secrets) in the production of documents containing the names of Infosys personnel involved in that relevant conduct.

Infosys objects to the phrase "TriZetto Confidential Information" as used in Request No. 3. The phrase is defined overbroadly and further includes the defined phrase "TriZetto Trade Secret Information," which incorporates the vague and overbroad references to supposed confidential and trade secret information in Cognizant's Complaint. Using these overbroad definitions, this request for production seeks documents related to *every* aspect of Facets or QNXT as supposed confidential or trade secret information, including information that is not confidential or trade secret information of Cognizant such as publicly available information, information with no value, and information developed by Infosys. The improper definitions also cause the request for production to seek documents irrelevant to the issues in this case because the Complaint only contains allegations regarding test cases related to Facets or QNXT test cases and an adaptor product created for one mutual client. The request is thus vague, ambiguous, overbroad, and burdensome, and seeks documents neither relevant to nor proportional to the actual claims and defenses in the case. Before responding to this request for production, Infosys sought a meet-and-confer discussion with Cognizant and requested again that Cognizant properly define the supposed trade secret information at issue in this case. Cognizant refused to do so. Infosys will not produce documents in response to Request No. 3 until Cognizant properly identifies the supposed trade

6

**183**

secret information at issue in the case so the parties know what the actual issues are and can determine what information and documents are relevant and proportional to the needs of the case.

Infosys objects to the extent that Request No. 3 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. While Request No. 3 appears on its face to seek documents containing the supposedly confidential information of Cognizant, the request's use of the improperly defined phrase "TriZetto Confidential Information," which incorporates another improperly defined phrase and through it the faulty trade secret description in the Complaint (which wrongly claims all information related to multiple Cognizant products is trade secret information), requests the production of all documents related to multiple products that have been in the market for decades. Much of that information is not confidential or trade secret information of Cognizant and it includes documents containing attorney-client communications and attorney work-product regarding Infosys's business and its work for customers. Infosys will not produce any privileged documents in response to Request No. 3.

Infosys objects to Request No. 3 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 3 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to

supplement its response to Request No. 3 as more information becomes available, including information relating to persons who worked on relevant projects.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show all Test Cases in Your custody, possession, or control that relate to any TriZetto software application, including copies of all such Test Cases and relevant source code, technical documentation, engineering notes, manuals, instructions, and guides.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Infosys objects to Request No. 4 to the extent it is duplicative of multiple prior requests for production in light of Cognizant's overbroad definition of TriZetto Confidential Information and TriZetto Trade Secret Information.

Infosys objects to this request to the extent that it seeks the identification of all Test Cases that relate to any Cognizant software application as overbroad, irrelevant, and unduly burdensome. Infosys further objects to this request to the extent that it seeks information that is irrelevant to the Complaint, including test cases which are unrelated to Facets or QNXT, or were not posted to the Business Assurance Store, but are part of Infosys' confidential business operations. The Complaint also contains no allegation that Infosys has ever had access to source code of Cognizant. Infosys will not produce documents related to products other than the test cases related to Facets or QNXT which were posted in the Business Assurance Store as alleged in the Complaint. Infosys will also not produce source code in response to Request No. 4.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to

Request for Production No. 4 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 4 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 4.

Infosys objects to Request No. 4 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 4 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 4 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning the development, creation, marketing, and promotion of the "repository . . . of 1 million test cases" that Infosys advertised on its website, as described in paragraph 51 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Infosys objects that Request No. 5 seeks documents far beyond those relevant to the claims and defenses in the case, including documents relating to the confidential business operations of Infosys. Infosys objects to this request to the extent that it seeks the identification of "all" documents as overbroad, cumulative, unduly burdensome, and not proportional to the needs of the

case. Infosys will not produce documents in response to Request No. 5 that are not related to the test cases related to Facets or QNXT which were posted in the Business Assurance Store as alleged in the Complaint.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 5 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 5 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 5.

Infosys objects to Request No. 5 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 5 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 5 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning the development, creation, marketing, and promotion of the Infosys Business Assurance Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Infosys objects that Request No. 6 is duplicative of Request No. 5.

Infosys objects that Request No. 6 seeks documents far beyond those relevant to the claims and defenses in the case, including documents relating to the confidential business operations of Infosys. Infosys objects to this request to the extent that it seeks the identification of "all" documents related to the Business Assurance Store as overbroad, cumulative, unduly burdensome, and not proportional to the needs of the case. Infosys will not produce documents in response to Request No. 6 that are not related to the test cases related to Facets or QNXT which were posted in the Business Assurance Store as alleged in the Complaint.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 6 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 6 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 6.

Infosys objects to Request No. 6 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not

produce expert related documents in response to Request No. 6 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 6 as more information becomes available.

## REQUEST FOR PRODUCTION NO. 7:

All documents concerning the creation or development of Test Cases for any TriZetto software application, including but not limited to Your decision to create such Test Cases and the materials or information You used to create such Test Cases.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Infosys objects to Request No. 7 to the extent it is duplicative of other Requests for Production, including Request Nos. 4, 5, and 6.

Infosys objects that Request No. 7 seeks documents far beyond those relevant to the claims and defenses in the case, including documents relating to the confidential business operations of Infosys. Infosys objects to this request to the extent that it seeks the identification of "all" documents as overbroad, cumulative, unduly burdensome, and not proportional to the needs of the case. Infosys will not produce documents in response to Request No. 7 that are not related to the test cases related to Facets or QNXT which were posted in the Business Assurance Store as alleged in the Complaint.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and

overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 7 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 7 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 7.

Infosys objects to Request No. 7 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 7 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 7 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning the advertisement, marketing, promotion, distribution, commercialization, or sale of Your capability to provide Test Cases, testing services, and/or test tools for any TriZetto software application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Infosys objects to Request No. 8 to the extent it is duplicative of several other Requests for Production.

Infosys objects that Request No. 8 seeks documents far beyond those relevant to the claims and defenses in the case, including documents relating to the confidential business operations of Infosys. The only test cases identified in the Complaint are test cases related to Facets or QNXT in the Business Assurance Store while this request for production seeks documents far beyond those test cases such as other unspecified testing services and test tools. Infosys also objects to this request to the extent that it seeks the identification of "all" documents as overbroad, cumulative, unduly burdensome, and not proportional to the needs of the case. In response to Request No. 8, Infosys will not produce documents that are not related to the test cases related to Facets or QNXT which were posted in the Business Assurance Store as alleged in the Complaint.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 8 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 8 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 8.

Infosys objects to Request No. 8 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 8 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert

14

disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 8 as more information becomes available.

## REQUEST FOR PRODUCTION NO. 9:

All agreements and draft agreements between You and any third party concerning any Test Cases relating to any TriZetto software.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Infosys objects to Request No. 9 to the extent it is duplicative of other Requests for Production, including Request Nos. 4, 5, 6, 7, and 8.

Infosys objects that Request No. 9 is vague and ambiguous and appears to seek the production of documents far beyond those relevant to the claims and defenses in the case, including documents relating to the confidential business operations of Infosys. The only test cases identified in the Complaint are test cases related to Facets or QNXT in the Business Assurance Store. Infosys objects to this request to the extent that it seeks the identification of "all" documents as overbroad, cumulative, unduly burdensome, and not proportional to the needs of the case. In response to Request No. 9, Infosys will not produce documents that are not related to the test cases related to Facets or QNXT in the Business Assurance Store as alleged in the Complaint.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to

Request for Production No. 9 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 9 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 9.

Infosys objects to Request No. 9 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 9 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 9 as more information becomes available.

Although its search for responsive documents is ongoing, at this time Infosys is not aware of any agreements or draft agreements related to test cases for Facets or QNXT in the Business Assurance Store.

16

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to any agreements between You and any third party concerning any Test Cases relating to any TriZetto software, including documents concerning the negotiations of such agreements and provision of services under such agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Infosys objects to Request No. 10 to the extent it is duplicative of other Requests for Production, including Request Nos. 4, 5, 7, 8, and 9.

Infosys objects that Request No. 10 seeks documents far beyond those relevant to the claims and defenses in the case, including documents relating to the confidential business operations of Infosys. The only test cases identified in the Complaint are test cases related to Facets or QNXT in the Business Assurance Store. Infosys objects to this request to the extent that it seeks the identification of "all" documents as overbroad, cumulative, unduly burdensome, and not proportional to the needs of the case. In response to Request No. 10, Infosys will not produce documents that are not related to the test cases related to Facets or QNXT in the Business Assurance Store as alleged in the Complaint.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 10 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

17

Infosys objects to the extent that Request No. 10 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 10.

Infosys objects to Request No. 10 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 10 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 10 as more information becomes available.

Although its search for relevant documents is ongoing, at this time Infosys is not aware of any agreements or draft agreements related to test cases related to Facets or QNXT in the Business Assurance Store.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning Your use of any Test Case related to any TriZetto software application, including to provide any services to any customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Infosys objects to Request No. 11 to the extent it is duplicative of other Requests for Production, including Request Nos. 4, 8, and 10.

Infosys objects that Request No. 11 seeks documents far beyond those relevant to the claims and defenses in the case, including documents relating to the confidential business

operations of Infosys. The only test cases identified in the Complaint are test cases related to Facets or QNXT in the Business Assurance Store. Infosys objects to this request to the extent that it seeks the identification of "all" documents as overbroad, cumulative, unduly burdensome, and not proportional to the needs of the case. In response to Request No. 11, Infosys will not produce documents that are not related to the test cases related to Facets or QNXT in the Business Assurance Store alleged in the Complaint.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 11 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 11 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 9.

Infosys objects to Request No. 11 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 11 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 11 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 12:**

All communications concerning any Test Cases relating to any TriZetto software application, including internal communications and external communications with customers or other third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Infosys objects to this Request to the extent it is duplicative of other Requests for Production, including Request Nos. 4, 8, 9, 10, and 11.

Infosys objects that Request No. 12 seeks documents far beyond those relevant to the claims and defenses in the case, including documents relating to the confidential business operations of Infosys. The only test cases identified in the Complaint are test cases related to Facets or QNXT in the Business Assurance Store. Infosys objects to this request to the extent that it seeks the identification of "all" documents as overbroad, cumulative, unduly burdensome, and not proportional to the needs of the case. In response to Request No. 12, Infosys will not produce documents that are not related to the test cases related to Facets or QNXT in the Business Assurance Store discussed in the Complaint.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to

20

Request for Production No. 12 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 12 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 12.

Infosys objects to Request No. 12 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 12 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 12 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 13:**

A copy of all source code, all technical documentation, all user manuals, instructions, and guides relating to the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Infosys objects to Request No. 13 to the extent that it seeks the production of documents, including documents related to Infosys's confidential operations, that is irrelevant to the Complaint, specifically given that Cognizant does not allege that Infosys had access to QNXT source code. Infosys will not produce source code to Cognizant in response to Request No. 13.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 13 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

A reasonable reading of Request No. 13 does not call for the production of privileged documents or expert documents but, out of an abundance of caution, Infosys objects and will not produce any privileged documents or expert witness documents in response to Request No. 13. Infosys is not withholding any documents based on this objection but only protecting privilege and the expert process in the event Cognizant seeks to read it to require the production of privileged or expert documents.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 13 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning the creation and development of the QNXT Adaptor, including but not limited to Your decision to create the QNXT Adaptor and the materials or information You used to create the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Infosys objects to Request No. 14 to the extent it is duplicative of other Requests for Production, including Request No. 13. Additionally, Infosys objects to this request to the extent that it seeks the production of documents that contain information confidential to Infosys and/or

third parties and irrelevant to the claims and defenses at issue in this case. In response to Request No. 14, Infosys will not produce source code to Cognizant.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 14 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 14 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 14.

Infosys objects to Request No. 14 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 14 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 14 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning the advertisement, marketing, promotion, distribution, commercialization, or sale of the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Infosys objects that Request No. 15 is overbroad and vague. Additionally, Infosys objects to this request to the extent that it seeks the production of documents that contain information confidential to Infosys and/or third parties and irrelevant to the claims and defenses at issue in this case.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 15 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 15 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 15.

Infosys objects to Request No. 15 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 15 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 15 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning the use of the QNXT Adaptor by You, Molina Healthcare, Inc., or any third party, including without limitation documents concerning any assistance that You provided related to the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Infosys objects to Request No. 16 to the extent it is duplicative of previous Requests for Production. Additionally, Infosys objects to this request to the extent that it seeks the production of documents that contain information confidential to Infosys and/or third parties and irrelevant to the claims and defenses at issue in this case.

Infosys objects that Request No. 16 is vague and overbroad in seeking all documents regarding on-going confidential operations of Infosys that do not relate to the issues in the case. It would be unduly burdensome and not proportional to the legitimate needs of the case to produce all documents regarding day-to-day operations in connection with Infosys's work for Molina. Infosys will not produce all documents relating to its operations and day-to-day work for Molina but will seek to meet and confer with Cognizant and determine which documents Cognizant is looking for and are legitimately relevant to and proportional to the needs of the case. Those documents likely would be produced in response to other requests for production.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 16 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 16 seeks the production of documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 16.

Infosys objects to Request No. 16 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 16 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 16 as more information becomes available.

## REQUEST FOR PRODUCTION NO. 17:

All communications concerning the QNXT Adaptor, including internal communications and external communications with customers, prospective customers, or other third parties.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Infosys objects to Request No. 17 to the extent it is duplicative of other Requests for Production, including Request Nos. 14, 15, and 16. Additionally, Infosys objects to this request to the extent that it seeks the production of documents that contain information confidential to Infosys and/or third parties and irrelevant to the claims and defenses at issue in this case.

Infosys objects that Request No. 17 is vague and overbroad in seeking all documents regarding on-going confidential operations of Infosys that do not relate to the issues in the case. It would be unduly burdensome and not proportional to the legitimate needs of the case to produce

all documents regarding day-to-day operations in connection with Infosys's work for Molina. Infosys will not produce all documents relating to its operations and day-to-day work for Molina but will seek to meet and confer with Cognizant and determine which documents Cognizant is looking for and are legitimately relevant to and proportional to the needs of the case. Those documents likely would be produced in response to other requests for production.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 17 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 17 seeks the production of documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 17.

Infosys objects to Request No. 17 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 17 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 17 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the data model for the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Infosys objects to Request No. 18 to the extent it is duplicative of other Requests for Production, including Request Nos. 13 and 14. Additionally, Infosys objects to this request to the extent that it seeks the production of documents that contain information confidential to Infosys and/or third parties and irrelevant to the claims and defenses at issue in this case.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 18 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 18 seeks the production of documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 18.

Infosys objects to Request No. 18 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 18 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 18 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the data model for any database components of Infosys's Helix platform that is designed to receive data from the QNXT Adaptor, whether directly or indirectly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Infosys objects to Request No. 19 to the extent it is duplicative of other Requests for Production, including Request No. 18.

Infosys objects to the terms "data model" and "data components" as vague and ambiguous. Infosys further objects to this request to the extent that it seeks documents irrelevant to the Complaint, including confidential Infosys documents related to Helix. The sole issues in the Complaint relate to test cases related to Facets or QNXT in the Business Assurance Store, and the adaptor. Request No. 19 seeks documents far beyond those limited issues, including documents related to a confidential competing product, resulting in burden and disclosure not proportional to the needs of the case.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 19 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 19 seeks the production of documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 19.

Infosys objects to Request No. 19 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 19 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 19 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 20:**

All technical and user-facing documentation concerning any Infosys APIs suitable for invoking TriZetto APIs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Infosys objects to this Request on the grounds that it is vague and ambiguous as to the terms "API" and "invoking." Infosys objects to this request to the extent that it seeks information irrelevant to the claims and defenses in this case. The sole issues in the Complaint relate to test cases related to Facets or QNXT in the Business Assurance Store, and the adaptor. Request No. 20 seeks documents far beyond those limited issues, including documents related to confidential competing product information, resulting in burden and disclosure not proportional to the needs of the case. Infosys will not produce documents in response to Request No. 20 beyond the adaptor

documents produced in response to other requests. Infosys is available to meet and confer on this Request to discuss how it can be properly tailored.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 20 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 20 as more information becomes available.

## REQUEST FOR PRODUCTION NO. 21:

Documents sufficient to show all revenue and profits related to Infosys's testing services, Test Cases, and/or test tools for TriZetto software, including without limitation services and/or test tools offered through the Infosys Business Assurance Store or by the Infosys Validation Solutions team.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Infosys objects to Request No. 21 as vague and overbroad, and unduly burdensome, to the extent it seeks documents related to Infosys revenue and profits for testing products and services which are irrelevant to the issues in this case. The only test cases identified in the Complaint are test cases related to Facets or QNXT in the Business Assurance Store. Request No. 21 seeks confidential financial information unrelated to test cases related to Facets or QNXT in the Business Assurance Store. Infosys will not produce financial information related to testing service

31

documents or documents relating to test cases unrelated to Facets or QNXT in the Business Assurance Store.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 21 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 21 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 21.

Infosys objects to Request No. 21 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 21 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 21 as more information becomes available.

Although its review of documents is ongoing, at this time Infosys is not aware of any documents related to profits or revenues for test cases which were in the Business Assurance Store and related to QNXT or Facets.

32

**209**

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show all revenue and profits related to any customer engagements where Infosys considered using, or used, the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Infosys objects to the phrase "considered using" as vague, ambiguous, and irrelevant to the Complaint, including information related to potential use that may have never materialized. The burden of inquiring with Infosys personnel to determine if any of them considered using an adaptor with clients other than Molina far outweighs the value of any such documents, which would have no or at best marginal relevance to the issues in the case. In response to Request No. 22, Infosys will not conduct a search to determine whether any of its employees "considered" using the adaptor with another customer.

Infosys objects to the extent that Request No. 22 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 22.

Infosys objects to Request No. 22 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 22 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 22 as more information becomes available.

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status off the proposed order. Following the entering of a Confidentiality Protective Order in this case, in response to Request No. 22, Infosys will conduct a reasonable search and produce responsive, non-privileged documents sufficient to show revenue and profits for development of the adaptor at the request of Molina, if such documents exist. At this time, Infosys is not aware of documents that separately document revenue or profits specific to the adaptor developed at the request of Molina, although its search for relevant documents is ongoing.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all customers and prospective customers of Infosys's testing services, Test Cases, and/or test tools for TriZetto software, including without limitation services and/or test tools offered through the Infosys Business Assurance Store or by the Infosys Validation Solutions team, and for the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Infosys objects to Request No. 23 as overly broad and seeking the production of documents irrelevant to the Complaint to the extent that it seeks documents sufficient to identify "prospective customers" of Infosys's testing services and it seeks information unrelated to test cases related to Facets or QNXT in the Business Assurance Store. The only claims in the Complaint relate to the

34

adaptor and test cases related to Facets or QNXT in the Business Assurance Store, and Infosys will not produce documents unrelated to those subjects, in particular confidential customer relationship documents or documents that relate to companies that might become customers.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 23 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 23 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 23.

Infosys objects to Request No. 23 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 23 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 23 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning Your costs to develop Test Cases for TriZetto software and the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Infosys objects to Request No. 24 to the extent that it seeks the identification of "all" documents related to costs as overbroad, cumulative, and unduly burdensome. Infosys further objects to this request to the extent that it seeks the identification of information that is irrelevant to the Complaint, including information unrelated to test cases related to Facets or QNXT in the Business Assurance Store and the adaptor. Infosys will not produce financial documents in response to Request No. 24 relating to products or services not at issue in the Complaint, which is limited to test cases related to Facets or QNXT in the Business Assurance Store and the adaptor.

Infosys objects to the extent that Request No. 24 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 24.

Infosys objects to Request No. 24 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 24 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 24 as more information becomes available.

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status of the proposed order. Following the entering of a Confidentiality Protective Order in this case, in response to Request No. 24, Infosys will conduct a reasonable search of documents in its possession and produce responsive, non-privileged documents sufficient to evidence the costs associated with its development of test cases related to Facets or QNXT in the Business Assurance Store and the adaptor used with Molina.

**REQUEST FOR PRODUCTION NO. 25:**

All CRM entries related to TriZetto software, including Your provision of testing services, Test Cases, and/or test tools for TriZetto software, including without limitation services and/or test tools offered through the Infosys Business Assurance Store or by the Infosys Validation Solutions team, and the provision of any connector tool, such as the QNXT Adaptor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Infosys objects to Request No. 25 because the term "CRM" is vague and ambiguous. Infosys also objects to this request to the extent that it seeks the identification of "all" CRM entries as overbroad, cumulative, and unduly burdensome. Infosys also objects to Request No. 25 to the extent it seeks information irrelevant to the Complaint, including information unrelated to test cases related to Facets or QNXT in the Business Assurance Store and the adaptor. Infosys also

objects to Request No. 25 to the extent it is duplicative of other Requests for Production, including Request Nos. 11, 12, 15, 16, and 17.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 25 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 25 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 25.

Infosys objects to Request No. 25 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 25 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 25 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 26:**

All agreements concerning the QNXT Adaptor, including but not limited to any contracts between You and Molina Healthcare, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Infosys objects to this request to the extent that it seeks information irrelevant to the Complaint, including agreements or contracts unrelated to the adaptor discussed in the Complaint. Infosys is interpreting this request to call for the formal contract between Infosys and Molina that relates to the adaptor, and with that interpretation is not withholding any documents based on this relevance objection.

Infosys objects to the extent that Request No. 26 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine, to the extent it could be read widely to call for the production of Infosys's agreement with legal counsel or draft agreements. Infosys will not produce any privileged documents in response to Request No. 26.

Infosys objects to Request No. 26 on the ground that if read broadly it could be read to seek the premature production of expert related documents, such as an agreement for an expert to serve as an expert consultant or witness in connection with this matter. Infosys will not produce expert related documents in response to Request No. 26 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 26 as more information becomes available.

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status of the proposed order. Following the entering of a Confidentiality Protective Order in this case, in response to Request No. 26, Infosys will produce a copy of its contract with Molina.

## REQUEST FOR PRODUCTION NO. 27:

All documents related to any agreements concerning the QNXT Adaptor, including the documents concerning the negotiations of such agreements and provision of services under such agreements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Infosys objects to Request No. 27 to the extent the request seeks the identification of "all" documents related to "any" agreement concerning the adaptor as overbroad, cumulative, and unduly burdensome.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade

secret(s), but Cognizant has refused to do so. Infosys will not produce documents, other than a copy of its agreement with Molina, in response to Request for Production No. 27 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 27 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 27.

Infosys objects to Request No. 27 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 27 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 27 as more information becomes available.

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status of the proposed order. Following the entering of a

Confidentiality Protective Order in this case, in response to Request No. 27, Infosys will produce a copy of its contract with Molina.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, including communications, related to or concerning any agreement between Infosys and TriZetto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Infosys objects to Request No. 28 on the ground it seeks the production of all documents that relate to or concern any agreement between Cognizant and Infosys as overbroad, cumulative, vague, and unduly burdensome. The request essentially calls for the production of all documents relating to all agreements between the two companies, which would require a massive undertaking. Infosys objects to this request to the extent that it seeks information irrelevant to the Complaint, including information unrelated to test cases related to Facets or QNXT in the Business Assurance Store and the adaptor discussed in the Complaint. The request improperly seeks the production of all communications, which would cover a large amount of confidential and privileged communications, regarding any agreement between competing companies. The burden and overbreadth of searching for and producing so many irrelevant documents is not close to being proportional to the needs of the case. Infosys will produce the NDAAs at issue in the case, as well as documents including communications related to those NDAAs, but will not produce additional irrelevant documents in response to Request No. 28.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce, other than the NDAAs

discussed above, documents in response to Request for Production No. 28 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 28 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 28.

Infosys objects to Request No. 28 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 28 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 28 as more information becomes available.

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status of the proposed order. Following the entering of a Confidentiality Protective Order in this case, in response to Request No. 28, Infosys will produce

the NDAAs referenced in the Complaint, as well as documents including communications, related to those NDAAs.

**REQUEST FOR PRODUCTION NO. 29:**

All agreements between You and any third party concerning the provision of services, tools, or software related to any TriZetto software application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Infosys objects to Request No. 29 to the extent it is duplicative of other Requests for Production, pursuant to which Infosys will produce responsive, non-privileged documents relevant to the claims and defenses in this case.

Infosys objects to Request No. 29 because the term "tools" is vague and ambiguous. Infosys also objects to this request to the extent that it seeks the production of "all agreements" with "any" third party as overbroad, cumulative, and unduly burdensome. Infosys further objects to this request to the extent that it seeks documents containing confidential information irrelevant to the Complaint, including information unrelated to test cases related to Facets or QNXT in the Business Assurance Store and the adaptor discussed in the Complaint. The only claims in the Complaint relate to test cases related to Facets or QNXT in the Business Assurance Store, and the adaptor product, while Request No. 29 goes far beyond the real issues in the case, seeking broad discovery into irrelevant confidential operations of Infosys. Agreements that relate to the test cases related to Facets or QNXT in the Business Assurance Store and adaptor product at issue in this case will be produced in response to other documents requests and Infosys will not produce additional irrelevant documents in response to Request No. 29.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and

overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 29 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 29 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 29.

Infosys objects to Request No. 29 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 29 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 29 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 30:**

All documents related to any agreements between You and any third party concerning the provision of services, tools, or software related to any TriZetto software application, including the documents concerning the negotiations of such agreements and provision of services under such agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Infosys objects to Request No. 30 to the extent it is duplicative of previous Requests for Production, including Request No. 29.

Infosys objects to Request No. 30 because the term "tools" is vague and ambiguous. Infosys also objects to this request to the extent that it seeks the identification of "all" documents related to "any" agreement with "any" third party as overbroad, cumulative, and unduly burdensome. Infosys further objects to this request to the extent that it seeks documents containing confidential information irrelevant to the Complaint, including information unrelated to test cases related to Facets or QNXT in the Business Assurance Store or the adaptor discussed in the Complaint. The only claims in the Complaint relate to test cases related to Facets or QNXT in the Business Assurance Store and the adaptor product, while Request No. 30 goes far beyond the real issues in the case, seeking broad discovery into irrelevant confidential operations of Infosys. Nonprivileged documents that relate to the test cases related to Facets or QNXT in the Business Assurance Store and the adaptor product at issue in this case will be produced in response to other documents requests and Infosys will not produce additional irrelevant documents in response to Request No. 30.

Infosys also objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 30 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 30 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 30.

Infosys objects to Request No. 30 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. Infosys will not produce expert related documents in response to Request No. 30 but will produce expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

Infosys objects that its investigation into the allegations in Cognizant's improperly vague Complaint is ongoing, as is its review of documents, and Infosys respectfully reserves the right to supplement its response to Request No. 30 as more information becomes available.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show Your corporate organization and departmental structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

A Confidentiality Protective Order has not yet been entered in this case. Infosys first raised the issue of a Confidentiality Protective Order at the Parties' Rule 26 meet and confer on October 24, 2024. Cognizant advised Infosys that it was drafting one and would provide it soon. When Cognizant did not provide a draft by December 6, 2024, Infosys inquired as to the status of the draft. Cognizant provided Infosys with a draft on December 12, 2024. Infosys provided feedback on December 26, 2024. To date, Cognizant has not provided further feedback or responded to Infosys's inquiries regarding the status of the proposed order. Following the entering of a

Confidentiality Protective Order in this case, in response to Request No. 31, Infosys will produce a copy of Infosys' organizational chart.

**REQUEST FOR PRODUCTION NO. 32:**

All non-privileged documents and communications relating to TriZetto's claims or allegations in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Infosys objects to Request No. 32 as overly broad and improper. Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. Fed. R. Civ. P. 34(b)(1)(A). This request fails to satisfy the particularity standards required by the Federal Rules of Civil Procedure and the Northern District of Texas. *See, e.g., VeroBlue USA Inc., v. Wulf*, 345 F.R.D. 406, 418 (N.D. Tex. 2021) (stating that a request for "'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents.").

Infosys further objects to the phrase "TriZetto's claims or allegations" in Request No. 32 as overbroad, vague, and ambiguous, because the allegations in the Complaint are overbroad, vague, and ambiguous.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so.

Infosys objects to the extent that Request No. 32 seeks the production of documents protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 32.

Infosys objects to Request No. 32 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. In response to Request No. 32, Infosys will not produce expert related documents at this time. Infosys will produce responsive, non-privileged expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

## REQUEST FOR PRODUCTION NO. 33:

All documents concerning any contention by You that the TriZetto Trade Secret Information was known or reasonably ascertainable at the time of the alleged acts of trade secret misappropriation in the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Infosys objects to Request No. 33 as overly broad and improper. Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. Fed. R. Civ. P. 34(b)(1)(A). This request fails to satisfy the particularity standards required by the Federal Rules of Civil Procedure and the Northern District of Texas. *See, e.g., VeroBlue USA Inc., v. Wulf*, 345 F.R.D. 406, 418 (N.D. Tex. 2021) (stating that a request for "'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents.").

49

**226**

Infosys further objects to the term "Trade Secret Information" in Request No. 33 as overbroad, vague, and ambiguous, because it incorporates the overbroad definition of supposed trade secret information in the Complaint, which wrongly claims that all information related to Cognizant's products are supposed trade secret(s) of Cognizant. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to Request for Production No. 33 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to the extent that Request No. 33 seeks the production of documents protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 33.

Infosys objects to Request No. 33 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. In response to Request No. 33, Infosys will not produce expert related documents at this time. Infosys will produce responsive, non-privileged expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

In response to Request No. 33, Infosys will not produce documents at this time. Infosys will produce responsive, non-privileged expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

## REQUEST FOR PRODUCTION NO. 34:

All documents concerning any contention by You that You did not misappropriate

TriZetto Trade Secret Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Infosys objects to Request No. 34 as overly broad and improper. Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. Fed. R. Civ. P. 34(b)(1)(A). This request fails to satisfy the particularity standards required by the Federal Rules of Civil Procedure and the Northern District of Texas. *See, e.g., VeroBlue USA Inc., v. Wulf*, 345 F.R.D. 406, 418 (N.D. Tex. 2021) (stating that a request for "'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents."). Because the request is improper, as explained in the *VeroBlue* case, Infosys will not produce documents in response to Request No. 34.

Infosys objects to the term "Trade Secret Information" in Request No. 34 as overbroad, vague, and ambiguous, because it incorporates the overbroad definition of supposed trade secret information in the Complaint, which wrongly claims that all information related to Cognizant's products are supposed trade secret(s) of Cognizant. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so.

Infosys objects to the extent that Request No. 34 seeks the production of documents protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Infosys will not produce any privileged documents in response to Request No. 34.

Infosys objects to Request No. 34 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. In response to Request No. 34, Infosys will not produce expert related documents at this time. Infosys will

51

**228**

produce responsive, non-privileged expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

## REQUEST FOR PRODUCTION NO. 35:

All documents identified or referenced in Your responses to any Interrogatory served by TriZetto in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Infosys objects to Request No. 35 as overly broad, vague, and improper. Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. Fed. R. Civ. P. 34(b)(1)(A). This request fails to satisfy the particularity standards required by the Federal Rules of Civil Procedure and the Northern District of Texas. *See, e.g., VeroBlue USA Inc., v. Wulf*, 345 F.R.D. 406, 418 (N.D. Tex. 2021) (stating that a request for "'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents."). Infosys will not produce a document referenced in an interrogatory response served in this case unless the document is responsive to a proper document request or, in the interrogatory response, Infosys states it will produce the document to Cognizant in this case.

Infosys objects to this request on the grounds that Cognizant's specification of its supposed trade secret information, in its pleading and discovery documents, is vague, ambiguous, and overbroad. Infosys has repeatedly requested that Cognizant properly identify its supposed trade secret(s), but Cognizant has refused to do so. Infosys will not produce documents in response to

Request for Production No. 35 until Cognizant properly identifies the supposed trade secret(s) which it alleges in this case were misappropriated by Infosys.

Infosys objects to this request to the extent that it seeks documents subject to the attorney-client privilege, work-product doctrine, and the protection of materials prepared by expert witnesses to the extent the existence of privileged documents, communications, and information is referenced in Infosys's interrogatory responses. Infosys will not produce any privileged documents in response to Request No. 35.

## REQUEST FOR PRODUCTION NO. 36:

All documents produced in this Action by any third-party or non-party, whether by subpoena or otherwise.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Infosys objects to Request No. 36 as overly broad, vague, and improper. Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. Fed. R. Civ. P. 34(b)(1)(A). This request fails to satisfy the particularity standards required by the Federal Rules of Civil Procedure and the Northern District of Texas. *See, e.g., VeroBlue USA Inc., v. Wulf*, 345 F.R.D. 406, 418 (N.D. Tex. 2021) (stating that a request for "'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents.").

Infosys objects that Request No. 36 seeks documents subject to the attorney-client privilege, work-product doctrine, protection of materials prepared by consulting experts, and other privileges. It also improperly calls for the premature production of expert documents.

Infosys will not produce documents in response to Request No. 36 at this time. Infosys has received no documents in this Action from any third party. Counsel for Infosys has issued no subpoenas in this case. If counsel for Infosys issues subpoenas to any third parties in this case, and receives responsive, non-privileged documents, Infosys's counsel will serve the subpoena and responsive, non-privileged documents to Cognizant pursuant to the ordinary rules governing the production of documents in response to subpoenas, as well as any ESI protocol among the parties, and expects that counsel for Cognizant will do the same.

**REQUEST FOR PRODUCTION NO. 37:**

All documents provided to any expert witness whom You have retained or plan to retain either to testify at trial or to provide an opinion relating to the matters at issue in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Infosys objects to the extent that Request No. 37 seeks the production of documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Infosys objects to Request No. 37 on the ground that it seeks the premature production of expert related documents, such as expert communications and draft expert reports. In response to Request No. 37, Infosys will not produce documents at this time. Infosys will produce responsive, non-privileged expert related documents at the appropriate time, pursuant to the Federal Rules of Civil Procedure, the expert disclosure schedule in this case, and other applicable rules, court orders, and case law relating to expert disclosures for this case.

**REQUEST FOR PRODUCTION NO. 38:**

All documents reviewed or prepared in connection with this Action by any person that You expect to call as a witness (including both fact and expert witnesses) at any hearing or at trial in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Infosys objects to Request No. 38 as overly broad, vague, and improper. Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. Fed. R. Civ. P. 34(b)(1)(A). This request fails to satisfy the particularity standards required by the Federal Rules of Civil Procedure and the Northern District of Texas. *See, e.g., VeroBlue USA Inc., v. Wulf*, 345 F.R.D. 406, 418 (N.D. Tex. 2021) (stating that a request for "'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents.").

Infosys objects that Request No. 38 seeks documents subject to the attorney-client privilege, work-product doctrine, protection of materials prepared by consulting experts, and other privileges. It also improperly calls for the premature production of expert documents.

Infosys will not produce documents in response to Request No. 38.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that You may rely upon or introduce at a deposition, proceeding, or hearing in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Infosys objects to Request No. 39 as overly broad, vague, and improper. Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. Fed. R. Civ. P. 34(b)(1)(A). This request fails to satisfy the particularity standards required by the Federal Rules of Civil Procedure and the Northern District of Texas. *See, e.g., VeroBlue USA Inc., v. Wulf*, 345

F.R.D. 406, 418 (N.D. Tex. 2021) (stating that a request for "'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents.").

Infosys objects to this request to the extent that it seeks documents subject to the attorney-client privilege, work-product doctrine, protection of materials prepared by consulting experts, and other privileges.

Infosys will not produce documents in response to Request No. 39.

56

Dated: January 13, 2025

Respectfully submitted,

JENNER & BLOCK LLP

By:  _/s/ Brent Caslin_
Brent Caslin (*pro hac vice*)
Nick Saros (*pro hac vice* pending)
Kelly M. Morrison (*pro hac vice*)
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel.: (213) 239-5100
BCaslin@jenner.com
NSaros@jenner.com
KMorrison@jenner.com

Shoba Pillay (*pro hac vice*)
Paul B. Rietema (Bar. No. 24133324)
Laura E. Pelanek (*pro hac vice*)
Lindsey A. Lusk (*pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
SPillay@jenner.com
PRietema@jenner.com
LPelanek@jenner.com
LLusk@jenner.com

Douglas E. Litvack (*pro hac vice* pending)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
DLitvack@jenner.com

*Attorneys for Defendant and Counterclaim*
*Plaintiff Infosys Limited*

**234**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2025, I caused a true and correct copy of the foregoing **DEFENDANT INFOSYS LIMITED'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,** to be served by electronic mail to all counsel of record.

/s/ *Brent Caslin*
Brent Caslin (*pro hac vice*)