# EXHIBIT 15

353 N. CLARK STREET CHICAGO, IL 60654-3456                                          JENNER & BLOCK LLP

January 15, 2025

Lindsey Lusk
Tel +1 312 840 7367
LLusk@jenner.com

**VIA EMAIL**

Christina Myrold
Katherine Worden
Gibson Dunn
One Embarcadero Center
Suite 2600
San Francisco, CA 94111

Re:   *Cognizant v. Infosys*, Case No. 3:24-cv-2158 (N.D. Tex. 2024)

Dear Christina and Katherine:

I'm writing to follow up on the meet-and-confer discussion that took place on January 10, 2025. We picked up where we left off from the prior meet-and-confer, which took place on January 3, 2025, and continued our discussion concerning Cognizant's Responses and Objections to Infosys's First Set of Requests for Production ("RFPs"). We also began discussing Cognizant's Responses and Objections to Infosys's First Set of Interrogatories. We were not able to finish our discussion and agreed to continue to meet-and-confer on remaining issues, including those issues for which you agreed to follow up on, this week, though it appears we will not be able to meet until next week based on the Parties' availability. In the meantime, we provide the below information to memorialize our understanding of the issues and the Parties' positions on those issues.

**Cognizant's Responses and Objections to Infosys's First Set of RFPs**

- **Request for Production No. 39:** You asked if the Request is meant to say, "Business Assurance Store advertisement" instead of "Business Assurance Store." We clarified that the Request was intended, as written, to include the "Business Assurance Store" and is not limited to communications concerning the advertisement. You claimed that the Business Assurance Store is not relevant to the case. We explained the Store itself is relevant to the case because Cognizant alleges that Infosys's creation of the Store misappropriated Cognizant trade secrets. We further explained that there are no reasonable grounds to draw a distinction between the relevance of the advertisement and the underlying substance described by the advertisement. You then inquired if a search of documents in 2020 would be sufficient. We responded that such a search would not be sufficient and there is no ground to limit the search to only 2020. You reiterated your position that the Request was overbroad as to the time period and relevance. We reiterated that, while it seems unlikely

January 15, 2025
Page 2

(because the Business Assurance Store was an Infosys concept, not something created by Cognizant), if Cognizant has evidence that a reasonable search for documents responsive to this Request would be overly burdensome, we encourage Cognizant to share that information so we can discuss. You advised you would take this information back to your team to discuss and would follow up with us. We sent you a separate correspondence on this subject, as well, because we want to make sure we understand your position, with which we disagree.

- **Requests for Production Nos. 50, 52, and 53:** You asked for additional information as to what we are seeking through Request Nos. 50, 52, and 53. For Request No. 50, for example, you asked what information we have that there has been an unprotected disclosure of trade secret information. We pointed out that discovery of whether there has been an unprotected disclosure is the very purpose of the Request and that, to the extent there is a concern as to the burden of conducting a reasonable, responsive search, we are willing to discuss appropriate custodians and search terms at a later date (once Cognizant confirms its agreement to conduct a reasonable search). You asked if these Requests were limited by time. We explained that Infosys is entitled to information about disclosure of the purported trade secrets throughout their lifetime. You stated that you disagreed with that assertion but would take this information back to your team to discuss and would follow up with us.

- **Request for Production No. 54:** You agreed to talk to your client about the extent to which documents responsive to Request 54 exist. You stated you would provide follow-up information on this Request during the next meet and confer.

- **Request for Production No. 56:** You asked for additional specificity as to the nature of Request No. 56 (which seeks Cognizant's communications with customers about Infosys's alleged misappropriation of trade secrets) and shared your position that the scope of the Request may be unreasonable. We shared Infosys's position that the nature of the Request is clear on its face and does not seem burdensome or overly broad. We also offered to discuss appropriate search terms and custodians. You shared that you would take this information back to your team to discuss and would follow up.

- **Responses which Incorporate other Responses (Requests for Production Nos. 5, 26-35, 41, 42, 44, and 55):** We explained that, in response to these Requests, Cognizant incorporated by reference responses to other Requests that, in themselves, were deficient, noting that they were either not fully responsive, or the incorporated answers simply offered to meet-and-confer. This rendered those responses deficient. You stated your position that some of the Requests seek privileged information. We explained that we are not seeking privileged documents. You stated you did not believe it would be productive to walk through each of these Requests at that time as you understood Infosys's position and would consult with your team to determine whether Cognizant will amend its responses to this set of Requests.

238

January 15, 2025
Page 3

- **Request for Production No. 21:** We explained Infosys's position that Cognizant's Response to Request No. 21 is not responsive. Cognizant's Response that it will "produce non-privileged documents sufficient to show the trade secrets identified in response to Interrogatory No. 1 . . ." is not responsive to a request for documents related to Cognizant's contention "that the information identified in response to Interrogatory No. 1 constitutes trade secrets." You stated you do not know what sort of document would show that something constitutes a trade secret and that (despite purportedly not knowing what documents would be responsive to Request No. 21) those documents were already "covered" by different Requests. In response, we directed you to the elements to establish a trade secret. In response to your position that other Requests overlap with the documents requested in Request No. 21, we asserted that some overlap in the documents sought by Requests does not provide a basis to refuse to produce documents. You stated you would discuss with your team and follow up with us.

- **Request for Production No. 22:** We again explained that the Response to Request No. 22 is not fully responsive. Cognizant's agreement to produce documents "sufficient to show the value" of the purported trade secrets identified in Response to Interrogatory No. 1 would omit responsive documents, including those discussing the purported value of the alleged trade secrets, documents on which Cognizant's value calculation relies, and documents that may undermine that valuation. You stated you understood Infosys's position and would follow up with us.

- **Request for Production No. 23:** We explained again that Cognizant's Response to Request No. 23 is not responsive. Cognizant's offer to produce "documents sufficient to show the trade secret information that Infosys acquired directly from TriZetto" would exclude many categories of responsive and relevant information related to Infosys's access the information identified in Response to Interrogatory No. 1, such as agreements or discussions granting Infosys access, access logs and other records reflecting access, and communications about Infosys's access. You stated you understood Infosys's position and would follow up with us.

- **Request for Production No. 36:** We explained that Cognizant's Response to Request No. 36, which agreed to produce only "documents sufficient to show any analysis . . .," is not fully responsive and would exclude numerous responsive and relevant documents (e.g., communications about the analysis, underlying documents on which the analysis relies, etc.). You shared you understood Infosys's position and would follow up with us.

- **Request for Production No. 37:** We explained that the Response to Request No. 37, which again limited documents to those "sufficient to show" is not fully responsive as it would exclude numerous relevant and responsive documents. Cognizant's proposal would withhold, for example, documents analyzing whether Infosys Helix is a competitive

239

January 15, 2025
Page 4

product and internal discussions about the same. You then asked how the Request was relevant to the trade secret claim and any defenses, to which we pointed out that the Request quotes Cognizant allegations in the Complaint. You stated that you understood Infosys's position, but it was not clear whether you are considering amendment. Please advise as to Cognizant's final position on this Request.

- **Request for Production No. 43:** We similarly explained that Cognizant's limited agreement to produce "documents sufficient to show the value of the Infosys Business Assurance Store" is inadequate as it would withhold, e.g., internal discussions, communications, and underlying documents regarding the same. You stated that you understood Infosys's position, but it was not clear whether you are considering amendment. Please advise as to Cognizant's final position on this Request.

- **Request for Production No. 45:** We explained that the "sufficient to show" Response to Request No. 45 is not fully responsive. For example, Request No. 45 seeks, among other things, documents and information prior to 2020, including those that could undermine the Complaint allegation quoted in the Request. You stated that you understood Infosys's position, but it was not clear whether you are considering amendment. Please advise as to Cognizant's final position on this Request.

- **Requests for Production Nos. 46, 47, and 48:** We explained that the Response to Request No. 46 is not responsive. Cognizant agreed to produce "documents sufficient to show any TriZetto customer of the relevant software and/or services that has transitioned its software and/or services to Infosys," but the Requests seek all documents relating to "harm, loss, or damages allegedly suffered by Cognizant" and would thus also encompass, e.g., documents analyzing, discussing, or quantifying the transition and alleged impacts to Cognizant. You stated that you understood Infosys's position on this Request as well as Request Nos. 47 and 48, but it was not clear whether you are considering amendment. Please advise as to Cognizant's final position on these Requests.

- **Request for Production No. 51:** We explained that Cognizant's attempt to limit its Response to Request No. 51 to documents from January 1, 2016, to the present is inadequate and would exclude relevant materials as the requested information is relevant for the life of the purported trade secrets. We also explained that the Request would include not only the policies themselves (which is all Cognizant agreed to produce), but also documents discussing the policies, including changes in policy, policy violations, and inconsistent application of policies. You stated that you believe there is a dispute as to the relevant time period for this and other requests and that you believe communications about policies that protect confidential and trade secret information is unnecessary. You stated you would take the information to your team and follow up with a formal position.

240

January 15, 2025
Page 5

- **Request for Production No. 40:** We explained that Cognizant's Response to Request No. 40 that it would produce documents sufficient to *support* the allegations of the Complaint is deficient as Infosys is equally entitled to documents that would undermine Cognizant's allegation (which go directly to one of Infosys's defenses). We also reiterated that the Business Assurance Store itself, and not just the advertisement of the store referenced in the Complaint, is relevant. Therefore, documents reflecting discovery of the Store (and not just the advertisement) would be responsive to this Request. You asked how Infosys would expect Cognizant to find when it discovered the Business Assurance Store. We offered that a search of the term "Business Assurance Store" across Cognizant ESI would be one, non-exhaustive, approach to identifying relevant documents responsive to this Request. You stated you would take the information to your team and follow up with a formal position.

**Cognizant's Specification of Trade Secrets**

As part of our discussion on Cognizant's responses to Infosys's Requests for Production, we reiterated Infosys's position that Cognizant has not sufficiently specified the purported trade secrets Infosys allegedly misappropriated. You specifically asked if Infosys's position includes that Cognizant has insufficiently identified the purported Facets test cases trade secrets. We confirmed as much, and explained a few of the ways in which Cognizant's identification of alleged test case trade secrets is inadequate. As an initial matter, Cognizant has not specified whether it contends that all Facets and QNXT test cases are trade secrets, or whether some subset of Facets and QNXT test cases contain trade secrets (and, if so, which ones and why). It is equally opaque whether Cognizant contends Infosys misappropriated Cognizant-created test cases (and, if so, which ones), or alleges that Infosys misappropriated other Cognizant information (e.g., the Facets software itself) in creating test cases. You stated that you understood Infosys's position but maintained that Cognizant's trade secret definition is appropriate. It is clear we are at an impasse on this issue, which we stated during both meet-and-confer discussions is fundamental to many of Cognizant's discovery requests to Infosys and Infosys's discovery requests to Cognizant, and indeed the scope of discovery generally.

**Cognizant's Responses and Objections to Infosys's First Set of Interrogatories**

At the outset of the discussion on Cognizant's Responses to Infosys's First Set of Interrogatories, we requested that Cognizant serve verified interrogatory responses, as required under the Federal Rules of Civil Procedure. You confirmed you understood this position and would provide a verification at a later date. Infosys requests that Cognizant promptly provide the verified responses given that its discovery responses were served (and due) weeks ago.

We also discussed the following specific issues with Cognizant's Interrogatory responses:

241

January 15, 2025
Page 6

- **Interrogatories Nos. 1, 2, and 3:** We reiterated that the responses to these interrogatories are inadequate because Cognizant has not sufficiently identified its purported trade secrets, as previously discussed.

- **Interrogatory No. 4:** We expressed surprise that Cognizant identified only two individuals "with knowledge of any facts Relating to Your contention that Infosys Limited misappropriated Your trade secrets." We asked you to confirm that Cognizant is not aware of other individuals with relevant knowledge at this time. You stated that Cognizant's investigation is ongoing and that it will amend the Response if additional facts come to light that require changes or additions to the list of individuals provided. We reiterated our request that Cognizant confirm in writing that this is the extent of Cognizant's current knowledge, and that Cognizant is not withholding any responsive information as its response was made "subject to and without waiver of the foregoing objections." You said you understood Infosys's position. It was not clear whether you are considering amendment. Please advise promptly as to Cognizant's final position on this Interrogatory. Please also advise if Cognizant will enter into a stipulation that these will be Cognizant's only two trial witnesses on the trade secrets issue.

- **Interrogatory No. 5:** We explained that Cognizant's Response to Interrogatory No. 5, which seeks "all facts supporting Your contention that Infosys Limited misappropriated your trade secrets" merely refers to the Complaint and provides little, if any, new information. We explained that Infosys is entitled to a verified interrogatory response and not only reference to unverified Complaint allegations. We also asked for confirmation that Cognizant has no additional responsive information in its possession, custody, or control, at this time. You refused to answer the question but again stated that Cognizant will amend its responses if additional facts come to light through discovery. We reiterated our request that Cognizant make clear that the Response contains all of Cognizant's current knowledge concerning its understanding of the alleged trade secret misappropriation as of its Response and clarify whether Cognizant is withholding any information on the basis of its objections. It was not clear whether you are considering amendment. Please advise as to Cognizant's final position on this Interrogatory. We view Cognizant's refusal or inability to provide any evidence of misappropriation as a serious issue. Cognizant was required to conduct an investigation before filing its Complaint. The Complaint is void of direct evidence of misappropriation, only "must have misappropriated" allegations. The interrogatory response appears to confirm Cognizant has no evidence of misappropriation by Infosys, but instead has based its lawsuit on conjecture. If Cognizant has any actual evidence of misappropriation, we expect Cognizant to promptly amend the Response to Interrogatory No. 5. If not, please confirm in writing Cognizant has no actual evidence of misappropriation by Infosys.

- **Interrogatory No. 6:** We explained that the Response to Interrogatory No. 6 is not responsive. Specifically, the Response fails to explain why Cognizant contends the NDAA

242

January 15, 2025
Page 7

    did not authorize Infosys to create the adaptor, as requested, and instead references non-responsive Complaint allegations. You stated that Cognizant's understanding of the facts related to the NDAA is articulated in the Complaint. We pointed out that the portions of the Complaint cited in the Response are not responsive to the Interrogatory and that the Response is therefore insufficient. We further noted that allegations in the Complaint are not verified and thus not akin to a proper interrogatory response. You disagreed with Infosys's position but agreed to provide a verified response. We understand Cognizant's position to be that its response is otherwise sufficient. We disagree. And we again demand a proper response, with specific facts, or confirmation in writing that Cognizant has no facts to support its position.

- **Interrogatory No. 8:** We asked why Cognizant declined to respond to Interrogatory No. 8. You responded with two justifications. First, you stated that Interrogatory No. 8 assumes facts not in evidence. Second, you stated that Interrogatory No. 8 requests privileged information. We responded to both justifications. First, even if Cognizant disagrees with the premise of Interrogatory No. 8, it must provide a verified response stating the facts as understood by Cognizant. Second, we reiterated that we are not seeking privileged information. You disagreed with these positions. Due to time constraints, we agreed to continue discussing Cognizant's Response to Interrogatory No. 8 during the next meet and confer.

Please advise if we misunderstand your position with respect to any of the issues delineated above. We look forward to continuing to work through the remaining issues in our upcoming meet and confer.

Sincerely,

Lindsey Lusk

243