# EXHIBIT 16

| | |
|---|---|
| **From:** | Myrold, Christina |
| **To:** | Lusk, Lindsey A.; *** CognizantInfosys |
| **Cc:** | Caslin, Brent; Pillay, Shoba; Morrison, Kelly M.; Pelanek, Laura E.; Litvack, Douglas E.; Saros, Nick |
| **Subject:** | RE: Cognizant v. Infosys - Meet & Confer Follow Up |
| **Date:** | Thursday, January 16, 2025 4:08:01 PM |

**External Email - <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**



Lindsey,

We do not object to the general process of documenting meet and confers, but the way you have gone about it is neither typical nor productive for the reasons noted below. It is unfortunate that discovery in this matter has only just begun, and you seem intent on making the meet-and-confer process as difficult, time-consuming, and as wasteful as possible. We again urge you to reconsider your approach.

As already stated, we will respond with our positions on the issues we discussed in due course.

Best,
Christina

---

**From:** Lusk, Lindsey A. <LLusk@jenner.com>
**Sent:** Thursday, January 16, 2025 11:42 AM
**To:** Myrold, Christina <CMyrold@gibsondunn.com>; *** CognizantInfosys <CognizantInfosys@gibsondunn.com>
**Cc:** Caslin, Brent <BCaslin@jenner.com>; Pillay, Shoba <SPillay@jenner.com>; Morrison, Kelly M. <KMorrison@jenner.com>; Pelanek, Laura E. <LPelanek@jenner.com>; Litvack, Douglas E. <DLitvack@jenner.com>; Saros, Nick <NSaros@jenner.com>
**Subject:** RE: Cognizant v. Infosys - Meet & Confer Follow Up

Christina,

Thank you for your response. To be clear, we have not intentionally misrepresented your positions.

The purpose of our letters is to memorialize our understanding and get clarification if there was a miscommunication. We are surprised Cognizant would object to this practice, given it is quite common and helps ensure that the parties have the correct understanding of each other's positions. We anticipate you would agree that correctly understanding each other's positions is critical to efficient discovery. So we will continue to document meet and confer discussions, as we regularly do.

To the extent there are further positions you believe we did not properly understand, we request that you make clear which requests those are and what Cognizant's position is. Additionally, we ask that you please provide Cognizant's final positions on the responses you stated you would further discuss and follow up with us on (or any response you now represent you have not given us a final position

245

on).

Thanks,
Lindsey

---

**From:** Myrold, Christina <CMyrold@gibsondunn.com>
**Sent:** Wednesday, January 15, 2025 12:38 PM
**To:** Lusk, Lindsey A. <LLusk@jenner.com>; *** CognizantInfosys <CognizantInfosys@gibsondunn.com>
**Cc:** Caslin, Brent <BCaslin@jenner.com>; Pillay, Shoba <SPillay@jenner.com>; Morrison, Kelly M. <KMorrison@jenner.com>; Pelanek, Laura E. <LPelanek@jenner.com>; Litvack, Douglas E. <DLitvack@jenner.com>; Saros, Nick <NSaros@jenner.com>
**Subject:** RE: Cognizant v. Infosys - Meet & Confer Follow Up

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Counsel,

We are in receipt of your January 9 and January 14 letters, which purport to summarize the parties' meet and confers on January 3 and January 10. We will provide responses on the items discussed in due course, but in the meantime wish to promptly correct the record, as both of your letters misstate and/or mischaracterize a number of items from our meet and confer discussions. Unless otherwise noted, we do not agree to your characterization of the meet and confers.

First, contrary to your January 9 letter, we did dispute—and continue to vigorously dispute—the relevance of many of Infosys's requests for production. Indeed, we frequently explained that one of the reasons we believe most of Infosys's requests are overbroad as written is because they sweep in material completely irrelevant to the claims and defenses in this case. And our written responses and objections to Infosys's requests contain relevance objections where appropriate—the mere fact that we did not recite each and every one of our objections to your requests during our meet and confer does not in any way mean we have dropped them.

Second, contrary to your January 9 letter, we did not "s[eek] to shift the burden to Infosys to narrow its requests by identifying the specific documents it is seeking in response to each request." We explained in the meet and confer that many of Infosys's requests are grossly overbroad, to the point where it is difficult for us to discern what information Infosys is even seeking, and, relatedly, whether we can agree to produce responsive information. To aid us in determining whether we can conduct a reasonable search for such information, we asked you to provide examples of documents or categories of documents that you would consider responsive to these requests, but you were not able to articulate any targeted categories of documents. Your demand that we provide a narrowing proposal for Infosys's facially overbroad requests makes no sense; we cannot narrow the hayfield to a particular haystack until we know which needle you are seeking. Nor can we provide more "concrete examples of the specific burden" until you have made your requests more specific. It is burdensome in and of itself for us to try to investigate facially overbroad requests that appear to sweep in hundreds of thousands of documents. As we stated on the call, we are willing to investigate whether specific categories of documents exist and the burden of

246

collecting those documents, but Infosys needs to provide more specificity.

Third, contrary to your January 14 letter, we did not take a formal position on the relevance of documents generally related to the Infosys Business Assurance Store, as opposed to the advertisement at issue.  Rather, we again asked you for clarification on the scope of the requests—e.g., whether Infosys was seeking documents relating to TriZetto's discovery of the specific advertisement at issue or the Store itself, whether Infosys was seeking any documents whatsoever related to the Store, the relevant time period, etc.  Moreover, we made very clear that we were not taking any formal positions on the call (be it related to RFP No. 39 or otherwise), that we would need to discuss the issues with the rest of our team and our client, and that we would follow up with our formal positions.  Your letter appears to intentionally mischaracterize what was discussed—which is not well taken, nor is it productive.

As a general matter, we are not going to engage in weekly letter-writing-campaigns with you to correct your repeated mischaracterizations of our meet and confers.  As noted above, your letters are not productive—your latest letter of this morning is yet another example of that.  We will not respond point-by-point to your latest letter, suffice it to say that we once again disagree with your characterization of the meet and confer.  We urge to reconsider your approach to the meet-and-confer process, which should be cooperative.

Best,
Christina

**From:** Lusk, Lindsey A. <LLusk@jenner.com>
**Sent:** Tuesday, January 14, 2025 11:49 AM
**To:** *** CognizantInfosys <CognizantInfosys@gibsondunn.com>
**Cc:** Caslin, Brent <BCaslin@jenner.com>; Pillay, Shoba <SPillay@jenner.com>; Morrison, Kelly M. <KMorrison@jenner.com>; Pelanek, Laura E. <LPelanek@jenner.com>; Litvack, Douglas E. <DLitvack@jenner.com>; Saros, Nick <NSaros@jenner.com>
**Subject:** Cognizant v. Infosys - Meet & Confer Follow Up

Counsel,

Please see the attached.

Thanks,
Lindsey

---

**Lindsey A. Lusk**

**Jenner & Block LLP**
353 North Clark Street
Chicago, IL 60654-3456    |    jenner.com
+1 312 840 7367    |    Tel
+1 312 982 6752    |    Mobile
Pronouns : She / Her
LLusk@jenner.com
Download V-Card    |    View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

**248**