# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC, <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. <br><br> INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | CASE NO. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr |

## DECLARATION OF CHRISTINA E. MYROLD

I, Christina E. Myrold, hereby declare as follows:

1. I am attorney with the law firm Gibson, Dunn, & Crutcher LLP and counsel of record for Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. and Counterclaim Defendant Cognizant Technology Solutions Corp. (collectively, "TriZetto"). I am licensed to practice in California, and I am admitted *pro hac vice* to this Court for this matter.

2. I make this declaration in support of TriZetto's Opposition to Infosys's Motion to Compel. I and the attorneys I work with have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

3. On January 3, 2025, the parties met and conferred to discuss TriZetto's responses to Infosys's discovery requests, including TriZetto's response to Interrogatory No. 1. Infosys's counsel stated that TriZetto's response to Interrogatory No. 1 was insufficient because it was overbroad and lacked specificity. I stated that TriZetto's response was sufficient under Fifth Circuit law, and I directed Infosys's counsel to the case law cited in TriZetto's opposition to Infosys's motion to dismiss, including the Fifth Circuit's holding in *GlobeRanger*. I invited Infosys's counsel to send any contrary case law supporting Infosys's position, but they never did. My colleague also stated that we were willing to discuss the identified trade secrets one-by-one if it would be helpful, but Infosys's counsel did not take him up on that offer. My colleague further stated that TriZetto would supplement its response to Interrogatory No. 1 promptly after Infosys made an initial document production, and that TriZetto would continue to supplement its response as discovery progressed, consistent with its obligations under the Federal Rules.

4. On January 10, 2025, the parties met and conferred again. I asked Infosys's counsel to provide concrete examples as to why they believed TriZetto's response to Interrogatory No. 1, and, in particular, TriZetto's identification of test cases, was too broad under the controlling case law. In response, Infosys' counsel raised two issues, one of which we clarified and resolved on the call. As to the other issue, I stated that we would review TriZetto's response to Interrogatory No. 1 with that issue in mind and determine whether TriZetto's response needed to be supplemented. Infosys's counsel did not express that Infosys would seek relief from the Court.

5. On January 17, 2025, Infosys filed its motion to compel without waiting for a response on the issues Infosys claimed needed clarification, and which I said we would consider supplementing. Infosys's motion also raises several issues that were never discussed during the parties' meet and confers, including that Infosys believes TriZetto's response to Interrogatory

No. 1 is insufficient because it does not identify "which" test cases or "how many" test cases Infosys misappropriated.

6. Consistent with my statement on the January 10 meet and confer, TriZetto is preparing a supplemental response to Interrogatory No. 1 to attempt to clarify the specific issues Infosys raised during the parties' meet-and-confer discussions. TriZetto's supplemental response also makes clear that TriZetto is not withholding any responsive information based on its general objections.

7. On February 4, 2025, my colleague spoke to Infosys's counsel via telephone. Infosys's counsel offered to provide an extension of TriZetto's opposition until after it served its supplemental interrogatory response. However, Infosys still declined to provide any discovery regarding its trade secret misappropriation while its motion to compel was pending.

8. The parties have been negotiating a Protective Order to govern the case, which is nearly finalized and will be filed with the Court shortly.

Executed in Walnut Creek, California on February 7, 2025.

*/s/ Christina E. Myrold*
Christina E. Myrold
