# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. <br><br><br> INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr <br><br> Magistrate Judge David L. Horan |

## [PROPOSED] PROTECTIVE ORDER

**A.  Proceedings and Information Governed**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission;

responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other documents or things produced, given, or filed in this action that are designated by a party as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information (collectively, "Protected Material").

**B.     Designation and Maintenance of Information**

2.     For purposes of this Protective Order, (a) the "Confidential" designation means that the producing party reasonably believes that the document or item is comprised of confidential or proprietary business, commercial, research, product or financial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), other information required by law or agreement to be kept confidential, or personally identifiable information, (b) the "Highly Confidential – Attorneys' Eyes Only" designation means that the producing party reasonably believes that the document or item is comprised of trade secret or other confidential information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive information, and (c) the "Highly Confidential – Source Code" designation means that the producing party reasonably believes that the document or item is comprised of or includes trade secret or confidential source code.  Protected Material does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been

disclosed to the public or third persons in a manner making such information no longer confidential. Nothing in this Protective Order prohibits disclosure of a document or information to a current or former employee who wrote, sent, received, or had access to that document or information during the course of their employment.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as "Confidential" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER**

4. Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as "Highly Confidential – Attorneys' Eyes Only" by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY
SUBJECT TO PROTECTIVE ORDER**

5. Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as "Highly Confidential – Source Code" by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL – SOURCE CODE
SUBJECT TO PROTECTIVE ORDER**

6. A party may designate information disclosed at a deposition for protection under this Protective Order by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code." If no such designation is made at the time of the deposition, any party will have twenty-one (21) calendar days from the receipt of the final transcript to designate, in writing to the other parties and to the court reporter, whether any portion,

identified through specific pages and lines, of the transcript is to be designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code." If no such designation is made at the deposition or within this twenty-one (21) calendar day period (during which period, the transcript must be treated as "Highly Confidential – Attorneys' Eyes Only," unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Protected Material. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Protected Material in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

C.   **Inadvertent Failure to Designate**

7.   The inadvertent failure to designate information as Protected Material will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as Protected Material at a later date in writing and with particularity. The information must be treated by receiving party as Protected Material from the time the receiving party is notified in writing of the change in the designation. The inadvertent failure to designate material as privileged will be addressed in a separate order governing the discovery of electronically stored information in this action.

D.   **Challenge to Designations**

8.   A receiving party may make a good faith challenge to a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing

that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time frame, and after the conference required under Local Rule 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order. A receiving party's decision not to challenge a producing party's designation shall in no way act as or be interpreted as (1) an admission that the designated information is trade secret or other confidential information of the designating party or (2) a waiver of the party's right to assert any designated information is not confidential, proprietary, or trade secret information of the designating party.

**E.     Disclosure and Use of Protected Material**

9.     Protected Material may only be used for purposes of preparation, trial, and appeal of this action. Protected Material may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

10.    "Confidential" information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) employees (including in-house counsel) of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who have signed the Confidentiality Agreement in the form attached as Exhibit A;

(b) outside counsel for the receiving party, as well as supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data-entry clerks, legal clerks, and private photocopying and litigation support services;

(c) experts or consultants who have signed the Confidentiality Agreement in the form attached as Exhibit A;

(d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative-exhibit preparation, or the creation of any computer database from documents, who have signed the Confidentiality Agreement in the form attached as Exhibit B;

(e) the Court and its personnel;

(f) witnesses at hearings, during the pendency of that hearing, to whom counsel believes, in good faith, such disclosure is reasonably necessary for the prosecution or defense of the proceedings and who have signed the Confidentiality Agreement in the form attached as Exhibit A;

(g) in preparation for and during depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement in the form attached as Exhibit A, provided that counsel has a good-faith basis for believing such information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge;

(h) the author or recipient of the document (not including a person who received the document solely in the course of litigation);

(i) mediators and their direct personnel, provided that they are bound by a confidentiality agreement acceptable to all parties;

(j) relevant employees of any insurer of a receiving party to the extent that such disclosure is reasonably necessary for the defense of that receiving party in this action and who have signed the Confidentiality Agreement in the form attached as Exhibit A; and

(k) other persons only by written consent of the producing party and who have completed and signed the Confidentiality Agreement in the form attached as Exhibit A, or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

11. Subject to paragraph 12 below, "Highly Confidential – Attorneys' Eyes Only" information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) four in-house counsel legal staff members of the receiving party[1] (1) who have no direct involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who have signed the Confidentiality Agreement in the form attached as Exhibit A. Should one of the designated in-house counsel members of the receiving party leave the employment of their Company, the receiving party is entitled to a replacement, subject to paragraph 12;

(b) outside counsel for the receiving party, as well as supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data-entry clerks, legal clerks, private photocopying and litigation support services;

(c) experts or consultants who have signed the Confidentiality Agreement in the form attached as Exhibit A;

---

[1] For clarity, this provision is not applied by entity. *E.g.*, Cognizant TriZetto Software Group, Inc. and Cognizant Technology Solutions Corp. are collectively entitled to select four in-house counsel legal staff members pursuant to this provision.

(d) the Court and its personnel;

(e) witnesses at hearings, during the pendency of that hearing, to whom counsel believes, in good faith, such disclosure is reasonably necessary for the prosecution or defense of the proceedings and who have signed the Confidentiality Agreement in the form attached as Exhibit A;

(f) in preparation for and during depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement in the form attached as Exhibit A, provided that counsel has a good-faith basis for believing such information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge;

(g) the author or recipient of the document (not including a person who received the document solely in the course of litigation);

(h) mediators and their direct personnel, provided that they are bound by a confidentiality agreement acceptable to all parties;

(i) relevant employees of any insurer of a receiving party to the extent that such disclosure is reasonably necessary for the defense of that receiving party in this action and who have signed the Confidentiality Agreement in the form attached as Exhibit A; and

(j) other persons only by written consent of the producing party and who have completed and signed the Confidentiality Agreement in the form attached as Exhibit A, or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

12.   Further, prior to disclosing "Highly Confidential – Attorneys' Eyes Only" information to a receiving party's in-house counsel legal staff members, the receiving party must

provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A for such in-house counsel legal staff members. Prior to disclosing "Highly Confidential – Attorneys' Eyes Only" information to a receiving party's expert or consultant, excluding any expert retained for the purpose of consulting or opining on antitrust claims or defenses, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A for the expert or consultant, the resume or curriculum vitae of the expert or consultant, and any current and past consulting relationships in the industry. The producing party will thereafter have seven (7) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and be communicated in writing, stating with particularity the reasons for the objection. Failure to object within seven (7) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may file a motion to resolve the matter. There will be no disclosure to any proposed individual during the seven (7) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

13. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

14. Notwithstanding any of the provisions of this Protective Order, counsel may provide high level summaries or characterizations of the evidence in the case to their client for the purpose of obtaining instructions in the prosecution or defense of this litigation. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to their client

with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Protected Material.

**F.     Source Code**

15.     To the extent production of source code becomes necessary in this case, a producing party may designate source code as "Highly Confidential – Source Code" if it comprises or includes confidential, proprietary, or trade secret source code.

16.     Protected Material designated as "Highly Confidential – Source Code" shall be subject to all of the protections afforded to "Highly Confidential – Attorneys' Eyes Only" information, and may be disclosed only to the individuals to whom "Highly Confidential – Attorneys' Eyes Only" information may be disclosed, as set forth in paragraph 11, with the exception of (i) in-house counsel as identified in subparagraph 11(a); or (ii) a person granted access under subparagraphs 11(e) or 11(f) that would otherwise not be allowed access to the source code. Further, prior to disclosing "Highly Confidential – Source Code" information to a receiving party's expert or consultant, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A.  The receiving party must also provide to the producing party the resume or curriculum vitae of the expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry.  The producing party will thereafter have seven (7) business days from receipt of the Confidentiality Agreement to object to any proposed individual.  The objection must be made for good cause and be communicated in writing, stating with particularity the reasons for the objection. Failure to object within seven (7) business days constitutes approval.  If the parties are unable to resolve any objection, the receiving party may file a motion to resolve the matter.  There will be no disclosure to any proposed individual during the seven (7) business day objection period, unless

that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

17.    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

18.    The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 17 in the first instance. The producing party shall provide all such source code in paper form including bates numbers and the label "Highly Confidential – Source Code." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 8 whereby the producing party is the "challenging party," and the receiving party is the "designating party" for purposes of dispute resolution.

19.    The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving party

shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

20. Nothing in this Order shall be construed as a determination on the relevance or appropriateness of discovery into source code in this action.

**G.     Nonparty Information**

21. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**H.     Filing Documents With the Court**

22. If any party wishes to submit Protected Material to the Court, the submission must be filed using the *Sealed* and/or *Ex Parte Motion* event. The word "*Sealed*" must appear in the title or caption of any document intended for filing under seal (and any proposed order the party believes should be filed under seal if entered by the judge).

23. Producing or receiving Protected Material, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material

that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**I.      Unauthorized Disclosure**

24.     If a party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the party must immediately (a) notify the other party, in writing, of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Confidentiality Agreement in the form attached as Exhibit A.

**J.      Conclusion of Litigation**

25.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to use reasonable efforts to destroy or return to the producing party all materials and documents containing Protected Material, and to certify to the producing party that this destruction or return has been done.  The receiving party shall decide whether to return or destroy the Protected Material.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.  The receiving party's reasonable

efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with this Protective Order and destroyed in due course.

**K.   Other Proceedings**

26.   By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated as Protected Material pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**L.   Remedies**

27.   It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

28.   Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**IT IS SO ORDERED**.

Dated: _____                                                   _____
                                                                                          The Honorable Brantley Starr
                                                                                          UNITED STATES DISTRICT JUDGE

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr <br><br> Magistrate Judge David L. Horan |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" as defined in the

Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information are to be returned to counsel who provided me with such documents and materials.

Name: _____

Title: _____

Date: _____

Signature: _____

**Exhibit B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr <br><br> Magistrate Judge David L. Horan |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

**Name:** _____

**Title:** _____

**Date:** _____

**Signature:** _____