# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**COGNIZANT TECHNOLOGY SOLUTIONS CORP.'S AND COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S MOTION TO DISMISS INFOSYS LIMITED'S COUNTERCLAIM**

Counterclaim Defendant Cognizant Technology Solutions Corp. ("CTS") and Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. ("TriZetto") (collectively "Cognizant") respectfully move to dismiss the antitrust counterclaims asserted by Infosys Limited ("Infosys") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Infosys fails to state a claim upon which relief can be granted. Dismissal is appropriate for the following reasons, as set forth in detail in the accompanying brief in support:

*First*, Infosys fails to state a claim for monopolization under Section 2 of the Sherman Act because its Counterclaim fails to allege (a) plausible relevant product markets; (b) that Cognizant had monopoly power in any relevant product market; (c) any recognized form of exclusionary conduct by Cognizant; and (d) that Infosys suffered any recognized antitrust injury resulting from harm to competition in the relevant markets.

*Second,* Infosys's claim for attempted monopolization fails because it has not alleged (a) plausible relevant product markets; (b) any recognized form of exclusionary conduct by Cognizant; (c) that Infosys suffered any recognized antitrust injury resulting from harm to competition in the relevant markets; or (d) a specific intent to monopolize.

*Third*, Infosys fails to state a claim under Section 1 of the Sherman Act because its Counterclaim fails to allege (a) plausible relevant product markets; (b) that any of the confidentiality agreements that Cognizant requires its licensee customers and their third-party IT servicers to sign are unreasonable restraints of trade; and (c) that Infosys suffered any recognized antitrust injury.

*Third*, because Infosys fails to state a claim under the Sherman Act, it also fails to state a claim under the Texas Free Enterprise and Antitrust Act ("TFEAA"), which is interpreted "in harmony with federal judicial interpretations of comparable federal antitrust statutes." Tex. Bus. & Com. Code § 15.04. Thus, the failure of Infosys's claims under the Sherman Act requires dismissal of the TFEAA claims as well.

Infosys's claims are insufficient as a matter of law and thus fail to state a claim upon which relief can be granted. Cognizant accordingly requests that the Court dismiss Infosys's Counterclaim in its entirety and with prejudice.

Dated: March 10, 2025 　　　　　　　　/s/  Rachel S. Brass
Rachel S. Brass (*admitted pro hac vice*)
　California Bar:  219301
L. Kieran Kieckhefer (*admitted pro hac vice*)
　California Bar:  251978
Elizabeth McCloskey (*admitted pro hac vice*)
　California Bar:  268184
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel:  415.393.8200
Fax:  415.393.8306
rbrass@gibsondunn.com
emccloskey@gibsondunn.com
kkieckhefer@gibsondunn.com

John T. Cox III
　Texas Bar:  24003722
Betty Yang
　Texas Bar:  24088690
Bradley G. Hubbard
　Texas Bar:  24090174
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel:  214.698.3226
Fax:  214.571.2900
tcox@gibsondunn.com
byang@gibsondunn.com
bhubbard@gibsondunn.com

Samuel G. Liversidge (*admitted pro hac vice*)
　California Bar:  180578
S. Christopher Whittaker (*admitted pro hac vice*)
　California Bar:  283518
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  213.229.7000
Fax:  213.229.7520
sliversidge@gibsondunn.com
cwhittaker@gibsondunn.com

*Attorneys for Counterclaim Defendants Cognizant TriZetto Software Group, Inc. and Cognizant Technology Solutions Corp.*

3

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of the filing to all counsel of record.

Dated:  March 10, 2025                  */s/ Rachel S. Brass*
                                   Rachel S. Brass