IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-02158-X <br><br> The Honorable Brantley Starr |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**INFOSYS LIMITED'S MOTION TO COMPEL
COMPLETE AND VERIFIED RESPONSES TO INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 37, Defendant Infosys Limited ("Infosys") respectfully moves the Court for an order compelling Cognizant TriZetto Software Group, Inc. ("Cognizant") to serve (i) amended responses fully answering Interrogatory Nos. 2, 3, 4, 5, and 9 of Infosys's First Set of Interrogatories to Cognizant TriZetto and (ii) verified responses to all of Infosys's interrogatories.

First, Cognizant has refused to provide complete answers to Infosys's Interrogatory Nos. 2, 3, 4, 5, and 9. These interrogatories seek straightforward information about the fundamental elements of Cognizant's claims, such as the facts supporting Cognizant's trade

1

secret misappropriation claims, identification of individuals with knowledge of those facts, and the basis for Cognizant's contention that the information at issue constitutes trade secrets. Cognizant should be compelled to provide full and complete answers that disclose the information in its possession, custody, and control, as required by Federal Rule of Civil Procedure 33.

In addition, none of Cognizant's interrogatory responses are verified. Infosys served its First Set of Interrogatories six months ago, on October 25, 2024. Despite repeated requests by Infosys, Cognizant has refused to comply with the unambiguous mandate in Rule 33 that interrogatory answers must be answered "under oath." It should be compelled to serve verified interrogatory responses as the Rules require.

Dated: April 24, 2025

Respectfully submitted,

By: /s/ Brent Caslin
Brent Caslin (*pro hac vice*)
Nick Saros (*pro hac vice*)
Kelly M. Morrison (*pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel.: (213) 239-5100
BCaslin@jenner.com
NSaros@jenner.com
KMorrison@jenner.com

Christopher J. Schwegmann
State Bar No. 24051315
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel: (214) 981-3835
cschwegmann@lynnllp.com

        Shoba Pillay (*pro hac vice*)
        Laura E. Pelanek (*pro hac vice*)
        JENNER & BLOCK LLP
        353 N. Clark Street
        Chicago, IL 60654
        Tel.: (312) 222-9350
        SPillay@jenner.com
        LPelanek@jenner.com

        Douglas E. Litvack (*pro hac vice*)
        JENNER & BLOCK LLP
        1099 New York Avenue, NW
        Suite 900
        Washington, DC 20001
        Tel: (202) 639-6000
        DLitvack@jenner.com

        *Attorneys for Defendant and Counterclaim Plaintiff Infosys Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2025, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

        /s/ Brent Caslin
        Brent Caslin (*pro hac vice*)