**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | Case No. 3:24-cv-02158-X |
| Plaintiff, | The Honorable Brantley Starr |
| v. | |
| INFOSYS LIMITED, | |
| Defendant. | |
| INFOSYS LIMITED, | |
| Counterclaim Plaintiff, | |
| v. | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | |
| Counterclaim Defendants. | |

**INFOSYS LIMITED'S MEMORANDUM IN SUPPORT OF ITS MOTION TO
COMPEL COMPLETE AND VERIFIED RESPONSES TO
<u>INTERROGATORIES</u>**

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................... 1

BACKGROUND..................................................................................................................... 2

ARGUMENT.......................................................................................................................... 5

    I.  Cognizant Should Be Compelled to Provide a Complete and Verified Response to
        Interrogatory No. 3 (Reasonable Measures Taken to Protect the Confidentiality of
        the Alleged Trade Secrets)............................................................................................. 5

    II.  Cognizant Should Be Compelled to Provide a Complete and Verified Response to
        Interrogatory No. 2 (Identification of All Persons Who Accessed the Alleged
        Trade Secret Information)............................................................................................ 11

    III. Cognizant Should Be Compelled to Provide a Complete and Verified Response to
        Interrogatory No. 4 (Identify All Persons with Knowledge of Any Facts
        Regarding the Alleged Misappropriation)..................................................................... 12

    IV. Cognizant Should Be Compelled to Provide a Complete and Verified Response to
        Interrogatory No. 5 (All Facts Supporting the Trade Secret Misappropriation
        Claims) and No. 9 (All Facts Supporting Ownership of the Alleged Trade
        Secrets)......................................................................................................................... 13

    V.  Cognizant Should Be Compelled to Serve Verified Responses to All of Its
        Interrogatory Responses. .............................................................................................. 15

CONCLUSION..................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Defiance Button Mach. Co. v. C & C Metal Prods. Corp.*,
  759 F.2d 1053 (2d Cir. 1985) ............................................................... 6

*Hoffman-La Roche, Inc. v. Yoder*,
  950 F. Supp. 1348, 1360-61 (S.D. Ohio 1997) ................................. 8, 9

*Lopez v. Don Herring Ltd.*,
  327 F.R.D. 567 (N.D. Tex. 2018) ...................................................... 13

*Magnesium Elektron North America, Inc. v. Applied Chemistries, Inc.*,
  No. 18-40207, 2019 WL 13251080 (D. Mass. Apr. 23, 2019) ........... 10

*Midland-Ross Corp. v. Yokana*,
  293 F.2d 411 (3d Cir. 1961) .............................................................. 10

*Pie Dev., L.L.C. v. Pie Ins. Holdings, Inc.*,
  No. 21-60593, 2023 WL 2707184 (5th Cir. Mar. 30, 2023) ................. 5

*Ruckelshaus v. Monsanto Co.*,
  467 U.S. 986 (1984) ............................................................................. 6

*SMH Enterprises, L.L.C. v. Krispy Krunchy Foods*,
  No. 20-2970, 2021 WL 4460522 (E.D. La. Sept. 29, 2021) ............. 7, 8

*Storage Tech. v. Custom Hardware Eng'g.*,
  421 F.3d 1307 (Fed. Cir. 2005) ........................................................... 6

*Taghavi v. Soto*,
  No. 21-2557, 2023 WL 6544905 (N.D. Tex. Oct. 6, 2023) ................ 16

*Tax Track Sys. Corp. v. New Inv. World, Inc.*,
  No. 01-6217, 2002 WL 31473818 (N.D. Ill. Nov. 4, 2002) ............... 12

*Vertical Bridge REIT, LLC v. Everest Infrastructure Partners, Inc.*,
  No. 23-1017, 2024 WL 2392896 (W.D. Pa. May 23, 2024) ............... 10

*Williams v. Dallas Police Dep't*,
  No. 07-118, 2007 WL 1655583 (N.D. Tex. June 1, 2007) .................. 16

**Statutes**

18 U.S.C. § 1839 (3)(A)...................................................................................................... 5

Tex. Civ. Prac. & Rem. Code § 134A.002(6)(A)........................................................... 5

**Other Authorities**

Fed. R. Civ. P. 33 ..................................................................................................passim

## INTRODUCTION

Cognizant TriZetto Software Group, Inc. ("Cognizant") filed this lawsuit alleging trade secret misappropriation, but refuses to provide basic, verified responses to interrogatories addressing the fundamental elements of its claims. Infosys Limited ("Infosys") has been hard-pressed to obtain any relevant information in response to interrogatories, receiving little other than boilerplate objections. It therefore has no choice but to seek the Court's assistance. But that is not for lack of trying. Infosys first raised the issues presented in this motion in December 2024, and for months thereafter in multiple meet-and-confers. It received only vacant promises and more delays. Cognizant still has not, in April 2025, supplied the written verification required by Rule 33 for interrogatories received in October 2024—half a year ago. The refusal to comply with the rules does not appear to be a mere oversight. It looks like strategy.

The discovery at issue is hardly controversial. It is commonplace for this type of case. The interrogatories seek facts that relate to elements of Cognizant's misappropriation claims on which it has the burden of proof. Infosys seeks facts establishing any measures taken to protect the alleged trade secrets—an element Cognizant must prove to prevail on its claims—and the identification of those who have received the supposed trade secret information. In its unverified responses, Cognizant will not provide any information from before it acquired the software at issue in 2014, precluding pre-2014 discovery on software that Cognizant contends holds the trade secrets going back well before that time. In Cognizant's view, it can purchase information, label it secret, file a lawsuit claiming it has always been a secret, but then refuse to answer questions about how the information was kept secret before the acquisition. The law says otherwise.

Cognizant also refuses to identify those who have been given access to the supposed trade secrets. In any trade secret case, that position would be wrong. It is particularly faulty here, where it is undisputed that Cognizant has provided the supposedly secret information to a large number

1

of recipients over many years. Both positions ignore that no exemption exists because the trade secrets are old. Cognizant decided to assert in this Court that antiquated software programs were supposedly maintained as secret for decades, and so it must respond to interrogatories seeking facts in its possession about what measures were taken to protect the secrets over that period and who was given access to them.

Perhaps worse, Cognizant also refuses to provide facts that support its misappropriation claims or properly identify those who possess knowledge of those facts. Its interrogatory response instead refers only to the generalities in its Complaint, and identifies three persons who "may have" knowledge, which also means they *may not* have knowledge. It is inconceivable that ***eight months*** after filing this lawsuit, and six months after receiving interrogatories about its claims, Cognizant still cannot provide concrete facts supporting its misappropriation claims or identify employees who know those facts.

Cognizant's evasion impairs Infosys's ability to develop defenses and prepare for trial. Discovery ends in less than a year, and Infosys cannot suffer more delay beyond the many months already wasted asking repeatedly for proper responses and the verification required by Rule 33. Infosys requests the Court compel complete responses to Interrogatory Nos. 2, 3, 4, 5, and 9, and verified responses to all of its interrogatories.

## BACKGROUND

On August 23, 2024, Cognizant filed its complaint alleging that Infosys misappropriated trade secret information under Federal and Texas trade secret statutes. ECF No. 1.[1] Infosys

---

[1] Infosys moved to dismiss Cognizant's Complaint on October 22, 2024. ECF No. 33. That motion is currently pending. Infosys also filed counterclaims against Cognizant and Cognizant Technology Solutions Corp. ("CTS") on January 9, 2025, for violation of state and federal antitrust laws based on monopolization and attempted monopolization, and unreasonable restraint of trade. ECF No. 46. Cognizant moved to dismiss Infosys's counterclaims, which is also pending.

promptly sought discovery identifying the allegedly misappropriated trade secrets, among other trade secret-related issues. Cognizant refused to provide that information. Infosys therefore filed a motion to compel a proper trade secret identification in response to its Interrogatory No. 1, and for a protective order sequencing discovery. ECF No. 50. That important motion was referred to Magistrate Judge Horan and is pending with the Court.

This Motion concerns deficient responses to additional trade secret-related Interrogatory Nos. 2-5 and 9, and seeks verification of all of Cognizant's interrogatory responses—which Infosys has also not obtained despite repeated requests, and the existence of Rule 33's requirement that responses must be verified. The interrogatories that are substantively are the following:

- <u>Interrogatory No. 2</u>: Please identify all persons who have at any point in time accessed the information you identify as trade secrets in response to Interrogatory No. 1.

- <u>Interrogatory No. 3</u>: Please describe in detail all measures that have been taken to protect the confidentiality of the information You identified as trade secrets in response to Interrogatory No. 1.

- <u>Interrogatory No. 4</u>: Please identify all persons with knowledge of any facts Relating to Your contention that Infosys Limited misappropriated Your trade secrets.

- <u>Interrogatory No. 5</u>: Please state all facts supporting Your contention that Infosys Limited misappropriated Your trade secrets.

- <u>Interrogatory No. 9</u>: Please state all facts supporting Your contention that You own each purported trade secret identified in response to Interrogatory No. 1.

App'x 10-12. Despite the elementary nature of the requests and considering Cognizant is the plaintiff asserting misappropriation, its responses are incomplete and deficient, as explained below. With six months passing since receiving these interrogatories and multiple letters and meet and confers identifying deficiencies in its responses, Cognizant clearly has no intention of providing complete information absent an order from the Court.

The interrogatories at issue were served on October 25, 2024, and first responded to by Cognizant, with an extension, on December 23, 2024. App'x 7-32. The parties exchanged numerous letters and held multiple meet-and-confers on the issues raised in this Motion, without resolution of the various deficiencies. *E.g.*, App'x 80-82, 85-88, 90-96, 100-03, 105-08, 131-38, 142-44, 150-51. Cognizant served amended responses to Infosys's First Set of Interrogatories, including Nos. 2-5 and 9, on February 20, 2025, but the amendment failed to result in compliant responses correcting identified deficiencies. App'x 34-57.[2]

Cognizant also refuses to provide verified responses to any of Infosys's interrogatories, despite repeated requests beginning in December 2024, and in numerous other letters and multiple meet-and-confers over the subsequent months. *E.g.*, App'x 80, 94, 105, 150-51. Cognizant inexplicably will not provide the required verifications. Though repeatedly stating it will comply, Cognizant has failed each time to live up to its promise. For example, on January 10, Cognizant assured Infosys, "[w]e will give you verified interrogatories." App'x 150-51; *see also* App'x 94. Two months later, on March 11, Cognizant insisted its responses were "about to be verified." App'x 151. Another full month has passed, and Infosys still has not received verified interrogatory responses.

The discovery issues addressed in this Motion are crucial. They cover trade secret issues at the crux of the misappropriation claims. Cognizant alleges that its Facets and QNXT software, which it acquired from TriZetto in 2014, contain closely guarded trade secrets. ECF 1 ¶¶ 11, 14.

---

[2] Although they do not appear to contain any confidential information, certain portions of the Amended Responses have been redacted as part of Infosys's filing in an abundance of caution because Cognizant marked the document as "Highly Confidential – Attorneys' Eyes Only." Those portions that are not redacted contain text that has already been included in publicly-filed documents (e.g., the Complaint) or documents that were not designated as Confidential (e.g., Cognizant's initial set of interrogatory responses).

At the same time, it acknowledges that those software applications "have been widely used by payers and providers in the healthcare industry for decades," *id.* ¶ 11, meaning the alleged trade secrets have been disclosed to numerous large healthcare payors, and a vast number of users, for decades as well. The two allegations are obviously in tension—on the one hand, the information at issue is supposedly secret, but on the other it has been "widely used" by many across the industry. And Cognizant further broadly, and rather vaguely, characterizes its trade secrets as information that "includes" almost every aspect of the software. *Id.* ¶ 17 (citing software, workflows, source materials, technical documentation, release notes, toolkits, and a host of other elements of the software). The extensive amount of disclosure, combined with allegations that essentially every aspect of decades-old software is trade secret, results in purported trade secrets that would be very difficult to protect over those decades. The consequence is that it will be difficult for Cognizant to meet its burden on that issue, which is likely why it steadfastly refuses to provide discovery about the scope of its supposedly secret information, what measures were taken to protect it, and who has received it.

## ARGUMENT

Cognizant's improper interrogatory responses are grouped below by subject. The subject matter arguments are followed by a brief discussion of the straightforward verification requirement in Rule 33, and Cognizant's continued failure to respond to any of Infosys's interrogatory responses under oath.

**I.    Cognizant Should Be Compelled to Provide a Complete and Verified Response to Interrogatory No. 3 (Reasonable Measures Taken to Protect the Confidentiality of the Alleged Trade Secrets).**

Cognizant bears the burden to prove it took reasonable measures to maintain the secrecy of the information it claims to be a trade secret. 18 U.S.C. §1839 (3)(A); Tex. Civ. Prac. & Rem. Code § 134A.002(6)(A); *Pie Dev., L.L.C. v. Pie Ins. Holdings, Inc.*, No. 21-60593, 2023 WL

2707184, at *2-3 (5th Cir. Mar. 30, 2023) (the trade secret holder bears the burden of proof to show reasonable measures were taken to protect the trade secret). Those reasonable measures must be in place throughout the lifetime of the trade secret's existence. *See, e.g.*, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) (trade secret status "extinguished" through disclosure); *Defiance Button Mach. Co. v. C & C Metal Prods. Corp.*, 759 F.2d 1053, 1063-64 (2d Cir. 1985) ("upon disclosure, even if inadvertent or accidental, the information ceases to be a trade secret . . ."). In other words, if a trade secret is left unprotected it loses its trade secret status and cannot be reinstituted by later-added reasonable measures attempting to protect that information; the proverbial cat is out of the bag. *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1319 (Fed. Cir. 2005) (once "lost" through disclosure, trade secret status cannot be regained by subsequent protective measures).

This is an important issue. Cognizant has claimed (improperly) that nearly every aspect of its decades-old software product is a trade secret. To prevail, Cognizant must prove that reasonable measures were taken to protect that information since the moment the alleged trade secrets were created. The identity of those facts is a basic subject to be addressed in discovery. After Cognizant identifies the measures it believes were taken and were reasonable to protect its supposed trade secrets, Infosys has a right to challenge the measures as "reasonable" through further interrogatories, document requests, and eventually depositions. But Infosys is unable to evaluate and challenge the protective measures because Cognizant refuses to properly identify them.

Interrogatory No. 3 asked Cognizant to "describe in detail all measures that have been taken to protect the confidentiality of the information You identified as trade secrets . . . ." App'x 11. Cognizant's response is deficient. It merely recites measures currently in place, and therefore fails for at least the following reasons:

(1)    Cognizant refuses to provide any response for the time period before 2014 when it acquired the QNXT and Facets software from TriZetto, even though it alleges the trade secrets have existed for decades; and

(2)    For the measures identified in its response, Cognizant fails to identify when any particular measure was enacted, for which alleged trade secrets, or the time period any such measure existed.

Cognizant should be compelled to provide a complete and verified response.

*First*, despite bearing the burden on the reasonable measures issue, Cognizant's Interrogatory No. 3 response flatly refuses to provide information for the life of its supposed trade secret. Cognizant objects to the interrogatory because the request "does not identify a relevant time period," and states that it "will not describe 'all measures' for an unbounded period of time." App'x 47. Instead, Cognizant offers to describe measures "sufficient to show" methods of protection. App'x 47. But that merely results in incomplete information. Infosys is entitled to know all facts supporting what has been done to protect Cognizant's supposed trade secrets, and then challenge them as sufficient or not. Allowing Cognizant to choose what it believes is "sufficient to show" reasonable measures is just a clever way of eliminating Infosys's ability to test them. And listing vague examples of current measures says nothing about the past years or decades of the alleged trade secrets' existence.

Case law confirms that a much more fulsome inquiry into the efforts expended, or not expended, to protect the supposedly secret information over its life is appropriate. In fact, if a trade secret holder did not initially take reasonable measures to protect its secret—but then instituted reasonable measures later in time—they will have failed to maintain trade secret status. For instance, in *SMH Enterprises, L.L.C. v. Krispy Krunchy Foods*, the trade secret holder did not require confidentiality agreements for a few months in 2016, but subsequently added confidentiality provisions that it contended "retroactively applied." No. 20-2970, 2021 WL 4460522, at *13 (E.D. La. Sept. 29, 2021). The court held that "no confidentiality provision

covered the [trade secret] from November 2016 to December 2016," and as a result, the trade secret holder "failed to create an issue of material fact regarding whether it took reasonable measures to protect" that secret. *Id.*

Similarly, in *Hoffman-La Roche, Inc. v. Yoder*, the court found that the trade secret holder failed to take reasonable security measures during the first years of the trade secret's existence, which eliminated any subsequent ability to claim trade secret status. 950 F. Supp. 1348, 1360–61 (S.D. Ohio 1997). Importantly, even though the court found that the plaintiff had "taken extraordinary efforts to keep this material confidential" over the prior decade, "[w]hat is striking to the Court, however, is the absence of evidence regarding controls placed on these documents when the Accutane trials were initiated, and in the years directly thereafter." *Id.*

Cognizant has declared Infosys's request for reasonable measures information "facially overbroad and clearly not proportional to the case," because the requested information "goes back multiple decades," and argues it should not be required to provide information on reasonable measures "going back 30 years." App'x 131-32. Cognizant's arguments fail the slightest of scrutiny. Reasonable measures discovery is not overbroad or disproportionate to the needs of the case—it is an express element of the statute upon which Cognizant bears the burden of proof. Cognizant decided to claim that *decades-old* software programs are trade secrets. It must therefore prove that the software was kept secret for decades as an element of its claim. It cannot slip past discovery on an element of its claim, for which it bears the burden of proof, because it chose to assert misappropriation of antiquated information.

Infosys is aware of no case supporting Cognizant's assertion that old trade secrets need not have been protected through reasonable measures over their life. The opposite is true. A trade secret plaintiff asserting misappropriation of a cutting-edge technology development might not

8

even encounter questions about whether reasonable measures were taken to protect its brand-new advanced technology. On the other hand, a plaintiff like Cognizant that is asserting its antiquated programs were protected as "secrets" will surely, and appropriately, encounter serious questions about the issue because odds are low that its supposedly secret information was really kept secret for twenty-plus years. *Hoffman-La Roche* relied on the lack of reasonable measures from the 1970s to find that information could not be a trade secret in 1997. 950 F. Supp. at 1360-61. That conclusion is supported by black-letter law that trade secrets that are disclosed lose their trade secret status, no matter when that deficiency occurred in time. *Supra* p. 6.

*Second*, Cognizant's amended response to Interrogatory No. 3 does nothing more than restate allegations from its Complaint, which are generalized, conclusory, and lack factual detail. Importantly, the response fails to identify ***when*** the identified measures were enacted, for what period of time any of the measures were in place, and whether those measures applied to all, or some portion of, the alleged trade secrets. *See* App'x 47-49. Further, the measures recited in the shallow response apply only to Cognizant, and state nothing about the numerous licensees, users, customers, or any other party with access to the alleged trade secret information.

We also must not forget that Cognizant obtained the supposed trade secrets through acquisition. It presumably obtained information as part of that process concerning whether they were protected as trade secrets before the acquisition. Assuming good faith, if Cognizant had no facts supporting the assertion that its programs were protected as secrets before it acquired them, it would not have had a basis to claim in its complaint that the programs were trade secrets. Infosys is entitled to know what Cognizant knows on the subject.

The extent of the protections taken (if any) to protect Cognizant's supposed trade secrets will be important at summary judgment and trial, if Cognizant's trade secret claim makes it that

9

far, because trade secret misappropriation claims may meet their downfall if efforts to maintain confidentiality were inadequate. For instance, in *Vertical Bridge REIT, LLC v. Everest Infrastructure Partners, Inc.*, contracts entered by the plaintiff's predecessor-in-interest both disclosed the pricing information later alleged to be a trade secret, and "lacked any confidentiality provision." No. 23-1017, 2024 WL 2392896, at *5, 9–10 (W.D. Pa. May 23, 2024). As a result, the plaintiff could not plausibly allege trade secret misappropriation despite later-added confidentiality terms in subsequent agreements. *Id.* Similarly, in *Midland-Ross Corp. v. Yokana*, later attempts to take steps to ensure secrecy within a manufacturing plant could not support the existence of a trade secret. 293 F.2d 411, 413 (3d Cir. 1961). And, in *Magnesium Elektron North America, Inc. v. Applied Chemistries, Inc.*, the plaintiff acquired the trade secret technology and licensed it back to the seller without confidentiality obligations for some of the licensee's employees. No. 18-40207, 2019 WL 13251080, at *2-3 (D. Mass. Apr. 23, 2019). Despite having confidentiality agreements in place for other employees and other measures in place, the fact that some employees were not obligated to keep the same information confidential eliminated the existence of a trade secret. *Id.* at *3, 5. Each of these cases tested the specifics of the plaintiff's confidentiality protection measures.

Here, Cognizant refuses to identify the necessary details, instead opting to give vague examples for a limited period of time. Even if Cognizant identifies current reasonable measures to protect its alleged trade secrets, that says nothing about what was done (or not done) by Cognizant in the past, by the prior owners of the alleged trade secrets that Cognizant admits have existed for decades before its acquisition of TriZetto, or by users and licensees who have had access to the claimed trade secrets. A proper response stating facts and not conjecture is required so Infosys can evaluate and challenge any evidence to be put forth by Cognizant. Cognizant's refusal to provide

10

a complete response, including facts relating to the time period before its 2014 acquisition of the alleged trade secrets, is indefensible. It should be compelled to provide a full and complete response.

## II. Cognizant Should Be Compelled to Provide a Complete and Verified Response to Interrogatory No. 2 (Identification of All Persons Who Accessed the Alleged Trade Secret Information).

For the same reasons articulated for Interrogatory No. 3 on reasonable measures, Cognizant should be required to properly respond to Interrogatory No. 2, which seeks the identification of persons who at any time have accessed the information alleged to be trade secrets. It is axiomatic that a defendant cannot determine whether those who possessed the alleged trade secrets were required to use reasonable measures to protect that information, and indeed carried out those measures, without knowing the identity of those people or entities. But that is precisely what Cognizant attempts with its nonresponse to Interrogatory No. 2. It relies on a host of unsubstantiated boilerplate objections, and refuses to identify any specific entity other than Cognizant itself; the response merely recites the generic categories of "customers" and "[t]hird-party vendors." App'x 45-47. After service of this interrogatory on October 25, 2024, nearly six months later, the best Cognizant can do is list "TriZetto employees," "customers" and "vendors." It lists *no* entity by name (other than itself), despite the existence of the alleged trade secrets for decades, during which the software has been "widely used." ECF 1 ¶ 11. The response is not close to being proper.

Cognizant's response appears designed to prevent Infosys from discovery on whether recipients of the alleged trade secrets were under any confidentiality obligations throughout the existence of the trade secrets. Infosys cannot evaluate whether "customers" or "third-party vendors" were required to maintain the confidentiality of the alleged trade secrets without knowing their identities. If no agreements or confidentiality obligations existed for a particular entity, then

Infosys must know the identity of that entity to evaluate its defenses. *See Tax Track Sys. Corp. v. New Inv. World, Inc.*, No. 01-6217, 2002 WL 31473818, at *2, 10-11 (N.D. Ill. Nov. 4, 2002) (sanctioning plaintiff for withholding the extent to which discovery of trade secrets were disclosed because it is a central issue in the case). Cognizant likely is refusing to identify those who received its supposed trade secrets because the sheer number is enormous, and it does not want to reveal information that will allow Infosys to test if the information was protected by those third parties.

The fact that the alleged trade secrets were disclosed to likely tens of thousands of customer and vendor employees over decades only emphasizes the importance of this issue, because the likelihood of unprotected access and disclosure is increased. These concepts must be known to Cognizant, and the feigned burdens and alleged lack of proportionality arguments look like attempts to conceal potential damaging information.

The required response is simple. Name all the customers, name the vendors, and name any other person or entity with access to the alleged trade secrets. Any issue based on the age of the purported trade secrets or the number of third parties Cognizant will need to list is a consequence of alleging misappropriation of decades-old trade secrets that have been accessed by countless persons over the years; Cognizant's broad allegations do not excuse noncompliance with discovery obligations or relieve it from satisfying elements of its claims. Cognizant's current response is inadequate, and the Court should compel a proper response.

III. **Cognizant Should Be Compelled to Provide a Complete and Verified Response to Interrogatory No. 4 (Identify All Persons with Knowledge of Any Facts Regarding the Alleged Misappropriation).**

Interrogatory No. 4 asked Cognizant to "[i]dentify all persons with knowledge of any facts Relating to Your contention that Infosys Limited misappropriated Your trade secrets." App'x 25. Following a laundry list of unsubstantiated boilerplate objections, Cognizant responded with only two people who "*may have* personal knowledge of information responsive to this Interrogatory."

*Id.* (emphasis added). After meet and confers, Cognizant amended its response to state that one additional person "*may have* personal knowledge of information responsive to this Interrogatory," increasing the number of identified persons to three. App'x 49-50 (emphasis added). Cognizant's thin and equivocal response is insufficient.

Eight months after filing a Complaint alleging misappropriation, Cognizant has only identified three persons who "may have" factual knowledge of the basis for all of Cognizant's affirmative claims—which means maybe three persons or maybe zero persons. This evasive non-response exhibits the low level of effort Cognizant has expended on its discovery obligations. An investigation or interviews with employees should provide certainty on whether *three* Cognizant employees have (or maybe do not have) knowledge of any facts regarding the alleged misappropriation. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 592–93 (N.D. Tex. 2018) (Horan, M.J.) (responding party is "required to . . . review[] all sources of responsive information reasonably available to [it] and provid[e] the responsive, relevant facts reasonably available") (citation omitted). The federal rules governing discovery call for disclosure of facts, not empty statements. *Id.*

Cognizant's paltry response also calls into question whether it performed a sufficient investigation before the filing of the Complaint, and further indicates those allegations are based on conjecture and not facts. Nevertheless, this issue and others presented herein exhibit Cognizant's disregard for its discovery obligations, and a Court order for compliance is appropriate.

## IV. Cognizant Should Be Compelled to Provide a Complete and Verified Response to Interrogatory No. 5 (All Facts Supporting the Trade Secret Misappropriation Claims) and No. 9 (All Facts Supporting Ownership of the Alleged Trade Secrets).

The deficiencies in Interrogatory Nos. 5 and 9 suffer similar faults and rely on a Rule 33(d) amended response following a wholly deficient first response.

13

Interrogatory No. 5 asked Cognizant to "state all facts supporting Your contention that Infosys Limited misappropriated Your trade secrets." App'x 50. Following another list of unsubstantiated boilerplate objections, Cognizant merely referred to its Complaint. App'x 50-51. These interrogatories seek facts in Cognizant's possession that are not in the Complaint, but are critical to its claims—*i.e.*, what facts does Cognizant possess to support its misappropriation claims? The unverified vagaries from the Complaint are plainly not sufficient and only raise more questions than provide answers.

Cognizant must have conducted a pre-filing analysis and relied on actual facts in support of its claims, which Infosys is entitled to receive in discovery. It is hard to believe Cognizant's response to this basic interrogatory regarding misappropriation in a case centered on alleged misappropriation is an instruction to read the Complaint and wait for documents, but that is the strategy Cognizant has settled on. It reveals either an exceedingly weak claim, built on no actual facts, or a decision to hide relevant facts from the discovery process.

Interrogatory No. 9 asked Cognizant to "state all facts supporting Your contention that You own each purported trade secret identified in response to Interrogatory No. 1." App'x 30. Following the same baseless objections set forth in prior responses, Cognizant responded with one sentence about TriZetto's 2000 and 2007 acquisitions of companies with the Facets and QNXT software, and stated that discovery is ongoing. App'x 30-31. But Cognizant needs no discovery to explain its ownership of its supposed trade secrets. And its paltry amended response, referring to Rule 33(d), adds nothing of value. App'x 55-56. Cognizant should be compelled to identify facts evidencing that it actually owns the information it claims as supposed trade secrets.[3]

---

[3] Cognizant may have trouble responding to this interrogatory because Cognizant does not know, or at least refuses to state clearly, which of its supposed trade secrets were misappropriated by Infosys. This issue is addressed in Infosys's prior motion, seeking to compel a response to

For both interrogatories, Cognizant failed to identify any documents with its response, despite Rule 33(d)'s requirement of "specifying the records." Fed. R. Civ. P. 33(d). Cognizant's feeble responses followed by a vacant Rule 33(d) reservation do nothing but exhibit the lack of seriousness taken by Cognizant in discovery. Infosys is entitled to proper responses after months of trying on its own, which requires this Court to order Cognizant to properly respond to the interrogatories with actual facts, in a verified response.

## V.    Cognizant Should Be Compelled to Serve Verified Responses to All of Its Interrogatory Responses.

Infosys's First Set of Interrogatories were served on October 25, 2024. App'x 13. Cognizant has had six months to gather facts and verify its responses as required by the Federal Rules. Nevertheless, Cognizant inexplicably refuses to serve a verification for any of its interrogatory responses, despite being required by Rule 33 to provide a response "under oath." Fed. R. Civ. P. 33(b)(3). Infosys repeatedly requested verified responses for *months*. *Supra* p. 4. Infosys first raised this issue in December 2024 after receiving Cognizant's initial set of unverified responses. App'x 80 n.2 (stating interrogatory responses are not verified and thus "as a whole are deficient"). Infosys continued to raise the issue at subsequent meet-and-confers, including on January 10, 2025, where Cognizant's counsel acknowledged the deficiency and promised to provide verified responses. App'x 94, 150-51. On March 11, Cognizant insisted during another meet and confer that its amended interrogatory responses were "about to be verified." App'x 151, ¶ 4. To date, four months after serving its initial interrogatory responses, and two months after serving unverified amended responses, Cognizant still has not served verifications for any of its interrogatory responses.

---

Interrogatory No. 1 and sequence discovery. The problem is, of course, one of Cognizant's own making—it is the plaintiff that chose to file a lawsuit with no specifics or particularity regarding the supposed trade secrets that were allegedly misappropriated by Infosys.

The verification requirement "is critical," as "unsworn, unverified" responses "amount only to statements of counsel" and "not admissible evidence." *Taghavi v. Soto*, No. 21-2557, 2023 WL 6544905, at *7–8 (N.D. Tex. Oct. 6, 2023) (Horan, M.J.). Cognizant's refusal to serve a verification makes its responses useless. *See Williams v. Dallas Police Dep't*, No. 07-118, 2007 WL 1655583, at *2 (N.D. Tex. June 1, 2007) ("unsigned interrogatory answers . . . cannot be considered for any purpose."). No justification exists for Cognizant's flat refusal to comply with the federal rules. This issue exemplifies the barriers Infosys has faced in obtaining even basic discovery from Cognizant.

## CONCLUSION

Infosys respectfully requests that the Court order Cognizant to serve amended responses fully answering Infosys Interrogatory Nos. 2-5 and 9, and verified responses to all of Infosys's Interrogatories, in compliance with Federal Rule of Civil Procedure 33.

Dated: April 24, 2025

Respectfully submitted,

By: /s/ Brent Caslin
Brent Caslin (*pro hac vice*)
Nick Saros (*pro hac vice*)
Kelly M. Morrison (*pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel.: (213) 239-5100
BCaslin@jenner.com
NSaros@jenner.com
KMorrison@jenner.com

Christopher J. Schwegmann
State Bar No. 24051315
LYNN PINKER HURST &
SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel: (214) 981-3835
cschwegmann@lynnllp.com

16

Shoba Pillay (*pro hac vice*)
Laura E. Pelanek (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
SPillay@jenner.com
LPelanek@jenner.com

Douglas E. Litvack (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
DLitvack@jenner.com

*Attorneys for Defendant and Counterclaim Plaintiff Infosys Limited*

## CERTIFICATE OF CONFERENCE

Counsel for Infosys and counsel for Cognizant met and conferred about the discovery requests that form the basis of this motion on January 3, January 10, and January 17, 2025, and in several written communications, including letters from Infosys dated December 31, 2024, January 15, 2025, January 22, 2025, and February 24, 2025. Infosys has repeatedly asked Cognizant to serve interrogatory responses that comply with the Federal Rules over a period of months, but it has refused to do so.

The January 3, 2025 meeting included Lindsey Lusk, Kelly Morrison and Sara Stappert on behalf of Infosys, with Cognizant represented by Ahmed ElDessouki, Christina Myrold, Katherine Worden, and Amanda Bello. The January 10, 2025 meeting included Lindsey Lusk, Kelly Morrison, and Casey Carlson on behalf of Infosys, with Cognizant represented by Christina Myrold and Katherine Worden. The January 17, 2020 meeting included Lindsey Lusk, Kelly

Morrison, and Carolina Abboud for Infosys and Ahmed ElDessouki, Katherine Worden, and Amanda Bello on behalf of Cognizant.

/s/ Kelly M. Morrison
Kelly M. Morrison (*pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2025, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

/s/ Brent Caslin
Brent Caslin (*pro hac vice*)