IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr <br><br><br> Magistrate Judge David L. Horan |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**PLAINTIFF-COUNTERCLAIM DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. ("TriZetto") and Counterclaim Defendant Cognizant Technology Solutions Corp. ("CTS") (together "Cognizant") respectfully move for a protective order precluding Defendant and Counterclaim Plaintiff Infosys Limited ("Infosys") from requiring Cognizant to collect documents from Cognizant CEO Ravi Kumar. At a minimum, Mr. Kumar's documents should not be produced until a ruling on CTS's pending motion to dismiss.

*First*, courts in the Fifth Circuit routinely protect high-level executives from unnecessary discovery by requiring parties to first seek information from lower-level employees and demonstrate that the executive has unique, personal knowledge relevant to the case. The evidence Infosys seeks concerns Mr. Kumar's conduct *when he was at Infosys*, which is in Infosys's possession, and Cognizant has offered extensive "lesser means" by which to obtain any other relevant information—adding a custodian with superior knowledge than Mr. Kumar and offering to proactively search for, collect, and produce centrally located documents related to Mr. Kumar on an ad hoc basis.

*Second*, Infosys's attempt to add Mr. Kumar as a custodian is improper, irrelevant under Rule 26(b)(1), and is meant to harass a former Infosys employee and Cognizant apex executive, rather than to obtain information genuinely relevant to the case. Because any relevant documents from the period when Mr. Kumar worked at Infosys is already in Infosys's possession, the requested discovery is nothing more than an unwarranted fishing expedition.

*Third*, at a minimum, the discovery of Mr. Kumar's documents and communications should be postponed until after the Court rules on the pending motion to dismiss because it relates to tenuous, implausible claims added to the case for the purpose of harassment. Those claims should be tested first, before Infosys is allowed to engage in harassing discovery that creates unnecessary burdens and wastes resources.

| | |
|---|---|
| Dated: May 9, 2025 | */s/ L. Kieran Kieckhefer*<br>L. Kieran Kieckhefer (*admitted pro hac vice*)<br>Rachel S. Brass (*admitted pro hac vice*)<br>Elizabeth McCloskey (*admitted pro hac vice*)<br>Christina E. Myrold (*admitted pro hac vice*)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415.393.8200<br>Fax: 415.393.8306<br>kkieckhefer@gibsondunn.com<br>rbrass@gibsondunn.com<br>emccloskey@gibsondunn.com<br>cmyrold@gibsondunn.com<br><br>John T. Cox III (SBN 24003722)<br>Betty Yang (SBN 24088690)<br>Bradley G. Hubbard (SBN 24090174)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>Tel: 214.698.3226<br>Fax: 214.571.2900<br>tcox@gibsondunn.com<br>byang@gibsondunn.com<br>bhubbard@gibsondunn.com<br><br>Samuel G. Liversidge (*admitted pro hac vice*)<br>Casey J. McCracken (*admitted pro hac vice*)<br>S. Christopher Whittaker (*admitted pro hac vice*)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Tel: 213.229.7000<br>Fax: 213.229.7520<br>sliversidge@gibsondunn.com<br>cmccracken@gibsondunn.com<br>cwhittaker@gibsondunn.com<br><br>Ahmed ElDessouki (*admitted pro hac vice*)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Ave.<br>New York, NY 10166<br>Tel: 212.351.2345<br>aeldessouki@gibsondunn.com<br><br>*Attorneys for Cognizant TriZetto Software Group, Inc. and Cognizant Technology Solutions Corp.* |

3

## CERTIFICATE OF SERVICE

      I hereby certify that on May 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of the filing to all counsel of record.

                                          *L. Kieran Kieckhefer*
                                          L. Kieran Kieckhefer