**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,

Plaintiff,

v.

INFOSYS LIMITED,

Defendant.

INFOSYS LIMITED,

Counterclaim Plaintiff,

v.

COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,

Counterclaim Defendants.

Case No. 3:24-cv-2158-X

The Honorable Brantley Starr

Magistrate Judge David L. Horan

**APPENDIX OF DOCUMENTS SUBMITTED IN SUPPORT OF PLAINTIFF-COUNTERCLAIM DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Local Civil Rule 7.1(i), Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. ("TriZetto") and Counterclaim Defendant Cognizant Technology Solutions Corp. ("CTS") (together "Cognizant") respectfully submit this Appendix of Documents in Support of their Motion for Protective Order.

| **Exhibit No.** | **App'x** | **Description** |
|---|---|---|
| A | 001–004 | Declaration of Casey J. McCracken |
| 1 | 005–012 | April 9, 2025 email from K. McLaughlin to C. Myrold, et al. |
| 2 | 013–021 | April 15, 2025 email from K. McLaughlin to C. McCracken, et al. |
| 3 | 022–028 | May 2, 2025 email from M. Butler to "Infosys-cognizant@jennerlists.com" |
| 4 | 029–039 | May 5, 2025 email from J. Rendell to M. Butler, et al. |

Dated: May 9, 2025

*/s/ L. Kieran Kieckhefer*

L. Kieran Kieckhefer (*admitted pro hac vice*)
Rachel S. Brass (*admitted pro hac vice*)
Elizabeth McCloskey (*admitted pro hac vice*)
Christina E. Myrold (*admitted pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: 415.393.8200
Fax: 415.393.8306
kkieckhefer@gibsondunn.com
rbrass@gibsondunn.com
emccloskey@gibsondunn.com
cmyrold@gibsondunn.com

John T. Cox III (SBN 24003722)
Betty Yang (SBN 24088690)
Bradley G. Hubbard (SBN 24090174)
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: 214.698.3226
Fax: 214.571.2900
tcox@gibsondunn.com
byang@gibsondunn.com
bhubbard@gibsondunn.com

Samuel G. Liversidge (*admitted pro hac vice*)
Casey J. McCracken (*admitted pro hac vice*)
S. Christopher Whittaker (*admitted pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue

Los Angeles, CA 90071
Tel: 213.229.7000
Fax: 213.229.7520
sliversidge@gibsondunn.com
cmccracken@gibsondunn.com
cwhittaker@gibsondunn.com

Ahmed ElDessouki (*admitted pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Tel: 212.351.2345
aeldessouki@gibsondunn.com

*Attorneys for Cognizant TriZetto Software Group, Inc. and Cognizant Technology Solutions Corp.*

3

APPENDIX IN SUPPORT OF PLAINTIFF-COUNTERCLAIM DEFENDANT'S MOTION FOR PROTECTIVE ORDER
CASE NO. 3:24-CV-2158-X

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC,<br><br>Plaintiff,<br><br>v.<br><br>INFOSYS LIMITED,<br><br>Defendant. | Case No. 3:24-cv-2158-X<br><br>The Honorable Brantley Starr<br><br>Magistrate Judge David L. Horan |
| INFOSYS LIMITED,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,<br><br>Counterclaim Defendants. | |

**DECLARATION OF CASEY J. MCCRACKEN IN SUPPORT OF PLAINTIFF-COUNTERCLAIM DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

I, Casey J. McCracken, hereby declare as follows:

1. I am attorney with the law firm Gibson, Dunn, & Crutcher LLP and counsel of record for Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. and Counterclaim Defendant Cognizant Technology Solutions Corp. (collectively, "Cognizant"). I am licensed to practice in California, and I am admitted *pro hac vice* to this Court for this matter.

2. I make this declaration in support of Plaintiff-Counterclaim Defendant's Motion for Protective Order. I and the attorneys I work with have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

3. The parties exchanged initial lists of proposed custodians on April 8, 2025. Cognizant's list included eleven individuals and nine non-custodial repositories.

4. On April 9 and April 15, 2025, Infosys emailed Cognizant regarding Cognizant's proposed custodian list. True and correct copies of these emails are attached hereto as **Exhibits 1** and **2**, respectively. In its April 15 email, Infosys requested, among other items, that Cognizant add Ravi Kumar to its proposed custodian list.

5. On April 24, 2025, the parties met and conferred regarding their respective custodian lists. I attended the meet and confer on behalf of Cognizant, along with my colleagues Jamie France, Matthew Butler, Ahmed ElDessouki, Christina Myrold, and Katherine Worden. Katharine McLaughlin, Laura Pelanek, Kelly Morrison, Casey Carlson, and Jariel Rendell attended on behalf of Infosys.

6. During the April 24 meet and confer, my colleague Mr. Butler asked Infosys to provide its basis for wanting to add Mr. Kumar to Cognizant's custodian list. Mr. Butler noted that the allegations in Infosys's antitrust counterclaims concerned alleged conduct by Mr. Kumar that occurred while he was an Infosys employee, which suggested any relevant documents would presumably be in Infosys's possession. In response, Ms. McLaughlin stated their allegations involved continuing conduct after the individuals went to Cognizant, such as "slowrolling." Mr. Butler asked if Infosys would consider alternative sources of information for its requested custodians, such as alternative custodians or non-custodial sources. Ms. McLaughlin stated that while Infosys would consider alternative proposals for "some," they would not do so with regards to Mr. Kumar.

7. Following the meet and confer, the parties exchanged further correspondence regarding their respective custodian lists on May 2 and 5, 2025. True and correct copies of these emails are attached hereto as **Exhibits 3** and **4**, respectively.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed in Irvine, California on May 9, 2025.

*/s/ Casey J. McCracken*
Casey J. McCracken

# EXHIBIT 1

**From:** McLaughlin, Katharine R.
**To:** Myrold, Christina; ElDessouki, Ahmed; McCloskey, Elizabeth K.; Yang, Betty X.; GDC_TriZetto_Infosys; Kieckhefer, L. Kieran
**Cc:** Mielke Gentile, Sandra M.; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: Cognizant TriZetto v. Infosys - Discovery
**Date:** Wednesday, April 9, 2025 2:07:24 PM

**This Message Is From an External Sender**
This message came from outside your organization.

Hi Christina,

In fact, we noticed that statement and it only added to our concern about your apparent failure to identify CTS custodians. Many of the RFPs directed to CTS cannot be satisfied through documents of Cognizant TriZetto custodians alone. For instance and by way of example only:

- CTS RFP 5: "All Documents related to [CTS's] assessment or evaluation of [CTS's] competitors in the Relevant Markets."
- CTS RFP 34: "All Communications with Ravi Kumar S, Shveta Arora, or Ravi Kiran Kuchibhotla relating to Infosys or competition in the Relevant Markets or Relevant Products."
- CTS RFP 37: "All Documents related to any assessment, analysis, or discussion of [CTS's] Relevant Products' share or competitive position in the Relevant Markets, including market surveys and SWOT analyses."
- CTS RFP 43: "All Documents from January 1, 2014 to present related to any analysis, assessment, or discussion of the TriZetto Acquisition's impact on [CTS's] ability to sell Relevant Products."
- CTS RFP 48: "All Documents from January 1, 2012 to the present related to any evaluation, discussion, or assessment of Your rationale to acquire TriZetto."
- CTS RFP 81: "All Documents discussing or evaluating efforts to recruit Infosys employees to Cognizant TriZetto Software Group, Inc., **or Cognizant** from 2010 through the present." (Emphasis added.)
- CTS RFP 83: "All Documents relating to Cognizant's valuation and analysis of TriZetto, including TriZetto's individual Payor Software products, prior to and following its acquisition of TriZetto in 2014, including valuation of intellectual property and intangible assets, business proformas and budgets, and historical R&D costs and product development projects, from 2010 through the present."
- CTS RFP 91: "All Documents identifying, providing, or creating a list of [CTS's] actual or potential competitors relating to the Relevant Products."

Your proposed custodian list glaringly omits the CTS personnel specifically identified in RFP 34—Ravi Kumar, Shveta Arora, and Ravi Kiran Kuchibhotla—and does not specify whether anyone on the list is employed by CTS as opposed to Cognizant TriZetto. We therefore reiterate our request that you provide, by COB tomorrow, a list identifying CTS custodians (which we would expect to include at a minimum the CTS personnel specifically identified in RFP 34), or a written explanation of your basis not to provide custodians from CTS.

Thanks,
Katie

---

**From:** Myrold, Christina <CMyrold@gibsondunn.com>
**Sent:** Wednesday, April 9, 2025 1:26 PM
**To:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: Cognizant TriZetto v. Infosys - Discovery

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Hi Katie,

I think you may have overlooked what we said in our cover email (i.e., that the RFP references cross-apply to the identical RFPs sent to CTS). We trust that this resolves the issue, but please let us know if you would like to further discuss.

Thanks,
Christina

---

**From:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>
**Sent:** Wednesday, April 9, 2025 9:42 AM
**To:** Myrold, Christina <CMyrold@gibsondunn.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: Cognizant TriZetto v. Infosys - Discovery

Chrisina,

Thanks for sharing your proposed list of custodians. While we are still reviewing, we noticed that you did not include any proposed custodians from CTS. We understood from our March 11th meet and confer on our first set of RFPs to CTS that you would produce responsive documents from CTS to those requests. You subsequently agreed via email that the custodian lists would also cover the second set of RFPs to CTS. We therefore request a list as soon as possible of the custodians for CTS (no later than COB tomorrow given we agreed to exchange lists yesterday). If your position has changed, we request a written explanation of your basis not to provide custodians from CTS.

Please know that if you refuse to provide custodians from CTS, we will be forced to seek prompt

court intervention to avoid unnecessary delay of discovery that will jeopardize the parties' ability to meet the current case schedule.

Thanks for your prompt attention to this matter.

Thanks,
Katie

---

**From:** Myrold, Christina <CMyrold@gibsondunn.com>
**Sent:** Wednesday, April 9, 2025 11:02 AM
**To:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: TriZetto v. Infosys - Discovery

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Counsel,

We noticed that a set of RFPs was inadvertently excluded from the chart we sent yesterday. Please see an updated chart below.

| Custodian Name | Role | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|---|
| Craig Mengert | TriZetto Chief Executive Officer | 1-3, 5-9, 14, 15, 21-23, 32, 33, 35-49, 50, 52, 53, 56 | 59, 60, 63, 71, 73-81, 87, 88, 92, 96-100, 48 (to CTS) | 110-112, 121, 136, 137, 139, 147, 148 |
| John Wilson | Chief Services Officer | 1-3, 5-10, 12-15, 21-23, 25-50, 52, 53, 56 | 59, 60, 63-67, 69-81, 83, 87, 88, 90-100 | 104, 107-111, 121, 128-133, 135, 141, 142, 145, 148 |
| Matt Dziedzic | Assistant VP and Head of Markets | 1, 2, 6-9, 14, 15, 21-23, 32, 33, 35-39, 41-49, 52, 53, 56 | 59, 60, 63-81, 83, 87, 88, 90, 92-98, 100 | 110, 111, 121, 128, 129, 135, 141, 142, 145, 148 |
| Sean Champion | VP, Learning | | 68, 84, 85, | |

| | | | | |
|---|---|---|---|---|
| | Services | | 86, 100 | |
| Inderjeet Singh | Sr. Associate, Market Intelligence | | 81, 92, 100 | 135, 147, 148 |
| Noreen Kamka | VP, Human Resources -- Americas | | 82, 89, 100 | 137, 138, |
| Viswanathan Vaidyanathan | Sr. Product Manager | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 91, 99, 100 | 104, 107-109, 111 |
| Michael Pierce | Solutions Architect | 1-3, 5-9, 14, 15, 21-23, 25-35, 46-50, 52, 53 | 99, 100 | 104, 107-109, 111 |
| Michael Stock | Former Delivery Executive | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 99, 100 | 104, 107-109, 111 |
| Hardik Patel | Software Architect | 1, 2, 6-9, 14, 15, 21-23, 46-49, 52, 53 | | 111 |
| Kathleen Stiny, [limited to relevant external communications, as she is a member of the legal department] | Director, Contract Administration | 10-13 | 61, 62 | 125, 126, 143, 144, 146 |

| Non-Custodial Source | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|
| Customer SharePoint folders | 3, 4, 16, 17, 54, 55 | | |
| SharePoint drive with agreements | | 61, 62 | 143, 144 |
| QCSI SharePoint folder | 4, 16, 17, 54 | | |
| Cognizant-TriZetto acquisition documents, including closing binder (to the extent documents still exist) | 4, 16-20, 24, 54, 55 | 101, 102 | 140 |

| | | | |
|---|---|---|---|
| Various sources with TriZetto policies | 51 | 56, 57 | |
| Various sources with information regarding business performance | | 58, 103 | 122-127, 134 |
| Customer relationship and feedback files | | 61, 62, 103 | 120, 125, 126, 134, 143, 144, 146 |
| Syntel litigation documents | | 117-119 | |
| Documents submitted to a government antitrust agency | | 101 | |

Best,
Christina

**From:** Myrold, Christina <CMyrold@gibsondunn.com>
**Sent:** Tuesday, April 8, 2025 3:04 PM
**To:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: TriZetto v. Infosys - Discovery

Counsel:

Below is our proposed chart of custodial and non-custodial sources. None of the proposals here constitute a waiver of prior objections to the referenced RFPs. The RFP references cross-apply to the identical RFPs sent to CTS. We have noted the single exception of a non-redundant RFP sent to CTS in a parenthetical. As to Infosys's Third Set of RFPs, please note that (1) we endeavored to propose sources based on our assumption/understanding of what is being sought by the RFPs, (2) we did not propose sources for RFP Nos. 105, 106, and 113-115, as we are still investigating them, and (3) our proposals are without waiver of our right to object to these RFPs on any basis at the time our objections are due.

| Custodian Name | Role | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|---|
| Craig Mengert | TriZetto Chief Executive Officer | 1-3, 5-9, 14, 15, 21-23, 32, 33, 35-49, 50, 52, 53, 56 | 59, 60, 63, 71, 73-81, 87, 88, 92, 96-100, 48 (to CTS) | 121, 136, 137, 139, 147, 148 |
| John Wilson | Chief Services Officer | 1-3, 5-10, 12-15, 21-23, | 59, 60, 63-67, 69-81, 83, 87, 88, | 121, 128-133, 135, 141, 142, |

| | | | | |
|---|---|---|---|---|
| | | 25-50, 52, 53, 56 | 90-100 | 145, 148 |
| Matt Dziedzic | Assistant VP and Head of Markets | | 59, 60, 63-81, 83, 87, 88, 90, 92-98, 100 | 121, 128, 129, 135, 141, 142, 145, 148 |
| Sean Champion | VP, Learning Services | | 68, 84, 85, 86, 100 | |
| Inderjeet Singh | Sr. Associate, Market Intelligence | | 81, 92, 100 | 135, 147, 148 |
| Noreen Kamka | VP, Human Resources -- Americas | | 82, 89, 100 | 137, 138, |
| Viswanathan Vaidyanathan | Sr. Product Manager | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 91, 99, 100 | |
| Michael Pierce | Solutions Architect | 1-3, 5-9, 14, 15, 21-23, 25-35, 46-50, 52, 53 | 99, 100 | |
| Michael Stock | Former Delivery Executive | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 99, 100 | |
| Hardik Patel | Software Architect | 1, 2, 6-9, 14, 15, 21-23, 46-49, 52, 53, | | 111 |
| Kathleen Stiny, [limited to relevant external communications, as she is a member of the legal department] | Director, Contract Administration | | 61, 62 | 125, 126, 143, 144, 146 |

| **Non-Custodial Source** | **First RFP #** | **Second RFP #** | **Third RFP #** |
|---|---|---|---|
| Customer SharePoint folders | 3, 4, 16, 17, 54, 55 | | |

| | | | |
|---|---|---|---|
| SharePoint drive with agreements | | 61, 62 | 143, 144 |
| QCSI SharePoint folder | 4, 16, 17, 54 | | |
| Cognizant-TriZetto acquisition documents, including closing binder (to the extent documents still exist) | 4, 16-20, 24, 54, 55 | 101, 102 | 140 |
| Various sources with TriZetto policies | 51 | 56, 57 | |
| Various sources with information regarding business performance | | 58, 103 | 122-127, 134 |
| Customer relationship and feedback files | | 61, 62, 103 | 120, 125, 126, 134, 143, 144, 146 |
| Syntel litigation documents | | 117-119 | |
| Documents submitted to a government antitrust agency | | 101 | |

Best,
Christina

**From:** Myrold, Christina
**Sent:** Tuesday, April 8, 2025 1:25 PM
**To:** 'McLaughlin, Katharine R.' <KMcLaughlin@Jenner.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: TriZetto v. Infosys - Discovery

Hi Katie,

Yes, the format and timing you proposed works for us.

Thanks,
Christina

**From:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>
**Sent:** Tuesday, April 8, 2025 8:27 AM
**To:** Myrold, Christina <CMyrold@gibsondunn.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: TriZetto v. Infosys - Discovery

# EXHIBIT 2

**From:** McLaughlin, Katharine R.
**To:** McCracken, Casey J.; Myrold, Christina; ElDessouki, Ahmed; McCloskey, Elizabeth K.; Yang, Betty X.; GDC_TriZetto_Infosys; Kieckhefer, L. Kieran
**Cc:** Mielke Gentile, Sandra M.; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: Cognizant TriZetto v. Infosys - Discovery
**Date:** Tuesday, April 15, 2025 6:15:09 PM

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel,

Thank you for providing an initial list of proposed custodians and non-custodial repositories. Per our agreement, this email provides feedback on the initial proposal.

Your initial proposed list is not sufficient to conduct reasonable, good faith searches for documents responsive to all Infosys's RFPs. Your list excludes obvious custodians and non-custodial sources that should be searched for responsive documents to Infosys's RFPs. Specifically, we're concerned about your attempt to minimize the number of CTS employees and downplay the significance of the RFPs to CTS. CTS is a defendant to Infosys Counterclaim and party discovery pursuant to Rule 34 was appropriately served on CTS. It therefore has obligations under Rules 26 and 34 to respond to those requests. We are entitled to know for each request to CTS whether (a) you have responsive documents and (b) whether you will conduct a reasonable search for such documents. We understood from our prior meet and confers that CTS has responsive documents to these requests and therefore CTS must identify custodians from ***CTS*** for each such request.

We provide specific feedback on your list below:

***First***, your custodian list must include the following individuals. They clearly have highly relevant information responsive to our RFPs and the search of their files is proportionate to the needs of the case; in fact, several of these individuals are featured prominently in our counterclaim.

- Ravi Kumar
- Shveta Arora
- Ravi Kuchibholta
- Jonaki Basu
- Rajan Gokulakrishnan
- Sanjay Subramanian
- Surya Gummadi
- Kathy Diaz
- Members of the CTS Board of Directors and / or CTS Corporate Secretary

***Second***, the custodians who are being offered must be adequate to cover the relevant time period (which varies by topic). If the proposed custodians were not in the relevant roles during

the entire timeframe, we request that you add appropriate predecessors of these individuals to the custodian list. To aid in this analysis, please provide the dates on which your 11 proposed custodians (and the additional custodians identified above) started their relevant roles at CTS or Cognizant TriZetto.

***Third***, your custodians must cover all of the relevant client accounts in the healthcare payor software market and the healthcare IT services market, including but not limited to Horizon, Molina, BCBSNC, HCSC, and LA Care. Please identify the primary client/relationship lead for each client account in the healthcare payor software market and the healthcare IT services market.

***Fourth***, based on Infosys's RFPs, an adequate list of custodians would include all of the following:

- CTS and Cognizant TriZetto employees who negotiated NDAAs, MSAs, and license agreements
- CTS and/or Cognizant TriZetto employees responsible for managing access to Facets and QNXT and related information
- Cognizant TriZetto employees who interacted with Molina/Infosys in development and implementation of the respective adaptor
- Cognizant TriZetto employees who interacted with LA Care/Infosys in development and implementation of the respective adaptor
- Compliance/HR employees (of CTS and Cognizant TriZetto) responsible for monitoring and disciplining disclosure or misuse of confidential information by customers, employees, public
- CTS and Cognizant TriZetto marketing/communications/sales employees responsible for competitive intelligence / monitoring competitor press releases and social media (from 2018 to present)
- CTS and Cognizant TriZetto employee who first discovered/learned of the Business Assurance Store
- CTS and Cognizant TriZetto employees with responsibility for the certified service partner program
- CTS Head of Healthcare IT Services
- CTS healthcare business intelligence group employees with responsibility for payor and healthcare IT Services
- CTS Head of Healthcare

In order to be sure these areas are covered, we need to know more about your proposed custodians and what they do. Please explain how your list of 11 proposed custodians includes employees in each of these categories.

***Fifth***, your list omits several relevant non-custodial repositories that we would expect CTS and Cognizant TriZetto to have, including:

- A repository for board materials
- A repository of employment agreements

- A repository of NDAAs for healthcare accounts and other companies providing IT services
- A repository of MSAs and licenses for healthcare accounts
- A repository for the Certified Service Partner Program
- A repository for market research and competitive intelligence files
- A repository for investor relations communications
- CRM system

Please state what additional repositories you will add to cover this list. We note that you did mention a "Sharepoint drive for agreements;" please tell us more about this drive, including whether it would encompass all the aforementioned types of agreements and whether it contains them for both CTS and Cognizant Trizetto.

***Finally***, with respect to Kathleen Stiny, we understand that as a member of the legal department, she is more likely to have privileged documents. Notwithstanding this concern, it is not appropriate to impose some kind of wholesale limitation on what you will search from her files. The proper course is to collect her documents, run appropriate search terms (including privilege terms for your benefit), review them, and then make privilege determinations and assertions as appropriate. Please confirm that you are not refusing to employ this normal process for Stiny, and that you will search all her files (including both internal and external communications) as is done for any other custodian.

To facilitate our meet-and-confer efforts, we would appreciate a response to these matters in writing by EOD Thursday, 4/17. Please also provide some dates and times you are available to meet and confer on 4/18, 4/21, and 4/22.

Regards,
Katie

---

**From:** McCracken, Casey J. <CMcCracken@gibsondunn.com>
**Sent:** Tuesday, April 15, 2025 4:25 PM
**To:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>; Myrold, Christina <CMyrold@gibsondunn.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: Cognizant TriZetto v. Infosys - Discovery

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe
Hi Katie,

We won't be in a position to exchange at 5 CT. We can exchange later this evening.

**Casey J. McCracken**
Partner

T: +1 949.451.3932 | M: +1 650.387.8020
CMcCracken@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive Suite 1200, Irvine, CA 92612-4412

---

**From:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>
**Sent:** Tuesday, April 15, 2025 1:29 PM
**To:** Myrold, Christina <CMyrold@gibsondunn.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: Cognizant TriZetto v. Infosys - Discovery

Hi Christina,

Will your team be ready to exchange custodian feedback at 5 CT?

Thanks,
Katie

---

**From:** Myrold, Christina <CMyrold@gibsondunn.com>
**Sent:** Wednesday, April 9, 2025 11:02 AM
**To:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: TriZetto v. Infosys - Discovery

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe
Counsel,

We noticed that a set of RFPs was inadvertently excluded from the chart we sent yesterday. Please see an updated chart below.

| Custodian Name | Role | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|---|
| Craig Mengert | TriZetto Chief Executive Officer | 1-3, 5-9, 14, 15, 21-23, 32, 33, 35-49, | 59, 60, 63, 71, 73-81, 87, 88, 92, 96-100, 48 (to CTS) | 110-112, 121, 136, 137, 139, 147, 148 |

| | | | | |
|---|---|---|---|---|
| | | 50, 52, 53, 56 | | |
| John Wilson | Chief Services Officer | 1-3, 5-10, 12-15, 21-23, 25-50, 52, 53, 56 | 59, 60, 63-67, 69-81, 83, 87, 88, 90-100 | 104, 107-111, 121, 128-133, 135, 141, 142, 145, 148 |
| Matt Dziedzic | Assistant VP and Head of Markets | 1, 2, 6-9, 14, 15, 21-23, 32, 33, 35-39, 41-49, 52, 53, 56 | 59, 60, 63-81, 83, 87, 88, 90, 92-98, 100 | 110, 111, 121, 128, 129, 135, 141, 142, 145, 148 |
| Sean Champion | VP, Learning Services | | 68, 84, 85, 86, 100 | |
| Inderjeet Singh | Sr. Associate, Market Intelligence | | 81, 92, 100 | 135, 147, 148 |
| Noreen Kamka | VP, Human Resources -- Americas | | 82, 89, 100 | 137, 138, |
| Viswanathan Vaidyanathan | Sr. Product Manager | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 91, 99, 100 | 104, 107-109, 111 |
| Michael Pierce | Solutions Architect | 1-3, 5-9, 14, 15, 21-23, 25-35, 46-50, 52, 53 | 99, 100 | 104, 107-109, 111 |
| Michael Stock | Former Delivery Executive | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 99, 100 | 104, 107-109, 111 |
| Hardik Patel | Software Architect | 1, 2, 6-9, 14, 15, 21-23, 46-49, 52, 53 | | 111 |
| Kathleen Stiny, [limited to relevant | Director, Contract Administration | 10-13 | 61, 62 | 125, 126, 143, 144, |

| | | | | |
|---|---|---|---|---|
| external communications, as she is a member of the legal department] | | | | 146 |

| Non-Custodial Source | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|
| Customer SharePoint folders | 3, 4, 16, 17, 54, 55 | | |
| SharePoint drive with agreements | | 61, 62 | 143, 144 |
| QCSI SharePoint folder | 4, 16, 17, 54 | | |
| Cognizant-TriZetto acquisition documents, including closing binder (to the extent documents still exist) | 4, 16-20, 24, 54, 55 | 101, 102 | 140 |
| Various sources with TriZetto policies | 51 | 56, 57 | |
| Various sources with information regarding business performance | | 58, 103 | 122-127, 134 |
| Customer relationship and feedback files | | 61, 62, 103 | 120, 125, 126, 134, 143, 144, 146 |
| Syntel litigation documents | | 117-119 | |
| Documents submitted to a government antitrust agency | | 101 | |

Best,
Christina

**From:** Myrold, Christina <CMyrold@gibsondunn.com>
**Sent:** Tuesday, April 8, 2025 3:04 PM
**To:** McLaughlin, Katharine R. <KMcLaughlin@Jenner.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: TriZetto v. Infosys - Discovery

Counsel:

Below is our proposed chart of custodial and non-custodial sources. None of the proposals here constitute a waiver of prior objections to the referenced RFPs. The RFP references cross-apply to the identical RFPs sent to CTS. We have noted the single exception of a non-redundant RFP sent to CTS in a parenthetical. As to Infosys's Third Set of RFPs, please note that (1) we endeavored to propose sources

based on our assumption/understanding of what is being sought by the RFPs, (2) we did not propose sources for RFP Nos. 105, 106, and 113-115, as we are still investigating them, and (3) our proposals are without waiver of our right to object to these RFPs on any basis at the time our objections are due.

| **Custodian Name** | **Role** | **First RFP #** | **Second RFP #** | **Third RFP #** |
|---|---|---|---|---|
| Craig Mengert | TriZetto Chief Executive Officer | 1-3, 5-9, 14, 15, 21-23, 32, 33, 35-49, 50, 52, 53, 56 | 59, 60, 63, 71, 73-81, 87, 88, 92, 96-100, 48 (to CTS) | 121, 136, 137, 139, 147, 148 |
| John Wilson | Chief Services Officer | 1-3, 5-10, 12-15, 21-23, 25-50, 52, 53, 56 | 59, 60, 63-67, 69-81, 83, 87, 88, 90-100 | 121, 128-133, 135, 141, 142, 145, 148 |
| Matt Dziedzic | Assistant VP and Head of Markets | | 59, 60, 63-81, 83, 87, 88, 90, 92-98, 100 | 121, 128, 129, 135, 141, 142, 145, 148 |
| Sean Champion | VP, Learning Services | | 68, 84, 85, 86, 100 | |
| Inderjeet Singh | Sr. Associate, Market Intelligence | | 81, 92, 100 | 135, 147, 148 |
| Noreen Kamka | VP, Human Resources -- Americas | | 82, 89, 100 | 137, 138, |
| Viswanathan Vaidyanathan | Sr. Product Manager | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 91, 99, 100 | |
| Michael Pierce | Solutions Architect | 1-3, 5-9, 14, 15, 21-23, 25-35, 46-50, 52, 53 | 99, 100 | |
| Michael Stock | Former Delivery Executive | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, | 99, 100 | |

| | | | | |
|---|---|---|---|---|
| | | 52, 53 | | |
| Hardik Patel | Software Architect | 1, 2, 6-9, 14, 15, 21-23, 46-49, 52, 53, | | 111 |
| Kathleen Stiny, [limited to relevant external communications, as she is a member of the legal department] | Director, Contract Administration | | 61, 62 | 125, 126, 143, 144, 146 |

| Non-Custodial Source | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|
| Customer SharePoint folders | 3, 4, 16, 17, 54, 55 | | |
| SharePoint drive with agreements | | 61, 62 | 143, 144 |
| QCSI SharePoint folder | 4, 16, 17, 54 | | |
| Cognizant-TriZetto acquisition documents, including closing binder (to the extent documents still exist) | 4, 16-20, 24, 54, 55 | 101, 102 | 140 |
| Various sources with TriZetto policies | 51 | 56, 57 | |
| Various sources with information regarding business performance | | 58, 103 | 122-127, 134 |
| Customer relationship and feedback files | | 61, 62, 103 | 120, 125, 126, 134, 143, 144, 146 |
| Syntel litigation documents | | 117-119 | |
| Documents submitted to a government antitrust agency | | 101 | |

Best,
Christina

---

**From:** Myrold, Christina
**Sent:** Tuesday, April 8, 2025 1:25 PM
**To:** 'McLaughlin, Katharine R.' <KMcLaughlin@Jenner.com>; ElDessouki, Ahmed <AElDessouki@gibsondunn.com>; McCloskey, Elizabeth K. <EMcCloskey@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; GDC_TriZetto_Infosys <GDC_TriZetto_Infosys@gibsondunn.com>; Kieckhefer, L. Kieran <KKieckhefer@gibsondunn.com>
**Cc:** Mielke Gentile, Sandra M. <SGentile@jenner.com>; INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: TriZetto v. Infosys - Discovery

# EXHIBIT 3

**From:** Butler, Matthew
**To:** infosys-cognizant@jennerlists.com
**Cc:** GDC TriZetto Infosys
**Subject:** TriZetto v. Infosys - Amended Custodian List
**Date:** Saturday, May 3, 2025 12:52:40 AM

Counsel:

As agreed, our written responses to the issues you identified in your April 15 email are below:

1. CTS: CTS has fully complied with its Rule 26 and Rule 34 obligations. CTS initially requested to meet and confer on many of Infosys's RFPs to get a better understanding of what Infosys was seeking and why so many of the RFPs were duplicative of those served on TriZetto. CTS has now served Amended Responses and Objections to Infosys's First Set of RFPs specifically identifying the Requests for which it has no non-duplicative documents. CTS will conduct reasonable searches for responsive documents to the RFPs identified in its Amended Responses and Objections for which it has responsive documents. The custodians already identified for those RFPs are CTS employees.

2. Specific Individuals:

   We do not intend to add Ravi Kumar, Shveta Arora, and Ravi Kuchibhotla to TriZetto/CTS's proposed list of custodians. As discussed on multiple occasions, including during our April 24 meet-and-confer, these individuals were employees at *Infosys* during the relevant time period, as reflected by the allegations in Infosys's Counterclaims. *See, e.g.*, Countercl. ¶¶ 14-15, 83-105. We have already provided a custodian that has insight into the onboarding process for prior Infosys employees (*i.e.*, Noreen Kamka), and we believe any potential gaps in the record are best addressed through targeted go-get collections (if Infosys identifies any such gaps), and not through unnecessarily adding these individuals as full custodians. During the April 22 and April 24 meet-and-confers, Infosys suggested that these individuals should be included, despite the lack of specific allegations about their misconduct after departing Infosys, because they are involved in the alleged overall scheme of wrongdoing about which Infosys complains. But the Fifth Circuit has made clear that each alleged form of misconduct must be assessed separately, *see BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*, 49 F.4th 520, 530 (5th Cir. 2022), and it is accordingly inappropriate to treat discovery on all claims the same absent any factual allegations showing a connection between then.

   As to Jonaki Basu and Rajan Gokulakrishnan, we are continuing to investigate, but, so far, we have not found any indication that they were involved with the QNXT Adaptor issues. We already identified the custodians we are aware of who were involved with those issues, and unless you can provide further specificity as to why you believe Jonaki Basu and/or Rajan Gokulakrishnan were involved, we do not intend to supplement the custodians we identified for the QNXT Adaptor-related requests.

   As to Sanjay Subramanian and Surya Gummadi, we agree to add Sanjay Subramanian as a custodian. There is no indication that Suyra Gummadi is in possession of relevant, non-duplicative documents.

   As to Kathy Diaz, we have not found any indication that she is in possession of relevant information. We have already identified Noreen Kamka as a custodian with relevant

information, and as explained above, we are willing to produce documents on a go-get basis if any gaps are identified in Ms. Kamka's documents.

As to members of the CTS Board of Directors and/or CTS's Corporate Secretary, we will not make any Board members not otherwise discussed custodians, but we are willing to conduct non-custodial searches of Board-related materials, including Board presentations.

3. Timeframe: The parties obviously disagree as to what the relevant time period is, but, for discussion purposes, we agreed to provide the date each custodian began his or her employment with TriZetto/CTS. Those dates are below.
   - Craig Mengert (TriZetto Chief Executive Officer): June 2008
   - John Wilson (Chief Services Officer): May 2008
   - Matt Dziedzic (Assistant VP and Head of Markets): January 2021
   - Sean Champion (VP, Learning Services): November 2011
   - Inderjeet Singh (Senior Associate, Market Intelligence): January 2022
   - Noreen Kamka (VP, Human Resources – Americas): September 2022
   - Viswanathan Vaidyanathan (Sr. Product Manager): September 2017
   - Michael Pierce (COO): November 2005
   - Michael Stock (Delivery Executive): December 1998
   - Hardik Patel (Software Architect): June 2005
   - Kathleen Stiny (Director, Contract Administration): February 2008
   - Sandra Perkins (Senior Director, Product Support and Client Communications): January 1989
   - Diana Murphy (Brand Development, Product Marketing): 2000 - 2017, September 2022
   - Sanjay Subramanian (Sr. VP & Business Unit Head – Healthcare Payer): May 2015

4. Client Relationship Lead: You state that our custodians "must cover all of the relevant client accounts in the healthcare payor software market and the healthcare IT services market, including but not limited to Horizon, Molina, BCBSNC, HCSC, and LA Care." Our custodians, including Craig Mengert, Matt Dziedzic, John Wilson, and Sanjay Subramanian, do cover all of these relevant client accounts given their job responsibilities and leadership. To the extent that Infosys is suggesting that we need to provide a separate custodian for each and every healthcare payor software customer and/or healthcare IT services customer across TriZetto's and CTS's entire business, this request is facially overbroad and unduly burdensome. We have investigated and identified individuals with sufficient exposure to address Infosys's RFPs, and it is unduly burdensome to request potentially dozens of additional custodians for customers unrelated to this litigation and whose documents are accordingly irrelevant.

5. Specific Requests: We respond to each in turn:
   - CTS and Cognizant TriZetto employees who negotiated NDAAs, MSAs, and license agreements
     - We agree to add Michael Pierce and Craig Mengert for RFP Nos. 10-13, who we understand may have been involved in the NDAA negotiations. Our investigation has not revealed any additional custodians with relevant, non-duplicative documents; however, we have listed John Wilson as a custodian for RFP Nos. 61-66.
   - CTS and/or Cognizant TriZetto employees responsible for managing access to Facets and QNXT and related information

- We agree to add Sandra Perkins for RFP Nos. 1-3, 6-9, 14, 15, 21-23, 46-49, and 50, 52, 53, and 111.
- Cognizant TriZetto employees who interacted with Molina/Infosys in development and implementation of the respective adaptor
  - We confirm that, based on our investigation to date, we have already identified the relevant individuals who communicated with Molina regarding the QNXT Adaptor; we are not aware of any Cognizant TriZetto employees who communicated with Infosys regarding the adaptor.
- Cognizant TriZetto employees who interacted with LA Care/Infosys in development and implementation of the respective adaptor
  - This does not appear to relate to any specific RFP, so we do not intend to identify a custodian at this time.
- Compliance/HR employees (of CTS and Cognizant TriZetto) responsible for monitoring and disciplining disclosure or misuse of confidential information by customers, employees, public.
  - We have already identified John Wilson as a custodian with documents relevant to monitoring and disciplining disclosure or misuse of confidential information.
- CTS and Cognizant TriZetto marketing/communications/sales employees responsible for competitive intelligence / monitoring competitor press releases and social media (from 2018 to present)
  - We have identified Diana Murphy as the custodian responsible for marketing and monitoring competitors. Additionally, we will include Craig Mengert and Sanjay Subramanian as relevant custodians regarding competitive intelligence.
- CTS and Cognizant TriZetto employee who first discovered/learned of the Business Assurance Store
  - As stated on the meet-and-confer call, we confirm that we have already identified the relevant individuals based on our investigation to date.
- CTS and Cognizant TriZetto employees with responsibility for the certified service partner program
  - We have already identified Sean Champion and John Wilson as custodians with documents relevant to Cognizant's training programs, including the certified service partner program.
- CTS Head of Healthcare IT Services
  - John Wilson is the relevant custodian.
- CTS healthcare business intelligence group employees with responsibility for payor and healthcare IT Services
  - We are including Sanjay Subramanian (SVP and Business Unite Head – Healthcare Payer).
- CTS Head of Healthcare
  - We are including Sanjay Subramanian (SVP and Business Unite Head – Healthcare Payer).

6. Non-Custodial Source: We respond to each in turn:
   - A repository for board materials
     - We agree to add a repository of CTS board presentations, and we will acquire them on a go-get basis.
   - A repository of employment agreements
     - We do not intend to identify a repository of employment agreements; as we have told you, we will produce sample employment agreements, but we do not see how it is proportional to the needs of the case to search

for and produce employment agreements for thousands of employees.

- A repository of NDAAs for healthcare accounts and other companies providing IT services
    - We have already identified the relevant repositories, which are the customer / agreements SharePoint folders we identified below.
- A repository of MSAs and licenses for healthcare accounts
    - We have already identified the relevant repositories, which include the SharePoint drive folders with agreements.
- A repository for the Certified Service Partner Program
    - We have already identified Sean Champion and John Wilson as custodians with documents relevant to Cognizant's training programs. To the extent necessary, we will conduct additional go-gets to identify and produce necessary documents concerning the Certified Service Partner Program.
- A repository for market research and competitive intelligence files
    - We do not intend to include a separate repository for market research and competitive intelligence files. We have already identified Matt Dziedzic, John Wilson, and Craig Mengert as the custodians with documents relevant to market analysis, and we are adding Diana Murphy as a custodian. If gaps in these custodians' records are identified, we will consider additional go-get productions.
- A repository for investor relations communications
    - We do not intend to identify a repository of investor relations communications. We do not see how it is relevant or proportional to the needs of the case to search for and produce thousands of communications with investors.
- CRM system
    - We have already identified a repository of customer relationship and feedback files. As explained in our April 30, 2024 R&Os, we are willing to meet and confer to discuss the scope of Infosys's request for CRM data, but see the proposed requests for data back to 2010 on "each attempt to sell the Relevant Products" as facially overbroad. *See* TriZetto RFP 120; CTS RFP 63.

7. Kathleen Stiny: We are waiting to hear back from you on our proposal.

Best,
Matt

***************

| Custodian Name | Role | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|---|
| Craig Mengert | TriZetto Chief Executive Officer | 1-3, 5-9, 10-15, 21-23, 32, 33, 35-49, 50, 52, 53, 56 | 59, 60, 63, 71, 73-81, 87, 88, 92, 94, 96-100, 48 (to CTS) | 110-112, 121, 136, 137, 139, 147, 148 |
| John Wilson | Chief Services Officer | 1-3, 5-10, 12-15, 21-23, 25-50, | 59, 60-67, 69-81, 83, 87, 88, 90- | 104, 107-111, 113, 121, 128- |

| | | | | |
|---|---|---|---|---|
| | | 52, 53, 56 | 100 | 133, 135, 141, 142, 145, 148 |
| Matt Dziedzic | Assistant VP and Head of Markets | 1, 2, 6-9, 14, 15, 21-23, 32, 33, 35-39, 41-49, 52, 53, 56 | 59, 60, 63-81, 83, 87, 88, 90, 92-98, 100 | 110, 111, 113, 121, 128, 129, 135, 141, 142, 145, 148 |
| Sean Champion | VP, Learning Services | | 68, 84, 85, 86, 100 | |
| Inderjeet Singh | Sr. Associate, Market Intelligence | | 81, 92, 100 | 135, 147, 148 |
| Noreen Kamka | VP, Human Resources -- Americas | | 82, 89, 100 | 137, 138, |
| Viswanathan Vaidyanathan | Sr. Product Manager | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 91, 99, 100 | 104, 107-109, 111 |
| Michael Pierce | Solutions Architect | 1-3, 5-15, 21-23, 25-35, 46-50, 52, 53 | 99, 100 | 104, 107-109, 111 |
| Michael Stock | Former Delivery Executive | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 99, 100 | 104, 107-109, 111 |
| Hardik Patel | Software Architect | 1, 2, 6-9, 14, 15, 21-23, 46-49, 52, 53 | | 111 |
| Kathleen Stiny, [limited to relevant external communications, as she is a member of the legal department] | Director, Contract Administration | 10-13 | 61, 62 | 125, 126, 143, 144, 146 |
| Sandra Perkins | Senior Director, Product Support and Client Communications | 1-3, 6-9, 14, 15, 21-23, 46-49, 50, 52, 53 | | 111 |
| Sanjay Subramanian | Sr. VP & Business Unit Head – Healthcare Payer | 15, 36, 37 | 58, 60-67, 69, 70, 73-81, 83, 87, 88, 90-98, 100 | 104, 112, 121, 133-136, 141-148 |

| Diana Murphy | Brand Development, Product Marketing | | 60, 73-76, 87, 92, 94 | 121, 133, 148 |
|---|---|---|---|---|

| Non-Custodial Source | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|
| Board presentations (on a go-get basis) | | 59 | |
| SharePoint drive with agreements | 3, 4, 16, 17, 54, 55 | 61, 62 | 143, 144 |
| QCSI SharePoint folder | 4, 16, 17, 54 | | |
| Cognizant-TriZetto acquisition documents, including closing binder (to the extent documents still exist) | 4, 16-20, 24, 54, 55 | 101, 102 | 140 |
| Various sources with TriZetto policies | 51 | 56, 57 | |
| Various sources with information regarding business performance | | 58, 103 | 122-127, 134 |
| Customer relationship and feedback files | | 61, 62, 103 | 120, 125, 126, 134, 143, 144, 146 |
| Syntel litigation documents | | 117-119 | |
| Documents submitted to a government antitrust agency | | 101 | |

**Matthew Butler**
Associate Attorney

T: +1 202.887.3739 | M: +1 202.235.3511
MButler@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

# EXHIBIT 4

**From:** Rendell, Jariel A.
**To:** Butler, Matthew; GDC_TriZetto_Infosys
**Cc:** INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** RE: TriZetto v. Infosys - Amended Custodian List
**Date:** Monday, May 5, 2025 9:26:13 AM

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel,

Based on your email, it appears we are at an impasse on at least three issues.

**1. CTS's Refusal to Search for Documents in Response to RFP Nos. 9–16, 18–21, and 29–31:** In its amended response and objections, CTS refuses to search for documents in response to fifteen of Infosys's requests for production, claiming "CTS is not aware of any non-duplicative documents in its possession, custody, or control not covered by the identical request served on TriZetto." (Amended Responses to Request Nos. 9–16, 18–21, and 29–31). CTS's refusal, following its deficient March 3, 2025, responses to the same requests, represents a failure to respond. *See* Fed. R. Civ. P. 37(a)(3).

As an initial matter, even amid a jumble of other meritless objections, CTS failed to object that the fifteen requests are unreasonably duplicative or cumulative. Thus, CTS has waived the objection. *See, e.g.*, *Apollo MedFlight, LLC v. BlueCross BlueShield of Texas*, No. 2:18-CV-166, 2020 WL 520608, at *5 (N.D. Tex. Jan. 13, 2020).

Even if it had not waived the objection, however, CTS's "restriction of its responsive document production to those documents it deems non-duplicative for whatever reason [would] not [be] a recognized basis on which to withhold production." *GMFS, LLC v. Cenlar FSB*, No. CV 18-582, 2019 WL 5558568, at *7 (M.D. La. Oct. 28, 2019). CTS has a duty to undertake a reasonable, good-faith search for documents responsive to the fifteen requests. To the extent that search locates documents that are truly duplicative of documents being produced by Cognizant TriZetto, the documents can easily be de-duplicated using standard e-discovery tools. Thus, there will be no meaningful burden on CTS, much less any undue burden.

Given that neither Cognizant TriZetto nor CTS has even begun reviewing documents potentially responsive to the fifteen requests, CTS could not possibly meet its burden to show that all responsive documents in its possession, custody, or control are identical to those being produced by Cognizant TriZetto. *Cf., e.g.*, *Baylor Univ. Med. Ctr. v. Epoch Grp., L.C.*, No. 3:03-CV-2392, 2005 WL 8158023, at *2 (N.D. Tex. July 25, 2005) (citing *Alexander v. F.B.I.*, 194 F.R.D. 299, 302 (D.D.C. 2000), for the principle "that objecting to a request without specifically referring to documents already produced or describing the relevant search already performed does not satisfy the nonmovant's burden to demonstrate that a request is 'unreasonably cumulative or duplicative'" (quoting Fed. R. Civ. P. 26(b)(2)(i))).

By tomorrow (Tuesday, May 5) at 5:00 pm CT, please either:

a. Confirm that (i) CTS will comply with its discovery obligations by agreeing to identify custodians and conduct reasonable, good-faith searches for responsive documents in response to Request Nos. 9–16, 18–21, and 29–31 and (ii) CTS will amend its responses accordingly by Friday (May 9) or
b. Let us know your availability to meet and confer regarding this issue on Wednesday (May 7) between 12:00 pm and 5:00 pm CT.

**2. CTS's Continued Evasive and Incomplete Responses to RFP Nos. 28, 39, 41, and 43–49:**
Despite agreeing on our April 22, 2025, meet and confer "that CTS will participate fully in the broader custodian and search term process currently under negotiation" (4/23/2023 K. McLaughlin Email to M. Butler), CTS's amended responses adhere to its evasive and incomplete responses to ten of Infosys's requests for production. As in its deficient March 3, 2025, responses, CTS does not say whether it will undertake a reasonable, good-faith search and produce responsive, non-privileged documents, consistent with the custodian and search term process currently under negotiation between the parties. Nor does CTS specify whether it is withholding documents based on its medley of objections. Instead, CTS states only that it "is willing to meet and confer to discuss the relevance and scope of th[e]s[e] Request[s], including specifically what types of documents Infosys is seeking and the relevant time period." (Amended Responses to Request Nos. 28, 39, 41, and 43–49). That represents a failure to respond. ***See*** Fed. R. Civ. P. 37(a)(3); ***see also, e.g.***, ***Lopez v. Don Herring Ltd.***, 327 F.R.D. 567, 578 (N.D. Tex. 2018).

By tomorrow (Tuesday, May 5) at 5:00 pm CT, please either:

a. Confirm that (i) in response to Request Nos. 28, 39, 41, and 43–49 CTS will comply with its discovery obligations by agreeing to undertake a reasonable, good-faith search and produce responsive, non-privileged documents, consistent with the custodian and search term process currently under negotiation between the parties, and (ii) CTS will amend its responses accordingly by Friday (May 9) or
b. Let us know your availability to meet and confer regarding this issue on Wednesday (May 7) between 12:00 pm and 5:00 pm CT.

**3. Cognizant TriZetto and CTS's Refusal to Search Key Custodians' Files for Responsive Documents:**
Ravi Kumar, Shveta Arora, and Ravi Kuchibhotla are key custodians with highly relevant documents, as we made clear on two prior meet and confers. Cognizant's refusal to add them as custodians represents a failure to respond. ***See*** Fed. R. Civ. P. 37(a)(3).

Your argument that these "individuals were employees at ***Infosys*** during the relevant time period" ignores that Cognizant's anticompetitive conduct not only continued but worsened after Messrs. Kumar and Kuchibhotla and Ms. Arora joined Cognizant. Indeed, Cognizant's anticompetitive conduct is ongoing under their leadership. It also ignores that relevant documents relating to

their anticompetitive conduct before joining Cognizant will be found in their ***non-Infosys*** devices and email accounts.

Your argument that having one custodian with "insight into the onboarding process for prior Infosys employees" obviates the need to add Messrs. Kumar and Kuchibhotla and Ms. Arora ignores that they are key custodians on many topics beyond simply their own "onboarding process." For example, just as to Infosys's First Set of Requests for Production to CTS, they are key custodians for Request Nos. 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19, 20, 21, 22, 23, 24, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 44, 45, and 49.

Notably, Request No. 34 specifically requests "All Communications with Ravi Kumar S, Shveta Arora, or Ravi Kiran Kuchibhotla relating to Infosys or competition in the Relevant Markets or Relevant Products." The time period for that request is from January 1, 2018, through ***present***. Yet CTS not only refuses to add them as custodians but also refuses to produce responsive communications with them after they begin "their employment at Cognizant." (Amended Response to Request No. 34).

Cognizant's refusal to search for and collect responsive documents from Messrs. Kumar and Kuchibhotla and Ms. Arora is unjustifiable given their central roles in antitrust violations at issue in this case. ***See, e.g.***, ***In re Generic Pharms. Pricing Antitrust Litig.***, 490 F. Supp. 3d 901 (E.D. Pa. 2020) ("The CEOs are designated as Tier 1 custodians."); ***see also, e.g.***, ***Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.***, No. SA-11-CV-163-XR, 2014 WL 1787813, at *2 (W.D. Tex. May 5, 2014) (ordering CEO to be added as custodian in a non-antitrust case because he "could potentially have communications with [an acquiring company] and [his company's] Board of Directors that would not have been shared with lower-level employees" and his "high-level role . . . does not make discovery of his emails any more or less burdensome than producing emails of other executives").

By tomorrow (Tuesday, May 5) at 5:00 pm CT, please either:

a. Confirm that (i) Cognizant will comply with its discovery obligations by agreeing to add Messrs. Kumar and Kuchibhotla and Ms. Arora as custodians and (ii) CTS will amend its responses accordingly by Friday (May 9) or
b. Let us know your availability to meet and confer regarding this issue on Wednesday (May 7) between 12:00 pm and 5:00 pm CT.

* * *

Regarding the remaining issues in your email, we will follow up separately in the context of our broader efforts to move forward on custodians and search terms.

Best,
Jariel

**Jariel A. Rendell**

**Jenner & Block LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412 | jenner.com
+1 202 637 6361 | Tel
+1 202 330 1179 | Mobile
JRendell@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

**From:** Butler, Matthew <MButler@GIBSONDUNN.COM>
**Sent:** Saturday, May 3, 2025 3:53 AM
**To:** INFOSYS-COGNIZANT@JENNERLISTS.COM
**Subject:** TriZetto v. Infosys - Amended Custodian List

Counsel:

As agreed, our written responses to the issues you identified in your April 15 email are below:

1. CTS: CTS has fully complied with its Rule 26 and Rule 34 obligations. CTS initially requested to meet and confer on many of Infosys's RFPs to get a better understanding of what Infosys was seeking and why so many of the RFPs were duplicative of those served on TriZetto. CTS has now served Amended Responses and Objections to Infosys's First Set of RFPs specifically identifying the Requests for which it has no non-duplicative documents. CTS will conduct reasonable searches for responsive documents to the RFPs identified in its Amended Responses and Objections for which it has responsive documents. The custodians already identified for those RFPs are CTS employees.

2. Specific Individuals:

   We do not intend to add Ravi Kumar, Shveta Arora, and Ravi Kuchibhotla to TriZetto/CTS's proposed list of custodians. As discussed on multiple occasions, including during our April 24 meet-and-confer, these individuals were employees at *Infosys* during the relevant time period, as reflected by the allegations in Infosys's Counterclaims. *See, e.g.*, Countercl. ¶¶ 14-15, 83-105. We have already provided a custodian that has insight into the onboarding process for prior Infosys employees (*i.e.*, Noreen Kamka), and we believe any potential gaps in the record are best addressed through targeted go-get collections (if Infosys identifies any such gaps), and not through unnecessarily adding these individuals as full custodians. During the April 22 and April 24 meet-and-confers, Infosys suggested that these individuals should be included, despite the lack of specific allegations about their misconduct after departing Infosys, because they are involved in the alleged overall scheme of wrongdoing about which Infosys complains. But the Fifth Circuit has made clear that each alleged form of misconduct must be assessed separately, *see BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*, 49 F.4th 520, 530 (5th Cir. 2022), and it is accordingly inappropriate

to treat discovery on all claims the same absent any factual allegations showing a connection between then.

As to Jonaki Basu and Rajan Gokulakrishnan, we are continuing to investigate, but, so far, we have not found any indication that they were involved with the QNXT Adaptor issues. We already identified the custodians we are aware of who were involved with those issues, and unless you can provide further specificity as to why you believe Jonaki Basu and/or Rajan Gokulakrishnan were involved, we do not intend to supplement the custodians we identified for the QNXT Adaptor-related requests.

As to Sanjay Subramanian and Surya Gummadi, we agree to add Sanjay Subramanian as a custodian. There is no indication that Suyra Gummadi is in possession of relevant, non-duplicative documents.

As to Kathy Diaz, we have not found any indication that she is in possession of relevant information. We have already identified Noreen Kamka as a custodian with relevant information, and as explained above, we are willing to produce documents on a go-get basis if any gaps are identified in Ms. Kamka's documents.

As to members of the CTS Board of Directors and/or CTS's Corporate Secretary, we will not make any Board members not otherwise discussed custodians, but we are willing to conduct non-custodial searches of Board-related materials, including Board presentations.

3. Timeframe: The parties obviously disagree as to what the relevant time period is, but, for discussion purposes, we agreed to provide the date each custodian began his or her employment with TriZetto/CTS. Those dates are below.
   - Craig Mengert (TriZetto Chief Executive Officer): June 2008
   - John Wilson (Chief Services Officer): May 2008
   - Matt Dziedzic (Assistant VP and Head of Markets): January 2021
   - Sean Champion (VP, Learning Services): November 2011
   - Inderjeet Singh (Senior Associate, Market Intelligence): January 2022
   - Noreen Kamka (VP, Human Resources – Americas): September 2022
   - Viswanathan Vaidyanathan (Sr. Product Manager): September 2017
   - Michael Pierce (COO): November 2005
   - Michael Stock (Delivery Executive): December 1998
   - Hardik Patel (Software Architect): June 2005
   - Kathleen Stiny (Director, Contract Administration): February 2008
   - Sandra Perkins (Senior Director, Product Support and Client Communications): January 1989
   - Diana Murphy (Brand Development, Product Marketing): 2000 - 2017, September 2022
   - Sanjay Subramanian (Sr. VP & Business Unit Head – Healthcare Payer): May 2015

4. Client Relationship Lead: You state that our custodians "must cover all of the relevant client accounts in the healthcare payor software market and the healthcare IT services market, including but not limited to Horizon, Molina, BCBSNC, HCSC, and LA Care." Our custodians, including Craig Mengert, Matt Dziedzic, John Wilson, and Sanjay Subramanian, do cover all of these relevant client accounts given their job responsibilities and leadership. To the extent that Infosys is suggesting that we need to provide a separate custodian for each and every healthcare payor software customer and/or healthcare IT services customer across TriZetto's and CTS's entire business,

this request is facially overbroad and unduly burdensome. We have investigated and identified individuals with sufficient exposure to address Infosys's RFPs, and it is unduly burdensome to request potentially dozens of additional custodians for customers unrelated to this litigation and whose documents are accordingly irrelevant.

5. Specific Requests: We respond to each in turn:
    - CTS and Cognizant TriZetto employees who negotiated NDAAs, MSAs, and license agreements
        - We agree to add Michael Pierce and Craig Mengert for RFP Nos. 10-13, who we understand may have been involved in the NDAA negotiations. Our investigation has not revealed any additional custodians with relevant, non-duplicative documents; however, we have listed John Wilson as a custodian for RFP Nos. 61-66.
    - CTS and/or Cognizant TriZetto employees responsible for managing access to Facets and QNXT and related information
        - We agree to add Sandra Perkins for RFP Nos. 1-3, 6-9, 14, 15, 21-23, 46-49, and 50, 52, 53, and 111.
    - Cognizant TriZetto employees who interacted with Molina/Infosys in development and implementation of the respective adaptor
        - We confirm that, based on our investigation to date, we have already identified the relevant individuals who communicated with Molina regarding the QNXT Adaptor; we are not aware of any Cognizant TriZetto employees who communicated with Infosys regarding the adaptor.
    - Cognizant TriZetto employees who interacted with LA Care/Infosys in development and implementation of the respective adaptor
        - This does not appear to relate to any specific RFP, so we do not intend to identify a custodian at this time.
    - Compliance/HR employees (of CTS and Cognizant TriZetto) responsible for monitoring and disciplining disclosure or misuse of confidential information by customers, employees, public.
        - We have already identified John Wilson as a custodian with documents relevant to monitoring and disciplining disclosure or misuse of confidential information.
    - CTS and Cognizant TriZetto marketing/communications/sales employees responsible for competitive intelligence / monitoring competitor press releases and social media (from 2018 to present)
        - We have identified Diana Murphy as the custodian responsible for marketing and monitoring competitors. Additionally, we will include Craig Mengert and Sanjay Subramanian as relevant custodians regarding competitive intelligence.
    - CTS and Cognizant TriZetto employee who first discovered/learned of the Business Assurance Store
        - As stated on the meet-and-confer call, we confirm that we have already identified the relevant individuals based on our investigation to date.
    - CTS and Cognizant TriZetto employees with responsibility for the certified service partner program
        - We have already identified Sean Champion and John Wilson as custodians with documents relevant to Cognizant's training programs, including the certified service partner program.
    - CTS Head of Healthcare IT Services
        - John Wilson is the relevant custodian.

- CTS healthcare business intelligence group employees with responsibility for payor and healthcare IT Services
  - We are including Sanjay Subramanian (SVP and Business Unite Head – Healthcare Payer).
- CTS Head of Healthcare
  - We are including Sanjay Subramanian (SVP and Business Unite Head – Healthcare Payer).

6. Non-Custodial Source: We respond to each in turn:
   - A repository for board materials
     - We agree to add a repository of CTS board presentations, and we will acquire them on a go-get basis.
   - A repository of employment agreements
     - We do not intend to identify a repository of employment agreements; as we have told you, we will produce sample employment agreements, but we do not see how it is proportional to the needs of the case to search for and produce employment agreements for thousands of employees.
   - A repository of NDAAs for healthcare accounts and other companies providing IT services
     - We have already identified the relevant repositories, which are the customer / agreements SharePoint folders we identified below.
   - A repository of MSAs and licenses for healthcare accounts
     - We have already identified the relevant repositories, which include the SharePoint drive folders with agreements.
   - A repository for the Certified Service Partner Program
     - We have already identified Sean Champion and John Wilson as custodians with documents relevant to Cognizant's training programs. To the extent necessary, we will conduct additional go-gets to identify and produce necessary documents concerning the Certified Service Partner Program.
   - A repository for market research and competitive intelligence files
     - We do not intend to include a separate repository for market research and competitive intelligence files. We have already identified Matt Dziedzic, John Wilson, and Craig Mengert as the custodians with documents relevant to market analysis, and we are adding Diana Murphy as a custodian. If gaps in these custodians' records are identified, we will consider additional go-get productions.
   - A repository for investor relations communications
     - We do not intend to identify a repository of investor relations communications. We do not see how it is relevant or proportional to the needs of the case to search for and produce thousands of communications with investors.
   - CRM system
     - We have already identified a repository of customer relationship and feedback files. As explained in our April 30, 2024 R&Os, we are willing to meet and confer to discuss the scope of Infosys's request for CRM data, but see the proposed requests for data back to 2010 on "each attempt to sell the Relevant Products" as facially overbroad. *See* TriZetto RFP 120; CTS RFP 63.

7. Kathleen Stiny: We are waiting to hear back from you on our proposal.

Best,

Matt

***************

| Custodian Name | Role | First RFP # | Second RFP # | Third RFP # |
|---|---|---|---|---|
| Craig Mengert | TriZetto Chief Executive Officer | 1-3, 5-9, 10-15, 21-23, 32, 33, 35-49, 50, 52, 53, 56 | 59, 60, 63, 71, 73-81, 87, 88, 92, 94, 96-100, 48 (to CTS) | 110-112, 121, 136, 137, 139, 147, 148 |
| John Wilson | Chief Services Officer | 1-3, 5-10, 12-15, 21-23, 25-50, 52, 53, 56 | 59, 60-67, 69-81, 83, 87, 88, 90-100 | 104, 107-111, 113, 121, 128-133, 135, 141, 142, 145, 148 |
| Matt Dziedzic | Assistant VP and Head of Markets | 1, 2, 6-9, 14, 15, 21-23, 32, 33, 35-39, 41-49, 52, 53, 56 | 59, 60, 63-81, 83, 87, 88, 90, 92-98, 100 | 110, 111, 113, 121, 128, 129, 135, 141, 142, 145, 148 |
| Sean Champion | VP, Learning Services | | 68, 84, 85, 86, 100 | |
| Inderjeet Singh | Sr. Associate, Market Intelligence | | 81, 92, 100 | 135, 147, 148 |
| Noreen Kamka | VP, Human Resources -- Americas | | 82, 89, 100 | 137, 138, |
| Viswanathan Vaidyanathan | Sr. Product Manager | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 91, 99, 100 | 104, 107-109, 111 |
| Michael Pierce | Solutions Architect | 1-3, 5-15, 21-23, 25-35, 46-50, 52, 53 | 99, 100 | 104, 107-109, 111 |
| Michael Stock | Former Delivery Executive | 1, 2, 5-9, 14, 15, 21-23, 25-35, 46-49, 52, 53 | 99, 100 | 104, 107-109, 111 |
| Hardik Patel | Software Architect | 1, 2, 6-9, 14, 15, 21-23, 46-49, 52, 53 | | 111 |
| Kathleen Stiny, [limited to relevant external | Director, Contract Administration | 10-13 | 61, 62 | 125, 126, 143, 144, 146 |

| | | | | |
|---|---|---|---|---|
| communications, as she is a member of the legal department] | | | | |
| Sandra Perkins | Senior Director, Product Support and Client Communications | 1-3, 6-9, 14, 15, 21-23, 46-49, 50, 52, 53 | | 111 |
| Sanjay Subramanian | Sr. VP & Business Unit Head – Healthcare Payer | 15, 36, 37 | 58, 60-67, 69, 70, 73-81, 83, 87, 88, 90-98, 100 | 104, 112, 121, 133-136, 141-148 |
| Diana Murphy | Brand Development, Product Marketing | | 60, 73-76, 87, 92, 94 | 121, 133, 148 |

| **Non-Custodial Source** | **First RFP #** | **Second RFP #** | **Third RFP #** |
|---|---|---|---|
| Board presentations (on a go-get basis) | | 59 | |
| SharePoint drive with agreements | 3, 4, 16, 17, 54, 55 | 61, 62 | 143, 144 |
| QCSI SharePoint folder | 4, 16, 17, 54 | | |
| Cognizant-TriZetto acquisition documents, including closing binder (to the extent documents still exist) | 4, 16-20, 24, 54, 55 | 101, 102 | 140 |
| Various sources with TriZetto policies | 51 | 56, 57 | |
| Various sources with information regarding business performance | | 58, 103 | 122-127, 134 |
| Customer relationship and feedback files | | 61, 62, 103 | 120, 125, 126, 134, 143, 144, 146 |
| Syntel litigation documents | | 117-119 | |
| Documents submitted to a government antitrust agency | | 101 | |

**Matthew Butler**
Associate Attorney

T: +1 202.887.3739 | M: +1 202.235.3511
MButler@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---