IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-2158-X |
| INFOSYS LIMITED, | § § § | |
| Defendant. | § § | |
| INFOSYS LIMITED, | § § § | |
| Counterclaim Plaintiff, | § § § | |
| V. | § § § | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § § § § | |
| Counterclaim Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AND COUNTERCLAIM PLAINTIFF INFOSYS LIMITED'S MOTIONS TO COMPEL**[1]

The Court heard oral argument on Defendant and Counterclaim Plaintiff

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Infosys Limited's Motion to Compel and for Protective Order Sequencing Discovery [Dkt. No. 50] and Motion to Compel Complete and Verified Responses to Interrogatories [Dkt. No. 84] on May 20, 2025. *See* Dkt. No. 106.

With the benefit of counsel's oral argument and the parties' briefing, the Court grants in part and denies in part Infosys's Motion to Compel and for Protective Order Sequencing Discovery [Dkt. No. 50] and Motion to Compel Complete and Verified Responses to Interrogatories [Dkt. No. 84] – for which Infosys invokes Federal Rules of Civil Procedure 16, 26, 33, and 37 – for the reasons and to the extent explained below.

## I. Trade Secret Identification and Interrogatory No. 1

Infosys asks the Court to compel Cognizant to serve a full and complete response to Infosys's Interrogatory No. 1, which asks Cognizant to "[p]lease identify with specificity each trade secret you contend Infosys Limited misappropriated."

The Court overrules, for the reasons that Infosys persuasively explains in its motion and reply, Cognizant's objections to Interrogatory No. 1 as seeking a legal conclusion or premature expert opinion and as being premature because Infosys has not yet produced any documents or information, including documents and information confirming the scope of Infosys's misappropriation.

Cognizant has made clear that it is not standing on or withholding information in response to Interrogatory No. 1 based on any asserted objections but rather reports that it has provided as full and complete an answer as it currently can based on the information available to it.

And, in response to Interrogatory No. 1, Cognizant has never raised relevance or proportionality objections under Federal Rule of Civil Procedure 26(b) or an undue burden objection.

Having sued Infosys for misappropriating trade secrets, it is hard to understand how asking a plaintiff to "identify with specificity each trade secret you contend Infosys Limited misappropriated" could be seen as requesting information that is not relevant to any party's claim or defense or proportional to the needs of the case – regardless of what level of specificity the underlying substantive law may require the plaintiff to plead or prove. *Cf. GlobeRanger Corp. v. Software AG U.S. of Am., Inc.*, 836 F.3d 477 (5th Cir. 2016); *Computer Sciences Corp. v. Tata Consultancy Servs. Ltd.*, No. 3:19-cv-970-X, 2023 WL 361870 (N.D. Tex. Jan. 21, 2023).

But Cognizant has not raised or relied on any relevance or proportionality objections to Interrogatory No. 1. And the Court cannot accept an argument that the scope of relevant and proportional information as to trade secrets at issue that is subject to discovery under Rule 26(b) is necessarily limited by the specificity of the information that a plaintiff must plead (or prove) as to the trade secrets at issue in order to avoid dismissal.

For its part, Infosys insists that a complete answer to Interrogatory No. 1 should require Cognizant to provide all the information that the decisions in *StoneEagle Servs., Inc. v. Valentine*, No. 12-1687, 2013 WL 9554563 (N.D. Tex. June 5, 2013), and *T2 Modus, LLC v. Williams-Arowolo*, No. 22-263, 2023 WL 6221429 (E.D. Tex. Sept. 25, 2023), required.

In *StoneEagle*, that involved ordering "a list of alleged trade secrets that Plaintiffs contend that Defendants misappropriated," which "list should identify each alleged trade secret and should (1) separately break out each of the individual alleged trade secrets that Plaintiffs claim Defendants have misappropriated; (2) identify all such claims with sufficient particularity so that the reader understands how each such claim differs from public domain information – including Plaintiffs' public patent filings; and (3), to the extent that one Defendant is accused of misappropriating information different from the other, include a list of which trade secrets each Defendant allegedly misappropriated." *StoneEagle*, 2013 WL 9554563, at *5.

And, in *T2*, the interrogatory at issue asked: "'For all alleged intellectual property that was listed in the document entitled 'T2 Intellectual Property' was sent by T2's counsel to Williams's counsel on March 2, 2023, state all facts supporting your contention that the intellectual property is a trade secret.'" *T2*, 2023 WL 6221429, at *4 (cleaned up). And the Court ordered a "supplemental response in the form of a list that separately breaks out each of the claimed trade secrets and identifies said claimed trade secrets with sufficient particularity so that Defendant understands how each claimed trade secret differs from information in the public domain," explaining that "[t]he supplemental response will not be sufficient if it merely describes the end results of or functions performed by the claimed trade secrets" or "merely contains various concepts, elements, or components that make up the trade secrets without further specificity." *Id.* at *8.

Infosys asserts that Cognizant's amended and supplemental answers to Interrogatory No. 1 fail to meet those standards.

But the Court's *StoneEagle* decision involved a request for a pre-discovery order under Federal Rule of Civil Procedure 16(c)(2)(L). Here, ordinary discovery has commenced, and Cognizant appropriately served a Federal Rule of Civil Procedure 33 interrogatory, to which is now seeks to compel a full answer under Federal Rule of Civil Procedure 37(a)(3)(B)(iii). *Cf. Varsity Gay League LLC v. Nichols*, No. 3:22-cv-2711-B, 2023 WL 4033948, at *1 (N.D. Tex. June 15, 2023) (explaining that "courts have been reluctant to permit pre-discovery identification unless the defendant proves that ordinary discovery procedures are inadequate or that the case is unusually complex").

Under these circumstances, and consistent with how Infosys framed its motion and requested relief, the Court concludes that any additional requirements for identifying trade secrets do not apply beyond what Interrogatory No. 1 asks for.

As the Court has observed in similar circumstances, "[i]n reviewing a claim that an answer to an interrogatory is not responsive or is incomplete, the initial focus is on the question, not the answer, for on the question you ask depends the answer you get." *Caliber Home Loans, Inc. v. Cove*, 346 F.R.D. 65, 73 (N.D. Tex. 2024) (cleaned up). And, again, Interrogatory No. 1 asks for Cognizant to "identify with specificity each trade secret you contend Infosys Limited misappropriated."

The question, then, is whether Cognizant's supplemental answer to the interrogatory that Infosys served is sufficient under Rule 33, recognizing (as both

parties did at oral argument) that Cognizant has ongoing supplementation obligations under Federal Rule of Civil Procedure 26(e).

An answer is sufficient "[w]here an interrogatory answer as a whole discloses a conscientious endeavor to understand the question and to answer fully that question," with the understanding that "[a]n answering party is not required to make an extensive investigation in responding to an interrogatory" but that it "must pull together a verified answer by reviewing all sources of responsive information reasonably available to [it] and providing the responsive, relevant facts reasonably available to [it]." *Caliber*, 346 F.R.D. at 71-72 (cleaned up).

Infosys did not incorporate the *StoneEagle* or *T2* standards into the language of Interrogatory No. 1. And, on the Court's review, Cognizant has – based on the information that its counsel has represented that Cognizant currently has reasonably available to it – "has sufficiently answered what Interrogatory No. [1] asks under the governing legal standards laid out above." *Caliber*, 346 F.R.D. at 74.

The Court denies Infosys's motion to compel Cognizant to serve a supplemental answer to Interrogatory No. 1 at this time.

## II. Infosys's Motion for Protective Order and Sequencing of Discovery

Infosys also asks the Court to order the sequencing of discovery to protect Infosys from responding to discovery dependent on Cognizant's alleged trade secrets until they are properly defined – whether as a protective order under Federal Rule of Civil Procedure 26(c), a scheduling order under Federal Rule of Civil Procedure 16, or an order issued under the Court's broad discretion to control its docket.

Infosys specifically asks the Court to order that "Infosys's objections to Cognizant's First Sets of Interrogatories and Requests for Production are sustained to the extent they object to responding to trade secret discovery on the ground that Cognizant has not yet identified the trade secrets at issue with reasonable particularity" and that "Infosys shall serve amended responses and objections to Cognizant's First Sets of Interrogatories and Requests for Production within 30 days after Cognizant identifies, with reasonable particularity, the trade secrets it contends Infosys misappropriated."

And the parties' counsel clarified and agreed at oral argument that, more specifically, the requests at issue from Cognizant's First Sets of Interrogatories and Requests for Production are Request for Production Nos. 1-8, 10-20, 25-27, and 29-30 and Interrogatory Nos. 1-3.

But the Court denies the motion to compel Cognizant to further supplement Interrogatory No. 1 at this point, and, so, the Court has no basis for entering the order that Infosys seeks. The Court denies Infosys's request for a protective order or other related order and, in so doing, overrules Infosys's objections to Cognizant's First Sets of Interrogatories and Requests for Production to the extent that they object to responding to trade secret discovery on the ground that Cognizant has not yet identified the trade secrets at issue with reasonable particularity.

### III. Cognizant's Oral Motion to Compel

At oral argument, Cognizant's counsel attempted to make an oral Federal Rule of Civil Procedure 37(a)(3)(B)(iii)-(iv) motion to compel seeking the mirror image of

the relief that Infosys seeks in its motion for protective order as to Infosys's objections and responses and answers to Cognizant's First Sets of Interrogatories and Requests for Production to the extent that they object to responding to trade secret discovery on the ground that Cognizant has not yet identified the trade secrets at issue with reasonable particularity.

Because Infosys's own motion seeks a ruling on its objections, the Court has addressed and ruled on them above.

But, as the Court explained at oral argument, the Court will not entertain a bare-bones, oral motion under the circumstances.

If the parties cannot reach an agreement based on the Court's rulings in this order, Cognizant will need to comply with the Court's Standing Order on Non-Dispositive Pretrial Discovery Motions Referred to Magistrate Judge David L. Horan [Dkt. No. 107] as to any motion to compel further responses and answers from Infosys going forward.

### IV.  Cognizant's Verification of Interrogatory Answers

Infosys takes issue with Cognizant's late-served verifications of its interrogatory answers, and Cognizant's counsel committed at oral argument to serve amended verifications.

The Court orders Cognizant to do so in a manner that meets the standards at issue and explained in the Court's decision in *Jorge v. Atl. Hous. Found., Inc.*, No. 3:20-cv-2782-N, 2022 WL 1082345, at *3-*4 (N.D. Tex. Apr. 11, 2022) – as must any verifications of interrogatory answers that any party serves in this case.

## V. Infosys's Interrogatory No. 2

Infosys asks the Court to compel Cognizant to serve a full and complete answer to Infosys's Interrogatory No. 2, which asks Cognizant to "[p]lease identify all persons who have at any point in time accessed the information you identify as trade secrets in response to Interrogatory No. 1."

The Court overrules Cognizant's boilerplate or unsupported objections to Interrogatory No. 2 on overbreadth, undue burden, vague and ambiguous, relevance, and proportionality grounds. And, for the reasons that Infosys persuasively explains, the Court overrules Cognizant's objection that a time period going back to the origins of its asserted trade secrets is inappropriate. As Infosys's counsel argued, if Cognizant does not have certain information reasonably available to it, it should so answer consistent with the governing Rule 33 standards explained above.

The Court orders Cognizant to, by **June 13, 2025**, supplement its answer to Interrogatory No. 2 to fully answer this interrogatory in compliance with the Court's rulings above and Federal Rule of Civil Procedure 33's requirements (including as to Federal Rule of Civil Procedure 33(d)). *See Caliber*, 346 F.R.D. at 71-72.

## VI. Infosys's Interrogatory No. 3

Infosys asks the Court to compel Cognizant to serve a full and complete answer to Infosys's Interrogatory No. 3, which asks Cognizant to "[p]lease describe in detail all measures that have been taken to protect the confidentiality of the information you identify as trade secrets in response to Interrogatory No. 1."

The Court overrules Cognizant's boilerplate or unsupported objections to

Interrogatory No. 3 on overbreadth, undue burden, vague and ambiguous, relevance, and proportionality grounds. And, for the reasons that Infosys persuasively explains, the Court overrules Cognizant's objection that a time period going back to the origins of its asserted trade secrets is inappropriate. As Infosys's counsel argued, if Cognizant does not have certain information reasonably available to it, it should so answer consistent with the governing Rule 33 standards explained above.

As for the argument that proving a trade secret requires showing only "reasonable measures" to protect the trade secret information at issue, the Court is unpersuaded that Infosys cannot properly ask Cognizant to identify "all measures" that Cognizant (or its predecessor owner) took to protect the information's confidentiality.

The "reasonable measures" standard limits the scope of what a plaintiff must prove for information to qualify as a trade secret. But Infosys is appropriately asking about all measures that have been taken and that are, presumably, the extent of what Cognizant (or its predecessor owner) deemed reasonable to protect its alleged trade secrets. Put another way, Infosys is not asking Cognizant to identify all measures that it <u>could have</u> taken – "reasonable" or not – to protect its information and can properly ask Cognizant to identify "all" (presumably reasonable) measures that Cognizant (or its predecessor owner) has taken to protect the information's confidentiality.

The Court orders Cognizant to, by **June 13, 2025**, supplement its answer to Interrogatory No. 3 to fully answer this interrogatory in compliance with the Court's

rulings above and Rule 33's requirements (including as to Rule 33(d)). *See Caliber*, 346 F.R.D. at 71-72.

## VII. Infosys's Interrogatory No. 4

Infosys asks the Court to compel Cognizant to serve a full and complete answer to Infosys's Interrogatory No. 4, which asks Cognizant to "[p]lease identify all persons with knowledge of any facts relating to your contention that Infosys Limited misappropriated your trade secrets."

The Court overrules Cognizant's boilerplate or unsupported objections to Interrogatory No. 4 on overbreadth, undue burden, vague and ambiguous, and proportionality grounds and to Interrogatory No. 4 as seeking a legal conclusion or premature expert opinion.

Cognizant committed at oral argument to amend its supplemental answer to make clear that the three individuals identified so far "have knowledge of information responsive to this Interrogatory" – and not only that they "may have knowledge of information responsive to this Interrogatory." And the Court orders that Cognizant must do so.

But the Court also agrees with Infosys that Cognizant cannot properly exclude from its supplemental answer "individuals who are Infosys employees or third parties." A full, proper answer must include not only Cognizant's own current or former employees.

The Court orders Cognizant to, by **June 13, 2025**, supplement its answer to Interrogatory No. 4 to fully answer this interrogatory in compliance with the Court's

rulings above and Rule 33's requirements (including as to Rule 33(d)). *See Caliber*, 346 F.R.D. at 71-72.

## VIII. Infosys's Interrogatory Nos. 5 and 9

Infosys asks the Court to compel Cognizant to serve full and complete answers to Infosys's Interrogatory Nos. 5 and 9, which ask Cognizant to "[p]lease state all facts supporting Your contention that Infosys Limited misappropriated Your trade secrets" (Interrogatory No. 5) and "[p]lease state all facts supporting Your contention that You own each purported trade secret identified in response to Interrogatory No. 1" (Interrogatory No. 9).

The Court overrules Cognizant's boilerplate or unsupported objections on overbreadth, undue burden, vague and ambiguous, and proportionality grounds or for seeking a legal conclusion or premature expert opinion. And the Court determines that requiring, under Rule 33(a)(2), Cognizant to answer these contention interrogatories now, based on the information currently reasonably available to it, is not premature. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579-80, 592 (N.D. Tex. 2018).

Neither can Cognizant rely on Rule 33(d) to point Infosys to documents that Cognizant has not yet produced. *See Caliber*, 346 F.R.D. at 71-72; *Lopez*, 327 F.R.D. at 579, 592.

Rule 33(d) provides that, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of

deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." FED. R. CIV. P. 33(d).

But, "in relying on Rule 33(d) in an interrogatory answer, an answering party must specify the information that the requesting party should review in sufficient detail to enable the requesting party to locate and identify the information in the documents at least as readily as an answering party could." *Caliber*, 346 F.R.D. at 71 (cleaned up). And that "generally requires an answering party to point to specific documents, by name or bates number, and not pointing the requesting party generally to document productions." *Id.* (cleaned up).

The Court orders Cognizant to, by **June 13, 2025**, supplement its answers to Interrogatory Nos. 5 and 9 to fully answer each interrogatory in compliance with the Court's rulings above and Rule 33's requirements (including as to Rule 33(d)). *See Caliber*, 346 F.R.D. at 71-72; *Lopez*, 327 F.R.D. at 579-80, 592.

## IX.    Award of Expenses and Expectations Going Forward

The Court finally determines that, under Federal Rules of Civil Procedure 37(a)(5) and 26(c)(3), the parties will bear their own expenses, including attorneys' fees, in connection with these motions to compel.

As the Court noted at oral argument, the Court will await full briefing before

resolving Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. and Counterclaim Defendant Cognizant Technology Solutions Corp.'s Motion for Protective Order [Dkt. No. 101], to which Infosys's response must be filed by May 30, 2025.

And, consistent with the motivations that each party reported in its briefing on Infosys's Motion to Refer Non-Dispositive Pre-Trial Discovery Matters to Magistrate Judge Horan [Dkt. No. 95] and with the Standing Order on Non-Dispositive Pretrial Discovery Motions Referred to Magistrate Judge David L. Horan [Dkt. No. 107], the Court encourages counsel to complete discovery in this case and resolve any disputes without motion practice by, whenever and wherever possible, cooperating in good faith to move written, document, deposition, and expert discovery forward as efficiently as the parties reasonably can.

SO ORDERED.

DATE: May 23, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE