IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. <br><br><br> INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr <br><br> Magistrate Judge David L. Horan |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-COUNTERCLAIM DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**Table of Contents**

I.   INTRODUCTION .................................................................................................................. 1

II.  ARGUMENT ......................................................................................................................... 3

   A.   Infosys Failed to Show Mr. Kumar's Documents Are Uniquely Relevant ........................ 3

      1.   Infosys's Attempt to Normalize CEO Discovery Is Without Merit ............................... 3

      2.   Fifth Circuit Precedent Protects Executives from Unnecessary Discovery ................... 4

      3.   A Protective Order for Mr. Kumar Is Proper Here ......................................................... 4

   B.   Infosys Has Not and Cannot Show that Mr. Kumar Has Unique Relevant Knowledge .... 5

      1.   The Majority of Information Infosys Cites Is in Its Own Possession, Custody, or Control ................................................................................................................................. 5

      2.   Infosys's Arguments Support Cognizant's Identification of Less Burdensome Custodians ............................................................................................................................. 7

      3.   The Burden to Mr. Kumar Is Real ................................................................................. 9

   C.   Cognizant Satisfied Its Meet-and-Confer Obligations ...................................................... 10

## **Table of Authorities**

### **Cases**

*Bachemin by and Through Bachemin v. DDMS, LLC*,
  No. 22-cv-1976, 2023 WL 7280515 (E.D. La. Nov. 3, 2023) .................................................2, 4

*Carpenter v. Twin City Fire Ins. Co.*,
  No. 3:23-CV-0769, 2024 WL 947589 (N.D. Tex. Mar. 4, 2024) ...............................................5

*Crosby v. La. Health Serv. and Indem. Co.*,
  647 F.3d 258 (5th Cir. 2011) ....................................................................................................10

*Enslin v. Coca-Cola Co.*,
  No. 14-cv-06476, 2016 WL 7042206 (E.D. Pa. June 8, 2016) ..............................................8, 9

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*,
  No. 17-md-2785, 2018 WL 1440923 (D. Kan. Mar. 15, 2018) .............................................3, 7

*Gauthier v. Union Pac. R. Co.*,
  No. 07-CV-12, 2008 WL 2467016 (E.D. Tex. June 18, 2008) ..............................................4, 5

*Houston v. Papa John's Int'l, Inc.*,
  No. 18-cv-825, 2020 WL 6588505 (W.D. Ky. Oct. 30, 2020) ..................................................3

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*,
  901 F.2d 404 (5th Cir. 1990) .....................................................................................................5

*Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*,
  No. 15-cv-293, 2017 WL 2305398 (S.D.N.Y. May 18, 2017) ..................................................3

*Newman v. Associated Press*,
  No. 24-cv-20684, 2024 WL 4433465 (S.D. Fla. Oct. 4, 2024) .................................................3

*Oyekwe v. Rsch. Now Grp., Inc.*,
  No. 19-cv-1085, 2020 WL 1064868 (N.D. Tex. Mar. 4, 2020) .......................................2, 4, 10

*PA Advisors, LLC v. Google, Inc.*,
  No. 07-CV-480, 2009 WL 10741630 (E.D. Tex. Aug. 28, 2009) .............................................4

*Pan Am. Life Ins. Co. v. La. Acquisitions Corp.*,
  No. 13-5027, 2015 WL 4168435 (E.D. La. July 9, 2015) .........................................................2

*Salter v. Upjohn Co.*,
  593 F.2d 649 (5th Cir. 1979) ...................................................................................................10

*Turner v. Novartis Pharms.*,
  No. 10-cv-175, 2010 WL 5055828 (E.D. La. Dec. 2, 2010) .....................................................6

### **Rules**

Fed. R. Civ. P. 26(c)(1) ....................................................................................................................5

I.  **INTRODUCTION**

The harassing discovery Infosys seeks from Cognizant's current CEO, Ravi Kumar, is unjustified under both Rule 26 and Fifth Circuit precedent. Infosys's Opposition confirms that its baseless and retaliatory antitrust counterclaims are intended to distract from its blatant theft of Cognizant's intellectual property and cast false aspersions against former Infosys employees who have since joined Cognizant—most notably, Mr. Kumar. There is not a single allegation in Infosys's counterclaims of any anticompetitive conduct by Mr. Kumar after he joined Cognizant in January 2023. To the contrary, the entirety of Infosys's legally insufficient allegations regarding Mr. Kumar stem from alleged conduct that occurred while he was ***still employed by Infosys***. Dkt. 46 ¶ 133. Nevertheless, Infosys demands the production of Mr. Kumar's documents from his employment with Cognizant—after Infosys stole Cognizant's trade secrets and long after Cognizant entered into the various non-compete agreements that form the foundation for Infosys's antitrust counterclaims. There is no legal basis for those demands.

Not a single one of Infosys's proffered explanations stands up to even minimal scrutiny, much less illustrates why the more relevant custodians and compromises Cognizant has offered are insufficient.

- Infosys suggests that Mr. Kumar's documents are needed because he is "featured prominently in [Infosys's] counterclaim." Dkt. No. 101, at App. 014. But those allegations pertain to his time at Infosys, so Infosys—not Cognizant—has those documents.

- Infosys argues that—as "the primary executive sponsor of Infosys Helix until he joined Cognizant"—Mr. Kumar possesses personal knowledge relevant to Infosys's theft of Cognizant's trade secrets. Assuming *arguendo* that that is true, the relevant documents here too are in Infosys's possession. *See generally* Dkt. No. 59.

- Infosys argues that Cognizant's hiring of two additional Infosys executives is relevant to its antitrust claims—an assertion that appears nowhere in its counterclaims. Dkt. No. 109, at 8 (referencing Infosys's Counterclaims, Dkt. No. 46 at ¶¶ 103–105). Regardless, Cognizant has offered more relevant custodians to satisfy Infosys's requests.

1

Infosys's arguments do nothing but shine a spotlight on the absence of any legitimate basis for Infosys to pursue discovery from Mr. Kumar. It is harassment plain and simple.

Acknowledging the potential for this type of abuse, courts within the Fifth Circuit protect corporate executives from unnecessary, burdensome, and harassing discovery, particularly when that same information can be obtained "from lower-level employees or through less burdensome means." *See, e.g.*, *Oyekwe v. Rsch. Now Grp., Inc.*, No. 19-cv-1085, 2020 WL 1064868, at *2 (N.D. Tex. Mar. 4, 2020) (Horan, M.J.); *Bachemin by and Through Bachemin v. DDMS, LLC*, No. 22-cv-1976, 2023 WL 7280515, at *12 (E.D. La. Nov. 3, 2023) (citing *Pan Am. Life Ins. Co. v. La. Acquisitions Corp.*, No. 13-5027, 2015 WL 4168435, at *4 (E.D. La. July 9, 2015)). Cognizant has identified numerous individuals who possess knowledge of the facts relevant to this litigation and has offered them as custodians. Infosys has failed to demonstrate how Mr. Kumar's Cognizant *documents* are even remotely connected to the claims in this case, much less unique. Moreover, Infosys has not attempted to get the information from alternative means. Infosys will not even agree to Cognizant's request to produce all email communications related to Mr. Kumar's departure from Infosys. Suppl.App. 005–006. At least until Infosys can make a better showing that such specific information cannot be obtained from alternative means (which it has yet to be able to), this Court should stop Infosys's improper efforts and enter a Protective Order to preclude discovery into Mr. Kumar's Cognizant documents, which have nothing to do with this case. Or, at minimum, the Court should halt such discovery until Cognizant's pending motion to dismiss Infosys's baseless counterclaims is decided.

## II.     ARGUMENT

### A.     Infosys Failed to Show Mr. Kumar's Documents Are Uniquely Relevant

#### 1.     Infosys's Attempt to Normalize CEO Discovery Is Without Merit

As an initial matter, Infosys adopts a fundamentally flawed assumption that CEOs are the subject of discovery all the time in antitrust cases. That is simply incorrect. As one federal court explained: "[M]erely arguing that CEOs are commonly named as custodians 'due to the high-level nature of antitrust conspiracies' does not demonstrate the relevance of [the two former CEOs'] particular ESI files to this case." *Houston v. Papa John's Int'l, Inc.*, No. 18-cv-825, 2020 WL 6588505, at *3 (W.D. Ky. Oct. 30, 2020). The same is true here. Another case that Infosys prominently relies on agrees: "[M]ere speculation that one's position as a senior executive might increase the relevance of that individual's files is not a basis for designating that individual as a custodian." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) (citing *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15-cv-293, 2017 WL 2305398, at *3 (S.D.N.Y. May 18, 2017) ("To the contrary, it is equally plausible to assume that because of his senior position, he would have less information about specific transactions than employees lower in the hierarchy.")); *see also Houston*, 2020 WL 6588505, at *2 ("Mere speculation that an individual's high-ranking position within an organization might increase the relevance of that individual's files is not a basis for designating that individual as a custodian."); *Newman v. Associated Press*, No. 24-cv-20684, 2024 WL 4433465, at *5 (S.D. Fla. Oct. 4, 2024) (denying a motion to compel designation of the CEO as custodian because: (1) Plaintiffs did not demonstrate that the procedure by which Defendant identified its custodians was inadequate; (2) Plaintiffs failed to establish the CEO was likely in possession of unique discovery documents; and (3) searching the CEO would add little to no benefit and thus would not be proportional to the needs of the case). There is no antitrust-

specific or trade secret-specific default principle making CEOs appropriate document custodians; if that were so, Infosys would have named its CEO in its own initial disclosures and made him (or anyone in the C-Suite) a custodian. That Infosys did not is all this Court needs to know.

### 2. Fifth Circuit Precedent Protects Executives from Unnecessary Discovery

Regardless of the hypothetical utility of CEO discovery generally, the Fifth Circuit affords even further protection to corporate executives from unnecessary discovery obligations. Nothing Infosys argues demonstrates otherwise. And though this Circuit has not adopted the "apex doctrine" by name, courts within it afford corporate executives similar protections. *See, e.g.*, *Oyekwe*, 2020 WL 1064868, at *2 (Horan, M.J.); *Gauthier v. Union Pac. R. Co.*, No. 07-CV-12, 2008 WL 2467016 (E.D. Tex. June 18, 2008); *PA Advisors, LLC v. Google, Inc.*, No. 07-CV-480, 2009 WL 10741630 (E.D. Tex. Aug. 28, 2009).

Thus, discovery of high-ranking, corporate executives is permitted only when the targeted individual (1) possesses "personal or superior or unique knowledge" and (2) the requested information cannot be obtained "from lower-level employees or through less burdensome means." *Bachemin*, 2023 WL 7280515, at *12. This protection ensures that corporate executives are free from "oppression, inconvenience, and burden to the executive and the corporation." *Oyekwe*, 2020 WL 1064868, at *2 (Horan, M.J.). Although these protections are typically afforded to prevent onerous and harassing deposition obligations, Infosys's document discovery requests warrant their application here.

### 3. A Protective Order for Mr. Kumar Is Proper Here

Cognizant has met its burden to show good cause for an order protecting Mr. Kumar in this case. A district court may grant a motion for a protective order when "the party seeking it demonstrates good cause and a specific need for protection." *Oyekwe*, 2020 WL 1064868, at *1

(Horan, M.J.). Good cause exists whenever justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(c)(1)). In assessing whether a protective order is warranted, the court "must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens." *Gauthier*, 2008 WL 2467016, at *3. A "[c]ourt may issue a protective order for a party against discovery requests if the movant can show the discovery requests are improper or other good cause, such as harassment, embarrassment, or undue burden exists." *Carpenter v. Twin City Fire Ins. Co.*, No. 3:23-CV-0769, 2024 WL 947589, at *5 (N.D. Tex. Mar. 4, 2024). And "[d]iscovery is not justified when cost and inconvenience will be its sole result." *Landry*, 901 F.2d at 436. Infosys offers no compelling other reason for its push for Mr. Kumar's documents.

Cognizant has shown that whatever Infosys may hope to glean from Mr. Kumar's documents can be provided by other, lower-level employees whose custodial files Cognizant has already collected and offered to Infosys. Dkt. No. 102, at 7–8. Cognizant has also offered to collect and produce additional non-custodial information on the specific issues Infosys has identified as a basis for seeking Mr. Kumar's documents. Dkt. No. 102, at 7–8. Together, that meets Cognizant's burden to provide a less burdensome path to the discovery Infosys seeks. As in *Oyekwe*, given Infosys's failure to explain why Mr. Kumar has unique personal knowledge or why Cognizant's less intrusive proposals are insufficient, a protective order should be issued.

### B.  Infosys *Has Not* and *Cannot* Show that Mr. Kumar Has Unique Relevant Knowledge

#### 1.  The Majority of Information Infosys Cites Is in Its Own Possession, Custody, or Control

Infosys is using baseless antitrust counterclaims brought in response to a legitimate trade secret suit to harass former-employee-turned-competitor's-CEO Ravi Kumar. To "defend" this

5

trade secret suit, Infosys alleges, without proffering a shred of actual evidence, that Mr. Kumar intentionally "derailed" the development of Infosys's Helix product *while employed at Infosys*. Dkt. No. 109, at 7. In other words, by Infosys's Counterclaims do not involve anything Mr. Kumar allegedly did while at Cognizant. Dkt, No. 46 ¶¶ 92–102. That should be the end of it.[1]

Infosys attempts to override this obvious problem by asserting for the first time in response to this motion that Mr. Kumar is personally responsible for Cognizant's alleged "predatory hiring" of two additional Infosys executives—in other words, it complains again about the non-actionable inability to win the competition for talent. Dkt. No. 109, at 8 (referencing Infosys's Counterclaims, Dkt. No. 46 at ¶¶ 103–105); *see also* Dkt. No. 78, at 16–18 (explaining why Infosys's allegations about competition in hiring do not state an antitrust claim). Infosys should not be permitted to avoid a protective order by tossing in these late allegations which have not been the subject of meeting and conferring. Regardless, Cognizant has now agreed to make both Shveta Arora and Ravi Kiran Kuchibhotla—the former Infosys executives allegedly hired at the direction of Mr. Kumar, according to Infosys's latest telling—custodians, and to produce documents about their recruitment on a go-get basis. *See, e.g.*, Dkt. No. 102, at 7–8. Infosys's rote recitation that Mr. Kumar has unique personal knowledge about these hires is not enough against this record. *See Turner v. Novartis Pharms.*, No. 10-cv-175, 2010 WL 5055828, at *3–4 (E.D. La. Dec. 2, 2010) (quashing discovery of corporate executives where no unique knowledge was shown and where less intrusive means to obtain requested information existed).

Finally, Infosys resorts to quoting Mr. Kumar's statements regarding his custodianship of

---

[1] Infosys's assertion that Mr. Kumar's Cognizant documents are relevant to the trade secret allegations because he sponsored Infosys Helix while he was at Infosys similarly lacks merit. Dkt. No. 109, at 7–8. Mr. Kumar is not involved with the trade secret claims, but in any case, any documents related to his work with Helix were created when he worked at Infosys, *id.*, and thus Infosys already has them.

Cognizant to suggest that is a concession that he is an appropriate document custodian. But this wordplay is nothing more than a failed restatement of the apex assumption Courts routinely reject.

### 2. Infosys's Arguments Support Cognizant's Identification of Less Burdensome Custodians

Infosys offers a scattershot of other allegations or discovery requests they say make Mr. Kumar an appropriate custodian. Dkt. No. 109, at 7–10. But, again, they fail to show why his knowledge is "unique" for any, and common sense (and Cognizant's specific alternative proposals) show he is not. Take Infosys's citation of a statement—purportedly by Mr. Kumar and presumably to investors—about Cognizant's market share. Dkt. No. 109, at 8 (citing Dkt. No. 46 ¶ 125). That document does not credit that statement to Mr. Kumar. Regardless, this kind of financial information, share estimates, or competitive analyses are always *available to* CEO's—but that does not mean they are the right custodians from whom to collect such information. Any CEO has information of how his business is run, operated, and competes; Infosys's logic would make CEOs appropriate custodians for nearly any kind of lawsuit—but the caselaw expressly rejects those conclusions. *In re EpiPen*, 2018 WL 1440923 at *2. Infosys's generic assertion that Mr. Kumar is "hands-on" does no better. Infosys has not shown unique knowledge. Cognizant, for its part, has identified custodians who address those issues *as their jobs*—custodians who are both more appropriate and less burdensome: Craig Mengert, John Wilson, Matt Dziedzic, Inderjeet Singh, Sanjay Subramanian, Noreen Kamka, and Diana Murphy. Dkt. No. 109, at 3–5, 8; Suppl.App. 011–012 (containing a list of Cognizant's proposed custodians as of May 16, 2025). The same is true for Infosys's request for "[d]ocuments identifying and discussing Cognizant's competition in the relevant markets and products." *Id.*[2]

---

[2] To the extent the Court allows Infosys to proceed with document discovery of Mr. Kumar, Cognizant similarly requests discovery of Infosys's high-ranking executives, including its own CEO. Sauce for the goose is sauce for

7

Infosys also argues that Mr. Kumar's "knowledge about both" Infosys's Business Assurance Store and an Infosys-constructed adaptor justify its probe into his *Cognizant* documents. Dkt. No. 109, at 8. This is a red herring designed to obfuscate the issue—the question is not whether Mr. Kumar knew about the Business Assurance Store, it is whether he knew about Infosys's misappropriation, and Infosys does not connect those dots. To justify discovery, it is certainly not enough to assert in conclusory fashion that the proposed custodians are "knowledgeable" and have some "relevant information about the facts and claims at issue." *Enslin v. Coca-Cola Co.*, No. 14-cv-06476, 2016 WL 7042206, at *2 (E.D. Pa. June 8, 2016).

Infosys's attempt to invoke specific document requests to justify their insistence on making Mr. Kumar a custodian also does not satisfy their burden. Dkt. No. 109, at 4–5. None of the suggested categories—such as software pricing and strategy, trade secrets, hiring practices, and competitive analysis—have any unique or substantive connection to any personal knowledge, role, or action by Mr. Kumar, and all are amply covered by other custodians already offered by Cognizant. For example, for Infosys's request for "[d]ocuments related to Infosys's relevant product, Infosys Helix," *id.*, Cognizant has offered Craig Mengert, John Wilson, Matt Dziedzic, Noreen Kamka, Inderjeet Singh, and Sanjay Subramanian, *see* Suppl.App. 011–012, meaning there is no unique need to seek discovery from Mr. Kumar. As to Infosys's requests for "[d]ocuments related to Cognizant's plan to offer new healthcare payor software or IT services, or to improve existing offerings," Cognizant has offered Craig Mengert, John Wilson, Matt Dziedzic, Viswanathan Vaidyanathan, Sanjay Subramanian, and Diana Murphy. *See id.* And as to Mr. Kumar's hiring, as stated in its motion, Dkt. No. 102, at 7, Cognizant has offered Noreen Kamka,

---

the gander; if Infosys prevails on this motion, Cognizant will expect it to immediately supplement its custodian list and initial disclosures accordingly.

Vice President of Human Resources for the Americas, and Sue Petros, Vice President of Global Talent Solutions, who each have personal, unique, and superior knowledge. And Cognizant agreed to search for, collect, and produce centrally located documents related to hiring Mr. Kumar on a go-get basis, including documents related to Board of Directors meeting materials and documents related to the other former Infosys executives' recruitment and hiring.[3] Of course, on top of this, Infosys will also be able to conduct a deposition of a corporate representative pursuant to Rule 30(b)(6). There is no information that Infosys cannot receive through these alternative means.

At bottom, Infosys's complaint is that it prefers to make Mr. Kumar a custodian. But discovery is not a bulwark to demand whatever custodians you want, no matter how unreasonable. No, "[a] requesting party must be able to articulate a basis for the court to find that ESI in the possession of the additional custodians would be different from, and not simply duplicative of, information that the responding party has already produced." *Enslin*, 2016 WL 7042206, at *2. Under Fifth Circuit precedent, there is no justification for burdening Cognizant's CEO with discovery where the company has agreed to produce voluminous information from those Cognizant custodians with actual knowledge about the events.

### 3. The Burden to Mr. Kumar Is Real

Even when prompted by this motion, Infosys has yet to come forward with any concrete proof that Mr. Kumar "derailed" the development of Infosys's Helix product to benefit his then-future employer Cognizant. Infosys's demand to conduct wide discovery into Mr. Kumar's documents (and, presumably, conduct a lengthy and distracting deposition) is not designed to discover relevant information—the only logical conclusion is that it is a fishing expedition

---

[3] By contrast, Infosys insists that the three former Infosys employees are *the only* appropriate *Infosys* custodians for these claims and has refused to identify who identified their alleged failure to fully perform as to Infosys and who was involved in the extensive negotiations through which Infosys tried to keep Mr. Kumar from leaving.

9

intended to cause "oppression, inconvenience, and burden to" Mr. Kumar and Cognizant. *Oyekwe*, 2020 WL 1064868, at *2; *see also Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) ("Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." (citation omitted)). The burden here extends far beyond the collection of Mr. Kumar's documents and the time of preparation for and sitting through a potential deposition—it lies in the continued stress, follow-up questioning, and exposure that results from being thrown head-first into a litigation while running a multi-billion-dollar company—a burden that affects "the executive and the corporation." *Oyekwe*, 2020 WL 1064868 at *2. And courts recognize the burden discovery places on an executive that is "extremely busy" and without "any direct knowledge of the facts" and take action when appropriate. *See, e.g.*, *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). These discovery demands are improper—in content *and* intent—leaving Cognizant with no other recourse than to ask the Court to intervene.

    **C.**    **Cognizant Satisfied Its Meet-and-Confer Obligations**

Infosys's baseless attempt to defend this motion on technical grounds also fails. The parties met and conferred, per Local Rule 7.1, on several occasions, including an April 24, 2025 videoconference, during which Infosys demanded that Cognizant add Mr. Kumar to its list of custodians. Despite requests to consider alternative proposals to obtain the information it believed to be relevant from sources other than Mr. Kumar, Infosys's counsel stated it would refuse to consider alternative proposals, and that Infosys would insist on Mr. Kumar being added to the custodian list. Given Infosys's stated intention that it would not back down from its demand to conduct a full custodial search of Mr. Kumar's documents, Infosys's counsel stated on that call that the parties were past argument on this issue. On May 5, Infosys's counsel confirmed by email that the parties were at an impasse. Cognizant filed the operative motion on May 9, 2025.

Dated: June 6, 2025                                   Respectfully submitted,

/s/ *Rachel S. Brass*
Rachel S. Brass (*admitted pro hac vice*)
L. Kieran Kieckhefer (*admitted pro hac vice*)
Elizabeth McCloskey (*admitted pro hac vice*)
Christina E. Myrold (*admitted pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: 415.393.8200
Fax: 415.393.8306
kkieckhefer@gibsondunn.com
rbrass@gibsondunn.com
emccloskey@gibsondunn.com
cmyrold@gibsondunn.com

John T. Cox III (SBN 24003722)
Betty Yang (SBN 24088690)
Bradley G. Hubbard (SBN 24090174)
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: 214.698.3226
Fax: 214.571.2900
tcox@gibsondunn.com
byang@gibsondunn.com
bhubbard@gibsondunn.com

Samuel G. Liversidge (*admitted pro hac vice*)
Casey J. McCracken (*admitted pro hac vice*)
S. Christopher Whittaker (*admitted pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Tel: 213.229.7000
Fax: 213.229.7520
sliversidge@gibsondunn.com
cmccracken@gibsondunn.com
cwhittaker@gibsondunn.com

Ahmed ElDessouki (*admitted pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166

11

Tel: 212.351.2345
aeldessouki@gibsondunn.com

*Attorneys for Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. and Counterclaim Defendant Cognizant Technology Solutions Corp.*