UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:24-CV-2158-X |
| INFOSYS LIMITED., | § § § | |
| *Defendant.* | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Infosys Limited's (Infosys) motion to dismiss Plaintiff Cognizant TriZetto Software Group, Inc.'s (Cognizant) claims against Infosys. (Doc. 33). Upon review of the briefing and applicable law, the Court **DENIES** the motion as to all claims.

### I. Background

Unlike the lead singer of One Republic, software companies are not typically willing to give "all [their trade] secrets away."[1] Hence this dispute. Plaintiff Cognizant provides healthcare technology that helps insurers and others in processing medical claims. Defendant Infosys is also a healthcare technology company. The two worked together for many years.

Cognizant's tools and products include the platforms Facet and QNXT, as well as source codes, data, and guides for the platforms, test cases that indicate whether

---

[1] OneRepublic, *Secrets*, on *Waking Up* (Mosley Music Group 2009), https://genius.com/Onerepublic-secrets-lyrics.

the platforms are working as expected, and tools that allow the platforms to interface with other databases. Cognizant granted Infosys limited access to much of this information over the years so Infosys could better serve mutual clients of the companies. This limited access, Cognizant alleges, was restricted by password protection, required valid credentials, and was limited to only those employees on relevant projects. Further, Infosys entered numerous nondisclosure agreements protecting the information.

But according to Cognizant, Infosys took the data and misappropriated it to build and sell its own products like the QXNT Adapter, which extracts data from QXNT to be used on Infosys's competing platform, and the Infosys Business Assurance Store, a repository of prebuilt test cases, automation scripts, and validation tools to be used with Facets. The secrets, Cognizant argues, got out.

The complaint alleges Infosys posted its offending website in 2020 and Cognizant discovered it in December 2023 when it found marketing materials that, in its view, bore a remarkable resemblance to its own product. Cognizant then filed this lawsuit in August 2024, asserting claims under the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, and the Lanham Act, along with several claims for breach of contract arising from four nondisclosure agreements.

## II. Legal Standard

A Rule 12(b)(6) motion challenges a pleading for a "failure to state a claim upon which relief can be granted."[2] A pleading must contain "a short and plain statement

---

[2] Fed. R. Civ. P. 12(b)(6).

2

of the claim showing that the pleader is entitled to relief."[3]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6]

### III. Analysis

Infosys moves to dismiss all eight counts of Cognizant's complaint, challenging the sufficiency of Cognizant's trade secret and Lanham Act claims, arguing all but one of Cognizant's claims is time-barred, and challenging the validity of one Cognizant's four contract claims.

### A.  Trade Secret Misappropriation Claim

Cognizant alleges Infosys misappropriated its trade secret information under the federal Defend Trade Secrets Act and the Texas Uniform Trade Secret Act. "Because the [Defend Trade Secrets Act] and [Texas Uniform Trade Secrets Act] are both based on the Uniform Trade Secrets Act, a substantial number of provisions in the two statutes—including the definition of 'trade secret'—are either identical or

---

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

very similar in many respects."[7]    Thus, the Court jointly addresses Infosys's arguments seeking to dismiss the claims.

Claims under both acts require plaintiffs to show (1) the existence of a trade secret; (2) that the trade secret was misappropriated; and (3) that the misappropriated trade secret was used without authorization.[8] And "[a] trade secret is information which derives independent economic value from being not generally known or readily ascertainable through proper means,"[9] and which the owner "has taken reasonable measures to keep . . . secret."[10]

### 1.    Cognizant Sufficiently Pled the Existence of a Trade Secret

"The existence of a trade secret is properly considered a question of fact to be decided by the judge or jury as fact-finder."[11]    So at this stage, "a plaintiff does not need to provide a specific description of the trade secret."[12]    The definition "cannot be too vague or inclusive," but "[i]t is sufficient if the allegations demonstrate 'that at least some aspects' of the information at issue constitute a trade secret."[13]

---

[7] *Pro Min., LLC v. Marietta*, No. 3:21-CV-2773-E, 2023 WL 2410884, at *2 (N.D. Tex. Mar. 8, 2023) (Brown, J.) (cleaned up); *see also El Paso Disposal, LP v. Ecube Labs Co.*, 766 F. Supp. 692, 711 (W.D. Tex. 2025) (collecting cases considering claims under the Federal Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act together).

[8] *CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 262 (5th Cir. 2022).

[9] *Id.*; *see also* 18 U.S.C. § 1839(3)(B); Tex. Civ. Prac. & Rem. Code § 134A.002(6)(B).

[10] 18 U.S.C. § 1839(3)(A); *see also* Tex. Civ. Prac. & Rem. Code § 134A.002(6)(A).

[11] *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874 (5th Cir. 2013) (cleaned up).

[12] *Centennial Bank v. Holmes*, 717 F. Supp. 3d 542, 561 (N.D. Tex. 2024) (Hendrix, J.) (citing *GlobeRanger Corp. v. Software AG USA, Inc.*, 836 F.3d 477, 493 (5th Cir. 2016)).

[13] *Id.* (quoting *GlobeRanger Corp.*, 836 F.3d at 492–93) (cleaned up).

The complaint outlines and defines six categories of trade secret information: (1) the proprietary software, (2) source materials, (3) test cases, (4) interfaces, (5) data model, and (6) commercial secrets.[14]  It further states Cognizant's trade secret information "also includes automation scripts, tools, source code, technical documentation, manuals," and particular guides for employing Facets and QNXT.[15]

Infosys contends this is merely a laundry list of product components, but Cognizant certainly identified "at least some aspects" of its data that constitute trade secrets[16]—particularly the Facet software, test cases, and automation scripts, which a jury in another circuit determined to be trade secrets in a separate case involving Cognizant.[17]

## 2. Cognizant Took Reasonable Measures to Keep its Secrets

Cognizant also sufficiently pled that it took measures to keep the relevant information confidential.  Courts have found sufficient certain efforts, like "password-protected databases, confidentiality and nondisclosure agreements, and limitations on dissemination of information on a need-to-know basis."[18]  Here, Cognizant required Infosys to sign nondisclosure agreements and pleads that it strictly limited access to

---

[14] Doc. 1 ¶ 17.

[15] Doc. 1 ¶ 25.

[16] *GlobeRanger Corp.*, 836 F.3d at 492–93.

[17] *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 68 F.4th 792, 802 (2d Cir. 2023).

[18] *E.g.*, *BRG Ins. Sols., LLC v. O'Connell*, No. 3:16-CV-2448-N, 2017 WL 7513649, at *8 (N.D. Tex. July 18, 2017) (Godbey, J.); *El Paso Disposal v. Ecube Labs Co.*, 766 F. Supp. 692, 713–14 (W.D. Tex. 2025).

the relevant information, requiring valid credentials, passwords, and security access cards.

The parties dispute the duration of the nondisclosure agreements.  Infosys argues Cognizant did not implement them until 2018, after the relevant information had been available to various entities for decades.  Cognizant, on the other hand, claims the parties entered various nondisclosure agreements years earlier.  This is a factual dispute for the finder-of-fact to determine at a later stage.

### 3.    Infosys Misappropriated and Used the Trade Secrets

As to the second and third elements—misappropriation and use without authorization—Cognizant alleges Infosys gained access to the information protected under nondisclosure agreements for the limited purpose of providing specific services to mutual clients and then appropriated the information by saving it to a repository and repackaging it as its own product.  As in a past case this Court decided, access for limited use does not preclude a trade secret claim when the defendant's ultimate use exceeds the limited scope of authorization.[19]

The complaint alleges that Infosys signed numerous nondisclosure agreements recognizing Cognizant as the "sole owner of [the] Confidential Information and Trade Secret Information related to Facets® and QNTX™."[20]   Cognizant's complaint identifies the nature and origin of the trade secrets, the particular conditions under

---

[19] *See generally Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.*, No. 3:19-CV-0970-X, 2023 WL 361870, at *1 (N.D. Tex. Jan. 21, 2023) (Starr, J.) (denying summary judgment and upholding claims when the defendant accessed trade secret information through an agreement that provided it with limited use to "access, copy, execute, and use" the software "solely for the benefit" of one client).

[20] Doc. 1 at 13.

which Infosys accessed them, and how Infosys allegedly used them to develop its QNTX Adapter and Business Assurance Store products. That level of detail is sufficient to state a claim on which relief can be granted.

## B.    Statute of Limitations

Infosys also argues that all but one of Cognizant's claims are time barred. "The burden of pleading and establishing the statute of limitations defense falls upon the defendant."[21] And "dismissal at the 12(b)(6) stage is proper only where it is evident from the complaint that the action is barred and the complaint fails to raise some basis for tolling."[22]

Claims brought under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act must be filed within three years.[23] Contract claims under Colorado law—which governs two of the four nondisclosure agreements incorporated into the complaint by reference—must also be brought within three years.[24] Under California law—which governs a third nondisclosure agreement—claims must be brought within four years.[25] And finally, Texas courts require claims arising under the Lanham Act to be brought within four years.[26] Each of these limitations periods

---

[21] *Jaso v. The Coca-Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011) (citing Fed. R. Civ. P. 8(c)(1)).

[22] *Id.* (cleaned up).

[23] 18 U.S.C. § 1836(d); Tex. Civ. Prac. & Rem. Code § 16.010(a).

[24] Colo. Rev. Stat. § 13-80-101(1).

[25] Cal. Civ. Proc. Code § 337.

[26] *Jaso*, 435 F. App'x at 356.

begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered the misappropriation,[27] breach,[28] or infringement.[29]

The only exception is California contract law, which applies the discovery rule only "when it is particularly difficult for the plaintiff to observe or understand the breach."[30] This includes cases in which a defendant, who breached in secret, was "in a far superior position to comprehend the wrongful act" and "had reason to believe the plaintiff remained ignorant he had been wronged."[31] However, "public disclosure even to a limited audience is sufficient to preclude a plaintiff from arguing that the breach and injury were secret and difficult to detect."[32] Therefore, Cognizant's contract claim governed by California law is subject to a four-year statute of limitations without the discovery rule.

Cognizant alleges it first discovered Infosys's misappropriation, and thus breach of the nondisclosure agreements and infringement as well, in December 2023 through a website for Infosys's Business Assurance Store promotional materials. And Cognizant filed this lawsuit in August 2024, roughly eight months later. So on the face of the complaint, the claims are timely, but Infosys argues Cognizant should have discovered the website when it was posted in 2020.

---

[27] 18 U.S.C. § 1836(d); Tex. Civ. Prac. & Rem. Code § 16.010(a).

[28] *City & Cnty. of Denver v. Bd. of Cnty. Comm'r of Adams Cnty.*, 543 P.3d 371, 378 (Colo. 2024).

[29] *Jaso*, 435 F. App'x at 356.

[30] *NBCUniversal Media, LLC v. Superior Ct.*, 225 Cal. App. 4th 1222, 1232 (Cal. Ct. App. 2014).

[31] *Id.* at 1234 (cleaned up).

[32] *Id.* at 1235.

Cognizant's four-year claims are safe within the statute of limitations for now—although Infosys argues it actually posted the website in 2018, which will be an issue for summary judgment. The pivotal question for the three-year claims is whether Cognizant, through exercising reasonable diligence, should have discovered Infosys's offending actions earlier than it did. "A plaintiff typically is not required to plead, in the complaint, facts that negate an affirmative defense."[33] So Cognizant need not plead to its exercise of reasonable diligence in searching for misappropriation, breach, or infringement to avoid dismissal.

While Infosys's website was presumably available to the public in 2020, that does not necessarily mean Cognizant had the duty to seek it out. Particularly when it had entered nondisclosure agreements with Infosys that purported to prevent such misappropriation.[34] Infosys argues Cognizant should have discovered the website as a manner of vigilance to protect its trade secrets and that the website was "easily discoverable."[35] Infosys may well prove that to be true, but it is a fact-intensive inquiry not for the Court to decide at the pleading stage.[36] Infosys's motion to dismiss Counts I, II, III, IV, and V, and VII on statute of limitations grounds fails.

---

[33] *Id.* at 351.

[34] *See, e.g.*, *Pickersgill v. Neely*, No. 3:21-CV-0773-X, 2021 WL 5163197, at *4 (N.D. Tex. Nov. 5, 2021) (Starr, J.) (refusing to dismiss claims as barred by statute of limitations when infringing material was posted online but Plaintiff may or may not have discovered it upon exercise of reasonable diligence); *Quintel Tech., Ltd. v. Huawei Techs. USA, Inc.*, Civil Action 4:15-cv-307, 2018 WL 446320, at *6 (E.D. Tex.) (holding that a jury could find Plaintiff should not have known about Defendant's trade secret misappropriation under the discovery rule when the parties signed nondisclosure agreements).

[35] Doc. 43 at 8.

[36] *Pickersgill*, 2021 WL 5163197, at *4; *Abaco Drilling Techs., Inc. v. PV Fluid Prods.*, No. CV H-20-1946, 2020 WL 10501993, at *2 (S.D. Tex. Aug. 3, 2020) ("Whether a plaintiff exercised reasonable diligence in a question of fact.").

9

### C.    Breach of Contract Claim

In addition to its arguments based on statutes of limitations, Infosys argues the Court should dismiss one of Cognizant's contract claims because the alleged breach occurred before the parties entered the agreement. The parties entered the nondisclosure agreement, called Customer D NDAA in the complaint, in 2022. The agreement limited Infosys's access to Cognizant's trade secret information to use only "in the performance of certain services for [Customer D] that are described" therein.[37] And it prohibited Infosys from using or disclosing Cognizant's information except as permitted under the agreement.

Cognizant claims Infosys committed—and commits to this day—an ongoing breach of this agreement by continually accessing Cognizant's trade secret information to sell its test cases. Taking the complaint's allegations as true, Cognizant sufficiently pled this breach of contract claim.

### D.    Lanham Act Violation

Finally, Infosys moves to dismiss Cognizant's claim under section 43(a) of the Lanham Act,[38] arguing Cognizant fails to plead a false or misleading statement of fact and fails to allege competitive harm. For a false advertising claim under the Lanham Act, the plaintiff must allege "(1) the plaintiff possesses a legally protectable

---

[37] Doc. 1 ¶ 129.

[38] 15 U.S.C. § 1125(a)(1)(B).

trademark and (2) the defendant's use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship."[39]

Cognizant argues the Lanham Act does not require a "literally false" statement but only one that is false or misleading.[40]  This is correct under the plain language of the text, which covers "any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection," association, or origin of goods, services or activities.[41]

The key question for a federal unfair competition claim is whether the defendant's use of the plaintiff's mark "is likely to cause confusion among consumers as to the source, affiliation, or sponsorship of the defendant's business."[42]  The Fifth Circuit employs a "flexible and nonexhaustive list" of factors to determine whether customer confusion is likely.[43]  These include "the similarity between the two marks," "the similarity of the products or services," and, importantly, "any evidence of actual confusion."[44]

Infosys used Cognizant's mark in its own product, the "QNXT Adaptor."[45]  And Cognizant alleges Infosys's promotional materials also falsely implied the test cases,

---

[39] *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (cleaned up).

[40] Doc. 38 at 14.

[41] 15 U.S.C. § 1125(a)(1)(A).

[42] *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 483 (5th Cir. 2004).

[43] *Id.* at 484–85.

[44] *Id.* at 485.

[45] Doc. 41 at 5.

automation scripts, and other validation tools on offer were Infosys's own original intellectual property, even though, according to Cognizant, those materials were derived from its misappropriated confidential information. Cognizant further alleges Infosys offered these materials for sale and implementation to third-party clients, representing them as part of a proprietary Infosys product. And Cognizant alleges not only a likelihood of confusion, but at least one instance of *actual confusion* when a customer of Infosys "sought assistance from *TriZetto*, not Infosys, in resolving technical difficulties with Infosys's QNXT Adapter."[46] Infosys disagrees with this interpretation and says the customer understood the origin and function of the QNXT Adapter, but that is a factual dispute not for determination at this stage.

These factual allegations, which we must accept, are sufficient to support a plausible inference of either literal falsity or implied deception—both of which are actionable under the Lanham Act's text. Infosys argues sophisticated purchasers, like Cognizant and Infosys's customers, are less likely to be misled or confused. But assessing the "likelihood of confusion is typically a question of fact."[47] Accordingly, Cognizant stated a viable claim under the Lanham Act.

## IV. Conclusion

Because Cognizant sufficiently pled its claims on all counts and Infosys could not establish that the statute of limitations barred them, the Court **DENIES** Infosys's motion to dismiss.

---

[46] Doc. 1 at ¶ 47 (italics in original).

[47] *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009).

**IT IS SO ORDERED** this 15th day of August, 2025.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE