# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. <br><br>―――――――――――――――― <br><br> INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr <br><br> Magistrate Judge David L. Horan |

**STIPULATION AND PROPOSED ORDER REGARDING EXPERT DISCOVERY**

Plaintiff-Counterclaim Defendant Cognizant Trizetto Software Group, Inc. ("TriZetto"), Counterclaim Defendant Cognizant Technology Solutions Corp. ("CTS") (together "Cognizant"), and Defendant-Counterclaim Plaintiff Infosys Limited ("Infosys"), through their undersigned attorneys, hereby agree to a protocol for expert reports and expert discovery in the case captioned above (the "Action"), as follows:

1. This Stipulation and Order Regarding Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deadlines set forth in any operative scheduling orders entered in this case.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with experts and to minimize discovery disputes regarding experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. The parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2), provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this Action.

4. Except as set forth in Paragraph 5 below, and subject to sub-paragraphs (a) and (b) below, within three (3) business days of any party serving any expert report and/or expert summary under Rule 26, the party or parties proffering the expert witness shall produce: the facts, data or other information, relied upon by the expert witness in forming the expert witness's opinions.

   a. "Facts, data or other information relied upon" shall include, but is not limited to, data sets and compilations, computerized regression analyses, reports, schedules,

1

tables, figures, graphs, and charts the testifying expert relied upon as a basis for his or her opinions, including information sufficient to replicate the expert witnesses' analyses. "Facts, data or other information relied upon" should be produced electronically (e.g., via email, disc, or FTP site) where feasible. Publicly available documents and information need not be produced absent a reasonable request, provided that their public locations are identified and accessible, and documents previously produced during discovery need not be produced if they are identified by Bates number. Data need not be re-produced if the party served with the report already possesses it, or if it is publicly available, identified and accessible. Deposition transcripts and exhibits from this Action need not be reproduced so long as the names of deponents, dates of transcripts, and exhibit numbers relied upon are identified. This paragraph shall not preclude requests for copies of the publicly available materials that are not readily obtainable.

b. All facts, data, and other information relied upon shall be provided in a reasonably usable form, with any software and instructions required to read them, but no party need produce computer software or instructions that are reasonably and commercially available (e.g., Stata, Microsoft Word, Excel). In the event that a party's expert utilizes propriety software that is not publicly available and is not practicable to copy, the party need not produce such software as long as the party promptly notified the receiving party of the issue in the ordinary course of discovery and provided timely and reasonable access as mutually agreed to by the parties or ordered by the Court.

5. Notwithstanding the discovery obligations in Paragraph 3 and 4 above, the parties will not seek to discover, and may not discover, the following:

a. drafts of (i) expert reports (including exhibits and schedules), (ii) affidavits, (iii) declarations, (iv) written testimony, or (v) other written materials prepared in connection with this matter, including preliminary or intermediate calculations, computations, or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert by consultants, counsel, other experts, and/or staff;

b. written or oral communications or notes of discussions relating to drafts or final reports, affidavits, declarations, written testimony, or other written materials;

c. any written or oral communications between (i) counsel and the expert and/or the expert's staff and/or supporting firms; (ii) counsel and any non-testifying expert consultant and/or the consultant's staff; (iii) the expert and other experts and/or other non-testifying expert consultants; (iv) the expert and the staff of other experts and/or other non-testifying expert consultants; (v) experts and their staff and/or supporting firms; (vi) non-testifying expert consultants and their staffs; and (vii) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants;

2

  d. written or oral communications or other materials relating to the deposition of the expert;

  e. written or oral communications or other materials relating to interviews of or the potential retention of experts or consultants;

  f. work performed by non-testifying experts or consultants;

  g. notes, analyses, comments, or other writings or other non-final work prepared by or for a testifying expert in connection with this matter, including declarations, or copies of materials produced by any Party bearing the notes, markings, or comments of a testifying or non-testifying expert consultants, or their staff, assistants, or clerical help, or attorneys for the Party or Parties;

  h. the budgets, invoices, bills and related billing records, receipts, or time records of or concerning the testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies and/or organizations; however, an expert may be asked, and will be prepared to answer, reasonable questions about (i) the expert's and their staff's compensation related to this matter, (ii) the amount of time an expert or their staff has expended in preparing the expert's report, testimony and associated work, and (iii) the amount of money billed for the report, testimony and associated work; and

  i. any materials or information not subject to disclosure under the Rules, laws and any orders of the Court.

The absence of any categories of information or documents in this Paragraph is not, and shall not be construed as, an admission, concession or acknowledgement that such materials are discoverable.

6.  The limitations contained in Paragraph 5 shall not apply to any communications, interview or other notes, materials, documents, data sets, data runs, calculations, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports.

7.  None of the materials addressed in Paragraph 5 needs to be listed on any privilege log. It is further stipulated that the parties and experts do not have any obligation to retain materials that are not required to be disclosed under this Stipulation.

8. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or summary is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information relied on by the expert as outlined above, and (b) make the expert available for deposition at a time or times mutually agreed to by the parties and consistent with the Court's scheduling orders.

9. The parties agree to comply with this Stipulation pending the Court's approval.

Dated: September 5, 2025                           Respectfully submitted,

By: /s/ Rachel S. Brass                            By: /s/ Douglas E. Litvack

L. Kieran Kieckhefer (*pro hac vice*)              Christopher J. Schwegmann
Rachel S. Brass (*pro hac vice*)                   State Bar No. 24051315
Elizabeth McCloskey (*pro hac vice*)               **LYNN PINKER HURST &**
Christina E. Myrold (*pro hac vice*)               **SCHWEGMANN, LLP**
**GIBSON, DUNN & CRUTCHER LLP**                    2100 Ross Avenue, Suite 2700
One Embarcadero Center, Suite 2600                 Dallas, Texas 75201
San Francisco, CA 94111                            Tel: (214) 981-3835
Tel:  415.393.8200                                 cschwegmann@lynnllp.com
Fax: 415.393.8306
KKieckhefer@gibsondunn.com                         Brent Caslin (*pro hac vice*)
RBrass@gibsondunn.com                              Nick Saros (*pro hac vice*)
EMccloskey@gibsondunn.com                          Kelly M. Morrison (*pro hac vice*)
CMyrold@gibsondunn.com                             **JENNER & BLOCK LLP**
                                                   515 S. Flower Street, Suite 3300
John T. Cox III (SBN 24003722)                     Los Angeles, CA 90071
Betty Yang (SBN 24088690)                          Tel.: (213) 239-5100
Bradley G. Hubbard (SBN 24090174)                  BCaslin@jenner.com
**GIBSON, DUNN & CRUTCHER LLP**                    NSaros@jenner.com
2001 Ross Avenue, Suite 2100                       KMorrison@jenner.com
Dallas, TX 75201
Tel:  214.698.3226                                 Shoba Pillay (*pro hac vice*)
Fax: 214.571.2900                                  Laura E. Pelanek (*pro hac vice*)
TCox@gibsondunn.com                                **JENNER & BLOCK LLP**
BYang@gibsondunn.com                               353 N. Clark Street
                                                   Chicago, IL 60654

BHubbard@gibsondunn.com

Samuel G. Liversidge (*pro hac vice*)
Casey J. McCracken (*pro hac vice*)
S. Christopher Whittaker (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Tel:   213.229.7000
Fax:  213.229.7520
SLiversidge@gibsondunn.com
CMcCracken@gibsondunn.com
CWhittaker@gibsondunn.com

Ahmed ElDessouki (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Tel.: 212.351.2345
AElDessouki@gibsondunn.com

*Attorneys for Cognizant TriZetto Software Group, Inc. and Cognizant Technology Solutions Corp.*

Tel.: (312) 222-9350
SPillay@jenner.com
LPelanek@jenner.com

Douglas E. Litvack (*pro hac vice*)
Jariell A. Rendell (*pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
DLitvack@jenner.com
JRendell@jenner.com

*Attorneys Infosys Limited*

**APPROVED AND SO ORDERED.**

Dated this 10th day of September, 2025

_____

Hon. David L. Horan
United States Magistrate Judge