IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> *Defendant*. | Case No. 3:24-cv-02158-X <br><br> The Honorable Brantley Starr <br><br> Magistrate Judge David L. Horan |
| INFOSYS LIMITED, <br><br> *Counterclaim Plaintiff*, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> *Counterclaim Defendants*. | |

**INFOSYS LIMITED'S BRIEF IN OPPOSITION TO
COGNIZANT TECHNOLOGY SOLUTIONS AND
COGNIZANT TRIZETTO SOFTWARE GROUP, INC.'S
<u>MOTION FOR EXPEDITED BREIFING AND CONSIDERATION</u>**

Defendant/Counter-Claimant Infosys Limited ("Infosys") files this Brief in Opposition to Counter-Claim Defendant Cognizant Technology Solutions Corp. and Plaintiff/Counter-Claim Defendant Cognizant TriZetto Software Group, Inc.'s (collectively, "Cognizant") Motion for Expedited Briefing and Consideration Regarding its Motion for Stay of Discovery Related to Infosys's Antitrust Counterclaims, Doc. 146, (the "Motion to Expedite"). In support hereof, Infosys respectfully shows as follows:

## PRELIMINARY STATEMENT

The parties have been taking antitrust discovery since January 21, 2025. Now—*nearly nine months later*—Cognizant asks the Court to hurry to stop that discovery on an expedited timeline. But Cognizant has not complained about antitrust until now. Cognizant could have asked the Court to stay antitrust discovery pending consideration of its first motion to dismiss. It did not. Instead, Cognizant chose to participate in antitrust discovery for months. Although Cognizant boasts that its anticipated response to Infosys's forthcoming Amended Counterclaims will warrant a discovery stay, that is premature because Infosys has not filed its Amended Counterclaims, and Cognizant has not filed a motion to dismiss yet. Thus, there is no basis to find that Cognizant's anticipated response will merit the serious consideration that warrants a stay pending discovery. That is especially true given the substantial overlap in discovery between Cognizant's trade secret claims (which it does not seek to stay) and Infosys's antitrust counterclaims. And finally, it is not fair to force Infosys to quickly respond to a motion to stay when there are no exigent circumstances justifying expedited briefing and Cognizant has had at least a week to prepare its motion to stay.

Simply put, there is no reason for the Court and Infosys to rush to analyze a motion to stay that is not even ripe simply because Cognizant does not want to participate in antitrust discovery anymore. Accordingly, the Court should deny the Motion to Expedite and permit Infosys to respond to the Motion to Stay on the normal briefing schedule permitted by this Court's local rules.

## LEGAL STANDARD

Expedited review of a motion is appropriate upon a showing of "good cause." *See* FED. R. CIV. P. 16(b)(4); *see, e.g.*, *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 534 (5th Cir. 2024) ("The district court found good cause to expedite the briefing schedule."); *Esquivel v. BP Co. N. Am., Inc.*, No. CIV.A. B-10-227, 2010 WL 4255911, at *2 (S.D. Tex. Oct. 14, 2010) (expediting briefing schedule "[b]ased on a good cause finding"). Courts have found no good cause to grant expedited relief where a party was not diligent in pursuing relief, *see Amazon.com Services LLC v. Nat'l Labor Relations Bd.*, 151 F.4th 221, 227 (5th Cir. 2025), and where any potential need for expedited relief was caused by the movant, *Talon Transaction Techs., Inc. v. Stoneeagle Services, Inc.*, No. 3:13-CV-902-P, 2014 WL 6819846, at *2 (N.D. Tex. Dec. 4, 2014).

## ARGUMENT

There is no good cause, emergency, or other reason that justifies an expedited briefing schedule and expedited review of the Motion to Stay, Doc. 143. Antitrust discovery has been open for more than nine months. Despite filing its first motion to dismiss, Doc. 77, on March 7, 2025, Cognizant did not seek a stay of discovery at any point before October 17, 2025. Consequently, the parties actively took antitrust discovery

for months before the Court determined that Infosys must allege additional facts concerning the relevant markets.[1] Setting aside the Motion to Stay's lack of merit—which Infosys will fully brief in its forthcoming opposition to the Motion to Stay— Cognizant's own conduct belies any claim of urgency or harm. The expense and burden of antitrust discovery were the same when Infosys filed its Counterclaim in January as today. Cognizant did not complain then. And Cognizant is only complaining now because it is currently scheduled to produce information relevant to Infosys's antitrust claims in a few weeks. But the costs that Cognizant seeks to avoid have already been incurred and only resulted because Cognizant chose to not pursue a motion to stay earlier.

What is more, Cognizant's Motion to Stay is procedurally defective because it is premature and unsupported. Cognizant's Motion to Expedite (and its Motion to Stay) is premature because Infosys has not yet filed its Amended Counterclaim, and Cognizant has not yet responded to any Amended Counterclaim. The Court identified two defects in Infosys's Original Counterclaim: (i) Infosys did not provide sufficient allegations concerning substitute products and in-house software, Doc. 141 at 5; and (ii) Infosys did not provide enough allegations concerning the boundaries concerning the IT services market, *id.* at 6. Infosys is preparing an Amended Counterclaim that addresses these issues. But it is entirely premature to stay discovery by assuming that a potential motion

---

[1] Infosys can—and will—allege those additional facts. The Court granted Infosys until November 6, 2025 to do so. Doc. 141. Infosys had offered to discuss a limited stay of antitrust discovery during the interim period between dismissal and refiling of the antitrust counterclaims to address the formality that there are no live antitrust claims at this point in time. Cognizant refused and instead demanded a stay of discovery through the resolution of its yet-to-be filed motion to dismiss the Amended Counterclaims.

3

to dismiss (that Cognizant has not yet filed[2]) to an Amended Counterclaim that Cognizant has not yet seen will warrant such serious consideration that discovery should be stayed.[3] Cognizant's mere speculation about what Infosys's Amended Counterclaim might stay highlights the premature nature of its Motion to Stay and the lack of need to decide its premature motion on an expedited basis. Even more, the partial discovery stay Cognizant seeks on expedited basis is particularly inefficient given the substantial overlap between its trade secret claims and the antitrust discovery it now seeks to avoid.

Cognizant's Motion to Expedite is unsupported because Cognizant failed to cite evidence substantiating its concerns of unnecessary costs in the absence of an expedited briefing schedule. Instead, Cognizant relies on document productions by Infosys (over the course of the *entire* case, not just antitrust discovery) to justify its claim of burden absent an expedited schedule. Doc. 148 at Appx. 4. But Cognizant only seeks to stay antitrust discovery and the discovery substantially overlaps with its trade secret claims that it does not seek to stay. Therefore, at an absolute minimum, the parties will still incur most of the discovery costs on Cognizant's affirmative claims and Infosys's defenses. Indeed, the trade secret discovery that Cognizant would have the parties continue to pursue is also expensive. Cognizant does not put forth any evidence of the costs solely related to its antitrust discovery burden. *See id.* Although antitrust discovery can be

---

[2]    In fact, for all the record shows, Cognizant might elect to answer the Amended Counterclaim and not move to dismiss—it is simply too soon to tell.
[3]    Indeed, in *Primesource*, the Court did not decide to stay discovery until it had an opportunity to review the motion to dismiss. *Primesource Bldg. Products, Inc. v. Lee Group Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020).

expensive, Cognizant wholly failed to articulate the antitrust discovery burden it will incur absent an expedited briefing schedule.

Additionally, expedited briefing will prejudice Infosys. Cognizant first raised its putative Motion to Stay on October 10, 2025. Ex. A-1 at Appx.5. Despite the purported urgency, Cognizant took a whole week to prepare and file its Motion to Stay on October 17, 2025. Doc. 146. Yet Cognizant's proposed schedule would give Infosys only three business days to respond to the Motion to Stay. It is inequitable to force Infosys to rush to respond to a motion and brief in just three business days where Cognizant took at least a week to prepare its filings—particularly where there is no actual emergency.

Moreover, Infosys already attempted to work with Cognizant to quell its deadline concerns. Cognizant's claimed concern is that the November 12, 2025 substantial completion deadline and the March 11, 2026 discovery cutoff are approaching.[4] But Infosys already offered a solution to that issue. Infosys offered a different, but still tightened briefing schedule solely as a compromise to avoid burdening the Court with this issue. Ex. 142 at Appx.5. Infosys also agreed to toll the substantial completion deadline pending that briefing. *Id.*

Finally, this case is not like those Cognizant cites. None of the cases involved a situation where a party voluntarily participated in discovery and then decided to seek a

---

[4] As Infosys will more fully articulate in its opposition to the Motion to Stay, these discovery deadlines support denying the Motion to Stay. Stated briefly, if a stay were granted and dismissal were ultimately denied, the parties would need to pick antitrust discovery back up in the middle of deposition and expert discovery of the rest of the case. That would force the parties into a needless rush to complete discovery by the March 11, 2026 deadline (Doc. 132) and would result in many significant inefficiencies, including deposing many party and non-party witnesses twice.

5

stay on the eve of their production deadline. For instance, the *Conner* case was considered "time sensitive" because it concerned government action that purportedly infringed on constitutional and privacy rights. *Conner v. Biden*, No. 6:21-CV-074-H, 2021 WL 6773174, at *1 (N.D. Tex. Dec. 28, 2021). And *Burwell* was a preliminary injunction case. *Home Health Care Plus, Inc. v. Burwell*, 85 F. Supp. 3d 866, 867 (N.D. Tex. 2014). The *Tajonera* Court initially denied expedited consideration of a motion to stay civil proceedings pending multiple parallel criminal cases. *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. CV 13-0366, 2015 WL 13227930 (E.D. La. Dec. 4, 2015). When the movant asked the court for reconsideration, the Court found there was no reason to reconsider but, noting its discretion and without analysis, set an expedited return date for the motion before denying it. *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. CV 13-0366, Doc. 772 at 2-3 (E.D. La. Dec. 4, 2015). Far from being "time-sensitive," Cognizant's Motion to Stay is not even ripe because Infosys has not filed its Amended Counterclaim and Cognizant has not filed a response to that pleading. And Cognizant's own behavior shows this is not an urgent matter because Cognizant voluntarily participated in antitrust discovery for nine months, while its prior motion to dismiss remained pending. Thus, the Motion to Expedite presents no good cause or emergency to deviate from the Court's normal briefing schedule.

## CONCLUSION

For the foregoing reasons, the Court should deny expedited briefing and consideration on Cognizant's Motion to Stay.

|  |  |
|---|---|
| Dated: October 20, 2025 | Respectfully submitted,<br><br>By: /s/ Christopher J. Schwegmann<br>Christopher J. Schwegmann<br>Texas Bar No. 24051315<br>Joshua D. Lang<br>Texas Bar No. 24109450<br>**LYNN PINKER HURST & SCHWEGMANN, LLP**<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br>Tel: (214) 981-3835<br>cschwegmann@lynnllp.com<br>jlang@lynnllp.com<br><br>Brent Caslin (*pro hac vice*)<br>Nick Saros (*pro hac vice*)<br>Kelly M. Morrison (*pro hac vice*)<br>**JENNER & BLOCK LLP**<br>515 S. Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Tel.: (213) 239-5100<br>Bcaslin@jenner.com<br>Nsaros@jenner.com<br>Kmorrison@jenner.com<br><br>Shoba Pillay (*pro hac vice*)<br>Laura E. Pelanek (*pro hac vice*)<br>**JENNER & BLOCK LLP**<br>353 N. Clark Street<br>Chicago, IL 60654<br>Tel.: (312) 222-9350<br>Spillay@jenner.com<br>Lpelanek@jenner.com |

7

Douglas E. Litvack (*pro hac vice*)
Jariel A. Rendell (*pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
Dlitvack@jenner.com
Jrendell@jenner.com

*Attorneys for Defendant and
Counterclaim Plaintiff Infosys Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing document on October 20, 2025, via the Court's CM/ECF system.

*/s/ Joshua D. Lang*
Joshua D. Lang

8