**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-02158-X <br><br> The Honorable Brantley Starr <br><br> Magistrate Judge David L. Horan |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**INFOSYS LIMITED'S OPPOSITION TO COGNIZANT TRIZETTO SOFTWARE
GROUP, INC.'S MOTION TO SEAL PORTIONS OF JOINT REPORT AND APPENDIX**

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................... 1

LEGAL STANDARD ............................................................................................................... 2

COGNIZANT HAS NOT MET ITS BURDEN TO SEAL THE EXHIBITS............................. 4

I.    Exhibits A18 and A19 Cannot Be Sealed Because Infosys Collected Them from a
      Public Website........................................................................................................... 4

II.   Cognizant Has Not Satisfied its Burden to Seal Exhibits A21, A25, or B2...................... 6

III.  Cognizant Has Not Satisfied its Burden to Seal Exhibit A12.......................................... 9

IV.   Cognizant Has Not Satisfied its Burden to Seal Exhibit A7 in its Entirety..................... 10

CONCLUSION ....................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blue Yonder Grp., Inc. v. Kinaxis Inc.*,
No. 20-3636, 2024 WL 4796229 (N.D. Tex. May 30, 2024)........................................*passim*

*BlueLinx Corp. v. Edwards*,
No. 23-2503, 2024 WL 3174379 (N.D. Tex. June 24, 2024)................................................. 6

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*,
920 F.3d 209 (5th Cir. 2019)....................................................................................... 11

*Frank Surveying Co., Inc. v. Manhard Consulting, Ltd.*,
No. 22-2837, 2024 WL 3015535 (N.D. Tex. June 14, 2024)............................................. 6, 7

*Fromhold v. Insight Global, LLC*,
No. 23-48, 2023 WL 3681700 (N.D. Tex. Mar. 7, 2023)...................................................... 3

*I F G Port Holdings L.L.C. v. Lake Charles Harbor & Terminal Dist.*,
82 F.4th 402 (5th Cir. 2023).................................................................................... 3, 5, 9

*Jostens Inc. v. Haarsma*,
No. 22-796, 2023 WL 6277357 (N.D. Tex. Sept. 26, 2023)................................................. 3

*June Med. Servs., L.L.C. v. Phillips*,
22 F.4th 512 (5th Cir. 2022)......................................................................................*passim*

*Massimo Motor Sports, LLC v. Shandong Odes Industry Co., Ltd.*,
No. 21-2180, 2023 WL 11867018 (N.D. Tex. Oct. 5, 2023)............................................... 3

*In re Oh*,
No. 23-56, 2023 WL 7004962 (N.D. Tex. Oct. 24, 2023).................................................. 2

*Philips N. Am. LLC v. Image Tech. Consulting, LLC*,
No. 22-147, 2025 WL 775820 (N.D. Tex. Mar. 11, 2025) ..................................... 3, 6, 9, 10

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20 (1984).................................................................................................. 4, 5

*Sec. & Exch. Comm'n v. Barton*,
No. 22-2118, 2024 WL 4713880 (N.D. Tex. Nov. 6, 2024) .............................................. 10

*StoneEagle Servs., Inc. v. Valentine*,
No. 12-1687, 2013 WL 9554563 (N.D. Tex. June 5, 2013)................................................. 8

*Trans Tool, LLC v. All State Gear Inc.*,
   No. 19-1304, 2022 WL 608945 (W.D. Tex. Mar. 1, 2022)........................................ 2, 7, 11

*U.S. v. Health Mgmt. Sys., Inc.*,
   No. 19-920, 2023 WL 8656019 (N.D. Tex. Dec. 13, 2023)................................................. 10

*Zebra Techs. Corp. v. Onasset Intelligence, Inc.*,
   No. 21-55, 2025 WL 1870820 (N.D. Tex. July 7, 2025)...................................................... 3

**INTRODUCTION**

This case involves information about two decades-old software programs that has been passed around the healthcare payor and IT services industries unprotected for years and, as a result, is widely known and publicly available. After Cognizant bought TriZetto (and with it two entrenched software products, QNXT and Facets), Cognizant began claiming information broadly shared with customers and IT service providers for decades was suddenly secret as part of an effort to undermine competition to service its products and make it harder to create competing software products. It now goes overboard, claiming everything about its products is secret, even when that information is ordinary, was actually developed by other companies, was purchased by others years ago through training programs, has been presented publicly at conferences, or has been widely available on the Internet.

Cognizant's sealing motion is an outgrowth of its larger strategy to transform widely known information into supposed trade secrets, exemplified by its request to seal two documents from 2014 that Infosys found on a publicly available website through a simple Google search. While that is the most extreme example, Cognizant's other sealing requests fare no better. It should not be permitted to shield information from the public (which forms the basis of a contested motion) with blanket assertions that generic-appearing documents allegedly "misappropriate" or "refer to" supposed trade secrets. Allowing Cognizant to withhold the documents wholesale from the public docket is inconsistent with both the letter and spirit of the law, which requires a "line-by-line" analysis supported by concrete evidence of "weighty and specific" countervailing interests necessitating information to be hidden from public view. Cognizant's motion satisfies none of these requirements.

**LEGAL STANDARD**

Because "[t]he public has an interest in transparent court proceedings," courts in the Fifth Circuit "heavily disfavor sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). To determine whether a party requesting sealing satisfies its "burden to overcome the strong presumption favoring public access," *Trans Tool, LLC v. All State Gear Inc.*, No. 19-1304, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022), "the court must undertake a 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *June Med. Servs.*, 22 F.4th at 521 (citations omitted). A court may "deny the public access to documents only for weighty and specific reasons after [this] 'line-by-line' review." *Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 20-3636, 2024 WL 4796229, at *1 (N.D. Tex. May 30, 2024).

Contrary to Cognizant's contentions, these principles apply to documents filed as part of a discovery motion, such as the Exhibits at issue here. *See June Med. Servs.*, 22 F.4th at 516-517, 521 (vacating orders sealing documents filed with motions to quash subpoenas and explaining a "far more arduous" standard applies to sealing orders than the "good cause" standard for discovery protective orders). Specifically, "[d]ocuments filed with motions asking for relief from the Court are judicial records and subject to the more stringent standard – not the 'good cause' standard for protective orders that apply to documents that are produced in discovery but that have not been filed on the Court's docket." *In re Oh*, No. 23-56, 2023 WL 7004962, at *4 (N.D. Tex. Oct. 24, 2023) (Horan, M.J.). This is true even for motions "that relate[] only to discovery production." *Id.* at *3-4 (rejecting argument that "only 'good cause' is required" to seal documents filed with a discovery motion); *Blue Yonder*, 2024 WL 4796229, at *1 (unsealing documents submitted with motion to compel and explaining that once materials are filed with the court, "good cause to deny

access is not enough"); *Zebra Techs. Corp. v. Onasset Intelligence, Inc.*, No. 21-55, 2025 WL 1870820, at *1 (N.D. Tex. July 7, 2025) (same); *Jostens Inc. v. Haarsma*, No. 22-796, 2023 WL 6277357, at *1 (N.D. Tex. Sept. 26, 2023) (Starr, J.) (applying "heightened sealing standard" to interrogatory responses and other documents filed with motion to compel rather than good cause standard for discovery protective orders).

A Court evaluating a sealing request "is not free to override the public's interest in reviewing its records based on bare possibilities or assertions." *Blue Yonder*, 2024 WL 4796229, at *2. Rather, sealing requires "a concrete evidentiary basis for finding" that private interests outweigh the public's right of access. *Id.*; *see I F G Port Holdings L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411-12 (5th Cir. 2023) (conclusory and unsubstantiated assertions in declaration "do not amount to '*compelling* countervailing interests' sufficient to warrant nondisclosure of presumptively public judicial records") (citation omitted). For example, it is not enough to state that a document contains trade secrets; a party seeking to shield filed documents from public access must submit evidence and explanation as to *how* and *why* the information it seeks to seal meets the "multi-factor test" for trade secret protection. *Fromhold v. Insight Global, LLC*, No. 23-48, 2023 WL 3681700, at *2 (N.D. Tex. Mar. 7, 2023) (Starr, J.) (distinguishing *Chavez v. Standard Ins. Co.*, No. 18-2013, 2020 WL 6382611, at *1 (N.D. Tex. Oct. 30, 2020)); *Massimo Motor Sports, LLC v. Shandong Odes Industry Co., Ltd.*, No. 21-2180, 2023 WL 11867018, at *2 (N.D. Tex. Oct. 5, 2023) (Starr, J.). Likewise, "it is the Court's duty to scrutinize whether information alleged to be commercially sensitive in fact poses 'a specific threat of competitive harm' to justify sealing.'" *Philips N. Am. LLC v. Image Tech. Consulting, LLC*, No. 22-147, 2025 WL 775820, at *4 (N.D. Tex. Mar. 11, 2025) (citation omitted).

<u>COGNIZANT HAS NOT MET ITS BURDEN TO SEAL THE EXHIBITS</u>

I.    **Exhibits A18 and A19 Cannot Be Sealed Because Infosys Collected Them from a Public Website.**

"Publicly available information cannot be sealed" because it "*already* belong[s] to the people." *June Med. Servs.*, 22 F.4th at 520. Moreover, even if a protective order governs certain "information obtained through use of the discovery process," it cannot prevent a litigant from "disseminat[ing] the identical information covered by the protective order as long as the information is gained through means independent of the court's processes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).[1] These principles apply squarely here.

Infosys's counsel found the documents submitted as Exhibits A18 and A19—presentations from a 2014 healthcare conference—through a public Google search this year and downloaded them from a public website. Pelanek Decl. ¶¶ 2-3, 5.[2] Cognizant concedes ███████████ ████████████████████████ (Mot. at 10), and one of the documents (Exhibit A18) was first captured by the Wayback Machine at https://slideplayer.com/slide/10337969 on December 11, 2017, suggesting it was publicly available at that webpage for at least seven years. Pelanek Decl. ¶ 7 & Ex. 2. After Infosys disclosed the documents and their publicly-available locations to Cognizant in discovery, the documents were removed from those webpages. *Id.* ¶¶ 2-6 & Ex. 1.

---

[1] The Protective Order entered in this case explicitly "does not apply to[] information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential." ECF No. 63-1 § B.2; ECF No. 65 (entering the [Proposed] Protective Order).

[2] The Exhibits were pulled from https://slideplayer.com/slide/10337969 (A18) and https://slideplayer.com/slide/10372170 (A19), but are no longer available at those links. Pelanek Decl. ¶¶ 2-6.

Cognizant's declarant, █████████, claims "███████████████████

█████████████████████████████████" ECF No. 142 ("███ Decl.") ¶ 5. That

assertion is called into question by Infosys's disclosure of the webpages in multiple documents

served in this case and the documents' subsequent removal from those websites. *See* Pelanek Decl.

¶¶ 4-6 & Ex. 1. It is also irrelevant. Regardless of Cognizant's knowledge that the information was

publicly available, the fact that Infosys collected the documents from public webpages prevents

them from being sealed. The information in Exhibits A18 and A19 was "freely available to the

interested and the merely curious" for *years* through public webpages easily located by Infosys.

*Blue Yonder*, 2024 WL 4796229, at *2. Hiding them from public view on the Court's docket is

wholly inconsistent with Fifth Circuit law and the principles behind it. *Id.*; *June Med. Servs.*, 22

F.4th at 520 ("How perverse it would be to say that what was once public must become private—

simply because it was placed in the courts that belong to the public."). Nor can Cognizant invoke

the Protective Order governing discovery exchanged in this case or purported ████████

██████████ ███[3] to limit Infosys's use or dissemination of information it obtained

through public Google searches. *See Seattle Times*, 467 U.S. at 34; ECF No. 63-1 § B.2.

Finally, even if Cognizant could somehow put these publicly-available horses back in the

confidential-information barn, it would not meet its burden for sealing. Among other things, Mr.

███'s conclusory assertions that ██████████████████████████

████████████████████████████████████████

---

[3] Cognizant claims ████████████████████████████████

████████████████████████ but fails to cite or submit

a single agreement. *See* Mot. at 10; ███ Decl. ¶ 5. Thus, even if third party obligations were

relevant (which they are not), Cognizant's unsupported assertion is not entitled to credence. *See,*

*e.g.*, *I F G Port Holdings*, 82 F.4th at 411-12 (disregarding conclusory assertions in CEO's

affidavit).

███████████" (████ Decl. ¶ 6) falls far short of the "concrete evidentiary basis" for "a specific threat of competitive harm" that is required to justify sealing. *Blue Yonder*, 2024 WL 4796229, at *2; *Philips*, 2025 WL 775820, at *4. Cognizant's speculation rings especially hollow since the documents *were already* available for years to customers and competitors. The reality is that Cognizant did not care about this information for a very long time, because it did not regard it as actually secret, until it decided to begin driving away competition by demanding NDAAs and absurdly insisting everything related to its two old software programs is a secret.

## II.    Cognizant Has Not Satisfied its Burden to Seal Exhibits A21, A25, or B2.

Exhibits A21, A25, and B2 are Excel spreadsheets, including test cases, that Cognizant asks the Court to seal in their entirety on the ground that they allegedly ███████████

███████████████████████████████████████████████████████████████

███████████. Mot. at 6, 7, 8. Cognizant does not appear to contend the documents at issue actually *comprise or contain* trade secrets (as opposed to merely ████████████). Regardless, an alleged trade secret is not "*per se* subject to sealing." *Frank Surveying Co., Inc. v. Manhard Consulting, Ltd.*, No. 22-2837, 2024 WL 3015535, at *1-2 (N.D. Tex. June 14, 2024) (refusing to seal document based on plaintiff's assertion that "part of this information [in the document] is at issue in this case as a trade secret misappropriated by [the defendant]"). Nor are Cognizant's conclusory assertions sufficient to shield the documents from public view. *See, e.g., BlueLinx Corp. v. Edwards*, No. 23-2503, 2024 WL 3174379, at *14 (N.D. Tex. June 24, 2024) (denying request to seal exhibits based on "conclusory and general" argument that they contained trade secrets). "Indeed, if courts were to seal materials simply based on a party's bald assertion that the materials contained trade secrets, it would create a perverse incentive for all parties to assert that sensitive materials were trade secrets." *Frank Surveying*, 2024 WL 3025535, at *1.

Far from "rely[ing] on a party's say-so" that something is a trade secret, courts evaluating the propriety of sealing must engage in the "'line-by-line balancing" analysis required by the Fifth Circuit. *Id.* at *1-2 (quoting *June Med. Servs.*, 22 F.4th at 521). For example, in *Blue Yonder*, the court unsealed several documents filed with a motion to compel despite the defendant claiming they "contain[ed] substantive trade secret or trade secret-adjacent information" because the court's review indicated the documents "merely name[d] Kinaxis's guides or describe[d] them in generalities," and there was "no evidence suggesting that these seemingly commonplace features of software documentation are trade secret or otherwise commercially sensitive." 2024 WL 4796229, at *3. Cognizant's request for sealing likewise falls short.

Cognizant's request is properly denied at the outset because it failed to conduct the necessary "document-by-document, line-by-line review." *Trans Tool*, 2022 WL 608945, at *6 (holding that, in such circumstances, "it is certainly within a court's discretion to summarily deny a request to seal"). Cognizant's refusal to perform a proper line-by-line assessment is compounded by the fact that it remains entirely "unclear what specific information [Cognizant] is bringing forward as a trade secret in this case." *Frank Surveying*, 2024 WL 3025535, at *2. Indeed, that was the very reason these Exhibits were submitted with Infosys's motion to compel—Cognizant refuses to answer a straightforward interrogatory asking it to identify the alleged trade secrets at issue in this case. *See* ECF No. 139-1 at 14-30. Cognizant claims Exhibits A18, A25, B2 (and other documents produced in discovery) either contain, or refer, or misappropriate trade secrets *but will not say what in the documents is allegedly confidential. Id.* at 26-28. Its disregard of the sealing rules is an extension of Cognizant's strategy to prevent Infosys from understanding the allegations

7

against it and preparing its defense. *See id.*; *StoneEagle Servs., Inc. v. Valentine*, No. 12-1687, 2013 WL 9554563, at *2-3 (N.D. Tex. June 5, 2013) (Horan, M.J.).[4]



The declaration submitted with Cognizant's motion to seal is no help at all. Its ███ ████████ asserts that ████████████████████████████████ ████████████████████████████████████████." ███ Decl. ¶¶ 2, 4. He claims ████████████████████████████████████████ ████." *Id.* But, notably, Mr. ████'s declaration *does not* state that Exhibits A21, A25, or B2 (or any of the other documents Cognizant wants to seal) ████████████████ ████. *See id.* Moreover, Cognizant alleges ████████████████ ████████████████████████████" (Mot. at 7), but that statement is entirely unsupported and nonsensical. The ████ Declaration, cited for support, merely states the "████ ████████████████████████████████████████ ██. *See* ████ Decl. ¶ 4. Furthermore, Cognizant cites to alleged "████████ ████████████████████████ (Mot. at 6), but ████████████ ████████████ and disclose no substance. *See* ECF No. 138-8 at App'x 270-283 (Exhibit B2). Mr. ████ does not declare that ████████████████████. *See generally* ████ Decl. And Cognizant's allegation that Exhibit A25 "████████████ ████" (Mot. at 7) is false because what is included are ████████████ ████████████████. *See* ECF No. 138-7 at App'x 255-56.

Cognizant's vague and unsupported assertions of confidentiality and harm come nowhere close to offering "a concrete evidentiary basis" for a finding that Exhibits A21, A25, or B2 contain

---

[4] Cognizant's concern that ████████████████████████████████ (*see* Mot. at 6) misses the point. If Cognizant identified the alleged trade secrets in those test cases in a line-by-line analysis, that concern is obviated.

trade secret information such that "'*compelling* countervailing interests' . . . warrant nondisclosure of [these] presumptively public judicial records." *Blue Yonder*, 2024 WL 4796229, at *2; *I F G Port Holdings*, 82 F.4th at 411-12.

Finally, even if one or more of these Exhibits contained *some* confidential information, that would not justify sealing them in full. Rather, sealing "must be 'congruent to the need.'" *June Med. Servs.*, 22 F.4th at 521 (citation omitted); *see Philips*, 2025 WL 775820, at *2, 3 ("Allowing [plaintiff] to seal hundreds of pages because a few pages may contain proprietary information is entirely inconsistent with the Fifth Circuit's admonition that courts should be 'ungenerous' when sealing") (citation omitted). Cognizant concedes that at least "███████████████████ ██████████████████████████████████████████████." Mot. at 7. Generic, non-confidential statements in the documents may not be sealed. *See, e.g.*, *Blue Yonder*, 2024 WL 4796229, at *3 (declining to seal portions of documents that "merely name [alleged trade secret guides] or describe them in generalities"). Thus, to the extent the Court is inclined to consider sealing aspects of Exhibits A21, A25, or B2, it should require Cognizant to identify the specific lines it believes should be redacted and "provide justification for *every single* redaction. It may not simply say that the proposed redactions include confidential information, and thus each redaction is warranted." *Philips*, 2025 WL 775820, at *3.[5]

## III.     Cognizant Has Not Satisfied its Burden to Seal Exhibit A12.

Cognizant also asks the Court to seal portions of Exhibit A12, its response to Interrogatory No. 14, which is one of the interrogatories underlying Infosys's pending motion to compel. Cognizant claims its response "██████████████████████████████." Mot. at 8.

---

[5] If all or portions of Exhibits A21, A25, and B2 are unsealed, the corresponding portions of the Joint Report that are currently redacted from public view should be unsealed accordingly. *See* Mot. at 11-12.

That assertion is, once again, a bald claim unsupported by evidence and legal argument. *See supra* p. 3. As explained in support of Infosys's motion to compel, the response to Interrogatory No. 14 in fact largely mirrors the public allegations in Cognizant's Complaint. *See* ECF No. 139-1 at 14-15. Certainly, information already disclosed in a publicly filed pleading cannot now be redacted from the public docket. *Blue Yonder*, 2024 WL 4796229, at *2 (defendant's request to seal information about security practices "comes too late" where information was previously disclosed in publicly filed counterclaims); *Philips*, 2025 WL 775820, at *2 (same, with respect to information disclosed in summary judgment motion). Moreover, even the additional information disclosed in the Interrogatory response provides, at best, a "general overview" of information claimed to be a trade secret and certainly cannot be ███████████████████████

████████████████ " (Mot. at 8-9)—another unsupported and exaggerated allegation. *See Sec. & Exch. Comm'n v. Barton*, No. 22-2118, 2024 WL 4713880, at *1 (N.D. Tex. Nov. 6, 2024) (Starr, J.) (denying request to seal motion for protective order because, even if underlying information at issue may be confidential or trade secret, the "general overview" in the motion was not). The interrogatory response should be unsealed.

## IV.   Cognizant Has Not Satisfied its Burden to Seal Exhibit A7 in its Entirety.

Lastly, Cognizant asks the Court to seal Exhibit A7, an August 12, 2021 email attaching a May 2021 PowerPoint, in its entirety. *See* ECF No. 138-2 at App'x 43-53. The documents also do not meet the "arduous" standard for sealing. However, because only four pages are relevant to Infosys's pending motion to compel, it does not oppose sealing the remainder of the Exhibit. *Cf. U.S. v. Health Mgmt. Sys., Inc.*, No. 19-920, 2023 WL 8656019, at *5-6 (N.D. Tex. Dec. 13, 2023). Infosys accordingly requests that the Court unseal Appendix pages 43-44, 51, and 53. Cognizant's motion offers no basis for sealing these portions of the document.

Cognizant's first argument—that it "designated" the document filed as Exhibit 7 "'Highly Confidential – Attorneys' Eyes Only' pursuant to the protective order in this case" (Mot. at 12)—is a non-starter. Because "'[i]t is the public that has the right of access,' . . . [a]n agreement between the parties regarding sealing does nothing to carry the movant's burden." *Trans Tool*, 2022 WL 608945, at *6 (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019)).

Cognizant's only other argument for sealing Exhibit A7 is its claim that ███████████ ████████████████████████████████," which it argues "████████████ ████████████████████████████████." ████ Decl. ¶ 7; Mot. at 12. As a preliminary matter, information that Cognizant has collected about *Infosys's* product should be public and non-confidential. Regardless, ██████████ is mentioned in Exhibit A7 only once: on page 2 of the PowerPoint deck (App'x 45). It is not discussed on any of the pages Infosys seeks to unseal:

- The first page of the Exhibit (App'x 43) is a cover email with no substantive content.

- The opening and closing pages of the PowerPoint deck (App'x 44 and 53) likewise contain no substantive content.

- Finally, the page of the deck discussing the Business Assurance Store (the focus of Infosys's motion to compel a further response to Interrogatory No. 13), discusses Infosys's testing services—not ██████████████████████. *See* App'x 51.

Accordingly, Cognizant's purported concerns about disclosing ██████████████████ ██████████████ should be addressed by unsealing only these four pages of Exhibit A7.

## CONCLUSION

For the foregoing reasons, Infosys respectfully requests that the Court deny Cognizant's request to seal Exhibits A7, A21, A25, and B2 in their entirety and Exhibits A12, A18, and A19

and the joint report in part. To the extent the Court is inclined to consider redacting certain portions

of these Exhibits, it should first require Cognizant to conduct a proper "line-by-line" analysis with

concrete evidentiary support, as required by Fifth Circuit law.


Dated: October 23, 2025                              Respectfully submitted,

                                                     By: /s/ *Christopher J. Schwegmann*
                                                     Christopher J. Schwegmann (SBN
                                                     24051315)
                                                     Joshua D. Lang (SBN 24109450)
                                                     **LYNN PINKER HURST &**
                                                     **SCHWEGMANN, LLP**
                                                     2100 Ross Avenue, Suite 2700
                                                     Dallas, Texas 75201
                                                     Tel: (214) 981-3835
                                                     cschwegmann@lynnllp.com
                                                     jlang@lynnllp.com

                                                     Brent Caslin (*pro hac vice*)
                                                     Nick Saros (*pro hac vice*)
                                                     Kelly M. Morrison (*pro hac vice*)
                                                     **JENNER & BLOCK LLP**
                                                     515 S. Flower Street, Suite 3300
                                                     Los Angeles, CA 90071
                                                     Tel.: (213) 239-5100
                                                     BCaslin@jenner.com
                                                     NSaros@jenner.com
                                                     KMorrison@jenner.com

                                                     Shoba Pillay (*pro hac vice*)
                                                     Laura E. Pelanek (*pro hac vice*)
                                                     **JENNER & BLOCK LLP**
                                                     353 N. Clark Street
                                                     Chicago, IL 60654
                                                     Tel.: (312) 222-9350
                                                     SPillay@jenner.com
                                                     LPelanek@jenner.com

                                                     Douglas E. Litvack (*pro hac vice*)
                                                     Jariel A. Rendell (*pro hac vice*)
                                                     **JENNER & BLOCK LLP**
                                                     1099 New York Avenue, NW Suite 900
                                                     Washington, DC 20001

Tel: (202) 639-6000
DLitvack@jenner.com
JRendell@jenner.com

*Attorneys for Defendant and Counterclaim
Plaintiff Infosys Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2025, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

/s/ *Brent Caslin*
Brent Caslin (*pro hac vice*)