IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS**

Counterclaim-Defendants Cognizant TriZetto Software Group, Inc. and Cognizant Technology Solutions Corp. (collectively "Cognizant") hereby provide notice of a recent published decision from the Ninth Circuit Court of Appeals in *AliveCor, Inc. v. Apple Inc.*, --- F.4th ---, No. 4:21-cv-03958 (9th Cir. Jan. 8, 2026). *See* Ex. 1. The opinion supports arguments in Cognizant's motion to dismiss regarding the application of the refusal to deal doctrine and the necessity to analyze conduct individually rather than as "monopoly broth." *See* Dkt. No. 171 at 8–12; Dkt. No. 188 at 3–6, 8.

In *AliveCor*, the plaintiff developed an app for Apple Watch to detect and monitor atrial fibrillation. *See* Ex. 1 at 5–6. The app relied on heartrate data captured by the Apple Watch and provided to developers. *Id*. In 2018, Apple introduced a new heartrate reporting algorithm and thereafter did not allow developers, like AliveCor, to access the data processed through the old algorithm. *Id*. at 8–9.

The Ninth Circuit affirmed summary judgment for Apple, finding that "removing access" to the original algorithmic data "maps perfectly onto the refusal-to-deal doctrine." Ex. 1 at 16, 20. As the court explained, the "data was an input to Workout Mode that Apple shared with third-party developers of heart monitoring apps—in other words, Apple's *competitors*." *Id.* at 20. AliveCor's argument that Apple must continue providing access to the data thus "squarely" implicated "the general rule that there is no duty to deal with competitors." *Id.* at 20–21. Ruling otherwise would create "the same concerns regarding incentives to innovate and judicial competency that the Supreme Court articulated in *Trinko*," including "'lessen[ing] the incentive'" to invest in competing products and "'requir[ing] antitrust courts to act as central planners, . . . a role for which they are ill suited.'" *Id.* at 18 (quoting *Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 407–08 (2004)). The Ninth Circuit further clarified that "'where the alleged conduct

falls within [] well-defined categories,' courts evaluate whether that conduct is anticompetitive using the applicable framework for that category." *Id.* at 17 (quoting *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, 111 F.4th 337, 354 (4th Cir. 2024)). And "[o]ne of the categories of allegedly anticompetitive conduct for which courts have developed specific rules is a refusal to deal with competitors." *Id.*

The Ninth Circuit's reasoning in *AliveCor* firmly supports several of the arguments in Cognizant's motion to dismiss. Infosys alleges that Cognizant does not provide its intellectual property—whether through NDAAs related to Infosys's provision of IT services or through trainings offered *by Cognizant*—on terms that Infosys finds advantageous. *See, e.g.*, First Amended Counterclaim ¶¶ 43, 46–63, 73–77. As in *AliveCor*, these theories "at bottom, seek[] a ruling that [Cognizant is] obligated to provide its . . . data to its competitors"—"squarely a refusal to deal theory." Ex. 1 at 18, 20–21; *see also* Dkt. No. 171 at 8–12.

*AliveCor* similarly forecloses Infosys's "monopoly broth" argument, holding that "courts evaluate" "refusal[s] to deal with competitors" "using the applicable framework for that category." Ex. 1 at 17. *AliveCor* is thus on all fours with the binding precedent in this Circuit, which requires that "[e]ach of [a plaintiff's] theories must be separately analyzed in light of settled principles of antitrust law." *Retract. Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 891 (5th Cir. 2016); *see also* Dkt. No. 188 at 8. Infosys "cannot avoid 'the hard road of [the] refusal to deal doctrine' by attempting to 'recast' [Cognizant's] conduct as something else when the substance of that conduct is a refusal to deal." Ex. 1 at 21 (quoting *Novell, Inc. v. Microsoft Corp.*, 731 F.3d 1064, 1078 (10th Cir. 2013)).

Dated: January 12, 2026        /s/ *John T. Cox III*
                               John T. Cox III
                                 Texas Bar: 24003722
                               Betty Yang

2

    Texas Bar:  24088690
Bradley G. Hubbard
    Texas Bar:  24090174
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel:  214.698.3226
Fax:  214.571.2900
tcox@gibsondunn.com
byang@gibsondunn.com
bhubbard@gibsondunn.com

Rachel S. Brass (*admitted pro hac vice*)
    California Bar:  219301
L. Kieran Kieckhefer (*admitted pro hac vice*)
    California Bar:  251978
Elizabeth McCloskey (*admitted pro hac vice*)
    California Bar:  268184
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel:  415.393.8200
Fax:  415.393.8306
rbrass@gibsondunn.com
kkieckhefer@gibsondunn.com
emccloskey@gibsondunn.com

Samuel G. Liversidge (*admitted pro hac vice*)
    California Bar:  180578
S. Christopher Whittaker (*admitted pro hac vice*)
    California Bar:   283518
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  213.229.7000
Fax:  213.229.7520
sliversidge@gibsondunn.com
cwhittaker@gibsondunn.com

*Attorneys for Counterclaim Defendants
Cognizant TriZetto Software Group, Inc. and
Cognizant Technology Solutions Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

Dated: January 12, 2026

/s/ *John T. Cox III*
John T. Cox III