IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> Defendant. | Case No. 3:24-cv-2158-X <br><br> The Honorable Brantley Starr |
| INFOSYS LIMITED, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> Counterclaim Defendants. | |

**COUNTERCLAIM DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO INFOSYS'S MOTION STRIKE OR, ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY, AND TO STRIKE REPLY APPENDIX**

The Court should deny Infosys's motion for leave to file a sur-reply because (1) Cognizant's reply brief did not raise new arguments but rather properly responded to Infosys's opposition arguments and (2) Cognizant's reply appendix merely submitted to the Court new discovery requests from Infosys served after Cognizant filed its opening brief and which were relevant to Infosys's arguments against a discovery stay.

**No New Argument Was Made In Reply.** As Judge Horan explained when denying Infosys's motion to file a sur-reply in October (Dkt. No. 162), a party seeking to file a sur-reply must show "exception[al] or extraordinary circumstances" that amount to "good cause for the relief requested." *Silo Restaurant Inc. v. Allied Property & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 571 (W.D. Tex. 2019). "Sur[-]replies, and any other filing that serves the purpose or has the effect of a sur[-]reply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Accordingly, the non-movant may file a sur-reply "only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003); *see also Campoamor v. Cengage Learning, Inc.*, 2010 WL 11618843, at *1 (N.D. Tex. June 10, 2010) (denying motion for leave to file sur-reply because the arguments on reply were "raised in [Defendant's] motion and/or were within the scope of the arguments in [Plaintiff's] response"). Similarly and for the same reason, motions to strike arguments in reply briefs are denied where the arguments are "responsive to arguments raised . . . [by non-movants] in [their] response." *Lynch v. Union Pac. R.R. Co.*, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015).

Cognizant's reply responds to Infosys's opposition, and no sur-reply or motion to strike is warranted. In its opening brief, Cognizant argued that Infosys's market definition was internally

inconsistent—it tried to both exclude products that offer less than all of the three core functions health plans need, while at the same time including Infosys's Helix product that offers only two of the three functions. Dkt. No. 171 at 6–7. In response, Infosys adopted the position that its proposed Core Administration Software market included any product that offered any one of the three core functions—something found nowhere in its Complaint. Dkt. No. 177-1 at 4–5. Cognizant's reply pointed out why Infosys's argument is contradicted by other allegations in the counterclaim that exclude benefit administrator software from the market even though it performs at least some of the core functions of health plans, like claims processing. Dkt. No. 188 at 1–2. In sum, Cognizant did not offer a new argument or theory; it just responded to arguments raised by Infosys, and all in support of the argument that Cognizant made in its opening brief: that Infosys's market definition is fatally flawed. As Judge Horan held in rejecting Infosys's last attempt to file a sur-reply, Infosys's belief that Cognizant's reply arguments "misstate the law, the facts, and the record do not amount exceptional or extraordinary circumstances" that justify a sur-reply. Dkt. No. 162.

**Cognizant's Reply Appendix Is Compliant.** Infosys's arguments regarding Cognizant's reply appendix fare no better. Infosys's primary authority—*Dunn v. Southwest Airlines Co.*—holds that "when a *summary-judgment movant* wants to refer to *additional evidence* at the reply stage, 'he must seek leave of court to file a reply appendix.'" 2022 WL 19006363, at *1 (N.D. Tex. Oct. 20, 2022) (emphasis added). But this is not a motion for summary judgment, and Cognizant's reply appendix—submitted in support of its motion to *stay*—contains no "*evidence*" at all; it includes requests for production served by Infosys *after Cognizant filed its opening brief.* See Dkt. No. 189. Cognizant submitted those requests because they were relevant to the parties' arguments regarding the expected costs of further antitrust discovery, and Infosys points to no argument it was denied an opportunity to make.

For the foregoing reasons, the Court should deny Infosys's motion in its entirety.[1]

Dated: January 13, 2026

/s/ *John T. Cox III*
John T. Cox III
  Texas Bar:  24003722
Betty Yang
  Texas Bar:  24088690
Bradley G. Hubbard
  Texas Bar:  24090174
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel:  214.698.3226
Fax:  214.571.2900
tcox@gibsondunn.com
byang@gibsondunn.com
bhubbard@gibsondunn.com

Rachel S. Brass (*admitted pro hac vice*)
  California Bar:  219301
L. Kieran Kieckhefer (*admitted pro hac vice*)
  California Bar:  251978
Elizabeth McCloskey (*admitted pro hac vice*)
  California Bar:  268184
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel:  415.393.8200
Fax:  415.393.8306
rbrass@gibsondunn.com
kkieckhefer@gibsondunn.com
emccloskey@gibsondunn.com

Samuel G. Liversidge (*admitted pro hac vice*)
  California Bar:  180578
S. Christopher Whittaker (*admitted pro hac vice*)
  California Bar:  283518
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071

---

[1] If the Court grants Infosys leave to file its a sur-reply, Cognizant requests the opportunity to respond to the arguments therein—which are not responsive to Cognizant's reply brief.

3

Tel: 213.229.7000
Fax: 213.229.7520
sliversidge@gibsondunn.com
cwhittaker@gibsondunn.com

*Attorneys for Counterclaim Defendants*
*Cognizant TriZetto Software Group, Inc. and*
*Cognizant Technology Solutions Corp.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

Dated:  January 13, 2026                       */s/ John T. Cox III*
                                                                                        John T. Cox III