**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | Case No. 3:24-cv-2158-X |
| *Plaintiff*, | The Honorable Brantley Starr |
| v. | Magistrate Judge David L. Horan |
| INFOSYS LIMITED, | |
| *Defendant*. | |
| INFOSYS LIMITED, | |
| *Counterclaim Plaintiff*, | |
| v. | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | |
| *Counterclaim Defendants*. | |

**INFOSYS'S SUR-REPLY IN FURTHER OPPOSITION TO**
**MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM**

Infosys[1] has adequately pled each of the antitrust claims in its First Amended Counterclaim, Dkt. 165-1, 176 ("FAC"). As explained in Infosys's Opposition, that includes a properly defined Core Administration Software Market, which includes software programs that perform any mix of the three Health Plan core functions. Dkt. 180, 192 at 5 ("Opp."). Cognizant[2] replied with a new argument to the contrary not submitted in its opening brief: that Infosys's market definition is "internally" inconsistent because it includes software programs performing any mix of the three core Health Plan functions but excludes software programs designed for "benefits administrators" such as "third-party administrators," which "Infosys admits . . . perfor[m] the core health plan function of processing claims." Dkt. 188 at 1–2 (emphasis omitted) ("Reply"); *compare* Dkt. 171 at 6–7 ("Mot."). That argument is waived because Cognizant raised it for the first time in reply. *See Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015). And even if this new argument was not waived, the argument fails.

Cognizant's new argument ignores well-pleaded allegations about why benefits administrators' software needs are different from those of Health Plans. As the FAC alleges, the key difference is that Health Plans "bear and manage the risk associated with their members' needs for healthcare services," while "'benefits administrators'—self-funded plans and third-party administrators—[] do not." FAC ¶ 117. "Because self-funded plans and third-party administrators do not sell insurance or manage care, they function differently from Health Plans and have different software needs." *Id.* While "[s]elf-funded plans use third-party administrators to process claims," they do not, as Cognizant insinuates, do so in the same way as Health Plans. *Id.* Indeed, Cognizant blatantly ignores that the FAC specifically identifies a decisive difference between the claims-

---

[1] Defendant-Counterclaim Plaintiff Infosys Limited ("Infosys").
[2] Plaintiff-Counterclaim Defendant Cognizant TriZetto Software Group, Inc. and Counterclaim Defendant Cognizant Technology Solutions Corp. (together, "Cognizant").

processing functions of Health Plans and benefits administrators. "Health Plans must perform and manage [a] major task[] that self-funded plans and third-party administrators do not: . . . underwriting and utilization management (*as part of claims processing*)." FAC ¶ 117 (emphasis added). Thus, the Core Administration Software Market correctly excludes benefits administrator claims-processing software because it does not perform this "major task" that Health Plans require.

Acknowledging this key market differentiator, Cognizant itself categorizes Health Plans and benefits administrators as separate markets with discrete software needs. *Id.* ¶ 118. Indeed, Cognizant developed and sells entirely different software—QicLink—for benefits administrators. *Id.* By Cognizant's own admission, it "developed QicLink specifically for TPAs [third-party administrators] and to address the unique challenges of managing self-funded plans." *Id.* And Cognizant "specifically designed [QicLink] to support third party administration of today's complex self-funded plans." *Id.*

Cognizant's new argument thus distorts the FAC, contrary to the blackletter rule that the FAC "must be 'construed . . . in the light most favorable to [Infosys as the counterclaim] plaintiff.'" *Reyna v. Epiroc Drilling Sols., LLC*, No. 3:23-CV-1005-X, 2023 WL 8285021, at *2 (N.D. Tex. Nov. 30, 2023). The Court should reject Cognizant's artful misreading and manufactured contradictions. Infosys alleges a plausible Core Administration Software Market, free from internal inconsistencies of the kind conjured up in Cognizant's Reply.

For these reasons, in addition to those explained in Infosys's Opposition, the Court should deny Cognizant's Motion to Dismiss the FAC.

Dated:  March 19, 2026

Respectfully submitted,

By: */s/ Douglas E. Litvack*

Christopher J. Schwegmann (SBN 24051315)
Joshua Lang (SBN 24109450)
**LYNN PINKER HURST &
SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel: (214) 981-3835
cschwegmann@lynnllp.com
jlang@lynnllp.com

Brent Caslin (*pro hac vice*)
Nick Saros (*pro hac vice*)
Kelly M. Morrison (*pro hac vice*)
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel.: (213) 239-5100
BCaslin@jenner.com
NSaros@jenner.com
KMorrison@jenner.com

Shoba Pillay (*pro hac vice*)
Laura E. Pelanek (*pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
SPillay@jenner.com
LPelanek@jenner.com

Douglas E. Litvack (*pro hac vice*)
Jariel A. Rendell (*pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
DLitvack@jenner.com
JRendell@jenner.com

*Attorneys for Defendant and Counterclaim
Plaintiff Infosys Limited*

3

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

/s/ *Douglas E. Litvack*
Douglas E. Litvack (*pro hac vice*)