UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| INFOSYS LIMITED, | § § § | |
| *Defendant.* | § § | Case No. 3:24-CV-2158-X |
| INFOSYS LIMITED, | § § § | |
| *Counterclaim Plaintiff,* | § § § | |
| v. | § § | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § § | |
| *Counterclaim Defendants.* | § | |

## ORDER APPOINTING SPECIAL MASTER

The Court notified the parties it intends to name Retired Magistrate Judge Paul Stickney as Special Master. (Doc. 299.) The Court received no objection. Accordingly, the Court hereby appoints **Hon. Paul D. Stickney, Stickney Mediations, PLLC,** Judgestick@gmail.com, as the Special Master in this action. The Clerk of Court is directed to add Retired Judge Stickney to the docket and grant him permission to view sealed filings in this case.

This appointment is made pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the Court. "Beyond the provisions of [Rule 53] for

1

appointing and making references to Masters, a Federal District Court has the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential."[1]  The Court finds that the appointment of a special master is essential to address the currently filed and future discovery motions in this case.[2]

As Rule 53 requires, this Order sets out the duties and terms of the Special Master, the reasons for the appointment, and orders the Special Master to proceed with all reasonable diligence.[3]

No later than **April 21, 2026**, the parties are directed to coordinate and provide to the Special Master courtesy copies of all sealed and public briefing, transcripts, orders, correspondence to the Court, and other materials relating to the currently pending motions.  Future motions will be filed and accessible to the Special Master via the Electronic Case Filing ("ECF") system.

## A. The Master's Duties

Rule 53(b)(2)(A) states that the order appointing a master must outline the Special Master's duties, including any investigation or enforcement duties, and any limits on the Special Master's authority under Rule 53(c).  Consistent with the anticipated needs of the Court, the Court states that the Special Master in these proceedings shall have the authority to review all sealed filings in this case, conduct

---

[1] *Ruiz v. Estelle*, 679 F.2d 1115, 1161 n.240 (5th Cir. 1982), *amended in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982) (cleaned up).

[2] FED. R. CIV. P. 53(a)(1).

[3] *See* FED. R. CIV. P. 53(b)(2).

hearings, and the duty to resolve in writing, all pending and future discovery motions in this case.

This delegated duty includes the resolution of all procedural motions or disputes relating to the Special Master's adjudication of these motions. In fulfilling his duty, the Special Master shall be guided by any prior orders entered by the able Magistrate Judge Horan or the Court concerning discovery in this matter. The Special Master shall have the authority to complete all tasks he deems to be reasonably necessary in his discretion and in furtherance of completing the listed duties. This includes, but is not limited to, the authority outlined by Rule 53(c)(1)(A)–(C) and (c)(2).

### B. Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth the circumstances, if any, in which the Special Master may communicate *ex parte* with the court or a party. In this matter, the Special Master may communicate *ex parte* with the Court, Judge Horan, and Court staff, without providing notice to the parties, regarding any matter, including logistics, the nature of his activities, clarification on the scope of his duties under this Order Appointing Special Master, management of the litigation, and other appropriate procedural matters.

The Special Master may communicate *ex parte* with any party or its attorney, as the Special Master deems appropriate, for purposes of fulfilling the duties listed herein, and ensuring the efficient administration, management, and oversight of this case.

### C. Master's Record and Final Report

Rule 53(b)(2)(c) states that the Court must define the nature of the materials to be preserved and filed as the record of the Special Master's activities.

In this case, the Special Master will manage and consider the discovery motions currently pending before the Court and those that are filed until discovery is complete. The Special Master will submit a report and recommendation for each motion in writing, for electronic filing on the case docket, under seal if appropriate. The Court may later amend the requirements for the Special Master's record if the role of the Special Master changes.

In addition, the Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. The Special Master shall preserve his records relating to his work until relieved of this obligation by the Court. But the Special Master need not preserve for the record any documentations created by the Special Master that are docketed in this or any other Court, nor any documents received by the Special Master from counsel or parties in this case.

### D. Review

Rule 53(b)(2)(D) directs the Court to state the time limits, method of filing the record, other procedures, and standards for reviewing the Master's orders, findings, and recommendations. The Special Master shall either: (1) reduce any formal order, finding, report, or recommendation to writing and file it electronically on the case

docket via ECF; or (2) issue any formal order, finding, report, or recommendation on the record before a court reporter.

Under Rule 53(f)(2), a party may file objections to—or a motion to adopt or modify—the Special Master's order, report, or recommendations no later than 21 days after a copy is served, unless the Court sets a different time.  Rule 53 provides that the Court will decide de novo all objections to findings of fact made or recommended by the Special Master, unless the parties stipulate that: (A) the findings will be reviewed for clear error; or (B) the findings of the Special Master will be final.[4]  The Court will decide de novo all objections to conclusions of law made or recommended by the Special Master.  The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

## E. Compensation

Rule 52(b)(2)(e) states that the Court must define the basis, terms, and procedure for fixing the Master's compensation under Rule 53(g).

The Court has considered the fairness of imposing the costs and expenses of the Special Master on the parties and determines that it is fair and reasonable in light of the burden already shouldered by the Court in addressing this dispute, and to encourage the parties to cooperate and present only meaningful and narrowly tailored disputes for resolution.[5]

---

[4] Fed. R. Civ. P. 53(f)(3).

[5] Fed. R. Civ. P. 53(a)(3).

The Special Master shall take appropriate steps to prevent unreasonable expense or delay.[6]  The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill duties under this Order or other such orders as the Court may issue.  If necessary, and after obtaining Court approval and upon a right of the parties to object and be heard, the Special Master may hire additional professionals to assist in his duties.  Any expenses incurred by these individuals shall be recorded and reported as expenses of the Special Master.  The Special Master shall be compensated at his normal rate of $1150 per hour.  The Court will address the final payment of costs and compensation of the Special Master by separate order.

### F.  Special Master Affidavit

Rule 53(b)(3) notes that the Court may enter an order of appointment only after the Special Master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. Attached to this Order is the affidavit submitted to the Court by the Special Master indicating that there are no grounds for disqualification.

### G.  Cooperation

The Special Master shall have the full cooperation of the parties and their counsel.  Pursuant to Rule 53(c), the Special Master may, if appropriate, "impose upon a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Master shall enjoy the same protections from

---

[6] *Id.*

being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.[7]

The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions and duties under this Order.

* * *

The Court also takes this opportunity to manage the timeline, so as to not prejudice the parties nor the Special Master.

Infosys's Motion for a Protective Order Extending the Deadline to Respond to Cognizant's Requests for Admission (Doc. 293) seeks a protective order from April 16, 2026, to May 11, 2026. The deadline to respond to the 575 requests for admission will expire on Thursday, April 16, 2026. Infosys's submitted a Request for Expedited Ruling Regarding its Motion for a Protective Order Extending the Deadline to Respond to Cognizant's Requests for Admission (Doc. 294) asks for expedited consideration of its Motion for a Protective Order Extending the Deadline. (Doc. 293.)

Cognizant TriZetto Software Group, Inc (Cognizant) has offered a further extension until April 23, 2026. (Doc. 293-1.)

In order to allow the Special Master time to fully consider and decide on the full relief requested in the Motion for a Protective Order Extending the Deadline (Doc. 203), the Court will **GRANT IN PART** the Request for Expedited Ruling Regarding

---

[7] *See, e.g., In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig*., No. 3:11-MD-2244-K, 2012 WL 13027978, at \*5 (N.D. Tex. Jan. 9, 2012) (citing *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454–55 (9th Cir. 1993)).

its Motion for a Protective Order Extending the Deadline to Respond to Cognizant's Requests for Admission (Doc. 294) by extending Infosys's deadline to respond to Cognizant's First Set of Requests for Admission, from April 16, 2026 to April 27, 2026

**IT IS SO ORDERED** this 14th day of April, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

8