IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COGNIZANT TRIZETTO SOFWARE GROUP, INC., | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | |
| INFOSYS LIMITED, | § § | |
| Defendant. | § § | Case No. 3:24-cv-2158-X |
| INFOSYS LIMITED, | § § | |
| Counterclaim Plaintiff, | § § § | |
| v. | § § | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § § | |
| Counterclaim Defendants. | § | |

**SPECIAL MASTER'S FINDINGS AND CONCLUSIONS
ON DOCKET ENTRY NO. 135, JOINT CROSS MOTION**

Comes now, the Special Master, and enters his Findings and Conclusions on Docket No. 135, which is a joint cross motion by the parties. Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. (CTS) seeks an order compelling production of Infosys Limited (Infosys) Chief Executive Officer (CEO) Salil Parekh's as a document custodian of relevant documents responsive to requests for production. Defendant and Counterclaim Plaintiff Infosys seeks an order compelling CTS Chief Financial Officer (CFO) Jatin Dalal's as a document custodian for relevant documents responsive to requests for production. The Special Master concludes that CTS's motion should be and is DENIED and Infosys's motion should be and is DENIED.

**CTS Motion – Salil Parekh**

CTS argues that Infosys CEO Parekh, who previously worked at CTS, had a supervisory role during the development of Infosys's Helix project. CTS further argues that its request for Mr. Parekh's documents is focused on topics for which he would likely have unique information. CTS submits that the same factual predicate previously applied to CTS CEO Ravi Kumar's designation as a custodian of records for CTS exists as to Mr. Parekh because he was directly involved in, and likely has documents relevant to, the allegations in Infosys's counterclaims. Some of the allegations in the counterclaims involve former executives at Infosys who worked on the Helix project and who left to work for CTS. For instance, CTS posits that Mr. Parekh likely has documents related to the former executives' performance and departures, the progress of the work on Helix, and any significant hurdles it faced, which pertain to Infosys' allegations. CTS further argues that Infosys has not denied that Mr. Parekh has responsive documents and has not shown that adding him as a custodian is disproportional or burdensome. (Docket No. 136, pp 10-12).

Infosys counters that CTS's claim regarding Mr. Parekh's status as a document custodian is a game of tit for tat because CTS did not seek documents from Mr. Parekh until after Infosys sought documents from CTS CEO Ravi Kumar and Judge Horan denied the protective order that CTS sought as to Mr. Kumar. Infosys submits that it has produced custodians and non-custodial sources regarding the span of Helix development and departures of executives who left Infosys to work at CTS, including 46 custodians, 20 non-custodial repositories, and 70 million documents. Furthermore, Infosys contends that its internal investigation of appropriate document custodians led it to the conclusion that Mr. Parekh was not one of them. Infosys grounds much of its argument in its designation of other custodians and production of documents from the custodians and from

non-custodial sources. Infosys argues that CTS's requests for Mr. Parekh's documents constitute a fishing expedition. Infosys reiterates its belief that documents sought from Mr. Parekh would be cumulative of documents already produced and that designating Mr. Parekh as a custodian would not be proportional to the needs of the case. (Doc. No. 136, pp 17, 23-26).

In the supplement filed by CTS, it does appear that a huge volume of documents has been produced and a scant 12 of those documents had any semblance of being relevant to Mr. Parekh. The Special Master finds that the designation of Mr. Parekh would be cumulative and burdensome of discovery that has already been submitted through other custodians. Infosys has convinced the Special Master, supported by affidavit evidence, that Mr. Parekh's designation as custodian would likely not produce any documents relevant to these proceedings that have not already been produced, and that it would be unduly burdensome and cumulative to name Mr. Parekh as record custodian. Therefore, the Special Master finds that CTS's motion to compel Mr. Parekh as a custodian of records should be and is DENIED.

**Infosys Motion – Jatin Dalal**

Infosys argues that CTS's CFO Mr. Dalal should be designated as a custodian of records because he onboarded as Chief Financial Officer (CFO) with CTS in December 2023, succeeding the prior CFO (Jan Siegmund) who has already been made a custodian of records for the period prior to December 2023. Infosys argues that it should be able to obtain the same kind of financial information about the valuations of trade secrets going forward from December 2023, when Mr. Dalal joined CTS, since those documents have been produced through Mr. Siegmund for the period prior to his departure. Infosys points to Mr. Dalal's public statements which, according to Infosys, show that he has detailed knowledge and involvement in CTS's financial matters central to the

3

litigation. Infosys also notes that Mr. Dalal joined CTS around the time that CTS discovered the purported misappropriation. (Docket No. 136, pp. 31-33).

CTS argues that it would be burdensome to provide Mr. Dalal as the custodian, however, CTS has not produced any affidavits to support this position. CTS also claims that Mr. Dalal's documents would be cumulative to the currently designated custodians of record and not relevant. CTS points to the hundreds of thousands of documents it has produced thus far and relies on this quantification of production, as well as its arguments in support of the cumulative nature of the production it has already made. CTS notes that Infosys has not identified any specific involvement by Mr. Dalal in the events giving rise to the case and asserts that CTS has produced specific financial data and Board-level documents in response to financial topics about which Infosys seeks information. Finally, CTS argues that the demand to add Mr. Dalal is disproportionate to the needs of the case and his designation is not likely to provide much, if any, unique information that has not already been provided through other document custodians. (Docket No. 136, pp. 40-41).

The Special Master reviewed the motions, briefs, appendices, and supplements, as well as the arguments made by the parties in the hearing on April 29, 2026. Pursuant to the Court's Order of April 14, 2026 (Docket No. 312), the Special Master has the authority to control the discovery process in this matter.[1]  The Special Master finds that Mr. Dalal should not be designated as custodian of records because he does not have unique information that would be in addition to the information already provided through other record custodians. While the Special Master recognizes his ruling in *Latham v. Polaris Indus., Inc.*, 3:15-CV-1209-B, 2016.  7395346, at *4

---

[1] The trial court's discretion to control the course of litigation is wide, and it includes the "authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted).

(N.D. Tex. May 16, 2016)[2], the instant case is differentiated due to the discovery that has already been provided, and the fact the Special Master agrees with CTS's position that this designation would be disproportionate to the needs of the case.   The Special Master further finds that if there is in fact information that is relevant, this information can be obtained from other sources, including CTS's prior CFO Mr. Siegmund and the numerous other designated custodians. The Special Master is not persuaded that the request to designate Mr. Dalal as custodian of records is necessary and is not disproportionate to the needs of this case. Therefore, Infosys's motion should be and is DENIED.

Finally, the Special Master determines that under Federal Rule of Civil Procedure 37(a)(5) and 26(c)(3) and the particular circumstances here, the parties will bear their own costs, expenses, and attorney fees in connection with this joint cross motion.

SO ORDERED this 4th day of May, 2026.

/s/ *Paul D. Stickney*
Paul D. Stickney
Appointed Special Master
Texas Bar No. 00789924
STICKNEY MEDIATIONS, PLLC
10270 Hillcrest Rd., Suite 1042
Dallas, Texas 75230
682-313-9656
judgestick@gmail.com

---

[2] "A party resisting discovery must show specifically how each ... request is overly broad, unduly burdensome, or oppressive. This requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." (citations omitted).