IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COGNIZANT TRIZETTO SOFWARE GROUP, INC., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| INFOSYS LIMITED, | § § | |
| Defendant. | § § | Case No. 3:24-cv-2158-X |
| INFOSYS LIMITED, | § § | |
| Counterclaim Plaintiff, | § § | |
| v. | § § | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § § | |
| Counterclaim Defendants. | § | |

**SPECIAL MASTER'S FINDINGS AND CONCLUSIONS
ON DOCKET ENTRY NOS. 139 and 315**

Comes now, the Special Master, and enters his  Findings and Conclusions on Infosys Limited's [Doc. 139] Motion to Compel Cognizant TriZetto Software Group to Fully Answer Interrogatory Nos. 13 and 14, and Infosys Limited's [Doc. 315] Motion for Protective Order Limiting Number and Scope of Rule 30(b)(6) Deposition Topics.  The Special Master concludes that the motions should be and are DENIED.

**Infosys' Motion to Compel (Doc. No. 139)**

Because the parties argued Doc. No. 139 in two parts, the Special Master will address them in turn.

1

**Interrogatory No. 13:**

Infosys contends that based on its responses to Interrogatory 13, Cognizant has not reviewed all sources of responsive information.[1]  The interrogatory seeks details about Cognizant's "knowledge of the Business Assurance Store prior to January 2024," including "when each Cognizant employee first learned of the Business Assurance Store and how they discovered the Business Assurance Store."  Cognizant has responded that it first leaned of "advertising test cases for Facets®," in December 2023, and that it responded to the interrogatory regarding both its "general knowledge of the Business Assurance Store" and "[w]hen TriZetto first discovered the Facets® test cases advertisement" cited in its Complaint.

At the hearing, Infosys reiterated its doubts that Cognizant had performed a reasonable investigation to properly respond to the interrogatory.  Cognizant responded that it interviewed 48 people who were recipients of PowerPoints and Google Alerts, searched and produced documents from mailboxes of approximately 65 custodians, and searched a repository of documents from the Global Sales Intelligence Cell.

After reviewing the pleadings, briefing, and materials submitted by the parties and considering arguments at the hearing, the Special Master finds that Cognizant has done a reasonable investigation to respond to Interrogatory No. 13; Cognizant remains bound by the requirement to supplement the response as necessary.  Infosys' Motion to Compel as to Interrogatory No. 13 should be and is DENIED.

**Interrogatory No. 14:**

Infosys contends that it drafted Interrogatory No. 14 to include language from *StoneEagle Servs., Inc. v. Valentine*, No. 12-1687, 2013 WL 9554563 (N.D. Tex. June 5, 2013).  It argues that

---

[1] The responses were initially submitted some months ago; during the hearing, it was clear that Cognizant supplemented its responses since the filing of the Motion to Compel.

2

Cognizant's response to the interrogatory fails to include the specificity required by the *StoneEagle* language, and that Cognizant has failed to explain how its alleged trade secrets differ from information in the public domain.

Infosys points to a recent Fifth Circuit opinion, *Trinseo Europe GmbH. v. Kellogg Brown & Root, L.L.C.,* 165 F.4th 399 (5th Cir. 2026), which addressed apportionment of damages for misappropriation of several trade secrets, and *Computer Sciences Corporation v. Tata Consultancy Services,* 159 F.4th 429 (5th Cir. 2025), which Infosys contends supports the argument that the standard set forth in *GlobeRanger Corp. v. Software AG United States of America, Inc.*, 836 F.3d 477 (5th Cir. 2016) no longer controls. Cognizant responds that *GlobeRanger* remains instructive about the requisite specificity and contends it has described the alleged trade secrets with as much detail as practicable. Further, Cognizant contends that none of the trade secret software is publicly available; viewers are allowed to view the GUI only under a confidentiality agreement and the presentation layer of the software is not public.

The Special Master agrees with Cognizant's view of the current case law. *Trinseo Europe*, 165 F.4th at 410-412, speaks to apportionment of damages but does not speak to the level of specificity required to describe trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836. And in *CSC v. Tata,* the Fifth Circuit, while noting that the requisite level of specificity under the Defend Trade Secrets Act was an issue of first impression, declined to consider the issue because it was not properly before the court. *CSC v. Tata*, 159 F.4th at 446.

After reviewing the pleadings, briefing, and materials submitted by the parties and considering arguments at the hearing, the Special Master finds that Cognizant has reasonably responded to Interrogatory No. 14. Infosys' Motion to Compel as to Interrogatory No. 14 should be and is DENIED.

**Infosys Motion for Protective Order (Doc. No. 315)**

Infosys seeks a protective order limiting the scope and number of topics contained in Cognizant's Rule 30(b)(6) deposition notice, arguing that the topics are overbroad, unspecific, and too numerous.  Cognizant argues that the topics are appropriate given the numerous and complex issues in the case and details the parties' meet and confer efforts over the last several weeks, noting that it agreed to limit the scope of many of the topics.  (*See* Joint Report, Doc. No. 315-1, p. 17) (listing topic numbers 2-4, 8-13, 15-17, 19-26, 28-32, 34, 35, 40, 42, 45, 47, 48, 53, 56, 58, 60, 62, 66, 67, 69, 72-75, 77, 79, 83-85, and 87).

Rule 26(b)(1) governs the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Rule 30(b)(6) provides that "officers, directors, [ ] managing agents, or designate[d] other persons who consent to testify on [ ] behalf [of the organization].... must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).  As the Special Master has previously opined in other cases, the number of topics alone does not control the determination of excessiveness.  *See, e.g., Zenimax Media, Inc. v. Oculus VR, LLC,* No. 3:14-CV-1849-P (BF), 2016 WL 11476858, at *4 (N.D. Tex. Jan. 27, 2016) (finding that 86 topics in a 30(b)(6) deposition notice were not excessive, given the issues and complexity of the case).

After reviewing the pleadings, briefing, and materials submitted by the parties and considering arguments at the hearing, the Special Master finds that Cognizant's Rule 30(b)(6)

deposition notice, with its agreement to limit the scope of dozens of noticed topics, are sufficiently tailored and sufficiently specific in seeking information regarding the issues and parties in this matter, are not excessive under Fed. R. Civ. P. 26(b)(1), and are not improper on the grounds raised by Infosys.  Infosys' Motion for Protective Order should be and is DENIED, and the parties are directed to complete all Rule 30(b)(6) depositions on or before June 3, 2026.

Finally, the Special Master determines that under Federal Rules of Civil Procedure 37(a)(5) and 26(c)(3) and the particular circumstances here, the parties will bear their own costs, expenses, and attorney fees in connection with the motions considered herein.

SO ORDERED this 18th day of May, 2026.

/s/ *Paul D. Stickney*
Paul D. Stickney
Appointed Special Master
Texas Bar No. 00789924
STICKNEY MEDIATIONS, PLLC
10270 Hillcrest Rd., Suite 1042
Dallas, Texas 75230
682-313-9656
judgestick@gmail.com

5