IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COGNIZANT TRIZETTO
SOFTWARE GROUP, INC.,          §
                               §
        Plaintiff,             §
                               §
V.                             §          No. 3:24-cv-2158-X
                               §
INFOSYS LIMITED,               §
                               §
        Defendant.             §
                               §
_____ §
INFOSYS LIMITED,               §
                               §
        Counterclaim Plaintiff, §
                               §
COGNIZANT TECHNOLOGY           §
SOLUTIONS CORP. and            §
COGNIZANT TRIZETTO             §
SOFTWARE GROUP, INC.,          §
                               §
        Counterclaim Defendants. §

## **MEMORANDUM OPINION AND ORDER**

Defendant and Counterclaim Plaintiff Infosys Limited has filed a Motion for Leave to Conduct Limited and Outstanding Non-Party Discovery. *See* Dkt. No. 393.

Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. and Counterclaim Defendant Cognizant Technology Solutions Corp. (collectively, "Cognizant") oppose the motion. *See* Dkt. No. 402.

Infosys has also filed a motion to provisionally seal portions of its Motion for Leave. *See* Dkt. Nos. 392. And Cognizant have filed a motion to provisionally seal portions of their response. *See* Dkt. No. 404.

United States District Judge Brantley Starr referred these motions to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 261.

The Court ordered that "[a]ll discovery procedures shall be initiated in time to complete fact discovery by [May] 11, 2026." Dkt. No. 132 at 2; Dkt. No. 201 at 2. That deadline has now passed.

Infosys seeks leave to conduct seven non-party depositions that were noticed before the May 11, 2026 deadline but have not been completed. *See* Dkt. No. 393. And it "further seeks leave to pursue depositions related to any declarations that Cognizant has obtained or later obtains from non-parties in connection with this litigation." *Id.* at 2.

Infosys filed its motion on May 18, 2026, one week after the fact discovery deadline. *See id.*

## Legal Standards

### I.    Motion to Seal

"Once a document is filed on the public record" – such as a complaint filed by a plaintiff – "it becomes a 'judicial record.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

And "the working presumption is that judicial records should not be sealed." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citing *Vantage*, 913 F.3d at

450). In fact, the Fifth Circuit "require[s] information that would normally be private to become public by entering the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022).

To overcome this presumption, a party seeking to seal a judicial record must move for leave to do so – after "thinking long and hard about [the Court's] duty to balance the public's common law right of access [to the documents] against the interests favoring nondisclosure," *Kozlowksi v. Buck*, No. 3:20-cv-365, 2021 WL 4973710, at *2 (S.D. Tex. Oct. 25, 2021).

## II.      Motion for Leave

"The Federal Rules of Civil Procedure state that a pretrial schedule may be modified 'only for good cause.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting FED. R. CIV. P. 16(b)(4)); *cf. Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979) ("[W]e ascribe to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order …." (citation omitted)).

The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up, quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *see Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v.*

*Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)); *cf., e.g., Puid v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

In exercising the authority to determine whether to modify a scheduling order for good cause under Federal Rule of Civil Procedure 16(b)(4), the "four relevant factors" are "'(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.'" *Squyres*, 782 F.3d at 237 (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); brackets omitted).

While "[t]he court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side,'" *Harrison v. Wells Fargo Bank*, No. 3:13-cv-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016) (quoting *EEOC v. Serv. Temps, Inc.*, No. 3:08-cv-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)), "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause,'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

**Analysis**

## I.    Motions to Provisionally Seal

The parties have asked the Court to provisionally seal portions of their briefs in connection with Infosys's Motion for Leave. *See* Dkt. Nos. 392 & 404.

Having reviewed the relevant filings, the Court grants the motions to provisionally seal [Dkt. Nos. 392 & 404] and orders that Infosys's Motion for Leave and supporting brief and appendix [Dkt. Nos. 393 & 394] and Cognizant's response and supporting brief and appendix [Dkt. Nos. 402 & 403] shall remain sealed until such time as the Court rules on any motion by the parties to main portions of those documents under seal.

## II.    Motion for Leave

Infosys urges the Court to grant its motion because it has been diligent in pursuing non-party depositions.

The Court disagrees.

Infosys "served its first non-party document subpoenas on March 31, 2025 – over a year before the close of fact discovery." Dkt. No. 394 at 10. To facilitate mediation, the Court stayed the case on January 16, 2026, almost ten months later, for sixty days. *See* Dkt. No. 201. When the stay was lifted on March 17, 2026, Infosys served its remaining subpoenas. *See* Dkt. No. 394 at 10.

Infosys has detailed the steps it has taken to complete the remaining depositions since the stay was lifted. *See, e.g., id.* at 5; Dkt. No. 392-7.

Even so, Infosys has not adequately explained why, over a year after serving

- 5 -

its first subpoenas, it has not completed its depositions. Nor has Infosys explained why it waited to file this motion until discovery had closed.

Infosys argues, in part, that it was waiting for document production from the non-parties. *See* Dkt. No. 394 at 13-15. But the summary of its efforts to obtain compliance "after the stay was lifted on March 17, 2026" is unpersuasive where, as Infosys itself emphasizes, many of the subpoenas were served over a year ago. *Id.* at 14.

Infosys also explains and provides evidence that it has met and conferred with the non-parties since serving its first subpoenas in 2025, *see, e.g.*, Dkt. No. 392-7, and cites the "challenges unique to non-party discovery" to explain the inefficacy of those communications, Dkt. No. 394 at 14. But these are standard challenges that counsel for Infosys should have taken into account from the start of this litigation.

To the extent that Infosys relies on the decision in *Texas v. Google LLC*, in whch the court allowed the parties to complete untimely depositions, that case's "discovery process ha[d] been subject to significant interruptions" from the outset, including a year-long stay. *See* No. 4:20-cv-957-SDJ, 2024 WL 3843735, at *2 (E.D. Tex. May 1, 2024). That is not the case here, where the Court merely stayed discovery for sixty days. The Court is not convinced that the supposed "stop-and-go nature of the discovery stay" here justifies any delay in completing depositions, especially those that were noticed a year ago. Dkt. No. 394 at 14.

Finally, Infosys argues that its motion was "precipitated … by Cognizant's reversal" in their position on untimely depositions. *Id.* at 11. It argues that Cognizant,

at the eleventh hour, "began arbitrarily refusing" to permit depositions after the fact discovery deadline, even though they had previously agreed to such an arrangement. *Id.*

That may be true. But "[Cognizant's] actions, no matter how wrongful, do not excuse [Infosys]'s own lack of diligence in pursuing these depositions or seeking an extension of discovery prior to the expiration of the discovery deadline." *OrchestrateHR, Inc. v. Trombetta*, No. 3:13-cv-2110-KS-BH, 2016 WL 11782274, at *2 (N.D. Tex. Nov. 30, 2016); *accord Matamoros v. Cooper Clinic*, No. 3:14-cv-442-D, 2015 WL 4713201, at *2 (N.D. Tex. Aug. 7, 2025) (rejecting plaintiff's "attempts to shift the focus away from her own lack of diligence to the disclosure and discovery conduct of defendants").

It bears repeating that the Court has already extended the deadlines in this case several times, *see, e.g.*, Dkt. Nos. 44, 132, & 201, and has warned the parties that "it will not be inclined to grant further delays," Dkt. No. 201 at 4.

Infosys has not met its burden to show that it was diligent in completing its non-party depositions. And, because the good cause standard of Rule 16(b)(4) precludes modifying the scheduling order where a party has not demonstrated its diligence, the Court finds that extending the discovery deadline is not warranted here.

### Conclusion

The Court GRANTS Defendant and Counterclaim Plaintiff Infosys Limited's Motion to Provisionally Seal Portions of the Motion for Leave to Conduct Limited and

Outstanding Non-Party Discovery and Exhibits Filed in Support [Dkt. No. 392]; GRANTS Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. and Counterclaim Defendant Cognizant Technology Solutions Corp.'s Motion to Provisionally Seal Exhibits and Portions of its Opposition to Infosys's Motion for Leave [Dkt. No. 404]; and DENIES Infosys's Motion for Leave to Conduct Limited and Outstanding Non-Party Discovery [Dkt. No. 393].

SO ORDERED.

DATED: May 21, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE