**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> INFOSYS LIMITED, <br><br> *Defendant*. <br><br>—————————————————— <br> INFOSYS LIMITED, <br><br> *Counterclaim Plaintiff*, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., <br><br> *Counterclaim Defendants*. | Case No. 3:24-cv-02158-X <br><br> The Honorable Brantley Starr <br><br> Magistrate Judge David L. Horan |

**INFOSYS LIMITED'S OBJECTIONS TO THE SPECIAL MASTER'S
FINDINGS AND CONCLUSIONS ON DOCKET ENTRY NOS. 139 AND 315**

Pursuant to Federal Rule of Civil Procedure 53(f), Local Rule 53.1, and the Court's Order

Appointing Special Master (Dkt. No. 312), Defendant and Counterclaim Plaintiff Infosys Limited

("Infosys") respectfully submits the following Objections to limited portions of the Special

Master's Findings and Conclusions on Docket Entry Nos. 139 and 315 (Dkt. No. 391):

1. Cognizant has not provided a full and complete response to Infosys's Interrogatory No. 14. The Special Master applied the incorrect standard in evaluating whether Cognizant had complied with its discovery obligations under Rule 26 and Rule 33, relying on cases addressing post-trial issues instead of Rule 33 obligations. Cognizant has not complied with Rule 33 because its response to Interrogatory No. 14 is evasive and incomplete and fails to answer the question asked. Accordingly, Infosys objects to the

Special Master's conclusion that Cognizant reasonably responded to Interrogatory No. 14 and the Special Master's denial of Infosys's motion to compel (ECF No. 139).

2.    Topics 2, 8, 10, 13, and 21–23 in Cognizant's Rule 30(b)(6) Deposition Notice are not defined with the reasonable particularity required by Rule 30(b)(6). In addition, Topic 75 of Cognizant's Rule 30(b)(6) Deposition Notice seeks entirely irrelevant testimony. Accordingly, Infosys objects to the Special Master's conclusion that the topics in Cognizant's deposition notice are "sufficiently tailored and sufficiently specific in seeking information regarding the issues and parties in this matter," ECF No. 391, at 5, and the Special Master's denial of Infosys's motion for a protective order and request to quash Topics 2, 8, 10, 13, 21–23, and 75 in Cognizant's Rule 30(b)(6) Deposition Notice (ECF No. 315).

The accompanying memorandum of points and authorities sets forth in detail the reasons for Infosys's Objections under the relevant authorities.

Dated: June 2, 2026

Respectfully submitted,

By: /s/ *Brent Caslin*

Christopher J. Schwegmann (SBN 24051315)
Joshua Lang (SBN 24109450)
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel: (214) 981-3835
cschwegmann@lynnllp.com
jlang@lynnllp.com

Brent Caslin (*pro hac vice*)
Nick Saros (*pro hac vice*)
Kelly M. Morrison (*pro hac vice*)
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
BCaslin@jenner.com
NSaros@jenner.com
KMorrison@jenner.com

Shoba Pillay (*pro hac vice*)
Laura E. Pelanek (*pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com
LPelanek@jenner.com

Douglas E. Litvack (*pro hac vice*)
Jariel A. Rendell (*pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
DLitvack@jenner.com
JRendell@jenner.com

*Attorneys for Defendant and Counterclaim Plaintiff Infosys Limited*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the Northern District of Texas using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Brent Caslin
Brent Caslin (*pro hac vice*)

4