IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COGNIZANT TRIZETTO SOFWARE GROUP, INC., | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | |
| INFOSYS LIMITED, | § § | |
| Defendant. | § § | Case No. 3:24-cv-2158-X |
| INFOSYS LIMITED, | § § | |
| Counterclaim Plaintiff, | § § § | |
| v. | § § | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § § | |
| Counterclaim Defendants. | § | |

**SPECIAL MASTER'S FINDINGS AND CONCLUSIONS ON
COGNIZANT'S MOTION FOR RECONSIDERATION, DOC. NO. 413**

Comes now, the Special Master, and enters his Findings and Conclusions on Docket No. 413, Cognizant TriZetto Software Group, Inc.'s (Cognizant) Motion for Reconsideration of its Cross-Motion to Compel Production of Salil Parekh's Documents.  Having considered the parties' arguments and materials in support, the Special Master finds that the motion should be and is DENIED.

**Background and Procedural History**

Cognizant's original Motion to Compel Production of Salil Parekh's Documents was part of cross-motions filed by the parties on September 16, 2025. (Doc. No. 135).  While discovery proceeded, Cognizant pointed to three documents referencing "Project Triumph" and Mr. Parekh

1

- and submitted a Supplemental Joint Report with the documents on April 1, 2026.  (Doc. No. 249).

In its opposition, Infosys submitted a declaration from Geeta Farwani, an Infosys employee who, according to Infosys, "ran Project Triumph."   Two weeks later, Infosys produced two more documents on which Cognizant's motion for reconsideration relies; one of the documents is a partial duplicate of a document Infosys produced in November 2025.

The Special Master held a hearing on the parties' cross motions on April 29, 2026, and issued Findings and Conclusions on the cross motions (denying both) on May 4, 2026 (Doc. No. 361).  Cognizant thereafter contacted Infosys and referenced the documents produced on April 14, claiming that at least one of them contradicted Ms. Fatwani's declaration.  Infosys asserted that further investigation regarding the documents confirmed the accuracy of her declaration.  Cognizant now seeks reconsideration of the denial of its motion to compel production of Salil Parekh's documents in response to 29 separate requests for production, based on the documents produced by Infosys on April 14, 2026.

**Cognizant's Position**

Cognizant asserts that the two documents produced on April 14 contradict Ms. Fatwani's declaration, characterizing the documents as "newly discovered evidence."  It contends that this evidence "casts doubt on the credibility of Ms. Fatwani's declaration" and that because the affidavit was referenced by the Special Master in his prior ruling, the ruling was based on inaccurate information.

In her declaration, Ms. Fatwani averred her recollection of a lack of involvement by Mr. Parekh in Project Triumph.  She did not recall having meetings with Mr. Parekh or receiving direction from him about the project.  Cognizant argues that the documents produced on April 14 evidence some involvement by Mr. Parekh in the project and that this "newly discovered" evidence

shows that Mr. Parekh was in fact the apparent leader of Project Triumph. Cognizant thus contends that it would be appropriate to revise the Special Master's prior order on Doc. No. 135 pursuant to Fed. R. Civ. P. 54(b).

**Infosys's Position**

Infosys first points to the timeline of discovery production leading up to the hearing on the cross-motions. It contends that the documents at issue could have been presented before the hearing on April 29, given that a duplicate of one of them was produced six months prior and that the documents themselves were produced two weeks before the hearing.[1] Infosys states that when Cognizant presented the issue of the documents possibly contradicting Ms. Fatwani's declaration, it investigated further and confirmed that her declaration was true and accurate. Finally, Infosys points to deposition testimony of other Infosys employees, none of whom have identified Mr. Parekh as being directly involved in Project Triumph.

The Special Master has reviewed the motion, joint report, and appendices submitted by the parties. Both parties agree that revising an interlocutory ruling is in the discretion of the trial court pursuant to Fed. R. Civ. P. 54(b); its analysis is guided by the standards used in motions under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), though the standard under Rule 54(b) is "less exacting." *Secs. & Exch. Comm'n v. Barton*, 2024 WL 3049920, at *2 n.22 (N.D. Tex. June 18, 2024) (Starr, J.) (quoting *Dallas Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014)); *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). As noted by Cognizant, "reconsideration is appropriate at least 'to correct a manifest error of law or fact or to present newly discovered evidence.'" *Dallas Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938,

---

[1] Cognizant contends that it diligently reviewed documents produced on this topic and only found them the day of the hearing on the cross-motions.

950 (N.D. Tex. 2014), *aff'd sub nom. Harris Cnty. Texas v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015).

It is questionable whether the documents relied upon by Cognizant are indeed "newly discovered" given the timeline of production and the previous ruling. But even taking them as such and considering them on the merits, the documents do not directly contradict Ms. Fatwani's declaration or change the Special Master's decision to rely on the declaration. The documents certainly do not rise to the level of manifest error. As such, the Special Master finds that Cognizant's motion for reconsideration should be and is DENIED.

Finally, the Special Master determines that under Federal Rule of Civil Procedure 37(a)(5) and 26(c)(3) and the particular circumstances here, the parties will bear their own costs, expenses, and attorney fees in connection with this motion.

SO ORDERED this 9th day of June, 2026.

/s/ *Paul D. Stickney*
Paul D. Stickney
Appointed Special Master
Texas Bar No. 00789924
STICKNEY MEDIATIONS, PLLC
10270 Hillcrest Rd., Suite 1042
Dallas, Texas 75230
682-313-9656
judgestick@gmail.com

4