**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | Case No. 3:24-cv-2158-X |
| *Plaintiff*, | |
| v. | The Honorable Brantley Starr |
| | Magistrate Judge David L. Horan |
| INFOSYS LIMITED, | Special Master Paul D. Stickney |
| *Defendant*. | |
| INFOSYS LIMITED, | **Oral Argument Requested** |
| *Counterclaim Plaintiff*, | |
| v. | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | |
| *Counterclaim Defendants*. | |

**INFOSYS LIMITED'S OBJECTIONS TO THE SPECIAL MASTER'S
FINDINGS AND CONCLUSIONS GRANTING IN PART AND DENYING
IN PART THE PARTIES' CROSS-MOTIONS FOR PROTECTIVE
ORDERS REGARDING DEPOSITIONS OF EXECUTIVE WITNESSES**

Pursuant to Federal of Civil Procedure 53(f) and Local Rules 53.1, Defendant and

Counterclaim Plaintiff Infosys Limited respectfully submits the following Objections to the Special

Master's Findings and Conclusions (Dkt. 455) granting in part and denying in part the parties' cross-

motions for protective orders regarding the depositions of executive witnesses (Dkt. 430, 431):

1. The record demonstrates that Infosys's CEO, Salil Parekh, lacks unique personal knowledge of facts relevant to either party's claims and defenses in the case and therefore is not an appropriate deposition witness under the apex doctrine. Accordingly, Infosys objects to the Special Master's findings and conclusion that Mr. Parekh should sit for a deposition. Infosys requests that the Court grant Infosys's motion, Dkt. 430, for a protective order quashing Cognizant's deposition notice of Mr. Parekh in full.

2. In contrast, the record demonstrates that Cognizant's CEO and Infosys's former President, Ravi Kumar, has unique personal knowledge of facts relevant to both Infosys's defenses to Cognizant's claims and Infosys's own counterclaims. While the Special Master correctly recognized that Mr. Kumar should be deposed, the Special Master placed arbitrary, unsupported, and unworkable limitations on the topics about which Infosys may question Mr. Kumar, including by barring questioning on the Business Assurance Store initiative Mr. Kumar promoted while at Infosys and Mr. Kumar's personal participation in and knowledge of anticompetitive conduct while at Cognizant. Accordingly, Infosys objects to the Special Master's findings and conclusion that Infosys's deposition of Mr. Kumar be limited to "a) Mr. Kumar's decisions regarding Helix; b) Mr. Kumar's pre-hiring interactions with Cognizant; and c) Mr. Kumar's allegedly anticompetitive statements." Dkt. 455 at 8. Infosys requests that the Court deny Cognizant's motion, Dkt. 431, for a protective order as to Mr. Kumar, in full and order Mr. Kumar's deposition to proceed promptly as to his personal knowledge without topic limitations in accordance with Federal Rule of Civil Procedure 30(b)(1).

3.  Finally, the record demonstrates that Cognizant's current President – Americas and the former head of its healthcare vertical, Surya Gummadi, has unique personal knowledge relevant to both Infosys's defenses to Cognizant's claims and Infosys's own counterclaims. Accordingly, Infosys objects to the Special Master's findings and conclusion that Surya Gummadi need not sit for a deposition. Infosys requests that the Court deny Cognizant's motion, Dkt. 431, for a protective order as to Mr. Gummadi in full and order Mr. Kumar's deposition to proceed promptly as to his personal knowledge without topic limitations in accordance with Federal Rule of Civil Procedure 30(b)(1).

The accompanying memorandum of points and authorities sets forth in detail the reasons for Infosys's Objections under the relevant authorities.

Dated: July 6, 2026

Respectfully submitted,

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
(State Bar No. 24051315)
Joshua D. Lang
(State Bar No. 24109450)
**LYNN PINKER HURST &
SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel: (214) 981-3835
Fax: (214) 981-3839
cschwegmann@lynnllp.com
jlang@lynnllp.com

Brent Caslin (*pro hac vice*)
Nick Saros (*pro hac vice*)
Kelly M. Morrison (*pro hac vice*)
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel.: (213) 239-5100
BCaslin@jenner.com
NSaros@jenner.com
KMorrison@jenner.com

Shoba Pillay (*pro hac vice*)
Laura E. Pelanek (*pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
SPillay@jenner.com
LPelanek@jenner.com

Douglas E. Litvack (*pro hac vice*)
Jariel A. Rendell (*pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
DLitvack@jenner.com
JRendell@jenner.com

*Attorneys for Infosys Limited*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of July, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Douglas E. Litvack*
Douglas E. Litvack