IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | |
| INFOSYS LIMITED, | § § § | |
| Defendant. | § § | Case No. 3:24-cv-2158-X |
| INFOSYS LIMITED, | § § | |
| Counterclaim Plaintiff, | § § § | |
| v. | § § | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC., | § § § § | |
| Counterclaim Defendants. | § | |

**SPECIAL MASTER'S AMENDED FINDINGS AND CONCLUSIONS ON COGNIZANT TRIZETTO'S MOTION TO COMPEL PRODUCTION OF QNXT TECHNICAL DOCUMENTS (DOC. NO. 207)**

Comes now, the Special Master, and enters his Findings and Conclusions on Docket No. 207, Cognizant TriZetto Software Group, Inc.'s (Cognizant) Motion Compel Production of QNXT Technical Documents (Doc. No. 207). Having considered the parties' arguments and materials, including the Supplemental Joint Report (Doc. 304), the Special Master finds that the motion should be and is GRANTED IN PART AND DENIED IN PART.

**Cognizant's Position**

Cognizant seeks an order compelling Infosys to produce "certain server and operations logs and file manifests regarding the QNXT adaptor", to include authentication logs, transfer logs,

1

timestamp metadata, and file manifests.  Its reason for seeking these documents is to determine which Infosys employees had access to Cognizant's QNXT to create the QNXT Adaptor and the operation of the QNXT Adaptor.  Infosys's failure to produce the logs and manifests, and its objection to RFP No. 110 on relevance and overbreadth, Cognizant argues, evidences Infosys's intent to delay and never produce the documents sought, though Infosys cannot demonstrate a burden to do so.  Doc. No. 207, pp. 3-6.  Finally, Cognizant argues that Infosys has waived any objection on relevancy or overbreadth.

Cognizant's original Motion to Compel Production of QNXT Technical Documents was filed on March 17, 2026, and sought to compel production of documents in response to its Request for Production (RFP) No. 13:

> **REQUEST FOR PRODUCTION NO. 13:**  A copy of all source code, all technical documentation, all user manuals, instructions, and guides relating to the QNXT Adaptor.

Doc. No. 207-1, p. 4.  Cognizant contends that the documents sought were included in RFP No. 13, which sought "all source code, all technical documentation, all user manuals, instructions, and guides relating to the QNXT Adaptor."  Doc. No. 207-1; App'x 13.  In the Supplemental Joint Report (Doc. No. 304-1), Cognizant takes the position that RFP 13 requested "certain server and operations logs and file manifests related to the QNXT Adaptor."  Doc. 304-1, p. 3.  It states that to moot Infosys's objection to RFP 13, it issued RFP 110:

> **REQUEST FOR PRODUCTION NO. 110**: All logs, including server and operations logs and file manifests, related to the QNXT Adaptor.

Doc. 304-1, p. 2.  In the original Joint Report, Cognizant explained that the files and manifests it sought were relevant to core issues in the litigation, and that it expected the log files to include:

> (i) Authentication Logs: Authentication logs are logs that identify Infosys employees who were authenticated to access the QNXT Adaptor code and/or data obtained from QNXT. These are important to show the persons who were involved

in the development of the QNXT Adaptor, including any Infosys employees who were prohibited under the NDAA from accessing TriZetto Trade Secret Information.

(ii) Transfer Logs: Server transfer logs are log files that identify data transfers, including QNXT data tables and fields that Infosys transferred using the QNXT Adaptor to Infosys's own IT systems. Such data tables and fields reflect TriZetto Trade Secret Information, and their transfer would expose those data tables and fields to Infosys employees, including any Infosys employees who were prohibited under the NDAA from accessing TriZetto Trade Secret Information.

(iii) Timestamp Metadata: Timestamp metadata would show when data transfers occurred and would reflect when Infosys developed and used the QNXT Adaptor. This metadata will allow TriZetto to trace and confirm the timeline of Infosys's efforts to develop and use the QNXT Adaptor.

Doc. 207-1, pp. 3-4. Regarding Infosys's objection that the documents sought are not relevant, TriZetto contends that they are "likely to show who from Infosys was involved in the development of the QNXT Adaptor, what they worked on, and whether trade secret information was transmitted to Infosys's system through the QNXT Adaptor." Doc. No. 304-1, p. 3. And as to Infosys's objection that RFP 110 is overly broad, Cognizant responds that it already requested specific types of logs by type. *Id.,* p.4. It contends that Infosys has waived any objection that the evidence sought is cumulative and that Infosys has not reviewed the logs at issue. *Id.* More specifically, Cognizant states that the materials Infosys claims it possesses and should provide the information requested does not show details "regarding the use of the Adaptor; time-stamped evidence of use; and the precise steps Infosys developers took during development." *Id.*, p. 5. And in response to Infosys's position that revision history was made available via the GitHub Repository, Cognizant notes that Infosys has declined to produce screenshots from its in-person review of the documentation. *Id.* Finally, TriZetto contends that Infosys has made no showing of burden. *Id.*, p. 6.

**Infosys's Position**

Cognizant's characterization of the logs and manifests as "technical documents" is the issue of contention between the parties for RFP No. 13. Infosys takes the position that Cognizant did not request these items in RFP No. 13 and now seeks to "shoehorn" them into the scope of the request by way of RFP No. 110. Doc. No. 304-1, p. 7. Infosys argues that RFP No. 13 contains no mention of logs or manifests. In support of its argument, Infosys claims that at one point, Cognizant contended that these logs and manifests were included in its request for "source code." Doc. No. 207-1, p. 7. Infosys argues that no reasonable reading of "technical documents" would include the logs and manifests sought, citing *Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*, No. 17-cv-2719, 2018 WL 3655574, at *13 (N.D. Tex. July 16, 2018) (Horan, M.J.) ("responding part[ies] should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery requests]"); and *Heller v. City of Dallas*, 303 F.R.D. 466, 491 (N.D. Tex. 2014) (Horan, M.J.). Doc. No. 207-1, pp. 8-9. It further argues that Cognizant's characterization of the logs and manifests as "technical documents" are belied by the search terms Cognizant provided to Infosys with which to search for documents. *Id.*, pp. 9-10.

Infosys contends that the documents initially sought in RFP 13 (source code, technical documentation, user manuals, instructions, and guides) "encompasses the server logs, operations logs, and file manifests that Cognizant now demands," and relate to "how the adaptor works." Doc. No. 304-1, p. 7. Infosys contends that the information is cumulative and duplicative because, as to who worked on the Adaptor, Infosys has produced information about who worked on the Adaptor in other discovery responses, "including the full revision history, which identifies each developer who committed code, what they worked on, and when." *Id.*, pp. 8-9. "Infosys provided the repository in that form specifically so Cognizant could review the identity of employees

4

involved in preparing the code." *Id.* Infosys clarifies that its objection "is only to the bulk printing of hundreds of items from the source code repository." *Id.*, p. 9 and n. 3. It notes that Cognizant has requested printing of 25 screenshots from GitHub "showing dozens if not hundreds of revision history entries, in addition to over 8,600 lines of source code."[1] *Id.*

As to Cognizant's request for "transfer logs", Infosys responds that Cognizant "has the complete source code for the adaptor . . . [i]f the adaptor transfers data . . . the source code will show precisely what data it transfers, from where, and to where. That is what source code does." *Id.*, p. 10. It then provides an example of technical documents produced in discovery that show how the Adaptor works. And it contends that since Cognizant has identified 76 database tables in its Complaint, it "cannot claim it needs transfer logs to discover that information." *Id.*, p. 11.

Infosys further contends that Cognizant has the data it needs to review the timeline of the Adaptor development because the revision history in the source code repository "contains precisely the timeline information Cognizant claims to need," because every change/commit to the repository is timestamped and "logged with the identity of the developer, the date, and the nature of the modification." *Id.*, pp. 11-12. Finally, Infosys notes that RFP No. 110 has no limit on the time period for the information sought, does not request types of logs by name, and "does not cabin the request to any particular system or server. It is, in effect, a demand for every automated record ever generated in connection with the adaptor . . ." *Id.*, p. 12.

The Special Master has reviewed the parties' arguments in the joint report, the supplemental joint report, and appendices. The Special Master finds that the logs and manifests

---

[1] The Special Master previously entered Findings and Conclusions (Doc. No. 512) on Cognizant's Motion to Compel Infosys to Produce Limited Printed Source Code Documentation (Doc. No. 338). Infosys's objections to the "bulk printing" in Doc. No. 304-1 are the same objections it asserted in Doc. No. 338 and as such, are moot.

were not requested in RFP No. 13 – no definition in the requests for production referenced logs or manifests and characterizing them as "technical documentation" – particularly in the context of the request seeking user manuals, instructions, and guides – indeed requires a shoehorn. The documents Cognizant seeks were simply not requested in RFP No. 13. Cognizant's Motion to Compel as to RFP No. 13, should be and is DENIED IN PART.

As to RFP No. 110, the Special Master agrees with Infosys's arguments that it is, to some extent, overbroad. But since the parties have addressed both RFP No. 13 and RFP No. 110, Cognizant TriZetto's motion is to compel "QNXT technical documents," and some of the documents have already been produced, it seems prudent from an efficiency standpoint to consider the categories of documents described by the parties in their papers and construe Cognizant TriZetto's motion to compel as to both RFP Nos. 13 and 110. The parties disagree on the extent that the data Cognizant seeks is available from the source code that has been produced. The Special Master is persuaded by Infosys's explanation that the source code allows Cognizant to identify who worked on the Adaptor, the timeline of its development, and revision history during development. This information appears to include the categories of "authentication logs" and "timestamp metadata" identified by Cognizant in Doc. No. 207-1. *See* pp. 2-3, *supra.* But the Special Master cannot say the same for the "transfer logs" identified by Cognizant. Those logs appear to meet the relevancy standard in Rule 26 and the information in the logs could potentially not be included in the source code for the Adaptor. And while Infosys argues that production of the transfer logs in addition to the source code "would be the very definition of disproportionate discovery," it does not elaborate on what it believes the burden to be. As such, Cognizant's Motion to Compel is GRANTED IN PART as to:

(ii) Transfer Logs: Server transfer logs are log files that identify data transfers, including QNXT data tables and fields that Infosys transferred using the QNXT Adaptor to Infosys's own IT systems.

Infosys shall produce the transfer logs within ten (10) days.

Finally, the Special Master determines that under Federal Rule of Civil Procedure 37(a)(5) and 26(c)(3) and the particular circumstances here, the parties will bear their own costs, expenses, and attorney fees in connection with this motion.

SO ORDERED this 10th day of August, 2026.

/s/ *Paul D. Stickney*
Paul D. Stickney
Appointed Special Master
Texas Bar No. 00789924
STICKNEY MEDIATIONS, PLLC
10270 Hillcrest Rd., Suite 1042
Dallas, Texas 75230
682-313-9656
judgestick@gmail.com