**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,

Plaintiff,

v.

INFOSYS LIMITED,

Defendant.

INFOSYS LIMITED,

Counterclaim Plaintiff,

v.

COGNIZANT TECHNOLOGY SOLUTIONS CORP. and COGNIZANT TRIZETTO SOFTWARE GROUP, INC.,

Counterclaim Defendants.

Case No. 3:24-cv-02158-X

The Honorable Brantley Starr

Magistrate Judge David L. Horan

**FILED UNDER SEAL**

**COGNIZANT'S MOTION TO STRIKE INFOSYS'S SUPPLEMENTAL EXPERT REPORTS OF DR. PAUL WONG AND DR. DANIEL P. WERNER**

Pursuant to Federal Rules of Civil Procedure 26 and 37, and the Court's Standing Order on Discovery and Other Non-Dispositive Motions (Dkt. No. 107), Plaintiff and Counterclaim Defendant Cognizant TriZetto Software Group, Inc. and Counterclaim Defendant Cognizant Technology Solutions Corp. (collectively "Cognizant") respectfully moves for an order striking Infosys's Supplemental Expert Reports of Dr. Paul Wong and Dr. Daniel P. Werner and all related exhibits, schedules, and back-up materials. The requested relief is appropriate for the following reasons, as set forth in detail in the Parties' Joint Report.

On the eve of expert discovery's close, Infosys served purported "supplemental" expert reports of Dr. Paul Wong and Dr. Daniel Werner (the "New Reports"), followed by nearly three gigabytes of backup materials on the final day of expert discovery, all without seeking, much less obtaining, leave of Court. Each New Report contains two categories of material: (1) new opinions, calculations, and analyses responding to Cognizant's August 3 expert rebuttal reports, and (2) new and revised opinions responding to the Court's August 11 Order on Cognizant's motion to dismiss. Neither category is permissible supplementation under Rule 26. The first category is surrebuttal: the Scheduling Order provided for two rounds of expert reports, and because Rule 26 "does not grant any right to rebuttal beyond that initial rebuttal report," a party must obtain leave before serving a further responsive report. *UWorld LLC v. USMLE Galaxy LLC*, 2025 WL 1246434, at *5 (N.D. Tex. Apr. 28, 2025) (Horan, J.). And the second category related to the Court's motion-to-dismiss Order is similarly improper, as such new opinions are not based on new or corrective information, as Rule 26(e) requires: "[c]ourt rulings do not constitute new information justifying supplementation under Rule 26(e)," *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1170 (D. Colo. 2006).

Because the New Reports were improperly disclosed, Infosys bears the burden of proving its violation substantially justified or harmless, Fed. R. Civ. P. 37(c)(1), and each exclusion factor, *see Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996), favors striking. The New Reports are unimportant—Infosys's experts retain their timely disclosed opinions—while the prejudice to Cognizant is substantial and varied: Infosys seized an unauthorized last word, the costs and burdens to address the New Reports are immense, and the New Reports continue to divert Cognizant from summary judgment and *Daubert* preparations due September 23. Finally, no continuance can cure that prejudice where the Court has repeatedly

warned it "will not entertain extensions to avoid placing this case on the three-year list," Dkt. 547, and where additional expert work unfairly pushes the cost of remedying Infosys's disregard of the Scheduling Order onto Cognizant. The Court should strike the New Reports in their entirety, including all exhibits, schedules, and backup materials.

Dated: September 3, 2026

Respectfully submitted,

*/s/ John T. Cox III*

John T. Cox III (SBN 24003722)
Bradley G. Hubbard (SBN 24090174)
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: 214.698.3226
Fax: 214.571.2900
TCox@gibsondunn.com
BHubbard@gibsondunn.com

Rachel S. Brass (*pro hac vice*)
Elizabeth McCloskey (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: 415.393.8200
Fax: 415.393.8306
RBrass@gibsondunn.com
EMccloskey@gibsondunn.com

Samuel G. Liversidge (*pro hac vice*)
Casey J. McCracken (*pro hac vice*)
S. Christopher Whittaker (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Tel: 213.229.7000
Fax: 213.229.7520
SLiversidge@gibsondunn.com
CMcCracken@gibsondunn.com
CWhittaker@gibsondunn.com

Jamie E. France (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Tel: 202.955.8500
JFrance@gibsondunn.com

*Attorneys for Cognizant TriZetto Software Group, Inc. and Cognizant Technology Solutions Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, the foregoing document was served via email on all counsel of record.

/s/ *Ming Lee Newcomb*
Ming Lee Newcomb